CLOSED, WCT

# U.S. District Court
## Southern District of Florida (Ft. Lauderdale)
## CIVIL DOCKET FOR CASE #: 0:07-cv-60399-CMA

Spirit Airlines, Inc. v. 24/7 Real Media, Inc. et al
Assigned to: Judge Cecilia M. Altonaga
Cause: 28:1335 Interpleader Action

Date Filed: 03/21/2007
Jury Demand: None
Nature of Suit: 890 Other Statutory
Actions
Jurisdiction: Federal Question

**Plaintiff**

**Spirit Airlines, Inc.**                    represented by  **Anthony J. Carriuolo**
                                                             Berger Singerman
                                                             Las Olas Centre II
                                                             350 E Las Olas Boulevard
                                                             Suite 1000
                                                             Fort Lauderdale, FL 33301
                                                             954-525-9900
                                                             Fax: 523-2872
                                                             Email:
                                                             acarriuolo@bergersingerman.com
                                                             *LEAD ATTORNEY*
                                                             *ATTORNEY TO BE NOTICED*

                                                             **Connie A. Lahn**
                                                             Fafinski Mark & Johnson PA
                                                             775 Prairie Center Drive
                                                             Suite 400
                                                             Eden Prairie, MN 55344
                                                             US
                                                             952-995-9500
                                                             Email: connie.lahn@fmjlaw.com
                                                             *LEAD ATTORNEY*
                                                             *ATTORNEY TO BE NOTICED*

                                                             **Lara O. Glaesman**
                                                             Fafinski Mark & Johnson PA
                                                             775 Prairie Center Drive
                                                             Suite 400
                                                             Eden Prairie, MN 55344
                                                             US
                                                             952-995-9500
                                                             *LEAD ATTORNEY*
                                                             *ATTORNEY TO BE NOTICED*

V.

**Defendant**

**24/7 Real Media, Inc.**

**Defendant**

**Advertising.com, Inc.**                    represented by    **Samuel Swain Heywood**
                                                               Akerman Senterfitt
                                                               1 SE 3rd Avenue
                                                               28th Floor
                                                               Miami, FL 33131-1714
                                                               305-374-5600
                                                               Fax: 374-5095
                                                               Email: samuel.heywood@akerman.com

                                                               *ATTORNEY TO BE NOTICED*

**Defendant**

**America Online, Inc.**                     represented by    **Samuel Swain Heywood**
*doing business as*                                            (See above for address)
AOL                                                            *ATTORNEY TO BE NOTICED*

**Defendant**

**Burst Media Corporation**                  represented by    **Lewis Franklin Murphy**
                                                               Squire Sanders & Dempsey LLP
                                                               200 S Biscayne Boulevard
                                                               40th Floor
                                                               Miami, FL 33131-2398
                                                               305-577-2957
                                                               Fax: 305-577-7001
                                                               Email: lmurphy@ssd.com
                                                               *ATTORNEY TO BE NOTICED*

**Defendant**

**Carrollton Bank**                          represented by    **Barbara Lynn Phillips**
                                                               25 SE 2nd Avenue Suite 1139
                                                               Miami, FL 33131
                                                               305-371-3633
                                                               Email: bphillipspa@bellsouth.net
                                                               *LEAD ATTORNEY*
                                                               *ATTORNEY TO BE NOTICED*

**Defendant**

**Cheap Flights (USA), Inc.**

**Defendant**

**Echo Target, Inc.**

**Defendant**

**Hotwire, Inc.**                            represented by    **Steven J. Lachterman**
                                                               848 Brickell Avenue

Miami, FL 33131-2900
305-377-3071
Fax: 377-3097
Email: steven@lachterman.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Intercept Interactive, Inc.**

**Defendant**

**Priceline.com, LLC**                    represented by    **Steven Michael Ebner**
                                                            Shutts & Bowen LLP
                                                            201 S Biscayne Boulevard
                                                            Suite 1500, Miami Center
                                                            Miami, FL 33131
                                                            305-358-6300
                                                            Fax: 381-9982
                                                            Email: sebner@shutts-law.com
                                                            *LEAD ATTORNEY*
                                                            *ATTORNEY TO BE NOTICED*

**Defendant**

**Rackspace, Ltd.**

**Defendant**

**Shermans Travel, Inc.**

**Defendant**

**SideStep, Inc.**                        represented by    **Cherish A. Thompson**
                                                            Astigarraga Davis Mullins & Grossman

                                                            701 Brickell Avenue
                                                            16th Floor
                                                            Miami, FL 33131
                                                            305-372-8282
                                                            Fax: 305-372-8202
                                                            Email: cthompson@astidavis.com
                                                            *LEAD ATTORNEY*
                                                            *ATTORNEY TO BE NOTICED*

**Defendant**

**Smarter Living, Inc.**                  represented by    **Steven J. Lachterman**
                                                            (See above for address)
                                                            *LEAD ATTORNEY*
                                                            *ATTORNEY TO BE NOTICED*

**Defendant**

**SpecificMedia, Inc.**                   represented by    **Craig Salner**

Clarke Silverglate Williams &
Montgomery
799 Brickell Plaza
9th Floor
Miami, FL 33131
305-377-0700
Fax: 377-3001
Email: csalner@csclawfirm.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**TravelZoo, Inc.**

**Defendant**

**Tribal Fusion, Inc.**

**Defendant**

**Trip Advisor, LLC**                 represented by   **Steven J. Lachterman**
                                                       (See above for address)
                                                       *LEAD ATTORNEY*
                                                       *ATTORNEY TO BE NOTICED*

**Defendant**

**Valueclick, Inc.**                  represented by   **Francis Xavier Sexton, Jr.**
                                                       Jorge Galvez-Priego PA
                                                       13876 56th Street
                                                       Suite 291
                                                       Miami, FL 33175-6021
                                                       305-416-9668
                                                       Fax: 416-9669
                                                       Email: fsexton@cfclaw.com
                                                       *LEAD ATTORNEY*
                                                       *ATTORNEY TO BE NOTICED*

**Defendant**

**The Weather Channel Interactive,
Inc.**
*and all other persons or entities
unknown claiming any right, title, or
interest to the funds described in the
complaint herein*

**Defendant**

**Travel Marketing Group, Inc.**

**Counter Claimant**

**Echo Target, Inc.**                 represented by   **Esther Anne Zaretsky**
                                                       1655 Palm Beach Lakes Boulevard
                                                       West Palm Beach, FL 33401

561-683-1559
Fax: 689-6660
Email: eazaretsky@florida-counsel.com

*ATTORNEY TO BE NOTICED*

V.

**Counter Defendant**

**Echo Target, Inc.**

**Counter Claimant**

**Priceline.com, LLC**

V.

**Counter Defendant**

**Spirit Airlines, Inc.**

| Date Filed | # | Docket Text |
|------------|---|-------------|
| 03/21/2007 | 1 | COMPLAINT against all defendants Filing fee $ 350. Receipt#: 539631, filed by Spirit Airlines, Inc.. (Attachments: # 1 Continuation to Complaint)(vjk) (Entered: 03/22/2007) |
| 03/21/2007 | 2 | Summons Issued as to Cheap Flights (USA), Inc., Echo Target, Inc., Hotwire, Inc., Intercept Interactive, Inc., Priceline.com, LLC, Rackspace, Ltd., Shermans Travel, Inc., SideStep, Inc., Smarter Living, Inc., SpecificMedia, Inc., TravelZoo, Inc., Tribal Fusion, Inc., Trip Advisor, LLC, Valueclick, Inc., The Weather Channel Interactive, Inc., Travel Marketing Group, Inc., 24/7 Real Media, Inc., Advertising.com, Inc., America Online, Inc., Burst Media Corporation, Carrollton Bank. (vjk) (Entered: 03/22/2007) |
| 04/03/2007 | 3 | Plaintiff's MOTION for Limited Admission *of Lara O. Glaesman to Appear Pro Hac Vice* by Spirit Airlines, Inc.. (Attachments: # 1 Proposed Order)(Carriuolo, Anthony) (Entered: 04/03/2007) |
| 04/03/2007 | 4 | Plaintiff's MOTION for Limited Admission *of Connie A. Lahn to Appear Pro Hac Vice* by Spirit Airlines, Inc.. (Attachments: # 1 Proposed Order) (Carriuolo, Anthony) (Entered: 04/03/2007) |
| 04/04/2007 | 5 | ORDER granting 3 Motion for Limited Admission. Signed by Judge Cecilia M. Altonaga on 4/4/2007. (ls) (Entered: 04/04/2007) |
| 04/04/2007 | 6 | ORDER granting 4 Motion for Limited Admission. Signed by Judge Cecilia M. Altonaga on 4/4/2007. (ls) (Entered: 04/04/2007) |
| 04/13/2007 | 7 | Letter from Beth Sherfy, Senior Counsel of Rackspace, Ltd. regarding asserting no claim to the interplead fund in this matter. (gw) (Entered: |

| | | |
|---|---|---|
| | | 04/13/2007) |
| 04/18/2007 | 8 | Notice to the Court for Pro Hac Vice Attorney to Receive Electronic Notification by Spirit Airlines, Inc. (Carriuolo, Anthony) (Entered: 04/18/2007) |
| 04/18/2007 | 9 | Notice of Instruction to Filer Regarding Pro Hac Vice Motion. Pursuant to 2B in the Administrative Procedures, a motion to make a limited appearance must be filed in the conventional manner along with the applicable filing fee. LOCAL COUNSEL IS INSTRUCTED TO FILE A NOTICE, WITH THE APPLICABLE FILING FEE, INDICATING PRO HAC VICE FEE HAS BEEN PAID FOR DE# 3 Plaintiff's MOTION for Limited Admission *of Lara O. Glaesman to Appear Pro Hac Vice* filed by Spirit Airlines, Inc., AND DE # 4 Plaintiff's MOTION for Limited Admission *of Connie A. Lahn to Appear Pro Hac Vice* filed by Spirit Airlines, Inc. (cw) (Entered: 04/18/2007) |
| 04/20/2007 | 10 | CLERK'S NOTICE of pro hac vice fee; receipt 958322 for $150.00 (bs) (Entered: 04/20/2007) |
| 04/24/2007 | 11 | Unopposed MOTION for Extension of Time to File Response/Reply *to Complaint* by Priceline.com, LLC. (Attachments: # 1 Exhibit Exhibit 1 - Order)(Ebner, Steven) (Entered: 04/24/2007) |
| 04/24/2007 | 12 | Order Requiring Joint Scheduling Report, Joint Scheduling Report due by 5/25/2007.Signed by Judge Cecilia M. Altonaga on 4/24/07.(lk) (Entered: 04/24/2007) |
| 04/24/2007 | 13 | ORDER granting 11 Motion for Extension of Time to File Response to the Complaint; defendant, Priceline, shall serve its response on or before May 25, 2007.Signed by Judge Cecilia M. Altonaga on April 24, 2007. (ps1) (Entered: 04/24/2007) |
| 04/25/2007 | 14 | ANSWER to Complaint by Burst Media Corporation.(Murphy, Lewis) (Entered: 04/25/2007) |
| 04/26/2007 | 15 | ANSWER to Complaint by Carrollton Bank.(Phillips, Barbara) (Entered: 04/26/2007) |
| 04/27/2007 | 16 | Defendant's MOTION for Extension of Time to File Response/Reply *to the Complaint* by Advertising.com, Inc., America Online, Inc.. (Attachments: # 1)(Heywood, Samuel) (Entered: 04/27/2007) |
| 04/27/2007 | 17 | AFFIDAVIT of Service for Summons & Complaint served on The Weather Channel Interactive, Inc. on 4/12/2007. (ls) (Entered: 04/27/2007) |
| 04/27/2007 | 18 | SUMMONS Returned Executed Intercept Interactive, Inc. served on 4/16/2007, answer due 5/7/2007. (ls) (Entered: 04/27/2007) |
| 04/27/2007 | 19 | First MOTION for Extension of Time to File Answer *to the Complaint for Interpleader (Unopposed)* by Valueclick, Inc.. (Sexton, Francis) (Entered: 04/27/2007) |
| | | |

| 04/27/2007 | 20 | ANSWER to Complaint by SideStep, Inc..(Thompson, Cherish) (Entered: 04/27/2007) |
|---|---|---|
| 04/27/2007 | 21 | ORDER granting 16 Motion for Extension of Time to File Response to the Complaint for interpleader; responses due by 5/9/07. Signed by Judge Cecilia M. Altonaga on April 27, 2007. (ps1) (Entered: 04/27/2007) |
| 04/30/2007 | 22 | ORDER granting 19 Motion for Extension of Time to Answer Complaint for interpleader; Valueclick, Inc.'s answer due on or before 5/10/2007. Signed by Judge Cecilia M. Altonaga on April 30, 2007. (ps1) (Entered: 04/30/2007) |
| 04/30/2007 | 23 | SUMMONS Returned Executed by Spirit Airlines, Inc.. Burst Media Corporation served on 4/6/2007, answer due 4/26/2007. (tb) (Entered: 04/30/2007) |
| 04/30/2007 | 24 | SUMMONS Returned Executed by Spirit Airlines, Inc.. SideStep, Inc. served on 4/6/2007, answer due 4/26/2007. (tb) (Entered: 04/30/2007) |
| 04/30/2007 | 25 | SUMMONS Returned Executed by Spirit Airlines, Inc.. Cheap Flights (USA), Inc. served on 4/6/2007, answer due 4/26/2007. (tb) (Entered: 04/30/2007) |
| 04/30/2007 | 26 | SUMMONS Returned Executed by Spirit Airlines, Inc.. America Online, Inc. served on 4/6/2007, answer due 4/26/2007. (tb) (Entered: 04/30/2007) |
| 04/30/2007 | 27 | SUMMONS Returned Executed by Spirit Airlines, Inc.. Trip Advisor, LLC served on 4/9/2007, answer due 4/30/2007. (tb) (Entered: 04/30/2007) |
| 04/30/2007 | 28 | SUMMONS Returned Executed by Spirit Airlines, Inc.. Hotwire, Inc. served on 4/9/2007, answer due 4/30/2007. (tb) (Entered: 04/30/2007) |
| 04/30/2007 | 29 | SUMMONS Returned Executed by Spirit Airlines, Inc.. Valueclick, Inc. served on 4/9/2007, answer due 4/30/2007. (tb) (Entered: 04/30/2007) |
| 04/30/2007 | 30 | SUMMONS Returned Executed by Spirit Airlines, Inc.. Carrollton Bank served on 4/6/2007, answer due 4/26/2007. (tb) (Entered: 04/30/2007) |
| 04/30/2007 | 31 | SUMMONS Returned Executed by Spirit Airlines, Inc.. Echo Target, Inc. served on 4/5/2007, answer due 4/25/2007. (tb) (Entered: 04/30/2007) |
| 04/30/2007 | 32 | SUMMONS Returned Executed by Spirit Airlines, Inc.. Priceline.com, LLC served on 4/4/2007, answer due 4/24/2007. (tb) (Entered: 04/30/2007) |
| 04/30/2007 | 33 | SUMMONS Returned Executed by Spirit Airlines, Inc.. Travel Marketing Group, Inc. served on 4/4/2007, answer due 4/24/2007. (tb) (Entered: 04/30/2007) |
| 04/30/2007 | 34 | SUMMONS Returned Executed by Spirit Airlines, Inc.. TravelZoo, Inc. served on 4/2/2007, answer due 4/23/2007. (tb) (Entered: 04/30/2007) |

| | | |
|---|---|---|
| 04/30/2007 | 35 | SUMMONS Returned Executed by Spirit Airlines, Inc.. Advertising.com, Inc. served on 4/5/2007, answer due 4/25/2007. (tb) (Entered: 04/30/2007) |
| 04/30/2007 | 36 | SUMMONS Returned Executed by Spirit Airlines, Inc.. Rackspace, Ltd. served on 4/4/2007, answer due 4/24/2007. (tb) (Entered: 04/30/2007) |
| 04/30/2007 | 37 | SUMMONS Returned Executed by Spirit Airlines, Inc.. 24/7 Real Media, Inc. served on 4/6/2007, answer due 4/26/2007. (tb) (Entered: 04/30/2007) |
| 04/30/2007 | 38 | ANSWER to Complaint for Interpleader by Hotwire, Inc., Smarter Living, Inc., Trip Advisor, LLC.(lh) (Entered: 05/01/2007) |
| 05/01/2007 | | Reset Answer Due Deadline: Valueclick, Inc. answer due 5/10/2007. (dm) See DE 22 (Entered: 05/01/2007) |
| 05/01/2007 | 39 | ORDER on Default Procedure; plaintiff is instructed to file a motion for clerk's default for the defendants outlined in the Order. The motion for clerk's default is due by May 11, 2007.Signed by Judge Cecilia M. Altonaga on May 1, 2007.(ps1) (Entered: 05/01/2007) |
| 05/03/2007 | 40 | Order Sprint shall submit a written filing addressing whether Spring is, in fact, obligated to make a deposit in the amount of $660,697.73 with the Court Registry and whether Spirit is prepared to make such a deposit and whether venue is proper in this Court. Such filing shall be made on or before 5/17/07.ORDER Given the undersigned's concerns about jurisdiction and venue, the Court's 5/1/07 order on default procedureis set aside pending a determination of whether this case should proceed in this Courtre 39 Order, Signed by Judge Cecilia M. Altonaga on 5/3/07.(pa) (Entered: 05/03/2007) |
| 05/07/2007 | 41 | Unopposed MOTION for Extension of Time to File Response/Replyto Complaint for Interpleader by Advertising.com, Inc., America Online, Inc.. (Attachments: #1 Proposed Order)(Heywood, Samuel) Modified on 5/8/2007 to identify the attachment. (gw). (Entered: 05/07/2007) |
| 05/09/2007 | 42 | ORDER granting in part 41 Motion for Extension of Time to File Response to the complaint; Advertising.com and AOL's response to the complaint is due 10 calendar days after a decision allowing the case to proceed in this court has been entered.Signed by Judge Cecilia M. Altonaga on May 9, 2007. (ps1) (Entered: 05/09/2007) |
| 05/10/2007 | 43 | ANSWER to Complaint by Valueclick, Inc..(Sexton, Francis) (Entered: 05/10/2007) |
| 05/10/2007 | 44 | MOTION for Extension of Time to File Response/Reply as to 1 Complaint by SpecificMedia, Inc.. (Attachments: # 1 Text of Proposed Order)(Salner, Craig) (Entered: 05/10/2007) |
| 05/11/2007 | 45 | *Echo Target, Inc.* ANSWER to Complaint, COUNTERCLAIM *against Spirit Airlines* against Echo Target, Inc. by Echo Target, Inc.. (Attachments: # 1)(Zaretsky, Esther) (Entered: 05/11/2007) |
| | | |

| 05/14/2007 | 46 | ORDER granting 44 Motion for Extension of Time to File Response to the complaint; Defendant SpecificMedia shall have until May 19, 2007 to file. Signed by Judge Cecilia M. Altonaga on May 11, 2007. (ps1) (Entered: 05/14/2007) |
| 05/17/2007 | 47 | RESPONSE to 40 Order,, *dated May 3, 2007* filed by Spirit Airlines, Inc.. (Attachments: # 1 Exhibit A Stipulation between Spirit Airlines, Inc. and Carrollton Bank Regarding Deposit Amount)(Carriuolo, Anthony) (Entered: 05/17/2007) |
| 05/17/2007 | 48 | Plaintiff's MOTION to Change Venue *(Transfer)* by Spirit Airlines, Inc.. Responses due by 6/1/2007 (Attachments: # 1Proposed Order)(Carriuolo, Anthony) Modified on 5/18/2007 to give description to attachment(gw). (Entered: 05/17/2007) |
| 05/17/2007 | 49 | MEMORANDUM OF LAW *in Support of Plaintiff's Motion to Transfer Venue* by Spirit Airlines, Inc.. (Carriuolo, Anthony) (Entered: 05/17/2007) |
| 05/18/2007 | 51 | ORDER granting 48 Motion to Change Venue. Case shall be transferred to the District of Delaware.Signed by Judge Cecilia M. Altonaga on 5/18/07. (nt) (Entered: 05/21/2007) |
| 05/21/2007 | 50 | Unopposed MOTION for Extension of Time to File Answer *and Prepare/File Joint Scheduling Report and Certificate of Interested Parties* by Priceline.com, LLC. (Ebner, Steven) (Entered: 05/21/2007) |
| 05/21/2007 | 52 | ORDER re 50 Unopposed MOTION for Extension of Time to File Answer *and Prepare/File Joint Scheduling Report and Certificate of Interested Parties* filed by Priceline.com, LLC. Given that case has been transferred, Priceline's Motion is denied without prejudice.Signed by Judge Cecilia M. Altonaga on 5/21/07.(lc2) (Entered: 05/21/2007) |
| 05/21/2007 | 53 | Transmittal Letter Sent With Docket Sheet and Certified Order of Transfer, To: District of Delaware (nt) (Entered: 05/21/2007) |
| 05/22/2007 | 54 | ORDER granting 48 Plaintiff's MOTION to Change Venue to the District of Delaware. All pending motions are DENIED AS MOOT. Signed by Judge Cecilia M. Altonaga on 5/18/07.(lk) (Entered: 05/22/2007) |
| 05/24/2007 | 55 | Transmittal Letter Sent With certified copy of Order of Transfer, To: District of Delaware (lk) (Entered: 05/24/2007) |
| 05/25/2007 | 56 | ANSWER to Complaint , *Affirmative Defenses and,* COUNTERCLAIM against Spirit Airlines, Inc. by Priceline.com, LLC.(Ebner, Steven) (Entered: 05/25/2007) |

**PACER Service Center**

**Transaction Receipt**

05/30/2007 11:00:16

| PACER Login: | ud0037 | Client Code: | |
|---|---|---|---|
| Description: | Docket Report | Search Criteria: | 0:07-cv-60399-CMA |
| Billable Pages: | 5 | Cost: | 0.40 |

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

# 07-60399

Spirit Airlines, Inc.,

Civil Action File No. _____

        Plaintiff,

vs.

24/7 Real Media, Inc., Advertising.com, Inc.,
America Online, Inc. dba AOL, Burst Media
Corporation, Carrollton Bank, CheapFlights
(USA), Inc., Echo Target, Inc., Hotwire, Inc.,
Intercept Interactive, Inc., Priceline.com, LLC,
Rackspace, Ltd., Shermans Travel, Inc., SideStep,
Inc., Smarter Living, Inc., SpecificMedia, Inc.,
Travel Marketing Group, Inc., TravelZoo, Inc.,
Tribal Fusion, Inc., TripAdvisor LLC,
Valueclick, Inc., The Weather Channel
Interactive, Inc., and all other persons
or entities unknown claiming any right, title,
or interest to the funds described in the
Complaint herein,

CIV-ALTONAGA

MAGISTRATE JUDGE
TURNOFF



        Defendants.

---

## COMPLAINT FOR INTERPLEADER

---

    Spirit Airlines, Inc. ("Spirit Airlines"), hereby files this complaint ("Complaint") of

interpleader brought under the authority of the provisions of 28 U.S.C.A. § 1335 and Rule 22 of

the Federal Rules of Civil Procedure. Spirit Airlines, on information and belief, respectfully

states and alleges as follows:

## **PARTIES**

    1.    Spirit Airlines is a corporation organized under the laws of the States of

Delaware, with a principal place of business at 2800 Executive Way, in Miramar, Florida.

BERGER SINGERMAN
attorneys at law

*Boca Raton   Fort Lauderdale   Miami   Tallahassee*

350 East Las Olas Boulevard  Suite 1000  Fort Lauderdale, Florida 33301  Telephone 954·525·9900  Facsimile 954·523·2872

2.      Upon information and belief, Defendant 24/7 Real Media, Inc. is a corporation organized under the laws of the State of Delaware, with a principal place of business at 132 West 31st Street, 9th Floor in New York, New York 10001.

3.      Upon information and belief, Defendant Advertising.com, Inc. is a corporation organized under the laws of the State of Maryland, with a principal place of business at 7 St. Paul Street, Suite 1660, in Baltimore, Maryland 21202.

4.      Upon information and belief, Defendant America Online, Inc., dba AOL is a corporation organized under the laws of the State of Delaware, with a principal place of business at 22000 AOL Way in Dulles, Virginia 20166.

5.      Upon information and belief, Defendant Burst Media Corporation is a corporation organized under the laws of the State of Maryland, with a principal place of business at 8 New England Executive Park in Burlington, Massachusetts 01803.

6.      Upon information and belief, Defendant Carrollton Bank is a banking corporation organized under the laws of the State of Maryland, with a principal place of business at 344 North Charles Street, Suite 300, in Baltimore, Maryland 21201-4301.

7.      Upon information and belief, Defendant CheapFlights (USA), Inc. is a corporation organized under the laws of the State of Delaware, with a principal place of business at 24 School Street in Boston, Massachusetts 02108.

8.      Upon information and belief, Defendant Echo Target, Inc. is a corporation organized under the laws of the State of New York, with a principal place of business at 545 W. 45th Street, 7th Floor in New York, New York 10036.

9.      Upon information and belief, Defendant Hotwire, Inc. is a corporation organized under the laws of the State of Delaware, with a principal place of business at 333 Market Street, Suite 100 in San Francisco, California 94105.

10.      Upon information and belief, Defendant Intercept Interactive, Inc. is a corporation organized under the laws of the State of New York, with a principal place of business at 15 East 26th Street, Suite 1903 in New York, New York 10010.  Intercept Interactive, Inc. operates under the assumed name of Undertone Networks.

11.      Upon information and belief, Defendant Priceline.com, LLC is a corporation organized under the laws of the State of Delaware, with a principal place of business at 545 W. 45th Street, 7th Floor in New York, New York 10036.

12.      Upon information and belief, Defendant Rackspace, Ltd. is a corporation organized under the laws of the State of Texas, with a principal place of business at 9725 Datapoint Drive, Suite 100 in San Antonio, Texas 78229.  Rackspace, Ltd. operates under the assumed name of Rackspace Managed Hosting.

13.      Upon information and belief, Defendant Shermans Travel, Inc. is a corporation organized under the laws of the State of New York, with a principal place of business at 255 W. 36th Street, 15th Floor in New York, New York 10018.

14.      Upon information and belief, Defendant SideStep, Inc. is a corporation organized under the laws of the State of Delaware, with a principal place of business at 3131 Jay Street, Suite 210 in Santa Clara, California 95054.

15.      Upon information and belief, Defendant Smarter Living, Inc. is a corporation organized under the laws of the State of Massachusetts, with a principal place of business at 465 Medford Street, Suite 400 in Boston, Massachusetts 02129.

16.     Upon information and belief, Defendant SpecificMedia, Inc. is a corporation organized under the laws of the State of California, with a principal place of business at 4 Park Plaza, Suite 1900 in Irvine, California 92614.

17.     Upon information and belief, Defendant Travel Marketing Group, Inc. is a corporation organized under the laws of the State of Iowa, with a principal place of business at 5525 Meredith Drive, Suite C in Des Moines, Iowa 50310.

18.     Upon information and belief, Defendant TravelZoo, Inc. is a corporation organized under the laws of the State of Delaware, with a principal place of business at 590 Madison Avenue, 21st Floor in New York, New York 10022.

19.     Upon information and belief, Defendant Tribal Fusion, Inc. is a corporation organized under the laws of the State of California, with a principal place of business at 2087 Key Boulevard in El Cerrito, California 94530.

20.     Upon information and belief, Defendant TripAdvisor LLC is a corporation organized under the laws of the State of Delaware, with a principal place of business at 464 Hillside Avenue in Needham, Massachusetts 02494.

21.     Upon information and belief, Defendant Valueclick, Inc. is a corporation organized under the laws of the State of Delaware, with a principal place of business at 30699 Russell Ranch Road, Suite 250 in Westlake Village, California 91362.

22.     Upon information and belief, Defendant The Weather Channel Interactive, Inc. is a corporation organized under the laws of the State of Georgia, with a principal place of business at 300 Interstate North Parkway SE, in Atlanta, Georgia 30339-2403.

## JURISDICTION AND VENUE

23.     This is an action for rule interpleader under Rule 22 of the Federal Rules of Civil

Procedure, and for statutory interpleader under the Federal Interpleader Act, 28 U.S.C.A. § 1335.

24.     Jurisdiction exists under the Federal Interpleader Act, 28 U.S.C.A. § 1335, because the amount in dispute exceeds the sum of $500.00, and there is diversity between plaintiff and defendant claimants.

25.     Diversity jurisdiction exists under 28 U.S.C.A. § 1332, because the matter in controversy exceeds the sum of $75,000.00, and is between citizens of different states.

26.     Venue in this Court is proper pursuant to 28 U.S.C.A. § 1391.

## FACTS

A.     **Agreement Between Eisner And Spirit Airlines**

27.     On September 15, 2005, Spirit Airlines entered into an advertising agreement ("Agreement") with Eisner Communications, Inc. ("Eisner"). Attached as <u>Exhibit A</u> is a true and correct copy of the Agreement. The effective date of the Agreement is November 28, 2005. <u>See</u> Agreement, Article 3.1. Pursuant to the Agreement, Eisner agreed to prepare and place online advertising for Spirit Airlines, which included the management, coordination, supervision, and liaison of the account. <u>See</u> Agreement, Article 2.1.

28.     Pursuant to the terms of the Agreement, Eisner's services to Spirit Airlines also included ordering and contracting for necessary interactive space, talent, and materials. <u>See</u> Agreement, Article 2.1(b).

29.     Pursuant to the terms of the Agreement, Eisner agreed to render invoices to Spirit Airlines from Eisner for the charges incurred for advertising and audit and pay invoices from media and other suppliers. <u>See</u> Agreement, Article 2.1(f).

30.     Pursuant to the terms of the Agreement, in exchange for Eisner's advertising work, Spirit Airlines agreed to pay Eisner for:

> all reasonable costs for space, time, materials, and services which are purchased from third parties on behalf of Spirit Airlines in accordance with Spirit Airlines' authorization procedures and for which an estimate and/or media plan has been approved by a Spirit Airlines authorized representative.

<u>See</u> Agreement, Article 4.0.

31.     Pursuant to the terms of the Agreement, Spirit Airlines received invoices only from Eisner. <u>See</u> Agreement, Article 2.1(f).

32.     Spirit Airlines did not receive invoices from other parties, including the third parties from which Eisner purchased space, time, materials, and services.

33.     Pursuant to the terms of the Agreement, Spirit Airlines was required only to pay Eisner, not any other parties, including the third parties from which Eisner purchased space, time, materials, and services. <u>See</u> Agreement, Article 4.0.

34.     Pursuant to the terms of the Agreement, Eisner was required to pay the third parties from which Eisner purchased space, time, materials, and services. <u>See</u> Agreement, Article 4.0.

35.     Pursuant to the terms of the Agreement, Spirit Airlines did not contract with any third parties for online advertising services.

36.     On or about November 12, 2006, Eisner informed Spirit Airlines that it was closing its business operations.

**B.     Communications Spirit Airlines Received From Carrollton Bank And Other Defendants**

37.     On or about November 17, 2006, Spirit Airlines received a letter dated November 14, 2006, from Robert J. Parsons, II, attorney for Carrollton Bank ("November 17 Letter").

Pursuant to the November 17 Letter, Carrollton Bank provided the following notice to Spirit Airlines:

> This is to advise you that the undersigned is the attorney for Carrollton Bank ("Bank"), secured creditor, in connection with the collection and liquidation of the open and payable accounts receivable of the now defunct business entity known as Eisner Communications, Inc. ("Eisner"). The Bank holds a perfected Security Interest in all of the said accounts receivable of said payee, Eisner, and has elected to pursue the collection of the same pursuant to the terms and conditions of its duly executed Security Agreement and perfected Security Interest Filing.

In the November 17 Letter, Carrollton Bank demanded that any and all prior unpaid invoices and future invoices for work performed by Eisner must be made payable to Carrollton Bank. The November 17 Letter demanded that Spirit Airlines pay to Carrollton Bank the sum of $660,697.73. Attached as <u>Exhibit B</u> is a true and correct copy of the November 17 Letter.

38.      On or about November 20, 2006, counsel for Carrollton Bank sent a letter to Spirit Airlines enclosing copies of two commercial security agreements and Uniform Commercial Code financing statements relating to the two commercial loans owed to Carrollton Bank by Eisner ("November 20 Letter") . Attached as <u>Exhibit C</u> is a true and correct copy of the November 20 Letter.

39.      Shortly after Eisner notified Spirit Airlines that it was closing its business operations, Spirit Airlines began receiving communications from third-party advertising vendors demanding payment of outstanding Eisner invoices. Spirit Airlines had not received communications from these parties in the past and was uncertain as to why these parties were making demands upon Spirit Airlines for obligations owed by Eisner.

40.      On or about December 12, 2006, in response to the demands from third-party advertising vendors, Spirit Airlines sent a letter to these third-party advertising vendors notifying

them of the demand by Carrollton Bank that Spirit Airlines pay all amounts owed under past and future Eisner invoices directly to Carrollton Bank ("December 12 Letter"). Attached as <u>Exhibit D</u> is a form of the December 12 Letter.

41.     The December 12 Letter also stated that Spirit Airlines is in the process of reconciling what Eisner alleges are the accounts receivable and what Spirit Airlines' records reflect in terms of what is due and owing to Eisner. Additionally, the December 12 Letter stated that Spirit Airlines will not be making any payments to Carrollton Bank beyond the date it is determined that Eisner ceased providing services on behalf of Spirit Airlines. The December 12 Letter also informed the recipients that Spirit Airlines hired a new advertising agency, Siquis Ltd., which replaced Eisner as of November 13, 2006, and Spirit Airlines will continue making the appropriate payments to Siquis for the fees incurred in connection with the services that third-party advertising vendors provide on behalf of Spirit Airlines.

42.     Spirit Airlines received communications from several third-party advertising vendors in response to its December 12 Letter. Some of the responses demanded that Spirit Airlines make payments directly to them instead of making payments to Carrollton Bank.

43.     On or about December 22, 2006, Tribal Fusion, Inc. sent a letter to Spirit Airlines demanding that Spirit Airlines pay Tribal Fusion, Inc. the sum of $47,867.59 for services performed by it pursuant to the terms of an agreement between Tribal Fusion and Eisner ("December 22 Letter"). Attached as <u>Exhibit E</u> is a true and correct copy of the December 22 Letter. Tribal Fusion enclosed three Tribal Fusion invoices billed to Eisner Interactive in the December 22 Letter. <u>See</u> Exhibit E.

44.     Spirit Airlines does not have a contract for online advertising services with Tribal Fusion.

45.     On or about January 11, 2007, America Online, Inc. dba AOL sent an e-mail to Spirit Airlines demanding that Spirit Airlines pay America Online, Inc. dba AOL the sum of $214,105.24 for services performed by it pursuant to the terms of an agreement between America Online, Inc. dba AOL and Eisner ("January 11 E-mail").   America Online, Inc. dba AOL attached to the January 11 E-mail a spreadsheet summarizing America Online, Inc. dba AOL invoices billed to Eisner Communications.  Attached as <u>Exhibit F</u> is a true and correct copy of the spreadsheet.

46.     Spirit Airlines does not have a contract for online advertising services with America Online, Inc. dba AOL.

47.     On or about January 22, 2007, counsel for Carrollton Bank sent a letter to counsel for Spirit Airlines enclosing a statement of account and copies of invoices issued by Eisner for its account with Spirit Airlines for the period from August 2, 2006 through November 7, 2006, which alleges that Spirit Airlines owes Eisner $660,697.73 ("January 22 Letter").  Attached as <u>Exhibit G</u> is a true and correct copy of the January 22 Letter.

48.     Counsel for Carrollton Bank has acknowledged that the amount owed by Spirit Airlines as stated in the January 22 Letter may be reduced following a reconciliation of amounts already paid by Eisner and a proration of amounts owed for the month of November 2006.  In fact, in his letter dated February 9, 2007, counsel for Carrollton Bank stated that the Eisner records are incomplete and requested an invoice reconciliation from Spirit Airlines as to the total amount outstanding to Eisner.  Specifically, the February 9, 2007, letter states the following:

> The Bank requests that Spirit Airlines, Inc., provide it with an invoice reconciliation so that the actual amount owed by Spirit to Eisner can be calculated and paid.

49.     On or about January 24, 2007, Siquis, Ltd., the advertising company hired by

Spirit Airlines to replace Eisner, provided Spirit Airlines with a list of third-party advertiser vendors that asserted they were entitled to outstanding payments incurred by Eisner on behalf of Spirit Airlines. The third-party advertiser vendors on this list include the following: 24/7 Real Media Inc.; Advertising.com, Inc.; America Online, Inc. dba AOL; Burst Media Corporation; CheapFlights (USA), Inc.; Echo Target, Inc.; Priceline.com, LLC; Shermans Travel, Inc.; SideStep, Inc.; Smarter Living, Inc.; SpecificMedia, Inc.; TravelZoo, Inc.; TripAdvisor, LLC; Tribal Fusion, Inc.; Undertone Networks; ValueClick, Inc.; and The Weather Channel Interactive, Inc. Attached as <u>Exhibit H</u> is a true and correct copy of the list from Siquis, Ltd.

50.     On or about January 29, 2007, Hotwire, Inc. contacted Spirit Airlines by e-mail and asserted it is owed $9,000.00 for advertising work done for Spirit Airlines at the request of Eisner as stated on an invoice to Eisner ("January 29 E-mail"). Hotwire, Inc. attached a Hotwire, Inc. invoice billed to Eisner Communications on the January 29 E-mail. Attached as <u>Exhibit I</u> is a true and correct copy of the Hotwire, Inc. invoice from the January 29 E-mail.

51.     Spirit Airlines does not have a contract for online advertising services with Hotwire, Inc.

52.     On or about February 2, 2007, counsel for Carrollton Bank sent a letter to counsel for Spirit Airlines enclosing an invoice Eisner received from Travel Marketing Group, Inc. seeking payment in the amount of $97.76 for advertising work done for Spirit Airlines at the request of Eisner ("February 2 Letter"). Attached as <u>Exhibit J</u> is a true and correct copy of the February 2 Letter. Enclosed with the February 2 Letter is a Travel Marketing Group, Inc. invoice billed to Eisner Interactive. <u>See</u> Exhibit J.

53.     Spirit Airlines does not have a contract for online advertising services with Travel Marketing Group, Inc.

BERGER SINGERMAN
attorneys at law
350 East Las Olas Boulevard  Suite 1000  Fort Lauderdale, Florida 33301  Telephone 954·525·9900  Facsimile 954·523·2872

Boca Raton   Fort Lauderdale   Miami   Tallahassee

10

54.     The February 2 Letter also enclosed an invoice Eisner received from Sidestep, Inc. seeking payment in the amount of $18,426.74 for advertising work done for Spirit Airlines at the request of Eisner ("February 2 Letter").  Enclosed with the February 2 Letter is a SideStep, Inc. invoice billed to Eisner Communications.  See Exhibit J.

55.     Spirit Airlines does not have a contract for online advertising services with SideStep, Inc.

56.     On or about February 8, 2007, counsel for Carrollton Bank sent a letter to counsel for Spirit Airlines enclosing a demand letter and invoice from Advertising.com, Inc. to Eisner, which demands payment in the amount of $292,739.06 for advertising work done for Spirit Airlines at the request of Eisner ("February 8 Letter").  The invoice from Advertising.com, Inc. is addressed to Eisner Interactive.  Attached as Exhibit K is a true and correct copy of the February 8 Letter.

57.     Spirit Airlines does not have a contract for online advertising services with Advertising.com, Inc.

58.     On or about February 9, 2007, counsel for Carrollton Bank sent a letter to counsel for Spirit Airlines requesting an invoice reconciliation from Spirit Airlines for the total amount outstanding to Eisner ("February 9 Letter").  Attached as Exhibit L is a true and correct copy of the February 9 Letter.

59.     On or about February 28, 2007, pursuant to the request of Carrollton Bank, Spirit Airlines reconciled the amount it owes to Eisner.  Specifically, Spirit Airlines reviewed the outstanding Eisner invoices and determined the actual amounts owed to Eisner for services as $458,186.26 ("Eisner Funds").  The reconciliation was based upon amounts Spirit Airlines already paid to Eisner, as well as a proration of certain invoices after the date Eisner ceased

business operations and services provided to Spirit Airlines. Attached as <u>Exhibit M</u> is a true and correct copy of the February 28 Reconcilation.

60.     As part of the reconciliation, Spirit Airlines prorated the total amounts owed to Eisner to November 10, 2006, on two Eisner invoices, based upon Eisner's cessation of business operations for Spirit Airlines at that time.

61.     Spirit Airlines prorated Invoice No. 81981620970 from $279,217.88 to $120,994.41 based on payments to third-party advertiser vendors through November 13, 2006. Spirit Airlines' new advertising agency, Siquis, Ltd. paid the amounts outstanding from November 14-30, 2006, for this invoice. <u>See</u> Exhibit M.

62.     Spirit Airlines prorated Invoice No. 81981720971 from $26,400.00 to $8,800.00 because Eisner did not provide services to Spirit Airlines beyond November 10, 2006. <u>See</u> Exhibit M.

63.     In the February 9 Letter, Carrollton Bank also recommended that Spirit Airlines commence an interpleader action to resolve both the demands for payment by Carrollton Bank for amounts owed to Eisner and the demands for payment by third-party advertising vendors for amounts owed by Eisner. <u>See</u> Exhibit L.

**C.     Deposit of Funds**

64.     Spirit Airlines is merely a disinterested stakeholder in this action inasmuch as it claims no interest in the Eisner Funds.

65.     Spirit Airlines admits that the Eisner Funds are due and owing to someone.

66.     Spirit Airlines has received conflicting demands for the Eisner Funds from claimants, including Carrollton Bank, a secured creditor of Eisner, and third-party advertising vendors that contracted with Eisner.

67.    Spirit Airlines has taken numerous steps to ensure that all claimants are included as defendants in this action. First, Spirit Airlines included all of the third-party advertising vendors that contacted Spirit Airlines directly and demanded payment following the inability of these parties to collect money directly from Eisner. Next, Spirit Airlines included all of the third-party advertising vendors that asserted they were entitled to outstanding payments incurred by Eisner on behalf of Spirit Airlines that were set forth on the list provided to Spirit Airlines by Siquis, Ltd., the advertising company hired by Spirit Airlines to replace Eisner. Finally, Spirit Airlines included all of the third-party advertising vendors from the list Carrollton Bank, on behalf of Eisner, provided to Spirit Airlines.

68.    Spirit Airlines is disinterested because it is not entitled to the Eisner Funds and is not contractually obligated to any of the claimants and named defendants in this interpleader action.

69.    Spirit Airlines hereby offers to and is ready to deposit the Eisner Funds with the Court upon the entry of an appropriate order.

## COUNT I
### Interpleader Under 28 U.S.C.A. § 1335 And
### Rule 22 Of The Federal Rules Of Civil Procedure

70.    Spirit Airlines repeats and realleges each and every allegation contained in paragraphs 1 through 69.

71.    Pursuant to the terms of the Agreement between Spirit Airlines and Eisner, Spirit Airlines owes $458,186.26 to Eisner for advertising services during the period of time from August 2, 2006 through November 7, 2006.

72.    Spirit Airlines admits that it must pay the Eisner Funds pursuant to the terms of the Agreement between Eisner and Spirit Airlines.

73.     Spirit Airlines has received conflicting demands for the Eisner Funds from Eisner claimants, including Carrollton Bank, a secured creditor of Eisner, and numerous third-party advertising vendors that contracted with Eisner.

74.     Spirit Airlines is merely a disinterested stakeholder in this action inasmuch as it claims no interest in the Eisner Funds because Spirit Airlines is contractually obligated to Eisner and not contractually obligated to any of the claimants and named defendants in this interpleader action.

75.     Unless Spirit Airlines is allowed to interplead the claimants, Spirit Airlines is at risk for double, multiple, or inconsistent litigation and judgments.

76.     Spirit Airlines will deposit a check with this Court in the amount of $458,186.26, after the entry of an appropriate order.

77.     Pursuant to 28 U.S.C.A. § 1335, Spirit Airlines is entitled to interplead the claimants because two or more of the claimants, of diverse citizenship, are claiming or may claim to be entitled to the Eisner Funds.

78.     Pursuant to Pursuant to Rule 22 of the Federal Rules of Civil Procedure, Spirit Airlines is entitled to interplead the claimants because Spirit Airlines may be exposed to double or multiple liability.

79.     Pursuant to Rule 22 of the Federal Rules of Civil Procedure, Spirit Airlines is entitled to an award of its reasonable costs and attorneys' fees associated with initiating this interpleader action.

80.     By reason of the foregoing, Spirit Airlines is entitled to have this Court adjudicate the competing claims, or potentially competing claims of the defendants and to establish Spirit Airline's legal obligations to the defendants with finality.

WHEREFORE, Spirit Airlines respectfully requests that the Court issue an order:

a.      Allowing Spirit Airlines to deposit the Eisner Funds into the Court's registry;

b.      Compelling the defendants to determine through interpleader their competing, or potentially competing and adverse claims for the Eisner Funds;

c.      Extinguishing with finality all claims that the defendants, and all other persons or entities unknown claiming any right, title, or interest to the Eisner Funds, have against Spirit Airlines on Spirit Airlines' payment of the Eisner Funds into this Court;

d.      Restraining the defendants, and all other persons or entities unknown claiming any right, title, or interest to the Eisner Funds, from instituting or prosecuting, in any other state or federal court, any proceeding against Spirit Airlines with respect to the Eisner Funds;

e.      That on Spirit Airlines' deposit of the Eisner Funds with the Court, Spirit Airlines will be discharged from any liability in this action;

f.      Awarding Spirit Airlines its reasonable attorneys' fees and costs associated with filing this interpleader action; and

g.      Granting Spirit Airlines such other and further relief as the Court deems just and proper.

Dated: _____, 2007

**BERGER SINGERMAN**

_____

Anthony J. Carriuolo
Florida Bar No. 434541
350 East Las Olas Boulevard, Suite 1000
Fort Lauderdale, FL 33301
954-525-9900 (phone)
954-523-2872 (fax)
acarriuolo@bergersingerman.com

LOCAL COUNSEL FOR SPIRIT AIRLINES, INC.

AND

**FAFINSKI MARK & JOHNSON, P.A**
Connie A. Lahn (MN Bar No. 0269219)
Lara O. Glaesman (MN Bar No. 316866)
Flagship Corporate Center
775 Prairie Center Drive, Suite 400
Eden Prairie, MN 55344
952-995-9500 (phone)
952-995-9577 (fax)
lara.glaesman@fmjlaw.com
connie.lahn@fmjlaw.com

COUNSEL FOR SPIRIT AIRLINES, INC.



This Advertising Agreement ("Agreement") is made and entered into as of the 15th day of September 2005 by and between Eisner Communications, Inc. ("Agency") a corporation existing under the laws of the state of Maryland and having its principal place of business at 509 South Exeter St., Baltimore MD 21202 and Spirit Airlines, Inc., a Delaware corporation with its headquarters at 2800 Executive Way, Miramar, Florida 33025 ("Spirit Airlines").

## WITNESSETH.

**WHEREAS**, Spirit Airlines is desirous of utilizing the advertising expertise of Agency; and

**WHEREAS**, Agency is willing to represent Spirit Airlines;

**NOW THEREFORE**, in consideration of the mutual promises, agreements, and covenants hereinafter set forth, Agency and Spirit Airlines agree as follows:

## ARTICLE 1.0. Commitments

It is understood that this Agreement covers interactive advertising services carried out by Spirit Airlines in North America, South America, Bermuda and the Caribbean.

## ARTICLE 2.0. Agency Services

2.1  **Services Regularly Provided by Agency.** In consideration of the compensation provided in Paragraph 4.1, Agency will perform the services customarily performed by an interactive agency in connection with the preparation of Spirit Airlines' on ine advertising and the preparation and placement of those materials. The Agency's services will include, but not be limited to, the management coordination, supervision and liaison of the account as follows:

(a)  Familiarize itself thoroughly with the business of Spirit Airlines. Analyze and study marketing, promotional, interactive and media requirements and prepare recommendations and plans to meet them.

(b)  Services, including concepting, developing, executing and proofing for internet advertising campaigns. Also includes ordering and contracting for necessary interactive space, talent and materials.

(c)  Check the advertising to verify the accuracy of all information contained therein prior to submission to Spirit Airlines for final approval, including ares, restrictions, service levels, competitive claims, etc.

(d)  Manage online ad serving for the purposes of tracking, optimizing and reporting online media activity.

(e)  Manage all search marketing activity, including research of search terms, creation of text creative associated with search terms, tracking of performance and optimization of terms, creatives and bid prices.

(f)  Render invoices to Spirit Airlines for the charges incurred for advertising and audit and pay invoices from media and other suppliers.

**EXHIBIT A**

Case 0:0 Case 0:03-cv-00341-DSD Document 56-2 ed on Filed 05/22/2003 2/2007 719 of 50 Page 19 of 50
SEP 29 2005 11:03AM   HP LASERJET 3200

p.2

(g)  Abide by all laws and regulations applicable to the advertising and public relations industry with respect to this Agreement, and further, to provide Spirit Airlines, at nominal expense (estimated in advance), the initial review for legal compliance (where necessary) of all proposed titles, slogans, uses of names and/or ideas, as the case may be, for the purpose of informing Spirit Airlines of the risks reasonably anticipated with the use of the same.

## ARTICLE 3.0. Term and Termination

3.1   **Term.** This Agreement shall be effective [November 28, 2005] and shall remain in full force and effect for one year, unless terminated in accordance with the provisions hereof. Thereafter, subject to the mutual agreement of Spirit Airlines and the Agency (including, but not limited to, mutual agreement on the fees due the Agency for services rendered in each successive one-year term), and unless notice of termination is provided by either party ninety (90) days prior to the expiration of any one-year term then in effect, this Agreement shall automatically renew on the anniversary date for additional, renewable one-year terms. The parties agree that they will confer at least 100 days prior to the expiration of any one-year term for the purpose of discussing and negotiating their respective proposed modifications to this Agreement, if any, for the applicable renewal term.

3.2   **Termination for Convenience.** Spirit Airlines reserves the right to terminate this Agreement at any time upon ninety (90) days prior written notice. In the event of such termination, Agency shall receive its regular and agreed fees for work performed through the effective date of the termination and to bring to closure any work-in-progress. Upon expiration of the 90-day notice period, in the event that any third parties shall refuse to release Agency from any commitments made prior to Spirit Airlines' notice of termination, Agency shall be reimbursed, in accordance with Article 5.0, for costs incurred by the Agency in connection with non-cancelable contracts made in accordance with Spirit Airlines' authorization procedures, including costs reflected in third-party invoices received after the termination effective date.

3.3   **Ownership of Materials upon Termination.** Agency shall deliver to Spirit Airlines or its designated successor agency, all materials belonging to Spirit Airlines, subject to the provisions of Article 6.0, Ownership of Materials. Agency shall notify Spirit Airlines in writing when artwork, film, disks, CD's, photographs, manuscripts and tapes are of no further value. Upon receipt of such notification, Spirit Airlines will, within reasonable time, supply in writing, complete disposition instructions. Shipping costs shall be the responsibility of Spirit Airlines.

## ARTICLE 4.0. Agency Compensation

Spirit Airlines will pay Agency for all reasonable costs for space, time, materials and services which are purchased from third parties on behalf of Spirit Airlines in accordance with Spirit Airlines' authorization procedures and for which an estimate and/or media plan has been approved by a Spirit Airlines authorized representative.. Spirit Airlines will compensate Agency for its services as follows:

SEP 29 2003 11:03AM    HP LASERJET 3200

4.1    Spirit Airlines will compensate Agency for services performed (time spent) at the initial rate of $26,400 ("Agency Fee") per month for interactive services, for up to 480 hours per month. ($85.00 per hour for hours over 480.)  Any hours in excess of 480 must be pre-approved by an authorized Spirit representative.

4.2    **Exploratory Creative Development, Monitoring Competitors Advertising, Packaging, Shipping, Delivery, Communications and Travel**:  Expenses incurred by Agency on Spirit Airlines' account (at the request of Spirit Airlines) for the following items will be billed to Spirit Airlines at Agency's outside costs without commission.

   (a)    Exploratory creative development materials, including but not limited to demo music, with an approved signed estimate of expense from Spirit Airlines.

   (b)    Procurement of competitors' advertising.

   (c)    Courier and/or special messenger charges. Fax and long distance telephone.

   (d)    Travel, at Spirit Airlines' request, in connection with Spirit Airlines' account activity will be at Spirit Airlines' expense using Spirit Airlines' space-positive Coach Class at all times.  Travel arrangements must be pre-approved by an authorized Spirit Airlines' representative.

4.3    **Expenses and risk associated with full review for legal compliance of titles, slogans, use of names and/or ideas subject to potential claims for misappropriation, infringement of copyright, property right, libel, slander, defamation, invasion of privacy.**  The Agency will provide Spirit Airlines with its initial review for legal compliance of certain proposed titles, slogans, uses of names and/or ideas for the purposes of informing Spirit Airlines of the risks reasonably anticipated with the use of the same for a nominal cost, estimated in advance. Should the Agency fail to provide notice of risk, all risk will remain with the agency, and the Agency shall indemnify and hold Spirit Airlines harmless for all claims, losses, and expenses associated with the use of said title, slogan, name and/or idea.  In the event Spirit Airlines is advised of the risk and accepts said risk, it will indemnify and hold the Agency harmless for all claims, losses, and expenses associated with the same.  Further, should Spirit Airlines request a full and complete legal review, including trademark scans and/or legal opinions from outside counsel, the Agency will provide estimates to Spirit Airlines of cost, and shall seek advanced written authorization from Spirit Airlines for same.  Spirit Airlines will be invoiced without markup for all such costs incurred.  Spirit Airlines may select and/or approve outside counsel utilized or, at its option, it may elect to review such matters itself. Thereafter, if Spirit Airlines approves the use of the subject title, slogan, name and/or idea, it will have done so having been made aware of the risks and it will then indemnify and hold the Agency harmless for all claims, losses, and expenses associated with them.

## ARTICLE 5.0. Payment, Cash Discounts and Billing Procedures

Agency's invoices are payable on or before the due dates specified thereon, not later than thirty (30) days following the date of receipt of the invoice.

5.1    The billing procedures are as follows:

(a)    Agency will bill to Spirit Airlines pursuant to the approve  estimate for all media placements and production expenses.

(b)    Agency will provide invoices on a monthly basis, for media or production scheduled for not more than thirty (30) days in the future. Where these dates occur on a weekend or holiday, the invoice will be submitted on the first business day immediately preceding the date. The Agency Fee will be billed at the start of each month and will be paid within thirty (30) days of receipt of invoice. In the event that additional media is required to be placed after monthly billing occurs, agency will provide an interim invoice upon approved estimate, which will be paid within thirty (30) days of receipt of invoice. Payments falling due on a non-banking day shall be made on the immediately following banking day. Appropriate proration shall be made for any partial calendar months during the Term.

(c)    Agency will invoice Spirit Airlines at "Net Media Billings." "Net Media Billings" shall mean the rates charged by the owners of media less Agency commissions.

(d)    Production is estimated plus or minus ten percent (+/-10%). If costs are running more than ten percent (10%) over the estimate, Agency is responsible for providing a new estimate.

5.2    **Invoice Disputes** Any invoice disputes should be communicated to the Agency in writing within thirty () (30) days of receipt and should clearly indicate the reason for the dispute and the steps required to resolve the dispute. Spirit Airlines and the Agency agree to resolve all disputes as quickly as possible. In the event of a dispute regarding an invoice, Spirit Airlines will notify the Agency according to the above timelines and pay the portion of the invoice not in dispute by the due date specified thereon in accordance with Article 5.0.

Should the Agency and Spirit Airlines fail to agree to a resolution of the dispute, they will abide by the arbitration provision set forth in Article 12.

## ARTICLE 6.0. Ownership of Materials

Agency and Spirit Airlines agree that any and all work produced, which may or may not ultimately be used, including plans for advertising, unique campaign ideas, concepts, slogans, copy themes, preliminary sketches, layouts, copy, finished artwork, and other advertising material accepted by Spirit Airlines or purchased for Spirit Airlines' account by Agency and paid for by Spirit Airlines in accordance with the terms of this Agreement, will be considered work made for hire for Spirit Airlines and shall be the exclusive property of Spirit Airlines except to the extent that rights therein shall have been reserved by third parties including, but not limited to, actors, photographers and persons engaged or employed by Agency to compose the words and/or music of musical compositions used on behalf of Spirit Airlines. All title and proprietary rights shall belong exclusively to Spirit Airlines as long as all invoices relating thereto have been paid. Spirit Airlines shall have the exclusive right to obtain and to hold in its own name, that copyright registration and any other protection as may be appropriate with respect to the advertising material or special

SEP 29 2005 11:04AM HP LASERJET 3200

P.5

material, including any extensions or renewals of such registration. Spirit Airlines shall have the right to review Spirit Airlines work in progress by Agency at any time.

## ARTICLE 7.0. Indemnification

7.1     Agency will indemnify, defend, and save harmless Spirit Airline: its directors, officers, employees and agents from and against any and all liability, lamages, claims, suits, judgments, governmental fines or any other proceedings relating the Agency's breach of the terms and conditions of this Agreement or its negligence or willful n isconduct, provided that Agency is given the right, but not the obligation, to join in the defe ise of, or, at its option, take over on behalf and in the name of Spirit Airlines, and to conduc the defense of any such action or proceeding. This will include, but not be limited to, m itters relating to claims arising out of Agency's failure to obtain proper contracts or releases om those whose names, likenesses, testimonials, scripts, musical compositions, art works, photographs or similar materials or rights are used in Spirit Airlines advertising or other ma :rial prepared under this Agreement. Agency also agrees and hereby undertakes to release, inc emnify, defend and save harmless Spirit Airlines for claims by third parties for libel, slander defamation, invasion of privacy, piracy, plagiarism, unfair competition, idea misappropriat on, and infringement of copyright, property right, title or slogan, penalties or actions of eve y name and description, including any and all costs and expenses related thereto, includ ig the defense thereof, attorneys' fees and court costs arising out of or resulting from the ac or omission of Agency, its directors, officers and employees, and/or in connection with he performance of this Agreement to the extent set forth in Section 4.3 above. Agency w l not be responsible for matters caused by the negligence or willful misconduct of Spirit Airl ies.

7.2     Except as otherwise provided above and subject to the limitations ontained in Section 7.1 above, it will be the responsibility of Spirit Airlines to verify th accuracy of claims or assertions made about Spirit Airlines products or services or the pr ducts or services of any competitor of Spirit Airlines in advertising created by the Agency, rovided that Agency has obtained written approval of Spirit Airlines for the final copy of ll advertising before its publication or broadcast, and such advertising is the advertising that s published or broadcast. Spirit Airlines and Agency will use due care in the performance of tl eir responsibilities under this Agreement. Except for the matters for which Agency will i idemnify Spirit Airlines pursuant to Section 7.1 above or any breach by Agency of any pro ision of this Agreement, Spirit Airlines agrees to indemnify, defend, and save harmless Ager :y, its directors, officers, employees, and agents from and against any and all liability, damag s, claims, suits, penalties or actions of every name and description, including any and ill reasonable costs and reasonable expenses related thereto, including the defense thereof, i asonable attorneys' fees and reasonable court costs arising out of or resulting from the perfo nance of this Agreement by Spirit Airlines, its directors, offices and employees, provided th t Spirit Airlines is given the right, but not the obligation, to join in the defense of, or, at its o tion, take over on behalf and in the name of Agency, the conduct of the defense of any s ch action or proceeding brought against the Agency. Spirit Airlines shall indemnify and ho d Agency harmless from and against all claims based upon the accuracy of information co tained in Spirit Airlines advertising, including but not limited to any and all express or i iplied warranties and/or representations made about safety and security of the airline, and cl ims for product liability, including, but not limited to, any claims for injury, death, or prope ty damage arising out of

the use of airplanes and/or facilities owned by or leased to Spirit Airlines and provided that Spirit Airlines is given the right, but not the obligation, to join in the defense or, or, at its option, take over on behalf and in the name of Agency, the conduct of any such action or proceeding brought against Agency.

Agency will endeavor to safeguard Spirit Airlines' advertising materials in its possession. It is understood that Agency will be responsible for the loss, damage, or destruction of all such materials in Agency's possession.

Notwithstanding the foregoing provisions of 7.1 or 7.2, with respect to any third party claims, the indemnifying party shall not be entitled to assume the defense or control of a such claims and shall pay the fees and expenses of counsel retained by the indemnified party if (i) such third party claim seeks an order, injunction or other equitable relief against the indemnified party, (ii) such third party claim involves any criminal proceeding, action, indictment, allegation or investigation, or (iii) counsel to the indemnified party shall have reasonably concluded that a) there is a conflict of interest between the indemnified party and the indemnifying party in the conduct of the defense of such third party claim or (b) the indemnified party has one or more defenses not available to the indemnifying party.

The indemnified party shall otherwise have the right to participate in the defense of any third party claim with counsel employed at its own expense; provided, however, that, in the case of any third party claim described in clause ( ), (ii) or (iii) above or as to which the indemnifying party shall not in fact have employed counsel to assume the defense of such third party claim, the reasonable fees and disbursements of such counsel shall be at the expense of the indemnifying party. The indemnifying party shall have no indemnification obligations with respect to any third party claim which shall be settled by the indemnified party without the prior written consent of the indemnifying party, which consent shall not be unreasonably withheld, conditioned or delayed.

## ARTICLE 8.0. Force Majeure

8.1    Neither party shall be liable for delays in its performance hereunder due to causes beyond its reasonable control, including, but not by way of limitation, delays occasioned by acts of God, or the public enemy; acts of government or courts of law or equity; civil war, insurrection or riots; fires, floods, explosions, earthquakes or other causalities; strikes, litigation initiated by third parties enjoining, modifying or in any way restricting the performance under this Agreement by one or both of the parties.

8.2    Notwithstanding any other provision of this Agreement, in the event that Agency fails to provide the goods and/or services contracted for under this Agreement for any reason, excluding force majeure, and such failure continues for more than five (5) days, Spirit Airlines may, at its sole option, acquire similar goods and/or services from another provider or provide services for itself. Agency agrees to reimburse Spirit Airlines for the difference in cost between those specified under this Agreement and those paid by Spirit Airlines to a

different service provider, provided, however, that such costs are standard in the industry. In acquiring service from another provider, Spirit Airlines may suspend this Agreement for a period of up to thirty (30) days longer than the condition leading to Agency's failure to provide service or terminate this Agreement. Where such failure, regardless of cause, continues for thirty (30) or more days, or where such failure lasts for five or more days on three or more occasions during the term of this Agreement than Spirit Airlines will have the right to terminate this Agreement immediately upon written notice to Agency, without any liability to Agency by reason of such termination.

## ARTICLE 9.0. Taxes

In addition to the amounts charged under this Agreement, Spirit Airlines will pay any applicable sales and/or use taxes that may be lawfully imposed by the Government of the United States or any State political subdivision thereof upon Agency for the Services provided to Spirit Airlines under this agreement provided Agency promptly notifies Spirit Airlines of the imposition or invoices Spirit Airlines for such taxes.

Each party will be responsible for all other taxes attributable to each taxes including, without limitation, any taxes based on gross receipts, revenue, income or the like, import or export taxes, or franchise or doing business taxes. If requested by Spirit Airlines in writing, Agency will not pay any sales or use tax assessed which is the responsibility of Spirit Airlines under this Agreement except under protest, and if payment is made, will use its best commercial efforts to obtain a refund thereof, or at Spirit Airlines' request, permit Spirit Airlines to protest such tax in Agency's name. Agency will be reimbursed at regular hourly rates for all time spent pursuing a tax protest at Spirit Airlines' request, and should it incur legal fees, they will be passed on to Spirit Airlines without markup. If all or any part of such tax is refunded, Agency will repay to Spirit Airlines so much thereof as Spirit Airlines will have paid, including any and all interest paid thereon. Spirit Airlines will pay to Agency, upon demand, Spirit Airlines' proportionate share of all out of pocket expenses and if the refund applies to customers of Agency other than Spirit Airlines, then Agency will make certain that Spirit Airlines receives a reimbursement for a proportionate share of such costs.

## ARTICLE 10.0. Confidentiality and Waiver

10.1    Confidential information means any information, in any form, including, without limitation, the financial terms of this Agreement, written documents, oral communications, proposed fares in advertisements that have not yet been made available publicly, recordings, videos, software, databases, business plans, and electronic/magnetic media, provided to or observed by either party pursuant to this Agreement, including information owned or provided by Spirit Airlines and/or third parties, excepting information that is generally available to the agency other than by or through Spirit Airlines/and or the public. Each party agrees that it will maintain all Confidential Information in confidence and use it solely for purposes of performance under this Agreement. Such Confidential Information will be distributed within each party's organization only to personnel with a need to know such information for purposes relating to this Agreement or in compliance with a court order or statutory requirement. In no event will either party disclose any Confidential Information to any third parties except subcontractors and independent consultants and then only where approved by the other in advance and subject to the execution of a confidentiality agreement. Agency further acknowledges and agrees that it will maintain the confidentiality of Spirit Airlines'

Case 0:02-cv-60355-WPD Document 56-2 Entered on FLSD Docket 03/22/2007 Page 25 of 50
SEP 29 2005 11:05AM    HP LASERJET 3200

P.8

operating manuals even if the information contained in them becomes available to Agency from a non-confidential source. Notwithstanding the foregoing, it will not be a breach of this Agreement for either party to disclose Confidential Information of the other party if required to do so under law or in a judicial or other governmental investigation or proceeding, provided the other party has been given prior notice and the disclosing party has sought all available safeguards against widespread dissemination prior to such disclosure.

### ARTICLE 11.0. Entire Agreement

This Agreement constitutes the entire agreement between the parties hereto respecting the subject matter hereof, and there are no understandings or agreements between them respecting the subject matter hereof, written or oral, other than as set forth herein.

### ARTICLE 12.0. Governing Law

The Parties agree that this Agreement will be governed by and construed in accordance with the laws of the State of Florida. The parties further agree that they will negotiate in good faith to resolve any and all disputes arising out of this Agreement. Any unresolved dispute will be referred to the American Arbitration Association upon thirty (30) days written notice, and determined by the Arbitrator assigned to the case pursuant to the Association's rules. The parties agree to share arbitration costs equally.

**IN WITNESS WHEREOF,** the parties hereto have executed this Agreement on the day and year first above written.

for Eisner Communications, Inc.

By: _____

Steven C. Eisner

Title: **President and CEO**

Date: 9/29/05

for Spirit Airlines, Inc.

By: _____

Title: DIRECTOR - INTERACTIVE MKTING

Date: 9/29, 05



# ROGERS, MOORE and ROGERS, LLP
*Attorneys at Law*

<u>WILLIAM C. ROGERS (1921-1970)</u>

WILLIAM C. ROGERS JR.
W. CHARLES ROGERS, III
———————————
ROBERT JAMES PARSONS, II
BRIAN N. ROGERS
M. RAMSAY BELL

SIX SOUTH CALVERT
BALTIMORE, MD 21202
(410) 727-4456
FAX (443) 524-0835

November 14, 2006

RECEIVED NOV 17 2006

Barry L. Biffle
Senior Vice President
and Chief Marketing Officer
Spirit Airlines
2800 Executive Way
Miramar, FL  33025

RE:  Notice to Account Receivable Payor
     Eisner Communications, Inc., Payee
     Carrollton Bank, Secured Creditor

Dear Mr. Biffle:

     This is to advise you that the undersigned is the attorney
for Carrollton Bank ("Bank"), secured creditor, in connection
with the collection and liquidation of the open and payable
accounts receivable of the now defunct business entity known as
Eisner Communications, Inc. ("Eisner"). The Bank holds a
perfected Security Interest in all of the said accounts
receivable of the said payee, Eisner, and has elected to pursue
the collection of the same pursuant to the terms and conditions
of its duly executed Security Agreement and perfected Security
Interest Filing. Under the terms of the said above documents,
all accounts receivable of Eisner are pledged as collateral
security to the Bank and, upon default, under the said loan
documents above, are fully collectible and payable to the Bank,
as a secured creditor of Eisner.

     Please, therefore, be advised that any and all prior unpaid
invoices for jobs performed by Eisner for your company, as well
as any future invoices to you from Eisner, unless otherwise
directed by the undersigned, must be drawn payable to the Bank
and mailed to the following address:

**EXHIBIT B**

Barry L. Biffle
November 14, 2006
Page Two

                        Robert A. Altieri, President
                        Carrollton Bank
                        ATTN:  Eisner Collections
                        P.O. Box 24129
                        Baltimore, MD  21227

      In the alternative, payment may be wired to the Bank as follows:

                        Carrollton Bank ABA #052000773
                        Credit Account of Carrollton Bank
                        344 N. Charles Street
                        Baltimore, MD  21201
                        Account No. 101120 ATTN: Robert A. Altieri

      For identification purposes, please mark on your check the Eisner Invoice number for which you are making payment.

      We are causing this letter to be mailed to you as an account receivable payor of said payee, Eisner, as of the date hereof and wish to inform you that any payment of any Invoices hereafter that are paid by you to any other party other than to the Bank, shall be null and void and will not relieve your company of the obligation of making said payment to the Bank of any open and unpaid Invoices owed by your company to Eisner.

      Therefore, I demand that your company pay to the Bank all debts which you owe to Eisner.  In particular, I demand that you pay to the Bank, as secured creditor, the sum of $660,697.73, which your company owes according to the books and records of Eisner.

                                  Very truly yours,

                                  Robert J. Parsons, II

RJP,II/cmd
cc:  Robert A. Altieri

                             ① Figure — not disputed
                             ② records of Eisner
                             ③ disputed not =



# ROGERS, MOORE and ROGERS, LLP

*Attorneys at Law*

WILLIAM C. ROGERS (1921-1970)

WILLIAM C. ROGERS, JR.
W. CHARLES ROGERS, III
_____
ROBERT JAMES PARSONS, II
BRIAN N. ROGERS
M. RAMSAY BELL

SIX SOUTH CALVERT
BALTIMORE, MD 21202
(410) 727-4456
FAX (443) 524-0835

November 20, 2006

John Willis, Esq.
Vice President/General Counsel
Spirit Airlines
2800 Executive Way
Miramar, FL 33025

RE:  Carrollton Bank, Secured Creditor
     Eisner Communications, Debtor
     Commercial Security Agreement/UCC Financing Statement

Dear Mr. Willis:

     I am the attorney for the secured creditor, Carrollton
Bank, in connection with the above-captioned matter.

     Enclosed, per your request, please find copies of the
following documents relating to the two commercial loans owed to
Carrollton Bank by Eisner Communications, Inc.:

     1.  Commercial Security Agreement and UCC Financing
Statement for Account No. 880001284/2385; and

     2.  Commercial Security Agreement and UCC Financing
Statement for Account No. 880001284/8002117.

     I trust this fully complies with your recent request of
this law firm as counsel for Carrollton Bank.

                         Very truly yours,

                         Robert J. Parsons, II

RJP,II/mme
Enclosures
cc:  Robert A. Altieri

                                             **EXHIBIT C**



# UCC APPROVAL SHEET
## ** KEEP WITH DOCUMENT **

| TRANSACTION TYPE | FEES REMITTED |
|---|---|
| UO - Original Financing Statement | $20.00 |
| UOA - Original Financing Statement With Assignment | $20.00 |
| UOTU - Original Financing Statement Transmitting Utility | $20.00 |
| UMA - Amendment | $20.00 |
| UMDA - Amendment - Debtor Added | $20.00 |
| UMDC - Amendment - Debtor Name Change | $20.00 |
| UMDD - Amendment - Debtor Deleted | $20.00 |
| UMSA - Amendment - Secured Party Added | $20.00 |
| UMSC - Amendment - Secured Party Name Change | $20.00 |
| UMSD - Amendment - Secured Party Deleted | $20.00 |
| UMC - Amendment - Continuation | $20.00 |
| UMT - Amendment - Termination | $20.00 |
| UMZ - Amendment - Assignment | $20.00 |
| UMZP - Amendment - Partial Assignment | $20.00 |
| UMCS - Amendment - Correction Statement | $20.00 |
| UOMH - Manufactured Home - Original Financing Statement | $20.00 |
| UOPF - Public Finance - Original Financing Statement | $20.00 |
| Documents Nine (9) Pages or More | $75.00 |
| Certified Copies | |
| Plain Copies | |

TOTAL FEES: $20.00

## NO FEE TRANSACTION TYPES

- URC - Copies
- UNCP - Void - Non-Payment
- UCC - Cancellation
- UCR - Reinstatement
- UCO Departmental Action
- UCREF - Refund Recordation Tax
- UCIS - Incorrect ID Number
- XOVRU - UCC Overrides
- UMPC - Filing Office Correction Statement

METHOD OF PAYMENT

Cash _____ Check _____ ✓ Credit Card _____

Number of Checks _____

COMMENT(S):

1000341887866649

RECORDED ON 01/08/2003 AT 10:21 AM
IN THE FINANCING RECORDS OF THE MD. ST.
DEPARTMENT OF ASSESSMENTS AND TAXATION.
WO # 0000664111  ACK # 1000341887866649
ORIGINAL FILE NUMBER: 000000018114052B
LIBER: U00250 FOLIO: 1535 PAGES: 0082
RECORDING FEE: 20.00
RECORDATION TAX: 0.00
EXPEDITED FEE: 0.00

_____ Other Charge(s)

_____

_____

_____

Code _____

Attention _____

Mail to Address:

CARROLLTON BANK
344 N. CHARLES STREET
BALTIMORE                     MD 21201

Stamp Work Order and Customer Number HERE:

STATE OF MARYLAND
DEPT OF ASSESSMENTS AND TAXATION
CUST ID:0001632807
WORK ORDER:0000664111
DATE:01-08-2003 10:21 AM
AMT. PAID:$20.00

STATE OF MARYLAND
DEPT OF ASSESSMENTS AND TAXATION
CUST ID:0001032887
WORK ORDER:0008684111
DATE:01-07-2003 09:52 AM
AMT. PAID:$40.00

## UCC FINANCING STATEMENT
FOLLOW INSTRUCTIONS (front and back) CAREFULLY

A. NAME & PHONE OF CONTACT AT FILER [optional]

B. SEND ACKNOWLEDGEMENT TO: (Name and Address)

Carrollton Bank
344 N. Charles Street
Baltimore, MD 21201

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

1. DEBTOR'S EXACT FULL LEGAL NAME - insert only one debtor name (1a or 1b) - do not abbreviate or combine names

1a. ORGANIZATION'S NAME: Etinar Communications, Inc.

1b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX

1c. MAILING ADDRESS: 509 South Exeter Street | CITY: Baltimore | STATE: MD | POSTAL CODE: 21202 | COUNTRY: USA

1d. TAX ID #: 52-0561189 | ADD'L INFO RE ORGANIZATION DEBTOR | 1e. TYPE OF ORGANIZATION: Corporation | 1f. JURISDICTION OF ORGANIZATION: MD | 1g. ORGANIZATIONAL ID #, if any | ☒ NONE

2. ADDITIONAL DEBTOR'S EXACT FULL LEGAL NAME - insert only one debtor name (2a or 2b) - do not abbreviate or combine names

(blank) ☒ NONE

3. SECURED PARTY'S NAME

3a. ORGANIZATION'S NAME: Carrollton Bank

3c. MAILING ADDRESS: P.O. Box 24129 | CITY: Baltimore | STATE: MD | POSTAL CODE: 21227-0829 | COUNTRY

4. This FINANCING STATEMENT covers the following collateral:

All Inventory, Chattel Paper, Accounts, Equipment and General Intangibles; whether any of the foregoing is owned now or acquired later; all accessions, additions, replacements, and substitutions relating to any of the foregoing; all records of any kind relating to any of the foregoing; all proceeds relating to any of the foregoing (including insurance, general intangibles and other accounts (proceeds)

FILING OFFICE COPY — NATIONAL UCC FINANCING STATEMENT (FORM UCC1) (REV. 07/29/98)

Harland Financial Solutions
400 S.W. 6th Avenue, Portland, Oregon 97204



# COMMERCIAL SECURITY AGREEMENT

| Principal | Loan Date | Maturity | Loan No | Call / Coll | Account | Officer | Initials |
|-----------|-----------|----------|---------|-------------|---------|---------|----------|
| $1,000,000.00 | 11–30–2002 | 11–30–2003 | 8002117 | | 880001284 | *** | |

References in the shaded area are for Lender's use only and do not limit the applicability of this document to any particular loan or item.
Any item above containing "****" has been omitted due to text length limitations.

**Grantor:** Eisner Communications, Inc.
509 South Exeter Street
Baltimore, MD 21202

**Lender:** Carrollton Bank
P.O. Box 24129
Baltimore, MD 21227–0529

THIS COMMERCIAL SECURITY AGREEMENT dated November 30, 2002, is made and executed between Eisner Communications, Inc. ("Grantor") and Carrollton Bank ("Lender").

**GRANT OF SECURITY INTEREST.** For valuable consideration, Grantor grants to Lender a security interest in the Collateral to secure the Indebtedness and agrees that Lender shall have the rights stated in this Agreement with respect to the Collateral, in addition to all other rights which Lender may have by law.

**COLLATERAL DESCRIPTION.** The word "Collateral" as used in this Agreement means the following described property, whether now owned or hereafter acquired, whether now existing or hereafter arising, and wherever located, in which Grantor is giving to Lender a security interest for the payment of the Indebtedness and performance of all other obligations under the Note and this Agreement:

All Inventory, Chattel Paper, Accounts, Equipment and General Intangibles

In addition, the word "Collateral" also includes all the following, whether now owned or hereafter acquired, whether now existing or hereafter arising, and wherever located:

(A) All accessions, attachments, accessories, tools, parts, supplies, replacements and additions to any of the collateral described herein, whether added now or later.

(B) All products and produce of any of the property described in this Collateral section.

(C) All accounts, general intangibles, instruments, rents, monies, payments, and all other rights, arising out of a sale, lease, or other disposition of any of the property described in this Collateral section.

(D) All proceeds (including insurance proceeds) from the sale, destruction, loss, or other disposition of any of the property described in this Collateral section, and sums due from a third party who has damaged or destroyed the Collateral or from that party's insurer, whether due to judgment, settlement or other process.

(E) All records and data relating to any of the property described in this Collateral section, whether in the form of a writing, photograph, microfilm, microfiche, or electronic media, together with all of Grantor's right, title, and interest in and to all computer software required to utilize, create, maintain, and process any such records or data on electronic media.

Despite any other provision of this Agreement, Lender is not granted, and will not have, a nonpurchase money security interest in household goods, to the extent such a security interest would be prohibited by applicable law. In addition, if because of the type of any Property, Lender is required to give a notice of the right to cancel under Truth in Lending for the Indebtedness, then Lender will not have a security interest in such Collateral unless and until such a notice is given.

**CROSS–COLLATERALIZATION.** In addition to the Note, this Agreement secures all obligations, debts and liabilities, plus interest thereon, of Grantor to Lender, or any one or more of them, as well as all claims by Lender against Grantor or any one or more of them, whether now existing or hereafter arising, whether related or unrelated to the purpose of the Note, whether voluntary or otherwise, whether due or not due, direct or indirect, determined or undetermined, absolute or contingent, liquidated or unliquidated whether Grantor may be liable individually or jointly with others, whether obligated as guarantor, surety, accommodation party or otherwise, and whether recovery upon such amounts may be or hereafter may become barred by any statute of limitations, and whether the obligation to repay such amounts may be or hereafter may become otherwise unenforceable.

**RIGHT OF SETOFF.** To the extent permitted by applicable law, Lender reserves a right of setoff in all Grantor's accounts with Lender (whether checking, savings, or some other account). This includes all accounts Grantor holds jointly with someone else and all accounts Grantor may open in the future. However, this does not include any IRA or Keogh accounts, or any trust accounts for which setoff would be prohibited by law. Grantor authorizes Lender, to the extent permitted by applicable law, to charge or setoff all sums owing on the Indebtedness against any and all such accounts.

**GRANTOR'S REPRESENTATIONS AND WARRANTIES WITH RESPECT TO THE COLLATERAL.** With respect to the Collateral, Grantor represents and promises to Lender that:

Perfection of Security Interest. Grantor agrees to execute financing statements and to take whatever other actions are requested by Lender to perfect and continue Lender's security interest in the Collateral. Upon request of Lender, Grantor will deliver to Lender any and all of the documents evidencing or constituting the Collateral, and Grantor will note Lender's interest upon any and all chattel paper if not delivered to Lender for possession by Lender. **This is a continuing Security Agreement and will continue in effect even though all or any part of the Indebtedness is paid in full and even though for a period of time Grantor may not be indebted to Lender.**

Notices to Lender. Grantor will promptly notify Lender in writing at Lender's address shown above (or such other addresses as Lender may designate from time to time) prior to any (1) change in Grantor's name; (2) change in Grantor's assumed business name(s); (3) change in the management of the Corporation Grantor; (4) change in the authorized signer(s); (5) change in Grantor's principal office address; (6) change in Grantor's state of organization; (7) conversion of Grantor to a new or different type of business entity; or (8) change in any other aspect of Grantor that directly or indirectly relates to any agreements between Grantor and Lender. No change in Grantor's name or state of organization will take effect until after Lender has received notice.

No Violation. The execution and delivery of this Agreement will not violate any law or agreement governing Grantor or to which Grantor is a party, and its certificate or articles of incorporation and bylaws do not prohibit any term or condition of this Agreement.

Enforceability of Collateral. To the extent the Collateral consists of accounts, chattel paper, or general intangibles, as defined by the Uniform Commercial Code, the Collateral is enforceable in accordance with its terms, is genuine, and fully complies with all applicable laws and regulations concerning form, content and manner of preparation and execution, and all persons appearing to be obligated on the Collateral have authority and capacity to contract and are in fact obligated as they appear to be on the Collateral. At the time any Account becomes subject to a security interest in favor of Lender, the Account shall be a good and valid account representing an undisputed, bona fide indebtedness incurred by the account debtor, for merchandise held subject to delivery instructions or previously shipped or delivered pursuant to a contract of sale, or for services previously performed by Grantor with or for the account debtor. So long as this Agreement remains in effect, Grantor shall not, without Lender's prior written consent, compromise, settle, adjust, or extend payment under or with regard to any such Accounts. There shall be no

## COMMERCIAL SECURITY AGREEMENT
### (Continued)

Loan No: 8002117           Page 2

setoffs or counterclaims against any of the Collateral, and no agreement shall have been made under which any deductions or discounts may be claimed concerning the Collateral except those disclosed to Lender in writing.

**Location of the Collateral.** Except in the ordinary course of Grantor's business, Grantor agrees to keep the Collateral (or to the extent the Collateral consists of intangible property such as accounts or general intangibles, the records concerning the Collateral) at Grantor's address shown above or at such other locations as are acceptable to Lender. Upon Lender's request, Grantor will deliver to Lender in form satisfactory to Lender a schedule of real properties and Collateral locations relating to Grantor's operations, including without limitation the following: (1) all real property Grantor owns or is purchasing; (2) all real property Grantor is renting or leasing; (3) all storage facilities Grantor owns, rents, leases, or uses; and (4) all other properties where Collateral is or may be located.

**Removal of the Collateral.** Except in the ordinary course of Grantor's business, including the sales of inventory, Grantor shall not remove the Collateral from its existing location without Lender's prior written consent. To the extent that the Collateral consists of vehicles, or other titled property, Grantor shall not take or permit any action which would require application for certificates of title for the vehicles outside the State of Maryland, without Lender's prior written consent. Grantor shall, whenever requested, advise Lender of the exact location of the Collateral.

**Transactions Involving Collateral.** Except for inventory sold or accounts collected in the ordinary course of Grantor's business, or as otherwise provided for in this Agreement, Grantor shall not sell, offer to sell, or otherwise transfer or dispose of the Collateral. While Grantor is not in default under this Agreement, Grantor may sell inventory, but only in the ordinary course of its business and only to buyers who qualify as a buyer in the ordinary course of business. A sale in the ordinary course of Grantor's business does not include a transfer in partial or total satisfaction of a debt or any bulk sale. Grantor shall not pledge, mortgage, encumber or otherwise permit the Collateral to be subject to any lien, security interest, encumbrance, or charge, other than the security interest provided for in this Agreement, without the prior written consent of Lender. This includes security interests even if junior in right to the security interests granted under this Agreement. Unless waived by Lender, all proceeds from any disposition of the Collateral (for whatever reason) shall be held in trust for Lender and shall not be commingled with any other funds; provided however, this requirement shall not constitute consent by Lender to any sale or other disposition. Upon receipt, Grantor shall immediately deliver any such proceeds to Lender.

**Title.** Grantor represents and warrants to Lender that Grantor holds good and marketable title to the Collateral, free and clear of all liens and encumbrances except for the lien of this Agreement. No financing statement covering any of the Collateral is on file in any public office other than those which reflect the security interest created by this Agreement or to which Lender has specifically consented. Grantor shall defend Lender's rights in the Collateral against the claims and demands of all other persons.

**Repairs and Maintenance.** Grantor agrees to keep and maintain, and to cause others to keep and maintain, the Collateral in good order, repair and condition at all times while this Agreement remains in effect. Grantor further agrees to pay when due all claims for work done on, or services rendered or material furnished in connection with the Collateral so that no lien or encumbrance may ever attach to or be filed against the Collateral.

**Inspection of Collateral.** Lender and Lender's designated representatives and agents shall have the right at all reasonable times to examine and inspect the Collateral wherever located.

**Taxes, Assessments and Liens.** Grantor will pay when due all taxes, assessments and liens upon the Collateral, its use or operation, upon this Agreement, upon any promissory note or notes evidencing the Indebtedness, or upon any of the other Related Documents. Grantor may withhold any such payment or may elect to contest any lien if Grantor is in good faith conducting an appropriate proceeding to contest the obligation to pay and so long as Lender's interest in the Collateral is not jeopardized in Lender's sole opinion. If the Collateral is subjected to a lien which is not discharged within fifteen (15) days, Grantor shall deposit with Lender cash, a sufficient corporate surety bond or other security satisfactory to Lender in an amount adequate to provide for the discharge of the lien plus any interest, costs, attorneys' fees or other charges that could accrue as a result of foreclosure or sale of the Collateral. In any contest Grantor shall defend itself and Lender and shall satisfy any final adverse judgment before enforcement against the Collateral. Grantor shall name Lender as an additional obligee under any surety bond furnished in the contest proceedings. Grantor further agrees to furnish Lender with evidence that such taxes, assessments, and governmental and other charges have been paid in full and in a timely manner. Grantor may withhold any such payment or may elect to contest any lien if Grantor is in good faith conducting an appropriate proceeding to contest the obligation to pay and so long as Lender's interest in the Collateral is not jeopardized.

**Compliance with Governmental Requirements.** Grantor shall comply promptly with all laws, ordinances, rules and regulations of all governmental authorities, now or hereafter in effect, applicable to the ownership, production, disposition, or use of the Collateral. Grantor may contest in good faith any such law, ordinance or regulation and withhold compliance during any proceeding, including appropriate appeals, so long as Lender's interest in the Collateral, in Lender's opinion, is not jeopardized.

**Hazardous Substances.** Grantor represents and warrants that the Collateral never has been, and never will be so long as this Agreement remains a lien on the Collateral, used in violation of any Environmental Laws or for the generation, manufacture, storage, transportation, treatment, disposal, release or threatened release of any Hazardous Substance. The representations and warranties contained herein are based on Grantor's due diligence in investigating the Collateral for Hazardous Substances. Grantor hereby (1) releases and waives any future claims against Lender for indemnity or contribution in the event Grantor becomes liable for cleanup or other costs under any Environmental Laws, and (2) agrees to indemnify and hold harmless Lender against any and all claims and losses resulting from a breach of this provision of this Agreement. This obligation to indemnify shall survive the payment of the Indebtedness and the satisfaction of this Agreement.

**Maintenance of Casualty Insurance.** Grantor shall procure and maintain all risks insurance, including without limitation fire, theft and liability coverage together with such other insurance as Lender may require with respect to the Collateral, in form, amounts, coverages and basis acceptable to Lender and issued by a company or companies acceptable to Lender. Grantor, upon request of Lender, will deliver to Lender from time to time the policies or certificates of insurance in form satisfactory to Lender, including stipulations that coverages will not be cancelled or diminished without at least fifteen (15) days' prior written notice to Lender and not including any disclaimer of the insurer's liability for failure to give such a notice. Each insurance policy also shall include an endorsement providing that coverage in favor of Lender will not be impaired in any way by any act, omission or default of Grantor or any other person. In connection with all policies covering assets in which Lender holds or is offered a security interest, Grantor will provide Lender with such loss payable or other endorsements as Lender may require. If Grantor at any time fails to obtain or maintain any insurance as required under this Agreement, Lender may (but shall not be obligated to) obtain such insurance as Lender deems appropriate, including if Lender so chooses "single interest insurance," which will cover only Lender's interest in the Collateral.

**Application of Insurance Proceeds.** Grantor shall promptly notify Lender of any loss or damage to the Collateral. Lender may make proof of loss if Grantor fails to do so within fifteen (15) days of the casualty. All proceeds of any insurance on the Collateral, including accrued proceeds thereon, shall be held by Lender as part of the Collateral. If Lender consents to repair or replacement of the damaged or destroyed Collateral, Lender shall, upon satisfactory proof of expenditure, pay or reimburse Grantor from the proceeds for the reasonable cost of repair or restoration. If Lender does not consent to repair or replacement of the Collateral, Lender shall retain a sufficient amount of the proceeds to pay all of the Indebtedness, and shall pay the balance to Grantor. Any proceeds which have not been disbursed within six (6) months after their receipt and which Grantor has not committed to the repair or restoration of the Collateral shall be used to prepay the Indebtedness.

**Insurance Reports.** Grantor, upon request of Lender, shall furnish to Lender reports on each existing policy of insurance showing such

# COMMERCIAL SECURITY AGREEMENT
## (Continued)

information as Lender may reasonably request including the following: (1) the name of the insurer; (2) the risks insured; (3) the amount of the policy; (4) the property insured; (5) the then current value on the basis of which insurance has been obtained and the manner of determining that value; and (6) the expiration date of the policy. In addition, Grantor shall upon request by Lender (however not more often than annually) have an independent appraiser satisfactory to Lender determine, as applicable, the cash value or replacement cost of the Collateral.

**GRANTOR'S RIGHT TO POSSESSION AND TO COLLECT ACCOUNTS.** Until default and except as otherwise provided below with respect to accounts, Grantor may have possession of the tangible personal property and beneficial use of all the Collateral and may use it in any lawful manner not inconsistent with this Agreement or any Related Documents, provided that Grantor's right to possession and beneficial use shall not apply to any Collateral where possession of the Collateral by Lender is required by law to perfect Lender's security interest in such Collateral. Until otherwise notified by Lender, Grantor may collect any of the Collateral consisting of accounts. At any time and even though no Event of Default exists, Lender may exercise its rights to collect the accounts and to notify account debtors to make payments directly to Lender for application to the Indebtedness. If Lender at any time has possession of any Collateral, whether before or after an Event of Default, Lender shall be deemed to have exercised reasonable care in the custody and preservation of the Collateral if Lender takes such action for that purpose as Grantor shall request or as Lender, in Lender's sole discretion, shall deem appropriate under the circumstances, but failure to honor any request by Grantor shall not of itself be deemed to be a failure to exercise reasonable care. Lender shall not be required to take any steps necessary to preserve any rights in the Collateral against prior parties, nor to protect, preserve or maintain any security interest given to secure the Indebtedness.

**LENDER'S EXPENDITURES.** If any action or proceeding is commenced that would materially affect Lender's interest in the Collateral or if Grantor fails to comply with any provision of this Agreement or any Related Documents, including but not limited to Grantor's failure to discharge or pay when due any amounts Grantor is required to discharge or pay under this Agreement or any Related Documents, Lender on Grantor's behalf may (but shall not be obligated to) take any action that Lender deems appropriate, including but not limited to discharging or paying all taxes, liens, security interests, encumbrances and other claims, at any time levied or placed on the Collateral and paying all costs for insuring, maintaining and preserving the Collateral. All such expenditures incurred or paid by Lender for such purposes will then bear interest at the rate charged under the Note from the date incurred or paid by Lender to the date of repayment by Grantor. All such expenses will become a part of the Indebtedness and, at Lender's option, will (A) be payable on demand; or (B) be added to the balance of the Note and be apportioned among and be payable with any installment payments to become due during either (1) the term of any applicable insurance policy; or (2) the remaining term of the Note. The Agreement also will secure payment of these amounts. Such right shall be in addition to all other rights and remedies to which Lender may be entitled upon Default.

**DEFAULT.** Each of the following shall constitute an Event of Default under this Agreement:

**Payment Default.** Grantor fails to make any payment when due under the Indebtedness.

**Other Defaults.** Grantor fails to comply with or to perform any other term, obligation, covenant or condition contained in this Agreement or in any of the Related Documents or to comply with or to perform any term, obligation, covenant or condition contained in any other agreement between Lender and Grantor.

**False Statements.** Any warranty, representation or statement made or furnished to Lender by Grantor or on Grantor's behalf under this Agreement or the Related Documents is false or misleading in any material respect, either now or at the time made or furnished or becomes false or misleading at any time thereafter.

**Defective Collateralization.** This Agreement or any of the Related Documents ceases to be in full force and effect (including failure of any collateral document to create a valid and perfected security interest or lien) at any time and for any reason.

**Insolvency.** The dissolution or termination of Grantor's existence as a going business, the insolvency of Grantor, the appointment of a receiver for any part of Grantor's property, any assignment for the benefit of creditors, any type of creditor workout, or the commencement of any proceeding under any bankruptcy or insolvency laws by or against Grantor.

**Creditor or Forfeiture Proceedings.** Commencement of foreclosure or forfeiture proceedings, whether by judicial proceeding, self-help, repossession or any other method, by any creditor of Grantor or by any governmental agency against any collateral securing the Indebtedness. This includes a garnishment of any of Grantor's accounts, including deposit accounts, with Lender. However, this Event of Default shall not apply if there is a good faith dispute by Grantor as to the validity or reasonableness of the claim which is the basis of the creditor or forfeiture proceeding and if Grantor gives Lender written notice of the creditor or forfeiture proceeding and deposits with Lender monies or a surety bond for the creditor or forfeiture proceeding, in an amount determined by Lender, in its sole discretion, as being an adequate reserve or bond for the dispute.

**Events Affecting Guarantor.** Any of the preceding events occurs with respect to Guarantor of any of the Indebtedness or Guarantor dies or becomes incompetent or revokes or disputes the validity of, or liability under, any Guaranty of the Indebtedness.

**Adverse Change.** A material adverse change occurs in Grantor's financial condition, or Lender believes the prospect of payment or performance of the Indebtedness is impaired.

**Insecurity.** Lender in good faith believes itself insecure.

**Cure Provisions.** If any default, other than a default in payment is curable and if Grantor has not been given a notice of a breach of the same provision of this Agreement within the preceding twelve (12) months, it may be cured (and no event of default will have occurred) if Grantor, after receiving written notice from Lender demanding cure of such default: (1) cures the default within fifteen (15) days; or (2) if the cure requires more than fifteen (15) days, immediately initiates steps which Lender deems in Lender's sole discretion to be sufficient to cure the default and thereafter continues and completes all reasonable and necessary steps sufficient to produce compliance as soon as reasonably practical.

**RIGHTS AND REMEDIES ON DEFAULT.** If an Event of Default occurs under this Agreement, at any time thereafter, Lender shall have all the rights of a secured party under the Maryland Uniform Commercial Code. In addition and without limitation, Lender may exercise any one or more of the following rights and remedies:

**Accelerate Indebtedness.** Lender may declare the entire Indebtedness, including any prepayment penalty which Grantor would be required to pay, immediately due and payable, without notice of any kind to Grantor.

**Assemble Collateral.** Lender may require Grantor to deliver to Lender all or any portion of the Collateral and any and all certificates of title and other documents relating to the Collateral. Lender may require Grantor to assemble the Collateral and make it available to Lender at a place to be designated by Lender. Lender also shall have full power to enter upon the property of Grantor to take possession of and remove the Collateral. If the Collateral contains other goods not covered by this Agreement at the time of repossession, Grantor agrees Lender may take such other goods, provided that Lender makes reasonable efforts to return them to Grantor after repossession.

**Sell the Collateral.** Lender shall have full power to sell, lease, transfer, or otherwise deal with the Collateral or proceeds thereof in Lender's own name or that of Grantor. Lender may sell the Collateral at public auction or private sale. Unless the Collateral threatens to decline speedily in value or is of a type customarily sold on a recognized market, Lender will give Grantor, and other persons as required by law, reasonable notice of the time and place of any public sale, or the time after which any private sale or any other disposition of the Collateral is to be made. However, no notice need be provided to any person who, after Event of Default occurs, enters into and authenticates an agreement waiving that person's right to notification of sale. The requirements of reasonable notice shall be met if such notice is given at least ten (10) days before the time of the sale

# COMMERCIAL SECURITY AGREEMENT
## (Continued)

or disposition. All expenses relating to the disposition of the Collateral, including without limitation the expenses of retaking, holding, insuring, preparing for sale and selling the Collateral, shall become a part of the Indebtedness secured by this Agreement and shall be payable on demand, with interest at the Note rate from date of expenditure until repaid.

**Appoint Receiver.** Without notice to Grantor, Lender shall have the right to have a receiver appointed to take possession of all or any part of the Collateral, with the power to protect and preserve the Collateral, to operate the Collateral, and to collect the Rents from the Collateral and apply the proceeds, over and above the cost of the receivership, against the Indebtedness and Grantor hereby consents to the appointment of such a receiver. The receiver may serve without bond if permitted by law. Lender's right to the appointment of a receiver shall exist whether or not the apparent value of the Collateral exceeds the Indebtedness by a substantial amount and whether or not such receivership is incidental to a proposed sale of the Collateral or otherwise. Employment by Lender shall not disqualify a person from serving as a receiver.

**Collect Revenues, Apply Accounts.** Lender, either itself or through a receiver, may collect the payments, rents, income, and revenues from the Collateral. Lender may at any time in Lender's discretion transfer any Collateral into Lender's own name or that of Lender's nominee and receive the payments, rents, income, and revenues therefrom and hold the same as security for the Indebtedness or apply it to payment of the Indebtedness in such order of preference as Lender may determine. Insofar as the Collateral consists of accounts, general intangibles, insurance policies, instruments, chattel paper, choses in action, or similar property, Lender may demand, collect, receipt for, settle, compromise, adjust, sue for, foreclose, or realize on the Collateral as Lender may determine, whether or not Indebtedness or Collateral is then due. For these purposes, Lender may, on behalf of and in the name of Grantor, receive, open and dispose of mail addressed to Grantor; change any address to which mail and payments are to be sent; and endorse notes, checks, drafts, money orders, documents of title, instruments and items pertaining to payment, shipment, or storage of any Collateral. To facilitate collection, Lender may notify account debtors and obligors on any Collateral to make payments directly to Lender.

**Obtain Deficiency.** If Lender chooses to sell any or all of the Collateral, Lender may obtain a judgment against Grantor for any deficiency remaining on the Indebtedness due to Lender after application of all amounts received from the exercise of the rights provided in this Agreement. Grantor shall be liable for a deficiency even if the transaction described in this subsection is a sale of accounts or chattel paper.

**Other Rights and Remedies.** Lender shall have all the rights and remedies of a secured creditor under the provisions of the Uniform Commercial Code, as may be amended from time to time. In addition, Lender shall have and may exercise any or all other rights and remedies it may have available at law, in equity, or otherwise.

**Election of Remedies.** Except as may be prohibited by applicable law, all of Lender's rights and remedies, whether evidenced by this Agreement, the Related Documents, or by any other writing, shall be cumulative and may be exercised singularly or concurrently. Election by Lender to pursue any remedy shall not exclude pursuit of any other remedy, and an election to make expenditures or to take action to perform an obligation of Grantor under this Agreement, after Grantor's failure to perform, shall not affect Lender's right to declare a default and exercise its remedies.

**MISCELLANEOUS PROVISIONS.** The following miscellaneous provisions are a part of this Agreement:

**Amendments.** This Agreement, together with any Related Documents, constitutes the entire understanding and agreement of the parties as to the matters set forth in this Agreement. No alteration of or amendment to this Agreement shall be effective unless given in writing and signed by the party or parties sought to be charged or bound by the alteration or amendment.

**Attorneys' Fees; Expenses.** Grantor agrees that if Lender hires an attorney to help enforce this Agreement, Grantor will pay, subject to any limits under applicable law, Lender's attorneys' fees and all of Lender's other collection expenses, whether or not there is a lawsuit and including without limitation additional legal expenses for bankruptcy proceedings.

**Caption Headings.** Caption headings in this Agreement are for convenience purposes only and are not to be used to interpret or define the provisions of this Agreement.

**Governing Law. This Agreement will be governed by, construed and enforced in accordance with federal law and the laws of the State of Maryland. This Agreement has been accepted by Lender in the State of Maryland.**

**Choice of Venue.** If there is a lawsuit, Grantor agrees upon Lender's request to submit to the jurisdiction of the courts of the City of Baltimore, State of Maryland.

**No Waiver by Lender.** Lender shall not be deemed to have waived any rights under this Agreement unless such waiver is given in writing and signed by Lender. No delay or omission on the part of Lender in exercising any right shall operate as a waiver of such right or any other right. A waiver by Lender of a provision of this Agreement shall not prejudice or constitute a waiver of Lender's right otherwise to demand strict compliance with that provision or any other provision of this Agreement. No prior waiver by Lender, nor any course of dealing between Lender and Grantor, shall constitute a waiver of any of Lender's rights or of any of Grantor's obligations as to any future transactions. Whenever the consent of Lender is required under this Agreement, the granting of such consent by Lender in any instance shall not constitute continuing consent to subsequent instances where such consent is required and in all cases such consent may be granted or withheld in the sole discretion of Lender.

**Notices.** Any notice required to be given under this Agreement shall be given in writing, and shall be effective when actually delivered, if hand delivered, when actually received by telefacsimile (unless otherwise required by law), when deposited with a nationally recognized overnight courier, or, if mailed, when deposited in the United States mail, as first class, certified or registered mail postage prepaid, directed to the addresses shown near the beginning of this Agreement. Any party may change its address for notices under this Agreement by giving formal written notice to the other parties, specifying that the purpose of the notice is to change the party's address. For notice purposes, Grantor agrees to keep Lender informed at all times of Grantor's current address. Unless otherwise provided or required by law, if there is more than one Grantor, any notice given by Lender to any Grantor is deemed to be notice given to all Grantors.

**Power of Attorney.** Grantor hereby appoints Lender as Grantor's irrevocable attorney-in-fact for the purpose of executing any documents necessary to perfect, amend, or to continue the security interest granted in this Agreement or to demand termination of filings of other secured parties. Lender may at any time, and without further authorization from Grantor, file a carbon, photographic or other reproduction of any financing statement or of this Agreement for use as a financing statement. Grantor will reimburse Lender for all expenses for the perfection and the continuation of the perfection of Lender's security interest in the Collateral.

**Severability.** If a court of competent jurisdiction finds any provision of this Agreement to be illegal, invalid, or unenforceable as to any circumstance, that finding shall not make the offending provision illegal, invalid, or unenforceable as to any other circumstance. If feasible, the offending provision shall be considered modified so that it becomes legal, valid and enforceable. If the offending provision cannot be so modified, it shall be considered deleted from this Agreement. Unless otherwise required by law, the illegality, invalidity, or unenforceability of any provision of this Agreement shall not affect the legality, validity or enforceability of any other provision of this Agreement.

**Successors and Assigns.** Subject to any limitations stated in this Agreement on transfer of Grantor's interest, this Agreement shall be binding upon and inure to the benefit of the parties, their heirs, personal representatives, successors and assigns. If ownership of the Collateral becomes

## COMMERCIAL SECURITY AGREEMENT
### (Continued)

Loan No: 8002117                                                                                                    Page 5

vested in a person other than Grantor, Lender, without notice to Grantor, may deal with Grantor's successors with reference to this Agreement and the Indebtedness by way of forbearance or extension without releasing Grantor from the obligations of this Agreement or liability under the Indebtedness.

**Survival of Representations and Warranties.**  All representations, warranties, and agreements made by Grantor in this Agreement shall survive the execution and delivery of this Agreement, shall be continuing in nature, and shall remain in full force and effect until such time as Grantor's Indebtedness shall be paid in full.

**Time is of the Essence.**  Time is of the essence in the performance of this Agreement.

**DEFINITIONS.**  The following capitalized words and terms shall have the following meanings when used in this Agreement.  Unless specifically stated to the contrary, all references to dollar amounts shall mean amounts in lawful money of the United States of America.  Words and terms used in the singular shall include the plural, and the plural shall include the singular, as the context may require.  Words and terms not otherwise defined in this Agreement shall have the meanings attributed to such terms in the Uniform Commercial Code:

**Account.**  The word "Account" means a trade account, account receivable, other receivable, or other right to payment for goods sold or services rendered owing to Grantor (or to a third party grantor acceptable to Lender).

**Agreement.**  The word "Agreement" means this Commercial Security Agreement, as this Commercial Security Agreement may be amended or modified from time to time, together with all exhibits and schedules attached to this Commercial Security Agreement from time to time.

**Borrower.**  The word "Borrower" means Eisner Communications, Inc., and all other persons and entities signing the Note in whatever capacity.

**Collateral.**  The word "Collateral" means all of Grantor's right, title and interest in and to all the Collateral as described in the Collateral Description section of this Agreement.

**Default.**  The word "Default" means the Default set forth in this Agreement in the section titled "Default".

**Environmental Laws.**  The words "Environmental Laws" mean any and all state, federal and local statutes, regulations and ordinances relating to the protection of human health or the environment, including without limitation the Comprehensive Environmental Response, Compensation, and Liability Act of 1980, as amended, 42 U.S.C. Section 9601, et seq. ("CERCLA"), the Superfund Amendments and Reauthorization Act of 1986, Pub. L. No. 99-499 ("SARA"), the Hazardous Materials Transportation Act, 49 U.S.C. Section 1801, et seq., the Resource Conservation and Recovery Act, 42 U.S.C. Section 6901, et seq., or other applicable state or federal laws, rules, or regulations adopted pursuant thereto.

**Event of Default.**  The words "Event of Default" mean any of the events of default set forth in this Agreement in the default section of this Agreement.

**Grantor.**  The word "Grantor" means Eisner Communications, Inc..

**Guarantor.**  The word "Guarantor" means any guarantor, surety, or accommodation party of any or all of the Indebtedness.

**Guaranty.**  The word "Guaranty" means the guaranty from Guarantor to Lender, including without limitation a guaranty of all or part of the Note.

**Hazardous Substances.**  The words "Hazardous Substances" mean materials that, because of their quantity, concentration or physical, chemical or infectious characteristics, may cause or pose a present or potential hazard to human health or the environment when improperly used, treated, stored, disposed of, generated, manufactured, transported or otherwise handled.  The words "Hazardous Substances" are used in their very broadest sense and include without limitation any and all hazardous or toxic substances, materials or waste as defined by or listed under the Environmental Laws.  The term "Hazardous Substances" also includes, without limitation, petroleum and petroleum by-products or any fraction thereof and asbestos.

**Indebtedness.**  The word "Indebtedness" means the indebtedness evidenced by the Note or Related Documents, including all principal and interest together with all other indebtedness and costs and expenses for which  Grantor is responsible under this Agreement or under any of the Related Documents.

**Lender.**  The word "Lender" means Carrollton Bank, its successors and assigns.

**Note.**  The word "Note" means the Note executed by Eisner Communications, Inc. in the principal amount of $4,000,000.00 dated November 30, 2002, together with all modifications of and renewals, replacements, and substitutions for the note or credit agreement.

**Related Documents.**  The words "Related Documents" mean all promissory notes, credit agreements, loan agreements, environmental agreements, guaranties, security agreements, mortgages, deeds of trust, security deeds, collateral mortgages, and all other instruments, agreements and documents, whether now or hereafter existing, executed in connection with the Indebtedness.

**GRANTOR HAS READ AND UNDERSTOOD ALL THE PROVISIONS OF THIS COMMERCIAL SECURITY AGREEMENT AND AGREES TO ITS TERMS. THIS AGREEMENT IS DATED NOVEMBER 30, 2002.**

**THIS AGREEMENT IS GIVEN UNDER SEAL AND IT IS INTENDED THAT THIS AGREEMENT IS AND SHALL CONSTITUTE AND HAVE THE EFFECT OF A SEALED INSTRUMENT ACCORDING TO LAW.**

**GRANTOR:**

EISNER COMMUNICATIONS, INC.

By: _____ (Seal)
Steven C. Eisner, President and CEO of Eisner
Communications, Inc.

**COMMERCIAL SECURITY AGREEMENT**
**(Continued)**

Loan No: 8002117                                                                                                                                       Page 6

LENDER:

CARROLLTON BANK

X _____
    Authorized Signer

STATE OF MARYLAND 1000070434|2085
DEPT OF ASSESSMENTS AND TAXATION
CUST ID:0001442783
WORK ORDER:0000928737
DATE:08-05-2004 12:19 PM
AMT. PAID:$925.00

2004 JUL 30 A II: 17

# UCC FINANCING STATEMENT

**FOLLOW INSTRUCTIONS (front and back) CAREFULLY**

A. NAME & PHONE OF CONTACT AT FILER [optional]

B. SEND ACKNOWLEDGEMENT TO: (Name and Address)

    Carrollton Bank
    344 N. Charles Street
    Baltimore, MD 21201

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

1. DEBTOR'S EXACT FULL LEGAL NAME - insert only one debtor name (1a or 1b) - do not abbreviate or combine names

1a. ORGANIZATION'S NAME
    Eisner Communications, Inc.

| 1b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
|---|---|---|---|
| | | | |

| 1c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| 509 South Exeter Street | Baltimore | MD | 21202 | USA |

| 1d. TAX ID # SSN OR EIN | ADD'L INFO RE ORGANIZATION DEBTOR | 1e. TYPE OF ORGANIZATION Corporation | 1f. JURISDICTION OF ORGANIZATION MD | 1g. ORGANIZATIONAL ID #, if any | ☒ NONE |

2. ADDITIONAL DEBTOR'S EXACT FULL LEGAL NAME - insert only one debtor name (2a or 2b) - do not abbreviate or combine names

2a. ORGANIZATION'S NAME

| 2b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
|---|---|---|---|
| | | | |

| 2c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| | | | | |

| 2d. TAX ID # SSN OR EIN | ADD'L INFO RE ORGANIZATION DEBTOR | 2e. TYPE OF ORGANIZATION | 2f. JURISDICTION OF ORGANIZATION | 2g. ORGANIZATIONAL ID #, if any | ☐ NONE |

3. SECURED PARTY'S NAME (or NAME of TOTAL ASSIGNEE of ASSIGNOR S/P) - insert only one secured party name (3a or 3b)

3a. ORGANIZATION'S NAME
    Carrollton Bank

| 3b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
|---|---|---|---|
| | | | |

| 3c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| P.O. Box 24189 | Baltimore | MD | 21227-0629 | USA |

4. This FINANCING STATEMENT covers the following collateral:

**All Inventory, Chattel Paper, Accounts and Equipment; whether any of the foregoing is owned now or acquired later; all accessions, additions, replacements, and substitutions relating to any of the foregoing; all records of any kind relating to any of the foregoing; all proceeds relating to any of the foregoing (including insurance, general intangibles and other accounts proceeds)**

| 5. ALTERNATIVE DESIGNATION (if applicable) | ☐ LESSEE/LESSOR | ☐ CONSIGNEE/CONSIGNOR | ☐ BAILEE/BAILOR | ☐ SELLER/BUYER | ☐ AG. LIEN | ☐ NON-UCC FILING |
|---|---|---|---|---|---|---|
| 6. This FINANCING STATEMENT is to be filed [for record] (or recorded) in the REAL ESTATE RECORDS. Attach Addendum [if applicable] | | 7. Check to REQUEST SEARCH REPORT(S) on Debtor(s) [ADDITIONAL FEE] [optional] | ☐ All Debtors | ☐ Debtor 1 | ☐ Debtor 2 |

8. OPTIONAL FILER REFERENCE DATA

ACKNOWLEDGMENT COPY — NATIONAL UCC FINANCING STATEMENT (FORM UCC1) (REV. 07/29/98)

Harland Financial Solutions
400 S.W. 6th Avenue, Portland, Oregon 97204

# UCC APPROVAL SHEET
## ** KEEP WITH DOCUMENT **

### TRANSACTION TYPE

| | FEES REMITTED |
|---|---|
| ____ UO - Original Financing Statement | $25.00 |
| ____ UOA - Original Financing Statement With Assignment | $25.00 |
| ____ UOTU - Original Financing Statement Transmitting Utility | $25.00 |
| ____ UMA - Amendment | $25.00 |
| ____ UMDA - Amendment - Debtor Added | $25.00 |
| ____ UMDC - Amendment - Debtor Name Change | $25.00 |
| ____ UMDD - Amendment - Debtor Deleted | $25.00 |
| ____ UMSA - Amendment - Secured Party Added | $25.00 |
| ____ UMSC - Amendment - Secured Party Name Change | $25.00 |
| ____ UMSD - Amendment - Secured Party Deleted | $25.00 |
| ____ UMC - Amendment - Continuation | $25.00 |
| ____ UMT - Amendment - Termination | $25.00 |
| ____ UMZ - Amendment - Assignment | $25.00 |
| ____ UMZP - Amendment - Partial Assignment | $25.00 |
| ____ UMCS - Amendment - Correction Statement | $25.00 |
| ____ UOMH - Manufactured Home - Original Financing Statement | $25.00 |
| ____ UOPF - Public Finance - Original Financing Statement | $25.00 |
| ____ Documents Nine (9) Pages or More | $75.00 |
| ____ Certified Copies | |
| ____ Plain Copies | |
| | TOTAL FEES: ____ |

### NO FEE TRANSACTION TYPES

____ URC - Copies
____ UNCP - Void - Non-Payment
____ UCC - Cancellation
____ UCR - Reinstatement
____ UCO Departmental Action
____ UCREF - Refund Recordation Tax
____ UCIS - Incorrect ID Number
____ XOVRU - UCC Override
____ UMFC - Filing Office Correction Statement

### METHOD OF PAYMENT

Cash _____   Check _____   Credit Card _____

Number of Checks _____

### COMMENT(S):

---

1000381896166181

RECORDED ON 07/30/2004  AT 11:17 AM
IN THE FINANCING RECORDS OF THE MD. ST.
DEPARTMENT OF ASSESSMENTS AND TAXATION.
WO # 0008828737   ACK # 1000381896166181
ORIGINAL FILE NUMBER: 0000000181109803
LIBER: U68339  FOLIO: 1898 PAGES: 0002
RECORDING FEE:          25.00
EXPEDITED FEE:           0.00

____ Other Charge(s)
_____
_____
_____
_____

Code _____

Attention: _____

Mail to Address:

CARROLLTON BANK
344 N. CHARLES STREET
BALTIMORE                    MD 21201

CUST ID: 0001442783
WORK ORDER: 0008828737
DATE: 08-05-2004 12:23 PM
AMT. PAID: $925.00

# COMMERCIAL SECURITY AGREEMENT

COPY

| Principal | Loan Date | Maturity | Loan No | Call / Coll | Account | Officer | Initials |
|-----------|-----------|----------|---------|-------------|---------|---------|----------|
| $2,000,000.00 | 01-26-2004 | 01-26-2006 | 2385 | | 880001284 | JG | |

References in the shaded area are for Lender's use only and do not limit the applicability of this document to any particular loan or item.
Any item above containing "***" has been omitted due to text length limitations.

**Grantor:** Eisner Communications, Inc.
509 South Exeter Street
Baltimore, MD 21202

**Lender:** Carrollton Bank
P.O. Box 24129
Baltimore, MD 21227-0629

THIS COMMERCIAL SECURITY AGREEMENT dated January 26, 2004, is made and executed between Eisner Communications, Inc. ("Grantor") and Carrollton Bank ("Lender").

**GRANT OF SECURITY INTEREST.** For valuable consideration, Grantor grants to Lender a security interest in the Collateral to secure the Indebtedness and agrees that Lender shall have the rights stated in this Agreement with respect to the Collateral, in addition to all other right which Lender may have by law.

**COLLATERAL DESCRIPTION.** The word "Collateral" as used in this Agreement means the following described property, whether now owned or hereafter acquired, whether now existing or hereafter arising, and wherever located, in which Grantor is giving to Lender a security interest for th payment of the Indebtedness and performance of all other obligations under the Note and this Agreement:

**All Inventory, Chattel Paper, Accounts and Equipment**

In addition, the word "Collateral" also includes all the following, whether now owned or hereafter acquired, whether now existing or hereafter arising and wherever located:

(A) All accessions, attachments, accessories, tools, parts, supplies, replacements of and additions to any of the collateral described herein, whether added now or later.

(B) All products and produce of any of the property described in this Collateral section.

(C) All accounts, general intangibles, instruments, rents, monies, payments, and all other rights, arising out of a sale, lease, consignment or other disposition of any of the property described in this Collateral section.

(D) All proceeds (including insurance proceeds) from the sale, destruction, loss, or other disposition of any of the property described in this Collateral section, and sums due from a third party who has damaged or destroyed the Collateral or from that party's insurer, whether due to judgment, settlement or other process.

(E) All records and data relating to any of the property described in this Collateral section, whether in the form of a writing, photograph, microfilm, microfiche, or electronic media, together with all of Grantor's right, title, and interest in and to all computer software required to utilize, create, maintain, and process any such records or data on electronic media.

Despite any other provision of this Agreement, Lender is not granted, and will not have, a nonpurchase money security interest in household goods, to the extent such a security interest would be prohibited by applicable law. In addition, if because of the type of any Property, Lender is required to give a notice of the right to cancel under Truth in Lending for the Indebtedness, then Lender will not have a security interest in such Collateral unless and until such a notice is given.

**CROSS-COLLATERALIZATION.** In addition to the Note, this Agreement secures all obligations, debts and liabilities, plus interest thereon, of Grantor to Lender, or any one or more of them, as well as all claims by Lender against Grantor or any one or more of them, whether now existing or hereafter arising, whether related or unrelated to the purpose of the Note, whether voluntary or otherwise, whether due or not due, direct or indirect, determined or undetermined, absolute or contingent, liquidated or unliquidated whether Grantor may be liable individually or jointly with others, whether obligated as guarantor, surety, accommodation party or otherwise, and whether recovery upon such amounts may be or hereafter may become barred by any statute of limitations, and whether the obligation to repay such amounts may be or hereafter may become otherwise unenforceable.

**RIGHT OF SETOFF.** To the extent permitted by applicable law, Lender reserves a right of setoff in all Grantor's accounts with Lender (whether checking, savings, or some other account). This includes all accounts Grantor holds jointly with someone else and all accounts Grantor may open in the future. However, this does not include any IRA or Keogh accounts, or any trust accounts for which setoff would be prohibited by law. Grantor authorizes Lender, to the extent permitted by applicable law, to charge or setoff all sums owing on the Indebtedness against any and all such accounts.

**GRANTOR'S REPRESENTATIONS AND WARRANTIES WITH RESPECT TO THE COLLATERAL.** With respect to the Collateral, Grantor represents and promises to Lender that:

**Perfection of Security Interest.** Grantor agrees to execute financing statements and to take whatever other actions are requested by Lender to perfect and continue Lender's security interest in the Collateral. Upon request of Lender, Grantor will deliver to Lender any and all of the documents evidencing or constituting the Collateral, and Grantor will note Lender's interest upon any and all chattel paper if not delivered to Lender for possession by Lender. This is a continuing Security Agreement and will continue in effect even though all or any part of the Indebtedness is paid in full and even though for a period of time Grantor may not be indebted to Lender.

**Notices to Lender.** Grantor will promptly notify Lender in writing at Lender's address shown above (or such other addresses as Lender may designate from time to time) prior to any (1) change in Grantor's name; (2) change in Grantor's assumed business name(s); (3) change in the management of the Corporation Grantor; (4) change in the authorized signer(s); (5) change in Grantor's principal office address; (6) change in Grantor's state of organization; (7) conversion of Grantor to a new or different type of business entity; or (8) change in any other aspect of Grantor that directly or indirectly relates to any agreements between Grantor and Lender. No change in Grantor's name or state of organization will take effect until after Lender has received notice.

**No Violation.** The execution and delivery of this Agreement will not violate any law or agreement governing Grantor or to which Grantor is a party, and its certificate or articles of incorporation and bylaws do not prohibit any term or condition of this Agreement.

**Enforceability of Collateral.** To the extent the Collateral consists of accounts, chattel paper, or general intangibles, as defined by the Uniform Commercial Code, the Collateral is enforceable in accordance with its terms, is genuine, and fully complies with all applicable laws and regulations concerning form, content and manner of preparation and execution, and all persons appearing to be obligated on the Collateral have authority and capacity to contract and are in fact obligated as they appear to be on the Collateral. At the time any Account becomes subject to a security interest in favor of Lender, the Account shall be a good and valid account representing an undisputed, bona fide indebtedness incurred by the account debtor, for merchandise held subject to delivery instructions or previously shipped or delivered pursuant to a contract of sale, or for services previously performed by Grantor with or for the account debtor. So long as this Agreement remains in effect, Grantor shall not, without Lender's prior written consent, compromise, settle, adjust, or extend payment under or with regard to any such Accounts. There shall be no

## COMMERCIAL SECURITY AGREEMENT
### (Continued)

Loan No: 2385

Pag

selloffs or counterclaims against any of the Collateral, and no agreement shall have been made under which any deductions or discounts may claimed concerning the Collateral except those disclosed to Lender in writing.

**Location of the Collateral.** Except in the ordinary course of Grantor's business, Grantor agrees to keep the Collateral (or to the extent Collateral consists of intangible property such as accounts or general intangibles, the records concerning the Collateral) at Grantor's addr shown above or at such other locations as are acceptable to Lender. Upon Lender's request, Grantor will deliver to Lender in form satisfact Lender a schedule of real properties and Collateral locations relating to Grantor's operations, including without limitation the following: (1) all property Grantor owns or is purchasing; (2) all real property Grantor is renting or leasing; (3) all storage facilities Grantor owns, rents, leases uses; and (4) all other properties where Collateral is or may be located.

**Removal of the Collateral.** Except in the ordinary course of Grantor's business, including the sales of inventory, Grantor shall not remove Collateral from its existing location without Lender's prior written consent. To the extent that the Collateral consists of vehicles, or other tit property, Grantor shall not take or permit any action which would require application for certificates of title for the vehicles outside the State Maryland, without Lender's prior written consent. Grantor shall, whenever requested, advise Lender of the exact location of the Collateral.

**Transactions Involving Collateral.** Except for inventory sold or accounts collected in the ordinary course of Grantor's business, or as otherw provided for in this Agreement, Grantor shall not sell, offer to sell, or otherwise transfer or dispose of the Collateral. While Grantor is not in defa under this Agreement, Grantor may sell inventory, but only in the ordinary course of its business and only to buyers who qualify as a buyer in t ordinary course of business. A sale in the ordinary course of Grantor's business does not include a transfer in partial or total satisfaction of a de or any bulk sale. Grantor shall not pledge, mortgage, encumber or otherwise permit the Collateral to be subject to any lien, security interest encumbrance, or charge, other than the security interest provided for in this Agreement, without the prior written consent of Lender. This includ security interests even if junior in right to the security interests granted under this Agreement. Unless waived by Lender, all proceeds from a disposition of the Collateral (for whatever reason) shall be held in trust for Lender and shall not be commingled with any other funds; provid however, this requirement shall not constitute consent by Lender to any sale or other disposition. Upon receipt, Grantor shall immediately de any such proceeds to Lender.

**Title.** Grantor represents and warrants to Lender that Grantor holds good and marketable title to the Collateral, free and clear of all liens a encumbrances except for the lien of this Agreement. No financing statement covering any of the Collateral is on file in any public office other th those which reflect the security interest created by this Agreement or to which Lender has specifically consented. Grantor shall defend Grantor rights in the Collateral against the claims and demands of all other persons.

**Repairs and Maintenance.** Grantor agrees to keep and maintain, and to cause others to keep and maintain, the Collateral in good order, repa and condition at all times while this Agreement remains in effect. Grantor further agrees to pay when due all claims for work done on, or servic rendered or material furnished in connection with the Collateral so that no lien or encumbrance may ever attach to or be filed against th Collateral.

**Inspection of Collateral.** Lender and Lender's designated representatives and agents shall have the right at all reasonable times to examine an inspect the Collateral wherever located.

**Taxes, Assessments and Liens.** Grantor will pay when due all taxes, assessments and liens upon the Collateral, its use or operation, upon th Agreement, upon any promissory note or notes evidencing the Indebtedness, or upon any of the other Related Documents. Grantor may withho any such payment or may elect to contest any lien if Grantor is in good faith conducting an appropriate proceeding to contest the obligation to p and so long as Lender's interest in the Collateral is not jeopardized in Lender's sole opinion. If the Collateral is subjected to a lien which is n discharged within fifteen (15) days, Grantor shall deposit with Lender cash, a sufficient corporate surety bond or other security satisfactory Lender in an amount adequate to provide for the discharge of the lien plus any interest, costs, attorneys' fees or other charges that could accr as a result of foreclosure or sale of the Collateral. In any contest Grantor shall defend itself and Lender and shall satisfy any final advers judgment before enforcement against the Collateral. Grantor shall name Lender as an additional obligee under any surety bond furnished in th contest proceedings. Grantor further agrees to furnish Lender with evidence that such taxes, assessments, and governmental and other charge have been paid in full and in a timely manner. Grantor may withhold any such payment or may elect to contest any lien if Grantor is in good fait conducting an appropriate proceeding to contest the obligation to pay and so long as Lender's interest in the Collateral is not jeopardized.

**Compliance with Governmental Requirements.** Grantor shall comply promptly with all laws, ordinances, rules and regulations of a governmental authorities, now or hereafter in effect, applicable to the ownership, production, disposition, or use of the Collateral. Grantor may contest in good faith any such law, ordinance or regulation and withhold compliance during any proceeding or regulations relating to the undue erosion of highly-erodible land or relating to the conversion of wetlands for the production of an agricultu product or commodity. Grantor may contest in good faith any such law, ordinance or regulation and withhold compliance during any proceeding, including appropriate appeals, so long as Lender's interest in the Collateral, in Lender's opinion, is not jeopardized.

**Hazardous Substances.** Grantor represents and warrants that the Collateral never has been, and never will be so long as this Agreemer remains a lien on the Collateral, used in violation of any Environmental Laws or for the generation, manufacture, storage, transportation, treatment disposal, release or threatened release of any Hazardous Substance. The representations and warranties contained herein are based on Grantor due diligence in investigating the Collateral for Hazardous Substances. Grantor hereby (1) releases and waives any future claims against Lender for indemnity or contribution in the event Grantor becomes liable for cleanup or other costs under any Environmental Laws, and (2) agrees to indemnify and hold harmless Lender against any and all claims and losses resulting from a breach of this provision of this Agreement. This obligation to indemnify shall survive the payment of the Indebtedness and the satisfaction of this Agreement.

**Maintenance of Casualty Insurance.** Grantor shall procure and maintain all risks insurance, including without limitation fire, theft and liabilit coverage together with such other insurance as Lender may require with respect to the Collateral, in form, amounts, coverages and basi acceptable to Lender and issued by a company or companies acceptable to Lender. Grantor, upon request of Lender, will deliver to Lender from time to time the policies or certificates of insurance in form satisfactory to Lender, including stipulations that coverages will not be cancelled or diminished without at least fifteen (15) days' prior written notice to Lender and not including any disclaimer of the insurer's liability for failure to give such a notice. Each insurance policy also shall include an endorsement providing that coverage in favor of Lender will not be impaired in any wa by any act, omission or default of Grantor or any other person. In connection with all policies covering assets in which Lender holds or is offered a security interest, Grantor will provide Lender with such loss payable or other endorsements as Lender may require. If Grantor at any time fails t obtain or maintain any insurance as required under this Agreement, Lender may (but shall not be obligated to) obtain such insurance as Lende deems appropriate, including if Lender so chooses "single interest insurance," which will cover only Lender's interest in the Collateral.

**Application of Insurance Proceeds.** Grantor shall promptly notify Lender of any loss or damage to the Collateral. Lender may make proof of loss if Grantor fails to do so within fifteen (15) days of the casualty. All proceeds of any insurance on the Collateral, including accrued proceed thereon, shall be held by Lender as part of the Collateral. If Lender consents to repair or replacement of the damaged or destroyed Collatera Lender shall, upon satisfactory proof of expenditure, pay or reimburse Grantor from the proceeds for the reasonable cost of repair or restoratior If Lender does not consent to repair or replacement of the Collateral, Lender shall retain a sufficient amount of the proceeds to pay all of th Indebtedness, and shall pay the balance to Grantor. Any proceeds which have not been disbursed within six (6) months after their receipt an which Grantor has not committed to the repair or restoration of the Collateral shall be used to prepay the Indebtedness.

# COMMERCIAL SECURITY AGREEMENT
## (Continued)

**Insurance Reports.** Grantor, upon request of Lender, shall furnish to Lender reports on each existing policy of insurance showing su information as Lender may reasonably request including the following: (1) the name of the insurer; (2) the risks insured; (3) the amount of t policy; (4) the property insured; (5) the then current value on the basis of which insurance has been obtained and the manner of determini that value; and (6) the expiration date of the policy. In addition, Grantor shall upon request by Lender (however not more often than annual have an independent appraiser satisfactory to Lender determine, as applicable, the cash value or replacement cost of the Collateral.

**Financing Statements.** Grantor authorizes Lender to file a UCC-1 financing statement, or alternatively, a copy of this Agreement to perfe Lender's security interest. At Lender's request, Grantor additionally agrees to sign all other documents that are necessary to perfect, protect a continue Lender's security interest in the Property. Grantor will pay all filing fees, title transfer fees, and other fees and costs involved unle prohibited by law or unless Lender is required by law to pay such fees and costs. Grantor irrevocably appoints Lender to execute financi statements and documents of title in Grantor's name and to execute all documents necessary to transfer title if there is a default. Lender may file copy of this Agreement as a financing statement. If Grantor changes Grantor's name or address, or the name or address of any person granting security interest under this Agreement changes, Grantor will promptly notify the Lender of such change.

**GRANTOR'S RIGHT TO POSSESSION AND TO COLLECT ACCOUNTS.** Until default and except as otherwise provided below with respect accounts, Grantor may have possession of the tangible personal property and beneficial use of all the Collateral and may use it in any lawful mann not inconsistent with this Agreement or the Related Documents, provided that Grantor's right to possession and beneficial use shall not apply to a Collateral where possession of the Collateral by Lender is required by law to perfect Lender's security interest in such Collateral. Until otherwise notifi by Lender, Grantor may collect any of the Collateral consisting of accounts. At any time and even though no Event of Default exists, Lender m exercise its rights to collect the accounts and to notify account debtors to make payments directly to Lender for application to the Indebtedness. Lender at any time has possession of any Collateral, whether before or after an Event of Default, Lender shall be deemed to have exercised reasona care in the custody and preservation of the Collateral if Lender takes such action for that purpose as Grantor shall request or as Lender, in Lender sole discretion, shall deem appropriate under the circumstances, but failure to honor any request by Grantor shall not of itself be deemed to be a failu to exercise reasonable care. Lender shall not be required to take any steps necessary to preserve any rights in the Collateral against prior parties, n to protect, preserve or maintain any security interest given to secure the Indebtedness.

**LENDER'S EXPENDITURES.** If any action or proceeding is commenced that would materially affect Lender's interest in the Collateral or if Grantor fa to comply with any provision of this Agreement or any Related Documents, including but not limited to Grantor's failure to discharge or pay when due any amounts Grantor is required to discharge or pay under this Agreement or any Related Documents, Lender on Grantor's behalf may (but shall not b obligated to) take any action that Lender deems appropriate, including but not limited to discharging or paying all taxes, liens, security interest encumbrances and other claims, at any time levied or placed on the Collateral and paying all costs for insuring, maintaining and preserving th Collateral. All such expenditures incurred or paid by Lender for such purposes will then bear interest at the rate charged under the Note from the da incurred or paid by Lender to the date of repayment by Grantor. All such expenses will become a part of the Indebtedness and, at Lender's option, w (A) be payable on demand; or (B) be added to the balance of the Note and be apportioned among and be payable with any installment payments t become due during either (1) the term of any applicable insurance policy; or (2) the remaining term of the Note. The Agreement also will secur payment of these amounts. Such right shall be in addition to all other rights and remedies to which Lender may be entitled upon Default.

**DEFAULT.** Each of the following shall constitute an Event of Default under this Agreement:

**Payment Default.** Grantor fails to make any payment when due under the Indebtedness.

**Other Defaults.** Grantor fails to comply with or to perform any other term, obligation, covenant or condition contained in this Agreement or in an of the Related Documents or to comply with or to perform any term, obligation, covenant or condition contained in any other agreement betwee Lender and Grantor.

**False Statements.** Any warranty, representation or statement made or furnished to Lender by Grantor or on Grantor's behalf under thi Agreement or the Related Documents is false or misleading in any material respect, either now or at the time made or furnished or becomes fals or misleading at any time thereafter.

**Defective Collateralization.** This Agreement or any of the Related Documents ceases to be in full force and effect (including failure of an collateral document to create a valid and perfected security interest or lien) at any time and for any reason.

**Insolvency.** The dissolution or termination of Grantor's existence as a going business, the insolvency of Grantor, the appointment of a receiver fo any part of Grantor's property, any assignment for the benefit of creditors, any type of creditor workout, or the commencement of any proceedin under any bankruptcy or insolvency laws by or against Grantor.

**Creditor or Forfeiture Proceedings.** Commencement of foreclosure or forfeiture proceedings, whether by judicial proceeding, self-help repossession or any other method, by any creditor of Grantor or by any governmental agency against any collateral securing the Indebtedness. This includes a garnishment of any of Grantor's accounts, including deposit accounts, with Lender. However, this Event of Default shall not appl if there is a good faith dispute by Grantor as to the validity or reasonableness of the claim which is the basis of the creditor or forfeiture proceedin and if Grantor gives Lender written notice of the creditor or forfeiture proceeding and deposits with Lender monies or a surety bond for the credito or forfeiture proceeding, in an amount determined by Lender, in its sole discretion, as being an adequate reserve or bond for the dispute.

**Events Affecting Guarantor.** Any of the preceding events occurs with respect to Guarantor of any of the Indebtedness or Guarantor dies c becomes incompetent or revokes or disputes the validity of, or liability under, any Guaranty of the Indebtedness.

**Adverse Change.** A material adverse change occurs in Grantor's financial condition, or Lender believes the prospect of payment or performanc of the Indebtedness is impaired.

**Insecurity.** Lender in good faith believes itself insecure.

**Cure Provisions.** If any default, other than a default in payment is curable and if Grantor has not been given a notice of a breach of the sam provision of this Agreement within the preceding twelve (12) months, it may be cured (and no event of default will have occurred) if Grantor, aft receiving written notice from Lender demanding cure of such default: (1) cures the default within fifteen (15) days; or (2) if the cure require more than fifteen (15) days, immediately initiates steps which Lender deems in Lender's sole discretion to be sufficient to cure the default a thereafter continues and completes all reasonable and necessary steps sufficient to produce compliance as soon as reasonably practicable.

**RIGHTS AND REMEDIES ON DEFAULT.** If an Event of Default occurs under this Agreement, at any time thereafter, Lender shall have all the rights a secured party under the Maryland Uniform Commercial Code. In addition and without limitation, Lender may exercise any one or more of th following rights and remedies:

**Accelerate Indebtedness.** Lender may declare the entire Indebtedness, including any prepayment penalty which Grantor would be required pay, immediately due and payable, without notice of any kind to Grantor.

**Assemble Collateral.** Lender may require Grantor to deliver to Lender all or any portion of the Collateral and any and all certificates of title an other documents relating to the Collateral. Lender may require Grantor to assemble the Collateral and make it available to Lender at a place to I designated by Lender. Lender also shall have full power to enter upon the property of Grantor to take possession of and remove the Collateral.

# COMMERCIAL SECURITY AGREEMENT
## (Continued)

the Collateral contains other goods not covered by this Agreement at the time of repossession, Grantor agrees Lender may take such other good provided that Lender makes reasonable efforts to return them to Grantor after repossession.

**Sell the Collateral.** Lender shall have full power to sell, lease, transfer, or otherwise deal with the Collateral or proceeds thereof in Lender's o name or that of Grantor. Lender may sell the Collateral at public auction or private sale. Unless the Collateral threatens to decline speedily value or is of a type customarily sold on a recognized market, Lender will give Grantor, and other persons as required by law, reasonable notic the time and place of any public sale, or the time after which any private sale or any other disposition of the Collateral is to be made. However, notice need be provided to in any person who, after Event of Default occurs, enters into and authenticates an agreement waiving that person's ri to notification of sale. The requirements of reasonable notice shall be met if such notice is given at least ten (10) days before the time of the s or disposition. All expenses relating to the disposition of the Collateral, including without limitation the expenses of retaking, holding, insuri preparing for sale and selling the Collateral, shall become a part of the Indebtedness secured by this Agreement and shall be payable on deman with interest at the Note rate from date of expenditure until repaid.

**Appoint Receiver.** Without notice to Grantor, Lender shall have the right to have a receiver appointed to take possession of all or any part of t Collateral, with the power to protect and preserve the Collateral, to operate the Collateral, and to collect the Rents from the Collateral and apply t proceeds, over and above the cost of the receivership, against the Indebtedness and Grantor hereby consents to the appointment of su receiver. The receiver may serve without bond if permitted by law. Lender's right to the appointment of a receiver shall exist wheth apparent value of the Collateral exceeds the Indebtedness by a substantial amount and whether or not such receivership is permitted proposed sale of the Collateral or otherwise. Employment by Lender shall not disqualify a person from serving as a receiver.

**Collect Revenues, Apply Accounts.** Lender, either itself or through a receiver, may collect the payments, rents, income, and revenues from t Collateral. Lender may at any time in Lender's discretion transfer any Collateral into Lender's own name or that of Lender's nominee and recei the payments, rents, income, and revenues therefrom and hold the same as security for the Indebtedness or apply it to payment of t Indebtedness in such order of preference as Lender may determine. Insofar as the Collateral consists of accounts, general intangibles, insuran policies, instruments, chattel paper, choses in action, or similar property, Lender may demand, collect, receipt for, settle, compromise, adjust, s for, foreclose, or realize on the Collateral as Lender may determine, whether or not Indebtedness or Collateral is then due. For these purpose Lender may, on behalf of and in the name of Grantor, receive, open and dispose of mail addressed to Grantor; change any address to which m and payments are to be sent; and endorse notes, checks, drafts, money orders, documents of title, instruments and items pertaining to payme shipment, or storage of any Collateral. To facilitate collection, Lender may notify account debtors and obligors on any Collateral to make paymer directly to Lender.

**Obtain Deficiency.** If Lender chooses to sell any or all of the Collateral, Lender may obtain a judgment against Grantor for any deficien remaining on the Indebtedness due to Lender after application of all amounts received from the exercise of the rights provided in this Agreemer Grantor shall be liable for a deficiency even if the transaction described in this subsection is a sale of accounts or chattel paper.

**Other Rights and Remedies.** Lender shall have all the rights and remedies of a secured creditor under the provisions of the Uniform Commerc Code, as may be amended from time to time. In addition, Lender shall have and may exercise any or all other rights and remedies it may ha available at law, in equity, or otherwise.

**Election of Remedies.** Except as may be prohibited by applicable law, all of Lender's rights and remedies, whether evidenced by th Agreement, the Related Documents, or by any other writing, shall be cumulative and may be exercised singularly or concurrently. Election t Lender to pursue any remedy shall not exclude pursuit of any other remedy, and an election to make expenditures or to take action to perform a obligation of Grantor under this Agreement, after Grantor's failure to perform, shall not affect Lender's right to declare a default and exercise i remedies.

**MISCELLANEOUS PROVISIONS.** The following miscellaneous provisions are a part of this Agreement:

**Amendments.** This Agreement, together with any Related Documents, constitutes the entire understanding and agreement of the parties as to th matters set forth in this Agreement. No alteration of or amendment to this Agreement shall be effective unless given in writing and signed by th party or parties sought to be charged or bound by the alteration or amendment.

**Attorneys' Fees; Expenses.** Grantor agrees that if Lender hires an attorney to help enforce this Agreement, Grantor will pay, subject to any limi under applicable law, Lender's attorneys' fees and all of Lender's other collection expenses, whether or not there is a lawsuit and including withou limitation additional legal expenses for bankruptcy proceedings.

**Caption Headings.** Caption headings in this Agreement are for convenience purposes only and are not to be used to interpret or define th provisions of this Agreement.

**Governing Law. This Agreement will be governed by, construed and enforced in accordance with federal law and the laws of the State c Maryland. This Agreement has been accepted by Lender in the State of Maryland.**

**Choice of Venue.** If there is a lawsuit, Grantor agrees upon Lender's request to submit to the jurisdiction of the courts of the City of Baltimor State of Maryland.

**No Waiver by Lender.** Lender shall not be deemed to have waived any rights under this Agreement unless such waiver is given in writing an signed by Lender. No delay or omission on the part of Lender in exercising any right shall operate as a waiver of such right or any other right. waiver by Lender of a provision of this Agreement shall not prejudice or constitute a waiver of Lender's right otherwise to demand stri compliance with that provision or any other provision of this Agreement. No prior waiver by Lender, nor any course of dealing between Lende and Grantor, shall constitute a waiver of any of Lender's rights or of any of Grantor's obligations as to any future transactions. Whenever th consent of Lender is required under this Agreement, the granting of such consent by Lender in any instance shall not constitute continu consent to subsequent instances where such consent is required and in all cases such consent may be granted or withheld in the sole discret of Lender.

**Notices.** Any notice required to be given under this Agreement shall be given in writing, and shall be effective when actually delivered, if har delivered, when actually received by telefacsimile (unless otherwise required by law), when deposited with a nationally recognized overnig courier, or, if mailed, when deposited in the United States mail, as first class, certified or registered mail postage prepaid, directed to the address shown near the beginning of this Agreement. Any party may change its address for notices under this Agreement by giving formal written notice t the other parties, specifying that the purpose of the notice is to change the party's address. For notice purposes, Grantor agrees to keep Lend informed at all times of Grantor's current address. Unless otherwise provided or required by law, if there is more than one Grantor, any noti given by Lender to any Grantor is deemed to be notice given to all Grantors.

**Power of Attorney.** Grantor hereby appoints Lender as Grantor's irrevocable attorney-in-fact for the purpose of executing any documer necessary to perfect, amend, or to continue the security interest granted in this Agreement or to demand termination of filings of other secur parties. Lender may at any time, and without further authorization from Grantor, file a carbon, photographic or other reproduction of any financi statement or of this Agreement for use as a financing statement. Grantor will reimburse Lender for all expenses for the perfection and t continuation of the perfection of Lender's security interest in the Collateral.

Loan No: 2385

# COMMERCIAL SECURITY AGREEMENT
## (Continued)

Pag

**Severability.** If a court of competent jurisdiction finds any provision of this Agreement to be illegal, invalid, or unenforceable as to any circumstance, that finding shall not make the offending provision illegal, invalid, or unenforceable as to any other circumstance. If feasible, the offending provision shall be considered modified so that it becomes legal, valid and enforceable. If the offending provision cannot be so modif it shall be considered deleted from this Agreement. Unless otherwise required by law, the illegality, invalidity, or unenforceability of any provi of this Agreement shall not affect the legality, validity or enforceability of any other provision of this Agreement.

**Successors and Assigns.** Subject to any limitations stated in this Agreement on transfer of Grantor's interest, this Agreement shall be bind upon and inure to the benefit of the parties, their heirs, personal representatives, successors and assigns. If ownership of the Collateral becor vested in a person other than Grantor, Lender, without notice to Grantor, may deal with Grantor's successors with reference to this Agreement the indebtedness by way of forbearance or extension without releasing Grantor from the obligations of this Agreement or liability under Indebtedness.

**Survival of Representations and Warranties.** All representations, warranties, and agreements made by Grantor in this Agreement shall sur the execution and delivery of this Agreement, shall be continuing in nature, and shall remain in full force and effect until such time as Grant Indebtedness shall be paid in full.

**Time is of the Essence.** Time is of the essence in the performance of this Agreement.

**DEFINITIONS.** The following capitalized words and terms shall have the following meanings when used in this Agreement. Unless specifically sta to the contrary, all references to dollar amounts shall mean amounts in lawful money of the United States of America. Words and terms used in singular shall include the plural, and the plural shall include the singular, as the context may require. Words and terms not otherwise defined in Agreement shall have the meanings attributed to such terms in the Uniform Commercial Code:

**Account.** The word "Account" means a trade account, account receivable, other receivable, or other right to payment for goods sold or servi rendered owing to Grantor (or to a third party acceptable to Lender).

**Agreement.** The word "Agreement" means this Commercial Security Agreement, as this Commercial Security Agreement may be amended modified from time to time, together with all exhibits and schedules attached to this Commercial Security Agreement from time to time.

**Borrower.** The word "Borrower" means Eisner Communications, Inc. and includes all co-signers and co-makers signing the Note.

**Collateral.** The word "Collateral" means all of Grantor's right, title and interest in and to all the Collateral as described in the Collateral Descript section of this Agreement.

**Default.** The word "Default" means the Default set forth in this Agreement in the section titled "Default".

**Environmental Laws.** The words "Environmental Laws" mean any and all state, federal and local statutes, regulations and ordinances relatin the protection of human health or the environment, including without limitation the Comprehensive Environmental Response, Compensation, a Liability Act of 1980, as amended, 42 U.S.C. Section 9601, et seq. ("CERCLA"), the Superfund Amendments and Reauthorization Act of 1986, P L. No. 99-499 ("SARA"), the Hazardous Materials Transportation Act, 49 U.S.C. Section 1801, et seq., the Resource Conservation and Recov Act, 42 U.S.C. Section 6901, et seq., or other applicable state or federal laws, rules, or regulations adopted pursuant thereto.

**Event of Default.** The words "Event of Default" mean any of the events of default set forth in this Agreement in the default section of t Agreement.

**Grantor.** The word "Grantor" means Eisner Communications, Inc..

**Guarantor.** The word "Guarantor" means any guarantor, surety, or accommodation party of any or all of the indebtedness.

**Guaranty.** The word "Guaranty" means the guaranty from Guarantor to Lender, including without limitation a guaranty of all or part of the Note.

**Hazardous Substances.** The words "Hazardous Substances" mean materials that, because of their quantity, concentration or physical, chemi or infectious characteristics, may cause or pose a present or potential hazard to human health or the environment when improperly used, treat stored, disposed of, generated, manufactured, transported or otherwise handled. The words "Hazardous Substances" are used in their v broadest sense and include without limitation any and all hazardous or toxic substances, materials or waste as defined by or listed under Environmental Laws. The term "Hazardous Substances" also includes, without limitation, petroleum and petroleum by-products or any fract thereof and asbestos.

**Indebtedness.** The word "Indebtedness" means the indebtedness evidenced by the Note or Related Documents, including all principal a interest together with all other indebtedness and costs and expenses for which Grantor is responsible under this Agreement or under any of Related Documents. Specifically, without limitation, Indebtedness includes all amounts that may be indirectly secured by Cross-Collateralization provision of this Agreement.

**Lender.** The word "Lender" means Carrollton Bank, its successors and assigns.

**Note.** The word "Note" means the Note executed by Eisner Communications, Inc. in the principal amount of $2,000,000.00 dated January 2004, together with all modifications of and renewals, replacements, and substitutions for the note or credit agreement.

**Property.** The word "Property" means all of Grantor's right, title and interest in and to all the Property as described in the 'Collateral Descriptic section of this Agreement.

**Related Documents.** The words "Related Documents" mean all promissory notes, credit agreements, loan agreements, environmen agreements, guaranties, security agreements, mortgages, deeds of trust, security deeds, collateral mortgages, and all other instrumen agreements and documents, whether now or hereafter existing, executed in connection with the Indebtedness.

GRANTOR HAS READ AND UNDERSTOOD ALL THE PROVISIONS OF THIS COMMERCIAL SECURITY AGREEMENT AND AGREES TO I TERMS. THIS AGREEMENT IS DATED JANUARY 26, 2004.

THIS AGREEMENT IS GIVEN UNDER SEAL AND IT IS INTENDED THAT THIS AGREEMENT IS AND SHALL CONSTITUTE AND HAVE TI EFFECT OF A SEALED INSTRUMENT ACCORDING TO LAW.

Loan No: 2385

# COMMERCIAL SECURITY AGREEMENT
### (Continued)

Page

GRANTOR:

EISNER COMMUNICATIONS, INC.

By: _____ (Seal)
    Steven C. Eisner, President and CEO of Eisner
    Communications, Inc.

LENDER:

CARROLLTON BANK

X _____
    Authorized Signer

LASER PRO Lending, Ver. 5.23.20.002 Copr. Harland Financial Solutions, Inc. 1997, 2004. All Rights Reserved. - MD G:\CFI\WIN\CFI\LPL\E40.FC TR-765 PR-4



EXHIBIT

D

November 29, 2006

Re:     Carrollton Bank, Secured Creditor
        Eisner Communications, Debtor
        Accounts Receivable

Dear _____:

I am writing in response to your recent communication concerning the status of Spirit Airlines, Inc.'s payments to the now defunct Eisner Communications, Inc. ("Eisner").

In that regard, kindly be advised that we have been contacted by the Carrollton Bank as secured creditor for Eisner.  The bank executed a commercial security agreement and UCC financing statements with Eisner for loans the bank had made to Eisner.  Pursuant to the terms of those documents, all accounts receivable of Eisner, including those of Spirit Airlines, Inc., ("Spirit") are collateral securing the loan to the bank.  Upon default of that loan which has occurred, those accounts receivable are fully collectable and payable to the bank as a secured creditor of Eisner,

Accordingly, our legal department is in the process of reconciling what Eisner alleges are the accounts receivable and what our records reflect in terms of what is due and owing to them.  We will not be making any payments to the bank beyond the date it is determined that Eisner's services provided on behalf of Spirit Airlines, Inc.'s had ceased.  I can assure you that Spirit will continue to make the appropriate payments to Siquis, our new agency of record as of November 13, 2006, for the fees incurred in connection with the services that you will be providing to Spirit.

If you want to contact counsel for the Carrollton Bank, please be advised of the following information:

    Robert J. Parsons, II
    Rogers, Moore and Rogers, LLP
    Six South Calvert
    Baltimore, MD 21202
    (410) 727-4456
    FAX (443) 524-0835

I trust the foregoing will allay any concerns that you may have concerning Spirit's obligations to Eisner.  We look forward to continuing our business relationship with you.

If you have any questions, please feel free to contact me.

**EXHIBIT D**

Sincerely,


cc:     John M. Willis
        VP & Corporate Counsel

**EXHIBIT**

*E*



2200 Powell Street, Suite 600
Emeryville, CA 94608
Main: 510.250.5500
Fax: 510.250.5700
www.exponential.com

To: Robert Schroeter
Senior Director, Consumer Marketing
Spirit Airlines

In light of your letter to us dated December 12, 2006 and my emails of November 20, 2006 and December 21, 2006, I felt it was necessary to clarify our expectations concerning past due amounts owing on advertising services our company provided on behalf of Spirit Airlines. These are for invoices dated 8/31/2006 (no. 007419), 9/30/2006 (no. 007676), and 11/30/2006 (no. 007940), in the total amount of $47,867.59 (copies of the invoices are attached to this letter)

The services in question were performed by Tribal Fusion/Exponential under the terms of an agreement in effect since 2004 with Eisner Interactive (a copy of which is attached to this letter.) According to the terms of those agreements, and consistent with our understanding in fact, Eisner was acting as agent for Spirit Airlines as the disclosed principal. Under these agreements and under the law of agent/principal, Tribal Fusion/Exponential's remedy for non-payment is directly against the principal, Spirit Air. Accordingly, Tribal Fusion has a claim directly against Spirit Air for the invoiced amounts owing.

At this time we are asking that Spirit Airlines clear this obligation by making payment to Exponential of the overdue amount of $47,867.59. If Spirit Air makes payment of the full amount claimed by Eisner to Carrollton Bank, you are plainly at risk of having to pay a second time directly to Exponential.

We assume Spirit Airlines can assert available defenses or right of offset under your contract with Eisner, to avoid any alleged obligation to pay Eisner (or its secured creditor, Carrollton Bank) the amounts owed to Exponential on this transaction. Eisner/Carrollton Bank should receive only that net amount Eisner was expecting to realize on these transactions. There should be no additional loss to Spirit Airlines, beyond the total amount you were scheduled to pay on the transactions.

Should you have any questions concerning this matter, please do not hesitate to contact me either via email at michael.farrar@exponential.com or phone at 510-250-5586.

Regards,

Mike Farrar
Director of Finance

**EXHIBIT E**



|  |  |  |
|---|---|---|
| Invoice # | 007419 |
| Date | 8/31/2006 |
| Page | 1 |

**Tribal Fusion**
2200 Powell Street
Suite 600
Emeryville CA 94608

**Bill To:**

Eisner Interactive
Attn: The Finance Department
509 S. Exeter Street
Baltimore MD 21202

**Invoice Description:**

Advertising For AUGUST 2006
Impressions are Base on Mediaplex Numbers
Advertiser Name: Spirit Airlines
Campaign Dates: 08/01/2006 - 08/31/2006
Billing Period: 08/01/2006 - 08/31/2006

| Insertion Order # | | | Customer ID | Salesperson ID | Payment Terms |
|---|---|---|---|---|---|
| | | | EISNERI | | Due On Receipt |

| Contracted Impression (000's) | Impressions Delivered (000's) | Description | CPI | Amount |
|---|---|---|---|---|
| 1,731,500 | 1,818,606 | 728x90 Leaderboards in Custom Channel | $5.00 | $8,657.50 |
| 1,731,552 | 1,837,003 | 120x600 Skyscrapers in Custom Channel | $5.00 | $8,657.76 |
| 1,043,888 | 1,072,348 | 300x250 Large Rectangles in Custom Channel | $5.75 | $6,002.36 |
| 147,267 | 171,070 | 468x60 Banners + Pop Unders in RON | $11.44 | $1,684.73 |
| | | | **Total** | **$25,002.35** |

Please Remit Payment to:
Tribal Fusion, Inc
Dept 33785
P.O. Box 39000
San Francisco, CA 94139

Tax ID: 94-3370688
Contact Phone # (510) 250-5542
Contact Email: billing@tribalfusion.com

Sent

| Invoice | 007940 |
|---|---|
| Date | 11/30/2006 |
| Page | 1 |



**TRIBAL** fusion

**Tribal Fusion**
2200 Powell Street
Suite 600
Emeryville CA   94608

Bill To:

Eisner Interactive
Attn: The Finance Department
509 S. Exeter Street
Baltimore MD   21202

Invoice Description:
Advertising For NOVEMBER 2006
Insertion Order: 7045 - May Sale Plan
Advertiser Name: Spirit Airlines
Agency: Eisner Interactive
Campaign Dates: 11/01/2006 - 11/10/2006
Billing Period: 11/01/2006 - 11/10/2006

| Insertion Order | | | Custom ID | Salesperson ID | Payment Terms | | |
|---|---|---|---|---|---|---|---|
| | | | EISNERI | | Net 30 | | |

| Contracted Impressions (000) | Tribal Delivery (not 000) | | Description | | CPM | Amount | |
|---|---|---|---|---|---|---|---|
| 500,000 | 158,028 | 728x90 Leaderboards in Custom Channel | | | $5.00 | $790.14 | |
| 500,000 | 161,104 | 120x600 Skyscrapers in Custom Channel | | | $5.00 | $805.52 | |
| 434,783 | 142,053 | 300x250 Large Rectangles in Custom Channel | | | $5.75 | $816.80 | |
| 1,162,791 | 380,151 | 728x90 Leaderboards in RON | | | $2.15 | $817.32 | |
| 1,162,791 | 380,638 | 120x600 Skyscrapers in RON | | | $2.15 | $818.37 | |
| 769,231 | 251,413 | 300x250 Large Rectangles in RON | | | $3.25 | $817.09 | |

| Total Invoice | $4,865.24 |
|---|---|

Please Remit Payment to:
Wire Transfer: Account#: 0297349763; Routing#: 121000248; SWIFT BIC: WFBIUS6S; Wells
Fargo Bank 420 Montgomery Street, San Francisco, CA 94104 USA

ACH: Wells Fargo Bank; Account#: 0297349763; ABA#: 121042882

Check: Please mail checks to Tribal Fusion, Dept 33785, P.O. Box 39000, San Francisco, CA
94139

Tax ID: 94-3370686; Contact Phone # (510) 250-5542; Contact Email: billing@tribalfusion.com



| Invoice: | 007676 |
|---|---|
| Date | 9/30/2006 |
| Page | 1 |



**Tribal Fusion**
2200 Powell Street
Suite 600
Emeryville CA   94608

Bill To:

Eisner Interactive
Attn: The Finance Department
509 S. Exeter Street
Baltimore MD   21202

Invoice Description:
Advertising For SEPTEMBER 2006
Impressions are Base on Mediaplex Numbers
IO: 7045 - May Sale Plan
Advertiser Name: Spirit Airlines
Billing Period: 09/01/2006 - 09/30/2006

| Insertion order # | | | | Customer ID | Salesperson ID | Payment Terms | |
|---|---|---|---|---|---|---|---|
| | | | | EISNERI | | NET 30 | |
| Contracted Impressions ('000s) | Impressions Delivered ('000s) | | Description | | | CPM | Amount |
| 1,200,000 | 1,275,616 | | 120x600 Skyscrapers In Custom Channel | | | $5.00 | $6,000.00 |
| 1,043,478 | 1,109,313 | | 300x250 Large Rectangles In Custom Channel | | | $5.75 | $6,000.00 |
| 1,200,000 | 1,250,594 | | 728x90 Leaderboards In Custom Channel | | | $5.00 | $6,000.00 |
| | | | | | Total | | $18,000.00 |

Please Remit Payment to:
**Tribal Fusion, Inc**
Dept 33785
P.O. Box 39000
San Francisco, CA 94139

Tax ID: 94-3370688
Contact Phone # (510) 250-5542
Contact Email: billing@tribalfusion.com



# AOL
## Outstanding Balances Owed by Spirit Airlines

| Item Date | Due Date | Item Number | Original Amount | Open Amount | Contract Num | Days Past Due | Advertiser Name |
|---|---|---|---|---|---|---|---|
| 11/21/2006 | 12/21/2006 | 212495 | $30,000.00 | $30,000.00 | 9014268 | 21 | AOL Advertising Insertion order<br>Eisner Communications<br>Advertiser: Spirit Airlines<br>Term: 7/5/06 - 6/30/07<br>October 2006 activity capped at $30,000<br>6,081,752 impressions @ $5.00 CPM = $30,408.76 |
| 11/20/2006 | 12/20/2006 | 212365 | $5,567.42 | $5,567.42 | 9015772 | 22 | Advertiser: Spirit Airlines<br>Opportunity: (S) Spirit November 2006<br>Contract Term: 11/06 to 11/06<br>Advertising Flight On: Travel<br>AOL REF# 9015772 DART# 2074738<br>CSR 111906 FE REV V# 3<br>Replaces invoice # 211564 |
| 10/20/2006 | 11/19/2006 | 210380 | $20,000.00 | $20,000.00 | 9014268 | 53 | AOL Advertising Insertion Order<br>Eisner Communications<br>Advertiser: Spirit Airlines<br>Term: 7/5/06 - 6/30/07<br>September 2006 activity<br>4,070,298 @ $ 5.00 CPM<br>capped at $20,000 for September 2006 |
| 9/22/2006 | 10/22/2006 | 208942 | $35,000.00 | $35,000.00 | 9014268 | 81 | AOL Advertising Insertion Order<br>Eisner Communications<br>Advertiser: Spirit Airlines<br>Term: 7/5/06 - 6/30/07<br>August 2006 activity<br>7,146,712 impressions @ $ 5.00 CPM<br>capped at $35,000.00 for August 06 |
| 8/16/2006 | 9/15/2006 | 206429 | $19,551.67 | $19,551.67 | 9014268 | 118 | AOL Advertising Insertion Order<br>Eisner Communications<br>Advertiser: Spirit Airlines<br>Term: 7/5/06 - 6/30/07<br>July 2006 Activity<br>3,910,334 impressions @ CPM of $5.00<br>CSR08140SAM |

Page 1

**EXHIBIT F**

# AOL
## Outstanding Balances Owed by Spirit Airlines

| Date | Ref | Amount | AOLREF | No. | Details |
|---|---|---|---|---|---|
| 6/6/2006 | 202692 | $25,000.00 | 9013358 | 189 | Advertiser: Spirit Airlines<br>Opportunity: (S) Spirit June 2006 GEO Sale<br>Contract Term: 06/06 to 06/06<br>Advertising Flight On: AOL CityGuide, MapQuest<br>AOLREF# 9013358 DART# 1920313<br>BR 06/05/06 DT<br>Invoice 1 of 1 |
| 5/9/2006 | 201187 | $30,000.00 | 9012983 | 217 | Advertiser: Spirit Airlines, USH<br>Opportunity: (S) Spirit May 2006 GEO Sale<br>Contract Term: 05/06 to 05/05<br>Advertising Flight On: MapQuest, Travel<br>AOLREF# 9012983 DART# 1888074<br>BR 05/08/06 DT<br>Invoice 1 of 1 |
| 4/20/2006 | 200271 | $24,000.00 | 9012683 | 236 | Advertiser: Spirit Airlines<br>Opportunity: (S) April 2006 GEO Sale<br>Contract Term: 04/06 to 04/06<br>Advertising Flight On: MapQuest, Travel, News & Information<br>AOLREF# 9012683 DART# 1872910<br>BR 04/19/06 DT<br>Invoice 1 of 1 |
| 4/7/2006 | 199573 | $23,500.00 | 9012442 | 249 | Advertiser: Spirit Airlines<br>Opportunity: (S) Spirit April Sale<br>Contract Term: 04/06 to 04/06<br>Advertising Flight On: MapQuest, Travel<br>AOLREF# 9012442 DART# 1861900<br>BR 04/06/06 DT<br>Invoice 1 of 1 |
| 3/9/2006 | 197951 | $23,500.09<br>$236,119.18 | 9011918 | 278 | Advertiser: Spirit Airlines<br>Opportunity: (S) Spirit March Sales<br>Contract Term: 03/06 to 03/06<br>Advertising Flight On: MapQuest, Travel<br>AOLREF# 9011918 DART# 1827170<br>BR 03/08/06 DT<br>Invoice 1 of 1 |

$1,486.15
$214,105.24

Page 2

**EXHIBIT**

G

# ROGERS, MOORE and ROGERS, LLP
*Attorneys at Law*

WILLIAM C. ROGERS (1921-1970)

WILLIAM C. ROGERS JR.
W. CHARLES ROGERS, III

ROBERT JAMES PARSONS, JI
BRIAN N. ROGERS
M. RAMSAY BELL

SIX SOUTH CALVERT
BALTIMORE, MD 21202
(410) 727-4456
FAX (443) 524-0835

January 22, 2007

RECEIVED JAN 2 5 2007

Connie A. Lahn, Esq.
Fafinski Mark & Johnson, P.A.
Flagship Corporate Center
775 Prairie Center Drive, Suite 400
Eden Prairie, MN  55344

RE:  Eisner Communications, Inc., Vendor
     Spirit Airlines, Vendee
     Carrollton Bank, Secured Creditor

Dear Ms. Lahn:

I am the attorney for the secured creditor, Carrollton Bank, in the above-captioned collection matter.

Enclosed please find a Statement of Account and copies of invoices issued by Eisner Communications, Inc. for its account with Spirit Airlines for the period from 8/2/06 through 11/7/06. These documents were assembled by Eisner for Carrollton Bank at the said Bank's request in December, 2006.

The Eisner Statement of Account reflects a Total Amount due by Spirit Airlines to Eisner of $660,697.73.

The last payment check #673577, dated October 23, 2006, was received by Eisner from Spirit in October, 2006.

Please review these enclosures on behalf of your client as soon as you are able to do so and then give me a call to discuss payment of the same to Carrollton Bank, as secured creditor of Eisner.

I have also requested that my client contact Eisner and secure for you a list of printers, outside contractors, etc.

**EXHIBIT G**

Connie A. Lahn, Esq.
January 22, 2007
Page Two


that Eisner contracted with on Spirit's behalf so that you can
contact the same and determine what amounts, if any, Spirit owes
to such third-party contractors.

    Please feel free to call if you have any questions or
problems regarding this matter.

                            Very truly yours,

                            Robert J. Parsons, II

RJP,II/cmd
Enclosures

EISNER COMMUNICATIONS
ACCOUNTS RECEIVABLE

12/18/2006

# SPIRIT AIRLINES

| Invoice Date | Invoice Number | Job Number | Description | Amount |
|---|---|---|---|---|
| 08/02/06 | 20379 | 6607 | Service Fee | 26,400.00 |
| 08/02/06 | 20381 | 6620 | Marketplace Window Hosting | 710.00 |
| 08/18/06 | 20491 | 6870 | March 2006 - Red Light Special | (422.00) |
| 10/03/06 | 20802 | 7402 | TravelZoo Newsflash September | 14,025.00 |
| 10/03/06 | 20803 | 7382 | October 2006 Media Plan | 279,958.00 |
| 10/03/06 | 20805 | 7363 | Forward to a Friend | 1,360.00 |
| 10/13/06 | 20849 | 6607 | Service Fee | 26,400.00 |
| 10/19/06 | 20884 | 6620 | Marketplace Window Hosting | 710.00 |
| 10/30/06 | 20970 | 7444 | November 2006 Media Plan | 279,217.88 |
| 10/30/06 | 20971 | 6607 | Service Fee | 26,400.00 |
| 10/31/06 | 20975 | 6620 | Marketplace Window Hosting | 710.00 |
| 11/01/06 | 20987 | 6846 | Spirit March Baseline | 12,452.41 |
| 11/01/06 | 20988 | 7045 | May 2006 Sale | 4,560.38 |
| 11/01/06 | 20990 | 7096 | June 2006 Baseline | 16,678.77 |
| 11/01/06 | 20992 | 7180 | Default Ads | 363.97 |
| 11/07/06 | 21013 | 6971 | April 2006 - Sale Part 1 | (12,887.92) |
| 11/07/06 | 21014 | 7033 | May 2006 Baseline | (5,355.26) |
| 11/07/06 | 21015 | 7097 | June 2006 Sale | (10,583.50) |
| | | | Totals | 660,697.73 |

NOTE:  Last payment check # 673577 dated 10/23/06.

 eisner communications

Spirit Airlines                                        **Invoice :**        20379
Attention: Accounting: Maria Ramirez                   **Date :**         8/2/2006
2800 Executive Way
Miramar, FL  33025

## INVOICE

**Job Number:**    **006607**    Spirit Airlines Service Fee
August Service Fee                                                          $26,400.00

**Invoice Total:**    **$26,400.00**

 eisner communications

## *Invoice*

Spirit Airlines
Attention: Accounting: Maria Ramirez
2800 Executive Way
Miramar, FL 33025

**Invoice :** 20381
**Date :** 8/2/2006

**Job Number:** 6620    Marketplace Window Hosting/ Rackspace    **Budget Code: 60870-64100**

| Description | Amount |
|---|---|
| August Hosting | $710.00 |

| | |
|---|---|
| **Invoice Total:** | **$710.00** |

---

509 South Exeter Street  |  Baltimore, Maryland 21202  |  410-685-3390 PH  |  410-685-0387 FX  |  eisner-communications.com



P.O. Box 671337
Dallas, TX 75267-1337
U.S.A

*0020 Special*

| Customer Number: | 32235 |
| Invoice Number: | SP393590 |
| Invoice Date: | 09/01/06 |
| Invoice Currency: | USD ($) |

| Amount Due: | $ 1,420.00 |
| Due Upon Receipt | |

Eisner Interactive
Steven Gladstone
509 S. Exeter
Baltimore, MD 21202
UNITED STATES

Please detach here and return top portion with payment

# INVOICE

Page 1

| **Account Summary** | **Customer Number: 32235** |
|---|---|
| Eisner Interactive | |
| Steven Gladstone | Previous Balance | $ 710.00 |
| 509 S. Exeter | Payments & Credits | $ 0.00 |
| Baltimore, MD 21202 | Other Charges & Invoices | $ 0.00 |
| UNITED STATES | This Invoice SP393590 | $ 710.00 |
| | Total Account Balance Due | $ 1,420.00 |

| **Current Invoice Charges** | | | | **Invoice Number: SP393590** |
|---|---|---|---|---|
| Billing Cycle: 09/01/06 - 09/30/06 | | | | Invoice Date: 09/01/06 |
| September Hosting Fee (Including September bandwidth subscription) | Qty | Units | Unit Price | Total |
| Server Number 76362 | 1 | Month | $ 710.00 | $ 710.00 |
| | | | Subtotal | $710.00 |
| | | | Sales Tax | $ 0.00 |
| | | | Current Invoice Charges | $ 710.00 |

During the month of September, take advantage of our FREE Advanced Reporting & Monitoring Bundle (with an annual
value of $1980) when you have a net addition to your contract or when you renew your current Rackspace contract. Throughout
your entire tenure as a Rackspace customer you will receive both an Enhanced Monitoring tool - based on the complexity
of your configuration - and Urchin Web Analytics Software for free.
Your Account Manager or Business Development Consultant will assist you with contract renewal options, which may include this
offer or other upgrades: 1-800-961-4454.
••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••
Your Account Information is now available on-line. To view your invoice for the September billing cycle and verify your
address visit  http://my.rackspace.com/billing.php

Tax Payer Identification Number
74-2900680

Registered office: 2 Longwalk Road, Stockley Park, Uxbridge, UB11 1 BA
Registered in England No.3897010
VAT Registration No. GB 843 4735 17

Questions? Contact us with a support ticket on
my.rackspace.com or call us at the numbers to the right.

Rackspace Managed Hosting | P.O. Box 671337 | Dallas, TX 75267-1337 | U.S.A.
Toll Free: 1-800-961-4454 | Intl: 210-447-4600 | www.rackspace.com



**e i s n e r  c o m m u n i c a t i o n s**

## *Invoice*

Attention: Accounting: Maria Ramirez
Spirit Airlines
2800 Executive Way
Miramar, FL 33025

Invoice # :     20491
Date :     8/18/2006
Page :     1

Job #:  **006870**    *March 2006 - Red Light Specials Part*

| Description | Amount |
|---|---|
| Online Media Plan | -422.00 |
| **Invoice Total:** | **-422.00** |

# *Invoice*

<table>
<tr><td>Attention: Accounting: Maria Ramirez<br>Spirit Airlines<br>2800 Executive Way<br>Miramar, FL 33025</td><td><strong>Invoice:</strong> 20802<br><strong>Date :</strong> 10/3/2006<br><strong>Page :</strong> 1</td></tr>
</table>



**Job #:** *007402*     *Travel Zoo Newsflash '06*

| Description | Amount |
| --- | --- |
| Online Media Plan | 14,025.00 |
| | |
| **Invoice Total:** | **$14,025.00** |



Travelzoo Inc.
P.O. Box 391330
Mountain View, CA 94039-1330

# TRAVELZOO ®

Phone Number (650) 943-2410
Fax Number (650) 943-2433
e-mail: accounting@travelzoo-inc.com

| Sold To: | Eisner Interactive, Inc.<br>509 S. Exeter Street<br>Baltimore, MD 21202 |
|---|---|
| Attn: | Kirsten Ellison |

| Number: | IN14945 |
|---|---|
| Page: | 1 |
| Date: | 9/25/2006 |

| PO # | Customer No. | Insertion Order # | Terms Code |
|---|---|---|---|
| - | EISNER-01 | 16892.A | NET30 |

| Item No. | Description | Quantity | Unit Price | Amount |
|---|---|---|---|---|
| NEWSFLASH | 210,000 Newsflash E-mails<br>(Central Florida region)<br>50% OFF Promotion | 105,000 | 0.055 | 5,775.00 |
| NEWSFLASH | 150,000 Newsflash E-mails<br>(South Florida region)<br>50% OFF Promotion | 75,000 | 0.055 | 4,125.00 |
| NEWSFLASH | 150,000 Newsflash E-mails<br>(Michigan region)<br>50% OFF Promotion | 75,000 | 0.055 | 4,125.00 |

Comments: Spirit Airlines Advertising 9/25/06

| **Due Date** | **Amount Due** |
|---|---|
| 10/25/2006 | 14,025.00 |

**Remit To:**

Travelzoo Inc.
PO Box 391330
Mountain View, CA 94039-1330

| Total amount | 14,025.00 |
|---|---|
| Payment received | 0.00 |
| Amount due (in USD) | 14,025.00 |

Federal Tax I.D. #36-4415727

| Invoice |
|---|

## *Invoice*

Attention: Accounting: Maria Ramirez
Spirit Airlines
2800 Executive Way
Miramar, FL 33025

**Invoice # :**    20803-0
**Date :**    10/3/2006
**Page :**    1

COPY

*Job #:*   **007382**    *October 2006 Media Plan*      *Comp #: 01*    *October 2006 Media Plan*

| Description | Amount |
|---|---|
| Campaign Tracking & Analysis | 270,540.00 |
| Online Media Plan | 9,418.00 |
| **Invoice Total:** | **279,958.00** |



## *Invoice*

Attention: Accounting: Maria Ramirez
Spirit Airlines
2800 Executive Way
Miramar, FL  33025

| | |
|---|---|
| **Invoice:** | 20805 |
| **Date :** | 10/3/2006 |
| **Page :** | 1 |

*Job #:  007363*     *Forward To A Friend*

| Description | Amount |
|---|---|
| Web Design / Development | 1,360.00 |
| | |
| **Invoice Total:** | **$1,360.00** |



eisner communications

## *INVOICE*

Spirit Airlines
Attention: Accounting: Maria Ramirez
2800 Executive Way
Miramar, FL  33025

**Invoice:** 20849
**Date:** 10/13/2006

*Job Number: 006607 Spirit Airlines Service Fee*

| Description | Amount |
|---|---|
| October '06 Service Fee | $26,400.00 |
| **Invoice Total:** | **$26,400.00** |



eisner communications

## *INVOICE*

Spirit Airlines
Attention: Accounting: Maria Ramirez
2800 Executive Way
Miramar, FL  33025

| **Invoice:** | 20884 |
| --- | --- |
| **Date:** | 10/19/2006 |

**Job Number:** *006620 Marketplace Window Hosting—Rackspace*   **Budget Code: 60870-64100**

| Description | Amount |
| --- | --- |
| October '06 Hosting | $710.00 |
| **Invoice Total:** | **$710.00** |



eisner communications

## *INVOICE*

Spirit Airlines
2800 Executive Way
Miramar, FL 33025

Attention: Accounting: Maria Ramirez

**Invoice #:** 20970
**Date :** 10/30/2006
**Page :** 1

*Job Number:*    ***007444   November 2006 Media Plan***

| Description | Amount |
|---|---|
| Media Buyer | 279,217.88 |

| | |
|---|---|
| **Invoice Total:** | **$279,217.88** |



eisner communications

## *INVOICE*

Spirit Airlines
2800 Executive Way
Miramar, FL  33025
Attention: Accounting: Maria Ramirez

| | |
|---|---|
| **Invoice #:** | 20971 |
| **Date :** | 10/30/2006 |
| **Page :** | 1 |

**Job Number:**    *006607   Spirit Airlines Service Fee*

| **Description** | **Amount** |
|---|---|
| Service Fee | 26,400.00 |

| | |
|---|---|
| **Invoice Total:** | **$26,400.00** |



eisner communications

## *INVOICE*

Spirit Airlines
2800 Executive Way
Miramar, FL 33025
Attention: Accounting: Maria Ramirez

| | |
|---|---|
| **Invoice #:** | 20975 |
| **Date :** | 10/31/2006 |
| **Page :** | 1 |

*Job Number:*        *006620   Marketplace Window Hosting -*

| **Description** | **Amount** |
|---|---|
| Hosting- RackSpace- November | 710.00 |

| | |
|---|---|
| **Invoice Total:** | **$710.00** |

**eisner communications**

*INVOICE*

Spirit Airlines
2800 Executive Way
Miramar, FL  33025

Attention: Accounting: Maria Ramirez

| | |
|---|---|
| Invoice #: | 20987 |
| Date : | 11/1/2006 |
| Page : | 1 |

*Job Number:  006846      Spirit March Baseline*

| Description | Amount |
|---|---|
| Project Management | 12,452.41 |

| | |
|---|---|
| **Invoice Total:** | **$12,452.41** |

**e i s n e r   c o m m u n i c a t i o n s**

## INVOICE

Spirit Airlines
2800 Executive Way
Miramar, FL  33025
Attention: Accounting: Maria Ramirez

| | |
|---|---|
| **Invoice #:** | 20988 |
| **Date :** | 11/1/2006 |
| **Page :** | 1 |

**Job Number:  007045      May 2006 Sale**

| Description | Amount |
|---|---|
| Project Management | 4,560.38 |

| | |
|---|---|
| **Invoice Total:** | $4,560.38 |



**e i s n e r   c o m m u n i c a t i o n s**

## *INVOICE*

Spirit Airlines
2800 Executive Way
Miramar, FL  33025

Attention: Accounting: Maria Ramirez

| | |
|---|---|
| **Invoice #:** | 20990 |
| **Date :** | 11/1/2006 |
| **Page :** | 1 |

*Job Number: 007096      June 2006 Baseline*

| **Description** | **Amount** |
|---|---|
| Project Management | 16,678.77 |

| | |
|---|---|
| **Invoice Total:** | $16,678.77 |

# eisner communications

### *INVOICE*

Spirit Airlines
2800 Executive Way
Miramar, FL 33025

Attention: Accounting: Maria Ramirez

| | |
|---|---|
| Invoice #: | 20992-0 |
| Date : | 11/1/2006 |
| Page : | 1 |

**Job Number: 007180**      *Default Ads*

| Description | Amount |
|---|---|
| Photography/Art | 363.97 |

| Invoice Total: | $363.97 |
|---|---|

509 South Exeter Street  |  Baltimore, Maryland  21202  |  410-685-3390 PH  |  410-685-0387 FX  |  eisner-communications.com



Media Contacts

| Property | Contact | Phone | Email | Fax |
|---|---|---|---|---|
| 247 Media | Ji Kim | 212.231.7229 | ji.kim@247realmedia.com | 212.760.1707 |
| Advertising.com | Brian Tomesette | 410.454.0381 | btomesette@advertising.com | 410.244.8850 |
| AOL | Todd John | 703.265.3856 | toddjohn@aol.com | |
| Burst Media | John Babcock | (781) 852-5280 | jbabcock@burstmedia.com | (781) 852-8688 |
| CheapFlights | Denise Champagnie-Pope | +44 (0)20 7467 3553 | Denise.Champagnie-Pope@cheapflights.com | +44(0)20 7034 3201 |
| Echo Target | Greg Smith | 646-274-4119 | gsmith@echotarget.com | 646-274-4110 |
| LowestFare/Priceline | Toby Mckenna | 203-299-8435 | toby.mckenna@priceline.com | 203-299-8933 |
| Sherman's Travel | Sandy Haberman | (212) 417-9130 x114 | shaberman@shermanstravel.com | 212-417-9131 |
| SideStep | Krystal Woodworth | (408) 235-1700x110 | kwoodworth@sidestep.com | (408) 235-1717 |
| SmarterLiving | Colin Quigley | (617) 886-5542 | colin.quigley@smarterliving.com | (617) 886-5501 |
| Specific Media | Mark Evans | (561) 995-8507 | mevans@specificmedia.com | (775) 878-5310 |
| TravelZoo | Jim Allen | (305) 913-3409 | jallen@travelzoo-inc.com | (305) 913-3401 |
| TripAdvisor | Brian Schuster | (781) 444-1113 x251 | brian@tripadvisor.com | (781) 444-7767 |
| Tribal Fusion | Scott Waxenberg | 914-690-9665 | scott.wax@tribalfusion-corp.com | 443-331-0310 |
| Underone Network | Jeremy Wallace | (212) 685-8000 , ext. 135 | jeremy@undertone-inc.com | (212) 685-8001 |
| ValueClick | Alex Bengzon | 212.471.9551 | abengzon@valueclick.com | 775.257.1519 |
| Weather.com | Cathy Ryan | (770) 226-2802 | cryan@weather.com | (770) 226-2753 |

**EXHIBIT H**

Case 0:07-cv-60389-CMA Document 56-3 Filed 05/29/2007 Page 32 of 59





**HOTwire.com®**

REMIT TO:

Attn: Accounts Receivable Dep
Hotwire
333 Market Street, Suite 100
San Francisco CA 94105

Bill To:

Attn: Accounts Payable
EISNER COMMUNICATIONS
The Finance Department
509 S.Exeter Street
Baltimore MD 21202

| Invoice | |
|---|---|
| NUMBER | NL1306 |
| DATE | 24-OCT-06 PAGE 1 of 1 |
| PURCHASE ORDER NUMBER | |
| OUR REFERENCE | |
| SALES ORDER NUMBER 64 | |
| CUSTOMER NUMBER 00307 | |
| | LOCATION 8527 |

| TERMS | DUE DATE | SALESPERSON | CUSTOMER CONTACT | SHIP DATE | SHIP VIA | SHIPPING REFERENCE |
|---|---|---|---|---|---|---|
| 30 NET | 28-NOV-06 | Roberts | | | | |

| ITEM NO. | | | QUANTITY | | | | | |
|---|---|---|---|---|---|---|---|---|
| | | ORDERED | BACK ORD. | SHIPPED | UNIT PRICE | TAX | EXTENDED AMOUNT |
| 1 | Invoice | 1 | | 1 | 9,000.00 | 0.00 | 9,000.00 |
| | East Coast | | | | | | |

SPECIAL INSTRUCTIONS: Newsletter mailing date: 18-OCT-06. Please include invoice number on the copy of check.

| SUBTOTAL | TAX | SHIPPING | TOTAL |
|---|---|---|---|
| 9,000.00 | 0.00 | 0.00 | 9,000.00 |
| | | | Currency: USD |

EXHIBIT I

**EXHIBIT**

# ROGERS, MOORE and ROGERS, LLP
### Attorneys at Law

WILLIAM C. ROGERS (1921-1970)

WILLIAM C. ROGERS JR.
W. CHARLES ROGERS, III

ROBERT JAMES PARSONS, II
BRIAN N. ROGERS
M. RAMSAY BELL

SIX SOUTH CALVERT
BALTIMORE, MD 21202
(410) 727-4456
FAX (443) 524-0835

February 2, 2007

Connie A. Lahn, Esq.
Fafinski Mark & Johnson, P.A.
Flagship Corporate Center
775 Prairie Center Drive, Suite 400
Eden Prairie, MN 55344

RE:  Eisner Communications, Inc., Vendor
     Spirit Airlines, Vendee
     Carrollton Bank, Secured Creditor

Dear Ms. Lahn:

As you are aware, I am the attorney for the secured
creditor, Carrollton Bank ("Bank"), in the above-captioned
collection matter.

Enclosed please find two (2) invoices recently provided to
the Bank by Sara Eisner, Senior Vice President of Eisner
Communications, Inc., for the account of Spirit Airlines for
advertising, etc. in a total amount shown due of $18,524.70.
The parties to whom these invoices are owed are reflected at the
top of each invoice.

The Bank will consent to a direct full-dollar set-off of
the full amount of the enclosed invoices by Spirit Airlines
against the balance of $660,697.73 it owes to Eisner, now
payable to Eisner's secured creditor, Carrollton Bank.

Please feel free to call if you have any questions or
problems regarding this matter.

Very truly yours,

Robert J. Parsons, II

RJP,II/cmd
Enclosures

**EXHIBIT J**

01/29/2007  15:28     5152512494              TRAVEL_MKTG                          PAGE  02

# Invoice

Travel Marketing Group, Inc.
5525 Meredith    Suite C
Des Moines, IA  50310

Invoice Number:
4539

Invoice Date:
1/23/06

Page:
1

Voice:   (515) 251-2687
Fax:     (515) 251-7424

Sold To:
  EISNER INTERACTIVE
  509 S EXETER STREET
  BALTIMORE, MD  21202

Customer ID: EISNER

| Customer PO | Payment Terms | Sales Rep ID | Due Date |
|---|---|---|---|
| PAM GALEONE | Net Due | | 1/23/06 |

| Description | Amount |
|---|---|
| ADVERTISING      DECEMBER 2005      TRAVEL MEDIA NETWORK | 97.96 |
| CLIENT:  SPIRIT AIRLINES | |
| IMPRESSIONS DELIVERED:  30,629 | |

| | |
|---|---|
| Subtotal | 97.96 |
| Sales Tax | |
| Total Invoice Amount | 97.96 |
| Payment/Credit Applied | |
| **TOTAL** | 97.96 |

Check/Credit Memo No:

# Statement

SideStep, Inc.

2980 Bowers Ave.
Santa Clara, CA  95051

| Date |
|------|
| 1/29/2007 |

| To: |
|-----|
| Eisner Communications<br>Attn: Accounts Payable<br>509 South Exeter St.<br>Baltimore, MD 21202 |

| | Amount Due | Amount Enc. |
|---|---|---|
| | $18,426.74 | |

| Date | Transaction | Amount | Balance |
|------|-------------|--------|---------|
| 09/30/2006 | Spirit Airlines Q3-Q4 2006-<br>INV #42109. Due 10/30/2006. Orig. Amount $10,293.25.<br>--- Flight 228x80, 45.47 @ $10.20 = 463.79<br>--- Flight 180x150, 181.124 @ $10.20 = 1,847.46<br>--- Email weekly Specials Text Link, 1 @ $4,250.00 = 4,250.00<br>--- Deals Standard Text Link, 7,464 @ $0.50 = 3,732.00<br>---<br>--- Billing period 9/1/06-9/30/06 | 10,293.25 | 10,293.25 |
| 10/31/2006 | INV #42408. Due 11/30/2006. Orig. Amount $8,133.49.<br>--- Flight 228x80, 27.438 @ $10.20 = 279.87<br>--- Flight 180x150, 109.129 @ $10.20 = 1,113.12<br>--- Email weekly Specials Text Link, 1 @ $4,250.00 = 4,250.00<br>--- Deals Standard Text Link, 4,981 @ $0.50 = 2,490.50<br>---<br>--- Billing period 10/1/06-10/31/06 | 8,133.49 | 18,426.74 |

| CURRENT | 1-30 DAYS PAST DUE | 31-60 DAYS PAST DUE | 61-90 DAYS PAST DUE | OVER 90 DAYS PAST DUE | Amount Due |
|---------|--------------------|--------------------|--------------------|-----------------------|------------|
| 0.00 | 0.00 | 8,133.49 | 0.00 | 10,293.25 | $18,426.74 |



EXHIBIT

_K_

# ROGERS, MOORE and ROGERS, LLP

### Attorneys at Law

<u>WILLIAM C. ROGERS (1921-1970)</u>

WILLIAM C. ROGERS JR.
W. CHARLES ROGERS, III

———————

ROBERT JAMES PARSONS, II
BRIAN N. ROGERS
M. RAMSAY BELL

SIX SOUTH CALVERT
BALTIMORE, MD 21202
(410) 727-4456
FAX (443) 524-0835

February 8, 2007

RECEIVED FEB 1 2 2007

Connie A. Lahn, Esq.
Fafinski Mark & Johnson, P.A.
Flagship Corporate Center
775 Prairie Center Drive, Suite 400
Eden Prairie, MN  55344

RE:   Eisner Communications, Inc., Vendor
      Spirit Airlines, Vendee
      Carrollton Bank, Secured Creditor

Dear Ms. Lahn:

     Enclosed please find copies of a facsimile transmission sheet, demand
letter, Advertising.com statement, and New York Judicial Decisions, which was
received by Sara Eisner of Eisner Communications, Inc. on or about February
1, 2007.  Mrs. Eisner is attempting, at the Bank's request, to locate all
venders who are owed money for advertising work done for Spirit Airlines, at
the request of Eisner Communications, Inc.  The total amount claims as due on
the Advertising.com, Inc. statement is $292,739.06.  The party to whom the
said statement is owed is alleged to be Advertising.com, Inc.

     With respect to the legal analysis contained in the enclosed demand
letter of Martin S. Cole, Esq., the secured creditor does not necessarily
agree with his conclusions and Carrollton Bank feels that the results under
Maryland Agency Law may be different then alleged by Mr. Cole.

     Given this rather large invoice that has popped up recently, we
probably should now discuss alternatives to the dollar-for-dollar set-off
arrangement, earlier proposed by Carrollton Bank.  Such an alternative
payment mechanism would be a Complaint for Interpleader.

     Please give me a call to discuss this matter further at your
convenience.

                              Very truly yours,

                              Robert J. Parsons, II

RJP,II/cmd
Enclosures

**EXHIBIT K**

# MARTIN S. COLE
# LAW OFFICES

## 67 Wall Street, 22nd Floor
## New York, NY 10005-3111
### Tel.: (212) 929-0606 • Fax: (212) 608-7266

## VIA FACSIMILE TRANSMISSION

**TRANSMIT TO:**    410-625-0355

**ADDRESSEE:**    Eisner Communications/Interactive, et al

**DATE:**    February 1, 2007

**RE:**    Advertising.com Inc.
               v.
    Eisner Communications/Interactive

**OUR FILE NO.:**    ACHSS293CB

**TOTAL NO. OF PAGES (INCLUDING THIS TRANSMITTAL PAGE):** 11

**REMARKS: PLEASE SEE ATTACHED.**

## CONFIDENTIALITY NOTE

The documents accompanying this telecopy transmission contain information from the Law Firm of Martin S. Cole which is confidential and/or legally privileged. The information is intended only for the use of the individual or entity named on this transmission sheet. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or the taking of any action in reliance on the contents of this telecopied information is strictly prohibited. Also if you are not the intended recipient, please contact us, so as to allow us to arrange for the documents to be returned to us at no cost to you.

# MARTIN S. COLE
## LAW OFFICES
### 67 WALL STREET, 22nd FLOOR
### NEW YORK, NY 10005-3111
Tel.: (212) 929-0606  Fax: (212) 608-7266

February 1, 2007

<u>WITHOUT PREJUDICE AND FOR
SETTLEMENT PURPOSES ONLY.</u>

Eisner Communications/Interactive, et al

Via facsimile transmission to:  410-625-0355

Re:   Advertising.com Inc.
v.
Eisner Communications/Interactive
Advertiser:  Spirit Airlines

Our File No.:  ACHSS293CB
Amount Due: $292,739.06

Gentlemen/Ladies:

I was previously in communication with your then-attorney, James B. Astrachan, Esq. However, he informs me that he does not any longer represent the Eisner entity/entities.

My client, Advertising.com, informs me it received a cryptic telephonic message from a woman, requesting certain documentation supporting my client's claim against Eisner, et al.

The woman, according to my client, did not identify herself or her company/entity/firm, but merely provided my client with this fax number (410-625-0355).

Inasmuch as there are several potential party defendants pertinent to this matter, I respectfully request that upon receipt of this communication, you contact this office, as litigation counsel for Advertising.com, Inc., and identify yourself/your entity. Alternatively, you may fax to this office your request on your letterhead.

I am enclosing, for your edification, a copy of the Decisions of the Supreme Court, Appellate Division, First Department, dated March 8, 2005 (*News America Marketing Inc. v. Lepage Bakeries Inc.*).

I represented News America Marketing Inc. (News America) with regard to the original judgment (December 2003) and through the appeal process. News America was the publisher/judgment creditor, while Lepage Bakeries Inc. (Lepage) was the advertiser.

Page 2
Eisner Communications/Interactive, et al
February 1, 2007

Lepage claimed that it had paid its agent (McDonald Communications) with regard to the advertising published by News America.

McDonald Communications eventually filed a bankruptcy petition, amid claims of fraud, which were filed by Lepage and other creditors.

News America decided to proceed with litigation against the advertiser, Lepage. Judgment was obtained against Lepage in December 2003, in the amount of $132K against a principal amount of $95K.

Lepage decided to appeal the judgment, and the enclosed Decisions of March 8, 2005, are the result of said appeal. Essentially, the Supreme Court, Appellate Division, First Department affirmed the original judgment, and further held that the advertiser (Lepage) was liable with regard to the actions of its agent (McDonald Communications), whether those actions were lawful or unlawful, and whether or not Lepage paid McDonald Communications with regard to the media insertions.

Naturally, Lepage reserved its rights with reference to pursuing the principals of McDonald Communications with regard to breach of the corporate fiduciary trust, as Lepage claimed to have paid McDonald Communications in full with regard to the specific media insertions.

Inasmuch as the Supreme Court, Appellate Division ruled in favor of my client, News America, I did not continue to follow any of the actions brought by Lepage against McDonald Communications and its principals. Accordingly, I am not privy to what transpired, if anything. However, I understand Spirit Airlines has paid Eisner with regard to the media insertions/advertising campaign that was published (via the Internet) by Advertisng.com Inc. (my client). Hence, my client reserves the right to proceed against any and all liable parties for the entire amount due, statutory legal costs, disbursements and interest, in the event this matter is not resolved to our satisfaction.

I have been instructed to prepare to commence litigation in the next 10 – 14 days. In the event you feel this matter can be resolved during this time, I respectfully request that you immediately contact this office with the details.

In the event you are not legal counsel for Eisner and/or its principals, I respectfully request that you immediately provide me with the name, address and telephone number of Eisner's legal counsel by return telefax.

Notwithstanding the above, I am enclosing herein a statement of account pertinent to this matter. Please note the time line, especially as it pertains to Eisner "closing its doors", and especially as it relates to the dates of the outstanding and unpaid invoices.

Inasmuch as the Insertion Order/contract, Terms and Conditions, and the invoices are voluminous, it is not prudent to fax same to you. Hence, I again request that you provide me with your firm's name, address, telephone number and fax. In the event you require copies of the Insertion Order/contract (with Terms and Conditions) and the outstanding and unpaid invoices, I will proceed to send same to you via Priority Mail, or the like.

Page 3
Eisner Communications/Interactive, et al
February 1, 2007

In such event as I do not receive a response from you within the next ten (10) days, I will proceed as previously described and without further notice. Kindly note that I reserve the right to effectuate service of legal process via the appropriate Secretary of State, as provided by law.

Thank you in advance for your cooperation.

Very truly yours,

MARTIN S. COLE

Dictated, but not read.

MSC:dd

# Statement

## Advertising•com™

Date November 13, 2006

Page 1

To:

Eisner Interactive
Triste Smith
509 South Exeter Street
Baltimore, MD 21202

Send Payment To:

Advertising.com
P.O. Box 630353
Baltimore, Maryland 21263-0353

| Document Number | Date | Description | Amount | Running Balance |
|---|---|---|---|---|
| INV17760 | 06/30/2006 | Spirit Airlines | $ 59,867.05 | $ 59,867.05 |
| PMT013359 | 10/25/2006 | Spirit Airlines | $ -23,620.10 | $ 36,246.95 |
| INV18171 | 07/31/2006 | Spirit Airlines | $ 54,665.50 | $ 90,912.45 |
| INV18375 | 08/31/2006 | Spirit Airlines | $ 84,305.72 | $ 175,218.17 |
| INV19025 | 09/30/2006 | Spirit Airlines | $ 48,549.21 | $ 223,767.38 |
| INV19328 | 10/31/2006 | Spirit Airlines | $ 68,971.68 | $ 292,739.06 |
| | | | Amount Due: | $ 292,739.06 |

SUPREME COURT, APPELLATE DIVISION
FIRST DEPARTMENT

MARCH 8, 2005

THE COURT ANNOUNCES THE FOLLOWING DECISIONS:

Tom, J.P., Andrias, Sullivan, Ellerin  Sweeny, JJ.

4550-
4550A        News America Marketing, Inc.,
                 Plaintiff-Respondent,

                    -against-

             Lepage Bakeries, Inc.,
                 Defendant-Appellant.

Pearce & Luz, LLP, New York (Thomas J. Luz of counsel), for
appellant.

Martin S. Cole, New York, for respondent.

        Judgment, Supreme Court, New York County (Barbara R.

Kapnick, J.), entered December 22, 2003, which awarded plaintiff

damages in the total amount of $132,436, unanimously affirmed,

without costs.  Appeal from order, same court and Justice,

entered on or about December 4, 2003, which granted plaintiff's

motion for summary judgment, unanimously dismissed, without

costs, as subsumed within the appeal from the judgment.

        Defendant seeks to avoid payment of $95,645.75 for

advertising materials printed by plaintiff on the ground that the

disputed sum was paid to defendant's agent, nonparty McDonald

Communications, which subsequently declared bankruptcy. The advertising insert orders and invoices received by defendant from plaintiff are addressed to McDonald Communications "AS AGENT FOR Le Page Bakeries." Thus, it is clear from these documents that McDonald acted as the agent for a disclosed principal, which is responsible to make payment for goods and services purchased by its agent within the exercise of the agent's express or implied authority (*Tobron Off. Furniture Corp. v King World Prods.*, 161 AD2d 355, 356 [1990]).

The rule is firmly established that "an agent for a disclosed principal 'will not be personally bound unless there is clear and explicit evidence of the agent's intention to substitute or superadd his personal liability for, or to, that of his principal'" (*Savoy Record Co. v Cardinal Export Corp.*, 15 NY2d 1, 4 [1964], quoting *Mencher v Weiss*, 306 NY 1, 4 [1953]; see also *Yellow Book of N.Y. v DePante*, 309 AD2d 859 [2003]). There is no evidence proffered to indicate that McDonald agreed to assume defendant's liability. Defendant nonetheless seeks to elude established precedent, arguing that the custom and usage of the advertising industry has evolved to embrace the concept of "sequential liability," whereby "the agency is solely liable for payment of all media invoices if the agency has been paid for those services by the advertiser."

2

The issue confronting this Court is the purely legal question of whether the consequences of a default by an agent, acting for a disclosed principal, should be borne by the principal or the vendor engaged by the agent to supply goods and services to the principal. Generally, principals are liable for the acts of their agents performing within the scope of their apparent authority. As noted in *American Socy. of Mech. Engrs. v. Hydrolevel Corp.* (456 US 556, 566 [1982]):

> "a principal is liable for an agent's fraud though the agent acts solely to benefit himself, if the agent acts with apparent authority. Similarly, a principal is liable for an agent's misrepresentations that cause pecuniary loss to a third party, when the agent acts within the scope of his apparent authority." (Internal citations omitted.).

To overcome the established rule that a creditor is generally constrained to seek payment only from the agent's principal (see *Stoner Broadcasting of New York v K.L. & Spitler*, 87 AD2d 909 [1982]), defendant offers the affidavit of an expert witness, who opines that the custom and usage of the advertising industry supports "sequential liability." The expert states, "Sequential liability would endorse the fact that when the advertiser pays the agency it has no further liability to the media entity."

The proffered expert testimony must be rejected on several

3

grounds. What defendant misapprehends is that evidence of current industry practice is only "admissible to explain the meaning of terms used in any particular trade, when their meaning is material to construe the contract" (Smith v Clews, 114 NY 190, 193 [1889]). For example, in Zukarov v Register.com (304 AD2d 176, 179 [2003]), a case relied upon by defendant, the question confronting this Court was the meaning to be attributed to the term "registration" as it applied to an Internet domain name. Similarly, in Paz v Singer Co. (151 AD2d 234, 235-236 [1989]), we noted that a photographer who provided prints to the defendant under an express agreement was not barred from attempting to establish, "by operation of law or by virtue of the implicit understanding of the parties with respect to the custom and usage of the trade," that ownership of the negatives, as to which the contract was silent, vested in the photographer.

The matter at bar involves no contractual ambiguity or omission, only a well-settled question of law; thus, defendant's assertion that a "contract must be construed according to the custom and usage prevailing in a particular trade" (Edison v Viva Intl., 70 AD2d 379, 383 [1979]) is inapt. Furthermore, the proffered testimony purports to decide a legal issue that is central to the ultimate disposition of the case. As we stated in Singh v Kolcaj Realty Corp. (283 AD2d 350, 351 [2001]), "Where

4

the offered proof intrudes upon the exclusive prerogative of the court to render a ruling on a legal issue, the attempt by a [party] to arrogate to himself a judicial function under the guise of expert testimony will be rejected." Finally, we have previously ruled that the particular capacity in which a party functions -- either as agent or principal -- "is fundamental to the relationship of the parties and does not come within the scope of the exceptions for either explanation or supplementation permitted pursuant to the parol evidence rule (UCC 2-202)" (Raj Jewelers v Dialuck Corp., 300 AD2d 124, 126 [2002]).

There is no merit to defendant's contention that summary judgment was improperly granted because its request for "documents relevant to Lepage's defense of industry custom and practice" received no response from plaintiff. Significantly, defendant not only opposed plaintiff's summary judgment motion but cross-moved for dismissal of the complaint (CPLR 3212). By doing so, defendant represented not merely that the proof of record was inadequate to warrant judgment in plaintiff's favor, but that the evidence was sufficient to require summary dismissal. The grant of summary judgment is the procedural equivalent of a trial (Falk v Goodman, 7 NY2d 87, 91 [1959]). By moving for accelerated judgment, a party submits the case for disposition on the record evidence, and the propriety of the

5

court's decision will be reviewed on the basis of that same evidence. It is settled that an appellate court is bound by the record (*Block v Nelson*, 71 AD2d 509 [1979]), and, absent matter that is subject to judicial notice, review is limited to the evidence before the motion court (*Broida v Bancroft*, 103 AD2d 88, 93 [1984]; see also *Becker v City of New York*, 249 AD2d 96, 98 [1998]). As we stated in *Ritt v Lenox Hill Hosp.* (182 AD2d 560, 562 [1992]), "If a movant, in preparation of a motion for summary judgment, cannot assemble sufficient proof to dispel all questions of material fact, the motion should simply not be submitted." Having submitted an application for judgment on the record, defendant will not be heard to complain that the record was insufficient to support the disposition of its motion.

THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.

ENTERED: MARCH 3, 2005

*Catherine O'Hagan Wolfe*
CLERK

6



# ROGERS, MOORE and ROGERS, LLP

*Attorneys at Law*

WILLIAM C. ROGERS (1921-1970)

WILLIAM C. ROGERS JR.
W. CHARLES ROGERS, III
_____

ROBERT JAMES PARSONS, II
BRIAN N. ROGERS
M. RAMSAY BELL

SIX SOUTH CALVERT
BALTIMORE, MD 21202
(410) 727-4456
FAX (443) 524-0835

February 9, 2007

RECEIVED FEB 1 2 2007

Connie A. Lahn, Esq.
Fafinski Mark & Johnson, P.A.
Flagship Corporate Center
775 Prairie Center Drive
Suite 400
Eden Prairie, MN 55344

RE:  Spirit Airlines, Inc., Vendee
     Eisner Communications, Inc., Vendor
     Carrollton Bank, Secured Creditor

Dear Mr. Lahn:

I am in receipt of your letter of February 8, 2007 regarding the above-captioned matter and I have reviewed same. I have discussed the same with my client, Carrollton Bank, and have been authorized by the Bank to respond to you as follows:

1.  The Bank will not agree to indemnify Spirit against liability to third-party vendors hired for Spirit by Eisner, as such potential liability for each indemnification is wholly unknown and unliquidated.

2.  The Bank does not consent to a direct full dollar set-off for the invoice to Spirit from Tribal Fusion in the sum of $47,867.60.  This is no longer a feasible approach as other vendors have recently surfaced and the Eisner records are incomplete.

3.  The Bank does not consent to a direct dollar set-off for the Hotwire.com invoice in the amount of $9,000.0 sent to Spirit for the same reasons as stated above in #2.

**EXHIBIT L**

Connie A. Lahn, Esq.
February 9, 2007
Page Two

    4.  The Bank requests that Spirit Airlines, Inc. provide it
with an invoice reconciliation so that the actual amount owed by
Spirit to Eisner can be calculated and paid, hopefully amicably.

    5.  The Bank plans to continue to provide to Spirit any
documentation that is given to it by Eisner regarding third-
party vendor obligations concerning Spirit.  The Bank cannot, of
course, verify the accuracy or amount of such invoices given to
it by Eisner, but will promptly forward the same to Spirit for
such verification and payment or rejection thereof.

    By way of suggestion to resolve this complicated matter,
the Bank suggests to Spirit that it consider the idea of paying
into court, state, or federal the money that is determined to be
due and payable to vendors, Eisner, and/or the Bank by means of
a Complaint for Interpleader.  The stakeholder, Spirit, would
name all vendors, etc. as party defendants, give them notice of
the suit, pay the money determined to be owed into court, and
require the various claimants thereto to "fight it out in court"
among themselves for the money.  See Fed. Rule Civ. Pro., 22 and
Form 18 thereunder.

    If Spirit acts so as to plead interpleader in the Federal
Court here in Maryland, this law firm would provide Spirit with
full logistical support to get the case filed, notice given,
etc. in a cooperative effort to get this thorny issue resolved.

    Please let me have your feelings and thoughts regarding the
interpleader theory.

                   Very truly yours,

                   *Robert J. Parsons, II*

                   Robert J. Parsons, II

RJP,II/mme
cc:  Robert A. Altieri

**EXHIBIT**

M

# February 28 Reconcilation

| Amount | Invoice | Invoice Date | True Value | Notes |
|---|---|---|---|---|
| $710.00 | 81648020884 | 10/19/2006 | $710.00 | |
| $26,400.00 | 81648220849 | 10/13/2006 | $26,400.00 | |
| $1,360.00 | 81648320805 | 10/3/2006 | $1,360.00 | |
| $14,025.00 | 81648420802 | 10/3/2006 | $14,025.00 | |
| $279,958.00 | 81648720803 | 10/3/2006 | $279,958.00 | |
| $12,452.41 | 81969720987 | 11/1/2006 | $12,452.41 | |
| ($10,583.50) | 81969821015 | 11/7/2006 | ($10,583.50) | |
| $4,560.38 | 81969920988 | 11/1/2006 | $4,560.38 | |
| $710.00 | 81970020975 | 10/31/2006 | $710.00 | |
| $16,678.77 | 81970120990 | 11/1/2006 | $16,678.77 | |
| ($12,887.92) | 81970221013 | 11/7/2006 | ($12,887.92) | |
| ($5,355.26) | 81970321014 | 11/7/2006 | ($5,355.26) | |
| $279,217.88 | 81981620970 | 10/30/2006 | $120,994.41 | Payment through Nov 13 based on Eisner dissolving (invoice amounts outstanding beyond that date paid by Siquis) |
| $26,400.00 | 81981720971 | 10/30/2006 | $8,800.00 | Payment through Nov 10 based on Eisner dissolving (no services were rendered beyond this date) |
| $363.97 | 81981820992 | 11/1/2006 | $363.97 | |
| | | | **$458,186.26** | |

EXHIBIT M

| Vendor | Date | Check # | Invoice # | Inv. Date | Amount | | |
|---|---|---|---|---|---|---|---|
| EISNER COMMUNICATIONS | 11/2/2005 | 245485 | 17376-0 | 9/26/2005 | $5,040.00 | CK | VO |
| EISNER COMMUNICATIONS | 1/3/2006 | 249632 | 18076-0 | ###### | $4,800.00 | CK | VO |
| EISNER COMMUNICATIONS | 1/3/2006 | 249632 | 18075-0 | 12/6/2005 | $4,800.00 | CK | VO |
| EISNER COMMUNICATIONS | 1/3/2006 | 249632 | 18151-0 | ###### | $9,983.00 | CK | VO |
| EISNER COMMUNICATIONS | 1/3/2006 | 249632 | 18251-0 | ###### | ###### | CK | VO |
| EISNER COMMUNICATIONS | 1/3/2006 | 249632 | 18252-0 | ###### | ###### | CK | VO |
| EISNER COMMUNICATIONS | 1/3/2006 | 249632 | 18340-0 | ###### | ###### | CK | VO |
| EISNER COMMUNICATIONS | 1/12/2006 | 250521 | 17929-0 | ###### | $760.00 | CK | VO |
| EISNER COMMUNICATIONS | 1/12/2006 | 250521 | 17980-0 | ###### | ###### | CK | VO |
| EISNER COMMUNICATIONS | 1/12/2006 | 250521 | 18052-0 | ###### | $2,640.00 | CK | VO |
| EISNER COMMUNICATIONS | 1/12/2006 | 250521 | 18059-0 | ###### | ###### | CK | VO |
| EISNER COMMUNICATIONS | 1/12/2006 | 250521 | 18110-0 | ###### | ###### | CK | VO |
| EISNER COMMUNICATIONS | 1/19/2006 | 250960 | 18334-0 | ###### | ###### | CK | VO |
| EISNER COMMUNICATIONS | 1/26/2006 | 251845 | 18530-0 | 1/6/2006 | ###### | CK | VO |
| EISNER COMMUNICATIONS | 1/26/2006 | 251845 | 18528-0 | 1/6/2006 | ###### | CK | VO |
| EISNER COMMUNICATIONS | 1/26/2006 | 251845 | 18512-0 | 1/6/2006 | $460.00 | CK | VO |
| EISNER COMMUNICATIONS | 1/26/2006 | 251845 | 18506-0 | 1/6/2006 | $460.00 | CK | VO |
| EISNER COMMUNICATIONS | 2/2/2006 | 252592 | 18418-0 | 1/3/2006 | $4,080.00 | CK | VO |
| EISNER COMMUNICATIONS | 2/9/2006 | 252916 | 18417-0 | 1/6/2006 | ###### | CK | VO |
| EISNER COMMUNICATIONS | 2/9/2006 | 252916 | 18527-00 | 1/12/2006 | ###### | CK | VO |
| EISNER COMMUNICATIONS | 2/16/2006 | 253558 | 18740-0 | 2/1/2006 | $4,800.00 | CK | VO |
| EISNER COMMUNICATIONS | 2/23/2006 | 254393 | 18903-0 | 1/23/2006 | $388.97 | CK | VO |
| EISNER COMMUNICATIONS | 2/23/2006 | 254393 | 18789-0 | 1/23/2006 | $89.99 | CK | VO |
| EISNER COMMUNICATIONS | 2/23/2006 | 254393 | 18790-0 | 2/3/2006 | $89.99 | CK | VO |
| EISNER COMMUNICATIONS | 2/23/2006 | 254393 | 18928-0 | 2/3/2006 | $229.00 | CK | VO |
| EISNER COMMUNICATIONS | 2/23/2006 | 254393 | 18929-0 | 2/3/2006 | $134.99 | CK | VO |
| EISNER COMMUNICATIONS | 3/9/2006 | 255213 | 18930-0 | 1/25/2006 | ###### | CK | VO |
| EISNER COMMUNICATIONS | 3/9/2006 | 255213 | 18855-0 | 1/25/2006 | ###### | CK | VO |
| EISNER COMMUNICATIONS | 3/9/2006 | 255213 | 18851-0 | 1/24/2006 | ###### | CK | VO |
| EISNER COMMUNICATIONS | 3/9/2006 | 255213 | 18819-0 | 1/11/2006 | $1,042.10 | CK | VO |
| EISNER COMMUNICATIONS | 3/16/2006 | 256098 | 18737-0 | 2/9/2006 | $460.00 | CK | VO |
| EISNER COMMUNICATIONS | 3/16/2006 | 256098 | 19034-0 | 2/3/2006 | ###### | CK | VO |
| EISNER COMMUNICATIONS | 3/16/2006 | 256098 | 18927-0 | 1/31/2006 | ###### | CK | VO |
| EISNER COMMUNICATIONS | 3/16/2006 | 256098 | 18896-0 | 2/9/2006 | ###### | CK | VO |
| EISNER COMMUNICATIONS | 3/23/2006 | 256693 | 19033-0 | 2/9/2006 | $324.96 | CK | VO |
| EISNER COMMUNICATIONS | 3/23/2006 | 256693 | 19032-0 | 2/9/2006 | ###### | CK | VO |
| EISNER COMMUNICATIONS | 4/6/2006 | 257898 | 19361-0 | 3/15/2006 | $1,344.74 | CK | VO |

| Vendor | Date | Ref | Invoice | Date | Amount | | |
|---|---|---|---|---|---|---|---|
| EISNER COMMUNICATIONS | 4/6/2006 | 257898 | 19360-0 | 3/15/2006 | $146.35 | CK | VO |
| EISNER COMMUNICATIONS | 4/6/2006 | 257898 | 19333-0 | 3/14/2006 | $710.00 | CK | VO |
| EISNER COMMUNICATIONS | 4/6/2006 | 257898 | 19332-0 | 3/14/2006 | $250.00 | CK | VO |
| EISNER COMMUNICATIONS | 4/13/2006 | 258484 | 19365-0 | 3/15/2006 | ######## | CK | VO |
| EISNER COMMUNICATIONS | 4/13/2006 | 258484 | 19367-0 | 3/15/2006 | ######## | CK | VO |
| EISNER COMMUNICATIONS | 4/13/2006 | 258484 | 19366-0 | 3/15/2006 | ######## | CK | VO |
| EISNER COMMUNICATIONS | 4/20/2006 | 259193 | 19401-0 | 3/23/2006 | $250.00 | CK | VO |
| EISNER COMMUNICATIONS | 4/20/2006 | 259193 | 19399-0 | 3/23/2006 | $8,600.00 | CK | VO |
| EISNER COMMUNICATIONS | 4/20/2006 | 259193 | 19400-0 | 3/23/2006 | ######## | CK | VO |
| EISNER COMMUNICATIONS | 4/27/2006 | 259665 | 19094-0 | 2/16/2006 | $89.99 | CK | VO |
| EISNER COMMUNICATIONS | 4/27/2006 | 259665 | 19165 | 2/23/2006 | ######## | CK | VO |
| EISNER COMMUNICATIONS | 4/27/2006 | 259665 | 19166 | 2/23/2006 | $224.98 | CK | VO |
| EISNER COMMUNICATIONS | 4/27/2006 | 259665 | 19188-0 | 2/27/2006 | ######## | CK | VO |
| EISNER COMMUNICATIONS | 4/27/2006 | 259665 | 19189-0 | 2/27/2006 | ######## | CK | VO |
| EISNER COMMUNICATIONS | 4/27/2006 | 259665 | 19364-0 | 3/15/2006 | ######## | CK | AD |
| EISNER COMMUNICATIONS | 4/27/2006 | 259665 | 19363-0 | 3/15/2006 | ######## | CK | AD |
| EISNER COMMUNICATIONS | 4/27/2006 | 259665 | 19362-0 | 3/15/2006 | ######## | CK | AD |
| EISNER COMMUNICATIONS | 4/27/2006 | 259665 | 19331-0 | 3/15/2006 | ######## | CK | AD |
| EISNER COMMUNICATIONS | 5/3/2006 | 259792 | 19555 | 4/17/2006 | $710.00 | CK | VO |
| EISNER COMMUNICATIONS | 5/3/2006 | 259792 | 19556 | 4/17/2006 | $159.00 | CK | VO |
| EISNER COMMUNICATIONS | 5/3/2006 | 259792 | 19465 | 3/31/2006 | ######## | CK | VO |
| EISNER COMMUNICATIONS | 5/3/2006 | 259792 | 19464 | 3/31/2006 | ######## | CK | VO |
| EISNER COMMUNICATIONS | 5/3/2006 | 259792 | 19460 | 3/29/2006 | ######## | CK | VO |
| EISNER COMMUNICATIONS | 5/3/2006 | 259792 | 19518 | 4/12/2006 | ######## | CK | VO |
| EISNER COMMUNICATIONS | 5/18/2006 | 261415 | 19704 | 5/3/2006 | $159.99 | CK | VO |
| EISNER COMMUNICATIONS | 5/18/2006 | 261415 | 19703 | 5/3/2006 | ######## | CK | VO |
| EISNER COMMUNICATIONS | 5/18/2006 | 261415 | 19702 | 5/3/2006 | ######## | CK | VO |
| EISNER COMMUNICATIONS | 5/18/2006 | 261415 | 19701 | 5/3/2006 | ######## | CK | VO |
| EISNER COMMUNICATIONS | 6/15/2006 | 665367 | 19471 | 4/4/2006 | ######## | CK | VO |
| EISNER COMMUNICATIONS | 6/15/2006 | 665367 | 19884 | 6/1/2006 | ######## | CK | VO |
| EISNER COMMUNICATIONS | 6/15/2006 | 665367 | 19896 | 6/1/2006 | ######## | CK | VO |
| EISNER COMMUNICATIONS | 6/15/2006 | 665367 | 19897 | 6/1/2006 | $134.99 | CK | VO |
| EISNER COMMUNICATIONS | 6/15/2006 | 665367 | 19853 | 5/26/2006 | $159.00 | CK | VO |
| EISNER COMMUNICATIONS | 6/15/2006 | 665367 | 19852 | 5/26/2006 | $129.00 | CK | VO |
| EISNER COMMUNICATIONS | 6/15/2006 | 665367 | 19898 | 6/1/2006 | ######## | CK | VO |
| EISNER COMMUNICATIONS | 7/13/2006 | 667723 | 20127 | 6/28/2006 | $710.00 | CK | VO |
| EISNER COMMUNICATIONS | 7/13/2006 | 667723 | 20126 | 6/28/2006 | $710.00 | CK | VO |

| Vendor | Date | Check | Invoice | Date | Amount | | |
|---|---|---|---|---|---|---|---|
| EISNER COMMUNICATIONS | 7/13/2006 | 667723 | 20125 | 6/28/2006 | $710.00 | CK | VO |
| EISNER COMMUNICATIONS | 7/13/2006 | 667723 | 20124 | 6/28/2006 | ####### | CK | VO |
| EISNER COMMUNICATIONS | 7/13/2006 | 667723 | 20123 | 6/28/2006 | $846.97 | CK | VO |
| EISNER COMMUNICATIONS | 7/13/2006 | 667723 | 20121 | 6/28/2006 | $1,266.93 | CK | VO |
| EISNER COMMUNICATIONS | 7/13/2006 | 667723 | 20120 | 6/28/2006 | $124.99 | CK | VO |
| EISNER COMMUNICATIONS | 7/13/2006 | 667723 | 20119 | 6/28/2006 | $124.99 | CK | VO |
| EISNER COMMUNICATIONS | 7/27/2006 | 668456 | 20257 | 7/7/2006 | $140.00 | CK | VO |
| EISNER COMMUNICATIONS | 7/27/2006 | 668456 | 20255 | 7/7/2006 | $40.00 | CK | VO |
| EISNER COMMUNICATIONS | 8/10/2006 | 670052 | 20324 | 7/26/2006 | ####### | CK | VO |
| EISNER COMMUNICATIONS | 8/10/2006 | 670052 | 20326 | 7/26/2006 | $134.99 | CK | VO |
| EISNER COMMUNICATIONS | ####### | 670052 | 20325 | 7/26/2006 | $1.65 | CK | VO |
| EISNER COMMUNICATIONS | ####### | 673191 | 20422 | 8/10/2006 | $65.24 | CK | VO |
| EISNER COMMUNICATIONS | ####### | 673191 | 20423 | 8/10/2006 | $1,054.97 | CK | VO |
| EISNER COMMUNICATIONS | ####### | 673191 | 20424 | 8/10/2006 | $79.99 | CK | VO |
| EISNER COMMUNICATIONS | ####### | 673191 | 20491 | 8/18/2006 | $422.00 | CK | AD |
| EISNER COMMUNICATIONS | ####### | 673577 | 20489 | 8/18/2006 | ####### | CK | AD |
| EISNER COMMUNICATIONS | ####### | 673577 | 20487 | 8/18/2006 | ####### | CK | VO |
| EISNER COMMUNICATIONS | ####### | 673577 | 20524 | 8/25/2006 | ####### | CK | VO |
| EISNER COMMUNICATIONS | ####### | 673577 | 20582 | 8/31/2006 | $234.97 | CK | VO |
| EISNER COMMUNICATIONS | ####### | 673577 | 20608 | 9/8/2006 | $710.00 | CK | VO |
| EISNER COMMUNICATIONS | ####### | 673577 | 20610 | 9/8/2006 | ####### | CK | VO |
| EISNER COMMUNICATIONS | ####### | 673577 | 20425 | 8/10/2006 | ####### | CK | AD |
| EISNER COMMUNICATIONS | ####### | 673577 | 20429 | 8/10/2006 | ####### | CK | AD |
| EISNER COMMUNICATIONS | ####### | 673577 | 20432 | 8/21/2006 | ####### | CK | AD |
| EISNER COMMUNICATIONS | ####### | 673577 | 20498 | 8/18/2006 | ####### | CK | AD |
| EISNER COMMUNICATIONS | ####### | 673577 | 20495 | 8/18/2006 | ####### | CK | AD |
| EISNER COMMUNICATIONS | ####### | 673577 | 20493 | | | ####### | CK | AD |

GRAND TOTAL PAID  #######

JS 44 (Rev. 11/05)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.) **NOTICE: Attorneys MUST Indicate All Re-filed Cases Below.**

**CIV-ALTONAGA**

**MAGISTRATE JUDGE TURNOFF**

## I. (a) PLAINTIFFS
Spirit Airlines, Inc.

## DEFENDANTS
24/7 Real Media, Inc., et al.

**(b)** County of Residence of First Listed Plaintiff  Miramar, Florida
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant  New York, New York
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Anthony J. Carriuolo, Esq., Berger Singerman, P.A.
350 East Las Olas Blvd., Suite 1000
Fort Lauderdale, Florida 33301; (954) 525-9900

Attorneys (If Known)

**07-60399**

**(d)** Check County Where Action Arose:  ☐ MIAMI-DADE  ☐ MONROE  ☑ BROWARD  ☐ PALM BEACH  ☐ MARTIN  ☐ ST. LUCIE  ☐ INDIAN RIVER  ☐ OKEECHOBEE  ☐ HIGHLANDS

*0:07cr 60399-@Honaga*
*Turnoff*

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff
☑ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only) and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 862 Black Lung (923) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 864 SSID Title XVI | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 865 RSI (405(g)) | ☑ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 900Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | | | ☐ 950 Constitutionality of |
| | Other | | | | State Statutes |
| | ☐ 440 Other Civil Rights | | | | |

## V. ORIGIN (Place an "X" in One Box Only)

☑ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Re-filed- (see VI below)
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. RELATED/RE-FILED CASE(S).
(See instructions second page):
a) Re-filed Case ☐ YES ☐ NO     b) Related Cases ☐ YES ☐ NO
JUDGE                                DOCKET NUMBER

## VII. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause (Do not cite jurisdictional statutes unless diversity)

LENGTH OF TRIAL via _____ days estimated (for both sides to try entire case)

## VIII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☐ No

ABOVE INFORMATION IS TRUE & CORRECT TO THE BEST OF MY KNOWLEDGE

SIGNATURE OF ATTORNEY OF RECORD

DATE  3/20/07

**FOR OFFICE USE ONLY**
AMOUNT  350.00     RECEIPT #  53963

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Spirit Airlines, Inc.,

               Plaintiff,

        vs.

24/7 Real Media, Inc., Advertising.com, Inc.,
America Online, Inc. dba AOL, Burst Media
Corporation, Carrollton Bank, CheapFlights
(USA), Inc., Echo Target, Inc., Hotwire, Inc.,
Intercept Interactive, Inc., Priceline.com, LLC,
Rackspace, Ltd., Shermans Travel, Inc., SideStep,
Inc., Smarter Living, Inc., SpecificMedia, Inc.,
Travel Marketing Group, Inc., TravelZoo, Inc.,
Tribal Fusion, Inc., TripAdvisor LLC,
Valueclick, Inc., and The Weather Channel
Interactive, Inc., and all other persons
or entities unknown claiming any right, title
or interest to the funds described in the
Complaint herein,

               Defendants.

Civil Action File No. _____

07 - 60399

CIV - ALTONAGA

MAGISTRATE JUDGE
TURNOFF

FILED by
2007 MAR 21 PM 12:40
CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA.-FT.L.

**SUMMONS IN A CIVIL CASE**

TO:    Valueclick, Inc.
        c/o National Registered Agents, Inc., Registered Agent of Valueclick, Inc.
        160 Greentree Drive, Suite 101
        Dover, DE 19904

YOU ARE HEREBY SUMMONED and required to serve upon PLAINTIFF'S ATTORNEY

Local Counsel for Spirit Airlines, Inc.

Anthony Carriuolo (FL Bar No. 434541)
BERGER SINGERMAN
350 East Las Olas Boulevard, Suite 1000
Fort Lauderdale, FL 33301
954-525-9900 (phone)
954-523-2872 (fax)

AND

Connie A. Lahn (MN Bar No. 0269219)
Lara O. Glaesman (MN Bar No. 316866)
FAFINSKI MARK & JOHNSON, P.A
Flagship Corporate Center
775 Prairie Center Drive, Suite 400
Eden Prairie, MN 55344
952-995-9500 (phone)
952-995-9577 (fax)

an answer to the complaint which is herewith served upon you, within twenty days after service

of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by

default will be taken against you for the relief demanded in the complaint. You must also file

your answer with the Clerk of this Court within a reasonable period of time.

_____
Clerk

MAR 2 1 2007

_____
Date

_____
(By) Deputy Clerk

2

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Spirit Airlines, Inc.,

                Plaintiff,

      vs.

24/7 Real Media, Inc., Advertising.com, Inc.,
America Online, Inc. dba AOL, Burst Media
Corporation, Carrollton Bank, CheapFlights
(USA), Inc., Echo Target, Inc., Hotwire, Inc.,
Intercept Interactive, Inc., Priceline.com, LLC,
Rackspace, Ltd., Shermans Travel, Inc., SideStep,
Inc., Smarter Living, Inc., SpecificMedia, Inc.,
Travel Marketing Group, Inc., TravelZoo, Inc.,
Tribal Fusion, Inc., TripAdvisor LLC,
Valueclick, Inc., and The Weather Channel
Interactive, Inc., and all other persons
or entities unknown claiming any right, title
or interest to the funds described in the
Complaint herein,

                Defendants.

Civil Action File No. _____

07-60399

MAGISTRATE JUDGE
TURNOFF

FILED BY _____
2007 MAR 21 PM 12: 38
CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA.-FT. L.

---

## SUMMONS IN A CIVIL CASE

---

TO:    TripAdvisor LLC
        c/o National Registered Agents, Inc., Registered Agent of TripAdvisor LLC
        160 Greentree Dr., Suite 101
        Dover, DE  19904

YOU ARE HEREBY SUMMONED and required to serve upon PLAINTIFF'S ATTORNEY

Local Counsel for Spirit Airlines, Inc.

Anthony Carriuolo (FL Bar No. 434541)
BERGER SINGERMAN
350 East Las Olas Boulevard, Suite 1000
Fort Lauderdale, FL  33301
954-525-9900 (phone)
954-523-2872 (fax)

AND

Connie A. Lahn (MN Bar No. 0269219)
Lara O. Glaesman (MN Bar No. 316866)
FAFINSKI MARK & JOHNSON, P.A
Flagship Corporate Center
775 Prairie Center Drive, Suite 400
Eden Prairie, MN 55344
952-995-9500 (phone)
952-995-9577 (fax)

an answer to the complaint which is herewith served upon you, within twenty days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time.

Clarence Maddox

Clerk

(By) Deputy Clerk

MAR 2 1 2007

Date

2

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Spirit Airlines, Inc.,

              Plaintiff,

vs.

24/7 Real Media, Inc., Advertising.com, Inc.,
America Online, Inc. dba AOL, Burst Media
Corporation, Carrollton Bank, CheapFlights
(USA), Inc., Echo Target, Inc., Hotwire, Inc.,
Intercept Interactive, Inc., Priceline.com, LLC,
Rackspace, Ltd., Shermans Travel, Inc., SideStep,
Inc., Smarter Living, Inc., SpecificMedia, Inc.,
Travel Marketing Group, Inc., TravelZoo, Inc.,
Tribal Fusion, Inc., TripAdvisor LLC,
Valueclick, Inc., and The Weather Channel
Interactive, Inc., and all other persons
or entities unknown claiming any right, title
or interest to the funds described in the
Complaint herein,

              Defendants.

Civil Action File No. _____

07-60399

CIV-ALTONAGA

MAGISTRATE JUDGE
TURNOFF

FILED by _____
2007 MAR 21 PM 12: 37
CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA.-FT.L.

## SUMMONS IN A CIVIL CASE

TO:    Tribal Fusion, Inc.
       c/o Dilip Dasilva, Registered Agent of Tribal Fusion, Inc.
       2087 Key Blvd.
       El Cerrito, CA  94530

YOU ARE HEREBY SUMMONED and required to serve upon PLAINTIFF'S ATTORNEY

Local Counsel for Spirit Airlines, Inc.

Anthony Carriuolo (FL Bar No. 434541)
BERGER SINGERMAN
350 East Las Olas Boulevard, Suite 1000
Fort Lauderdale, FL  33301
954-525-9900 (phone)
954-523-2872 (fax)

AND

Connie A. Lahn (MN Bar No. 0269219)
Lara O. Glaesman (MN Bar No. 316866)
FAFINSKI MARK & JOHNSON, P.A
Flagship Corporate Center
775 Prairie Center Drive, Suite 400
Eden Prairie, MN 55344
952-995-9500 (phone)
952-995-9577 (fax)

an answer to the complaint which is herewith served upon you, within twenty days after service

of this summons upon you, exclusive of the day of service.  If you fail to do so, judgment by

default will be taken against you for the relief demanded in the complaint.  You must also file

your answer with the Clerk of this Court within a reasonable period of time.

Clarence Maddox

_____
Clerk

_____
(By) Deputy Clerk

_____MAR 2 1 2007_____
Date

2

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Spirit Airlines, Inc.,

           Plaintiff,

    vs.

24/7 Real Media, Inc., Advertising.com, Inc.,
America Online, Inc. dba AOL, Burst Media
Corporation, Carrollton Bank, CheapFlights
(USA), Inc., Echo Target, Inc., Hotwire, Inc.,
Intercept Interactive, Inc., Priceline.com, LLC,
Rackspace, Ltd., Shermans Travel, Inc., SideStep,
Inc., Smarter Living, Inc., SpecificMedia, Inc.,
Travel Marketing Group, Inc., TravelZoo, Inc.,
Tribal Fusion, Inc., TripAdvisor LLC,
Valueclick, Inc., and The Weather Channel
Interactive, Inc., and all other persons
or entities unknown claiming any right, title
or interest to the funds described in the
Complaint herein,

           Defendants.

Civil Action File No.

## 07 - 60399

## CIV - ALTONAGA

MAGISTRATE JUDGE
TURNOFF

FILED by _____

2007 MAR 21 PM 12: 35

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. - FT. L.

**SUMMONS IN A CIVIL CASE**

TO:    TravelZoo, Inc.
       c/o Corporation Service Company, Registered Agent of TravelZoo, Inc.
       80 State Street
       Albany, NY 12207-2543

YOU ARE HEREBY SUMMONED and required to serve upon PLAINTIFF'S ATTORNEY

Local Counsel for Spirit Airlines, Inc.

Anthony Carriuolo (FL Bar No. 434541)
BERGER SINGERMAN
350 East Las Olas Boulevard, Suite 1000
Fort Lauderdale, FL 33301
954-525-9900 (phone)
954-523-2872 (fax)

AND

Connie A. Lahn (MN Bar No. 0269219)
Lara O. Glaesman (MN Bar No. 316866)
FAFINSKI MARK & JOHNSON, P.A
Flagship Corporate Center
775 Prairie Center Drive, Suite 400
Eden Prairie, MN 55344
952-995-9500 (phone)
952-995-9577 (fax)

an answer to the complaint which is herewith served upon you, within twenty days after service

of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by

default will be taken against you for the relief demanded in the complaint. You must also file

your answer with the Clerk of this Court within a reasonable period of time.

Clarence Maddox

_____
Clerk

_____
(By) Deputy Clerk

MAR 2 1 2007

_____
Date

2

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Spirit Airlines, Inc.,

                Plaintiff,

vs.

24/7 Real Media, Inc., Advertising.com, Inc.,
America Online, Inc. dba AOL, Burst Media
Corporation, Carrollton Bank, CheapFlights
(USA), Inc., Echo Target, Inc., Hotwire, Inc.,
Intercept Interactive, Inc., Priceline.com, LLC,
Rackspace, Ltd., Shermans Travel, Inc., SideStep,
Inc., Smarter Living, Inc., SpecificMedia, Inc.,
Travel Marketing Group, Inc., TravelZoo, Inc.,
Tribal Fusion, Inc., TripAdvisor LLC,
Valueclick, Inc., and The Weather Channel
Interactive, Inc., and all other persons
or entities unknown claiming any right, title
or interest to the funds described in the
Complaint herein,

                Defendants.

Civil Action File No. _____

07-60399

CIV ALTONAGA

MAGISTRATE JUDGE
TURNOFF

FILED by ___
2007 MAR 21 PM 12: 34
CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA.-FT.L.

**SUMMONS IN A CIVIL CASE**

TO:     Travel Marketing Group, Inc.
        c/o Micheal D. Devolder, Registered Agent of Travel Marketing Group, Inc.
        4124 Beaver Avenue
        Des Moines, IA 50310

YOU ARE HEREBY SUMMONED and required to serve upon PLAINTIFF'S ATTORNEY

Local Counsel for Spirit Airlines, Inc.

Anthony Carriuolo (FL Bar No. 434541)
BERGER SINGERMAN
350 East Las Olas Boulevard, Suite 1000
Fort Lauderdale, FL 33301
954-525-9900 (phone)
954-523-2872 (fax)

AND

Connie A. Lahn (MN Bar No. 0269219)
Lara O. Glaesman (MN Bar No. 316866)
FAFINSKI MARK & JOHNSON, P.A
Flagship Corporate Center
775 Prairie Center Drive, Suite 400
Eden Prairie, MN 55344
952-995-9500 (phone)
952-995-9577 (fax)

an answer to the complaint which is herewith served upon you, within twenty days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time.

Clarence Maddox

_____
Clerk

MAR 2 1 2007
_____
Date

_____
(By) Deputy Clerk

2

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Spirit Airlines, Inc.,

               Plaintiff,

      vs.

24/7 Real Media, Inc., Advertising.com, Inc.,
America Online, Inc. dba AOL, Burst Media
Corporation, Carrollton Bank, CheapFlights
(USA), Inc., Echo Target, Inc., Hotwire, Inc.,
Intercept Interactive, Inc., Priceline.com, LLC,
Rackspace, Ltd., Shermans Travel, Inc., SideStep,
Inc., Smarter Living, Inc., SpecificMedia, Inc.,
Travel Marketing Group, Inc., TravelZoo, Inc.,
Tribal Fusion, Inc., TripAdvisor LLC,
Valueclick, Inc., and The Weather Channel
Interactive, Inc., and all other persons
or entities unknown claiming any right, title
or interest to the funds described in the
Complaint herein,

            Defendants.

Civil Action File No. _____

07-60399

CIV-ALTONAGA

FILED by ___
2007 MAR 21 PH 12: 33
CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA.-FT. L.

**SUMMONS IN A CIVIL CASE**

TO:    The Weather Channel Interactive, Inc.
         c/o Becky A. Powhatan, Registered Agent of The Weather Channel Interactive, Inc.
         300 Interstate N. Parkway
         Atlanta, GA 30339

YOU ARE HEREBY SUMMONED and required to serve upon PLAINTIFF'S ATTORNEY

Local Counsel for Spirit Airlines, Inc.

Anthony Carriuolo (FL Bar No. 434541)
BERGER SINGERMAN
350 East Las Olas Boulevard, Suite 1000
Fort Lauderdale, FL 33301
954-525-9900 (phone)
954-523-2872 (fax)

AND

Connie A. Lahn (MN Bar No. 0269219)
Lara O. Glaesman (MN Bar No. 316866)
FAFINSKI MARK & JOHNSON, P.A
Flagship Corporate Center
775 Prairie Center Drive, Suite 400
Eden Prairie, MN 55344
952-995-9500 (phone)
952-995-9577 (fax)



an answer to the complaint which is herewith served upon you, within twenty days after service

of this summons upon you, exclusive of the day of service.  If you fail to do so, judgment by

default will be taken against you for the relief demanded in the complaint.  You must also file

your answer with the Clerk of this Court within a reasonable period of time.

_____

Clerk

_____

(By) Deputy Clerk

Date  MAR 2 1 2007

2

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Spirit Airlines, Inc.,                                      Civil Action File No. _____

                         Plaintiff,

         vs.                                                07-60399
                                                            CIV-ALTONAGA

24/7 Real Media, Inc., Advertising.com, Inc.,
America Online, Inc. dba AOL, Burst Media                   MAGISTRATE JUDGE
Corporation, Carrollton Bank, CheapFlights                        TURNOFF
(USA), Inc., Echo Target, Inc., Hotwire, Inc.,
Intercept Interactive, Inc., Priceline.com, LLC,
Rackspace, Ltd., Shermans Travel, Inc., SideStep,
Inc., Smarter Living, Inc., SpecificMedia, Inc.,
Travel Marketing Group, Inc., TravelZoo, Inc.,
Tribal Fusion, Inc., TripAdvisor LLC,
Valueclick, Inc., and The Weather Channel
Interactive, Inc., and all other persons
or entities unknown claiming any right, title
or interest to the funds described in the
Complaint herein,

                         Defendants.

**SUMMONS IN A CIVIL CASE**

TO:    SpecificMedia, Inc.
       c/o Roy E. Luna, Registered Agent of SpecificMedia, Inc.
       4 Park Plaza, Suite 1900
       Irvine, CA  92614

YOU ARE HEREBY SUMMONED and required to serve upon PLAINTIFF'S ATTORNEY

Local Counsel for Spirit Airlines, Inc.

Anthony Carriuolo (FL Bar No. 434541)
BERGER SINGERMAN
350 East Las Olas Boulevard, Suite 1000
Fort Lauderdale, FL  33301
954-525-9900 (phone)
954-523-2872 (fax)

AND

Connie A. Lahn (MN Bar No. 0269219)
Lara O  Glaesman (MN Bar No. 316866)
FAFINSKI MARK & JOHNSON, P.A
Flagship Corporate Center
775 Prairie Center Drive, Suite 400
Eden Prairie, MN 55344
952-995-9500 (phone)
952-995-9577 (fax)

an answer to the complaint which is herewith served upon you, within twenty days after service

of this summons upon you, exclusive of the day of service.  If you fail to do so, judgment by

default will be taken against you for the relief demanded in the complaint.  You must also file

your answer with the Clerk of this Court within a reasonable period of time.

_____          MAR 2 1 2007
Clerk                                     _____
                                          Date

_____
(By) Deputy Clerk

2

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Spirit Airlines, Inc.,

               Plaintiff,

        vs.

24/7 Real Media, Inc., Advertising.com, Inc.,
America Online, Inc. dba AOL, Burst Media
Corporation, Carrollton Bank, CheapFlights
(USA), Inc., Echo Target, Inc., Hotwire, Inc.,
Intercept Interactive, Inc., Priceline.com, LLC,
Rackspace, Ltd., Shermans Travel, Inc., SideStep,
Inc., Smarter Living, Inc., SpecificMedia, Inc.,
Travel Marketing Group, Inc., TravelZoo, Inc.,
Tribal Fusion, Inc., TripAdvisor LLC,
Valueclick, Inc., and The Weather Channel
Interactive, Inc., and all other persons
or entities unknown claiming any right, title
or interest to the funds described in the
Complaint herein,

               Defendants.

Civil Action File No. _____

07 - 60590

CIV - ALTONAGA

MAGISTRATE JUDGE
TURNOFF

FILED BY _____
2007 MAR 21   PM 12: 31
CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA.-FT.L.

**SUMMONS IN A CIVIL CASE**

TO:    Smarter Living, Inc.
        c/o Daniel Saul, Registered Agent of Smarter Living, Inc.
        465 Medford Street, Suite 400
        Boston, MA  02129

YOU ARE HEREBY SUMMONED and required to serve upon PLAINTIFF'S ATTORNEY

Local Counsel for Spirit Airlines, Inc.

Anthony Carriuolo (FL Bar No. 434541)
BERGER SINGERMAN
350 East Las Olas Boulevard, Suite 1000
Fort Lauderdale, FL  33301
954-525-9900 (phone)
954-523-2872 (fax)

AND

Connie A. Lahn (MN Bar No. 0269219)
Lara O. Glaesman (MN Bar No. 316866)
FAFINSKI MARK & JOHNSON, P.A
Flagship Corporate Center
775 Prairie Center Drive, Suite 400
Eden Prairie, MN 55344
952-995-9500 (phone)
952-995-9577 (fax)

an answer to the complaint which is herewith served upon you, within twenty days after service

of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by

default will be taken against you for the relief demanded in the complaint. You must also file

your answer with the Clerk of this Court within a reasonable period of time.

_____        MAR 2 1 2007
Clerk                                   _____
                                        Date

_____
(By) Deputy Clerk

2

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Spirit Airlines, Inc.,

Civil Action File No. _____

            Plaintiff,

vs.

24/7 Real Media, Inc., Advertising.com, Inc.,
America Online, Inc. dba AOL, Burst Media
Corporation, Carrollton Bank, CheapFlights
(USA), Inc., Echo Target, Inc., Hotwire, Inc.,
Intercept Interactive, Inc., Priceline.com, LLC,
Rackspace, Ltd., Shermans Travel, Inc., SideStep,
Inc., Smarter Living, Inc., SpecificMedia, Inc.,
Travel Marketing Group, Inc., TravelZoo, Inc.,
Tribal Fusion, Inc., TripAdvisor LLC,
Valueclick, Inc., and The Weather Channel
Interactive, Inc., and all other persons
or entities unknown claiming any right, title
or interest to the funds described in the
Complaint herein,

            Defendants.

07-60399

CIV-ALTONAGA

MAGISTRATE JUDGE
TURNOFF

2007 MAR 21 PM 12: 30
CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA.-FT.L.

**SUMMONS IN A CIVIL CASE**

TO:   SideStep, Inc.
      c/o Corporation Service Company, Registered Agent of SideStep, Inc.
      2711 Centerville Road, Suite 400
      Wilmington, DE  19808

YOU ARE HEREBY SUMMONED and required to serve upon PLAINTIFF'S ATTORNEY

Local Counsel for Spirit Airlines, Inc.

Anthony Carriuolo (FL Bar No. 434541)
BERGER SINGERMAN
350 East Las Olas Boulevard, Suite 1000
Fort Lauderdale, FL  33301
954-525-9900 (phone)
954-523-2872 (fax)

AND

Connie A. Lahn (MN Bar No. 0269219)
Lara O. Glaesman (MN Bar No. 316866)
FAFINSKI MARK & JOHNSON, P.A
Flagship Corporate Center
775 Prairie Center Drive, Suite 400
Eden Prairie, MN 55344
952-995-9500 (phone)
952-995-9577 (fax)

an answer to the complaint which is herewith served upon you, within twenty days after service

of this summons upon you, exclusive of the day of service.  If you fail to do so, judgment by

default will be taken against you for the relief demanded in the complaint.  You must also file

your answer with the Clerk of this Court within a reasonable period of time.

_____                    MAR 2 1 2007
Clerk                                               _____
                                                    Date

_____
(By) Deputy Clerk

2

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Spirit Airlines, Inc.,                                   Civil Action File No. _____

                    Plaintiff,

          vs.                                            07-60399

24/7 Real Media, Inc., Advertising.com, Inc.,
America Online, Inc. dba AOL, Burst Media
Corporation, Carrollton Bank, CheapFlights            CIV-ALTONAGA
(USA), Inc., Echo Target, Inc., Hotwire, Inc.,
Intercept Interactive, Inc., Priceline.com, LLC,      MAGISTRATE JUDGE
Rackspace, Ltd., Shermans Travel, Inc., SideStep,     TURNOFF
Inc.. Smarter Living, Inc., SpecificMedia, Inc.,
Travel Marketing Group, Inc., TravelZoo, Inc.,
Tribal Fusion, Inc., TripAdvisor LLC,
Valueclick, Inc., and The Weather Channel
Interactive, Inc., and all other persons
or entities unknown claiming any right, title
or interest to the funds described in the
Complaint herein,

                    Defendants.

**SUMMONS IN A CIVIL CASE**

TO:    Shermans Travel, Inc.
       c/o James Sherman, Registered Agent of Shermans Travel, Inc.
       56 West 88th Street
       New York, NY  10024

YOU ARE HEREBY SUMMONED and required to serve upon PLAINTIFF'S ATTORNEY

Local Counsel for Spirit Airlines, Inc.

Anthony Carriuolo (FL Bar No. 434541)
BERGER SINGERMAN
350 East Las Olas Boulevard, Suite 1000
Fort Lauderdale, FL  33301
954-525-9900 (phone)
954-523-2872 (fax)

AND

Connie A. Lahn (MN Bar No. 0269219)
Lara O. Glaesman (MN Bar No. 316866)
FAFINSKI MARK & JOHNSON, P.A
Flagship Corporate Center
775 Prairie Center Drive, Suite 400
Eden Prairie, MN 55344
952-995-9500 (phone)
952-995-9577 (fax)

an answer to the complaint which is herewith served upon you, within twenty days after service

of this summons upon you, exclusive of the day of service.  If you fail to do so, judgment by

default will be taken against you for the relief demanded in the complaint.  You must also file

your answer with the Clerk of this Court within a reasonable period of time.

Clerk

(By) Deputy Clerk

MAR 2 1 2007

Date

2

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Spirit Airlines, Inc.,

Civil Action File No. _____

Plaintiff,

vs.

24/7 Real Media, Inc., Advertising.com, Inc.,
America Online, Inc. dba AOL, Burst Media
Corporation, Carrollton Bank, CheapFlights
(USA), Inc., Echo Target, Inc., Hotwire, Inc.,
Intercept Interactive, Inc., Priceline.com, LLC,
Rackspace, Ltd., Shermans Travel, Inc., SideStep,
Inc., Smarter Living, Inc., SpecificMedia, Inc.,
Travel Marketing Group, Inc., TravelZoo, Inc.,
Tribal Fusion, Inc., TripAdvisor LLC,
Valueclick, Inc., and The Weather Channel
Interactive, Inc., and all other persons
or entities unknown claiming any right, title
or interest to the funds described in the
Complaint herein,

Defendants.



**SUMMONS IN A CIVIL CASE**

TO:    Rackspace, Ltd.
       c/o Capital Corporate Services, Inc., Registered Agent of Rackspace, Ltd.
       800 Brazos
       Austin, TX  78701

YOU ARE HEREBY SUMMONED and required to serve upon PLAINTIFF'S ATTORNEY

Local Counsel for Spirit Airlines, Inc.

Anthony Carriuolo (FL Bar No. 434541)
BERGER SINGERMAN
350 East Las Olas Boulevard, Suite 1000
Fort Lauderdale, FL  33301
954-525-9900 (phone)
954-523-2872 (fax)

AND

Connie A. Lahn (MN Bar No. 0269219)
Lara O. Glaesman (MN Bar No. 316866)
FAFINSKI MARK & JOHNSON, P.A
Flagship Corporate Center
775 Prairie Center Drive, Suite 400
Eden Prairie, MN 55344
952-995-9500 (phone)
952-995-9577 (fax)

an answer to the complaint which is herewith served upon you, within twenty days after service

of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by

default will be taken against you for the relief demanded in the complaint. You must also file

your answer with the Clerk of this Court within a reasonable period of time.

Clarence Maddox                                    MAR 2 1 2007

_____                    _____
Clerk                                                      Date

_____
(By) Deputy Clerk

2

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Spirit Airlines, Inc.,

            Plaintiff,

        vs.

24/7 Real Media, Inc., Advertising.com, Inc.,
America Online, Inc. dba AOL, Burst Media
Corporation, Carrollton Bank, CheapFlights
(USA), Inc., Echo Target, Inc., Hotwire, Inc.,
Intercept Interactive, Inc., Priceline.com, LLC,
Rackspace, Ltd., Shermans Travel, Inc., SideStep,
Inc., Smarter Living, Inc., SpecificMedia, Inc.,
Travel Marketing Group, Inc., TravelZoo, Inc.,
Tribal Fusion, Inc., TripAdvisor LLC,
Valueclick, Inc., and The Weather Channel
Interactive, Inc., and all other persons
or entities unknown claiming any right, title
or interest to the funds described in the
Complaint herein,

            Defendants.

Civil Action File No. _____

07 - 60399

CIV-ALTONAGA

MAGISTRATE JUDGE
TURNOFF

FILED by ___

2007 MAR 21 PM 12: 26

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA.- FT. L.

## SUMMONS IN A CIVIL CASE

TO:   Priceline.com, LLC
      c/o Corporation Service Company, Registered Agent of Priceline.com, LLC
      94 Hungerford Street
      Hartford, CT  06106

YOU ARE HEREBY SUMMONED and required to serve upon PLAINTIFF'S ATTORNEY

Local Counsel for Spirit Airlines, Inc.

Anthony Carriuolo (FL Bar No. 434541)
BERGER SINGERMAN
350 East Las Olas Boulevard, Suite 1000
Fort Lauderdale, FL  33301
954-525-9900 (phone)
954-523-2872 (fax)

AND

Connie A. Lahn (MN Bar No. 0269219)
Lara O. Glaesman (MN Bar No. 316866)
FAFINSKI MARK & JOHNSON, P.A
Flagship Corporate Center
775 Prairie Center Drive, Suite 400
Eden Prairie, MN 55344
952-995-9500 (phone)
952-995-9577 (fax)

an answer to the complaint which is herewith served upon you, within twenty days after service

of this summons upon you, exclusive of the day of service.  If you fail to do so, judgment by

default will be taken against you for the relief demanded in the complaint.  You must also file

your answer with the Clerk of this Court within a reasonable period of time.

_____
Clererce Maddox
Clerk

_____
(By) Deputy Clerk

MAR 2 1 2007
_____
Date

2

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Spirit Airlines, Inc.,

         Plaintiff,

    vs.

24/7 Real Media, Inc., Advertising.com, Inc.,
America Online, Inc. dba AOL, Burst Media
Corporation, Carrollton Bank, CheapFlights
(USA), Inc., Echo Target, Inc., Hotwire, Inc.,
Intercept Interactive, Inc., Priceline.com, LLC,
Rackspace, Ltd., Shermans Travel, Inc., SideStep,
Inc., Smarter Living, Inc., SpecificMedia, Inc.,
Travel Marketing Group, Inc., TravelZoo, Inc.,
Tribal Fusion, Inc., TripAdvisor LLC,
Valueclick, Inc., and The Weather Channel
Interactive, Inc., and all other persons
or entities unknown claiming any right, title
or interest to the funds described in the
Complaint herein,

         Defendants.

Civil Action File No. _____

07-60399

CIV-ALTONAGA

MAGISTRATE JUDGE
TURNOFF

**SUMMONS IN A CIVIL CASE**

TO:    Intercept Interactive, Inc.
       c/o Shiff & Tisman, Registered Agent of Intercept Interactive, Inc.
       2000 Madison Avenue
       New York, NY  10016

YOU ARE HEREBY SUMMONED and required to serve upon PLAINTIFF'S ATTORNEY

Local Counsel for Spirit Airlines, Inc.

Anthony Carriuolo (FL Bar No. 434541)
BERGER SINGERMAN
350 East Las Olas Boulevard, Suite 1000
Fort Lauderdale, FL  33301
954-525-9900 (phone)
954-523-2872 (fax)

AND

Connie A. Lahn (MN Bar No. 0269219)
Lara O. Glaesman (MN Bar No. 316866)
FAFINSKI MARK & JOHNSON, P.A
Flagship Corporate Center
775 Prairie Center Drive, Suite 400
Eden Prairie, MN 55344
952-995-9500 (phone)
952-995-9577 (fax)

an answer to the complaint which is herewith served upon you, within twenty days after service

of this summons upon you, exclusive of the day of service.  If you fail to do so, judgment by

default will be taken against you for the relief demanded in the complaint.  You must also file

your answer with the Clerk of this Court within a reasonable period of time.

Clarence Maddox

_____
Clerk

_____
(By) Deputy Clerk

MAR 2 1 2007

_____
Date

2

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Spirit Airlines, Inc.,

                 Plaintiff,

     vs.

24/7 Real Media, Inc., Advertising.com, Inc.,
America Online, Inc. dba AOL, Burst Media
Corporation, Carrollton Bank, CheapFlights
(USA), Inc., Echo Target, Inc., Hotwire, Inc.,
Intercept Interactive, Inc., Priceline.com, LLC,
Rackspace, Ltd., Shermans Travel, Inc., SideStep,
Inc., Smarter Living, Inc., SpecificMedia, Inc.,
Travel Marketing Group, Inc., TravelZoo, Inc.,
Tribal Fusion, Inc., TripAdvisor LLC,
Valueclick, Inc., and The Weather Channel
Interactive, Inc., and all other persons
or entities unknown claiming any right, title
or interest to the funds described in the
Complaint herein,

                 Defendants.

Civil Action File No

**07-60399**
**CIV-ALTONAGA**

**MAGISTRATE JUDGE**
**TURNOFF**

---

## SUMMONS IN A CIVIL CASE

TO:    Hotwire, Inc.
       c/o National Registered Agents, Inc., Registered Agent of Hotwire, Inc.
       160 Greentree Drive, Suite 101
       Dover, DE  19904

YOU ARE HEREBY SUMMONED and required to serve upon PLAINTIFF'S ATTORNEY

Local Counsel for Spirit Airlines, Inc.

Anthony Carriuolo (FL Bar No. 434541)
BERGER SINGERMAN
350 East Las Olas Boulevard, Suite 1000
Fort Lauderdale, FL  33301
954-525-9900 (phone)
954-523-2872 (fax)

AND

Connie A. Lahn (MN Bar No. 0269219)
Lara O. Glaesman (MN Bar No. 316866)
FAFINSKI MARK & JOHNSON, P.A
Flagship Corporate Center
775 Prairie Center Drive, Suite 400
Eden Prairie, MN 55344
952-995-9500 (phone)
952-995-9577 (fax)

an answer to the complaint which is herewith served upon you, within twenty days after service

of this summons upon you, exclusive of the day of service.  If you fail to do so, judgment by

default will be taken against you for the relief demanded in the complaint.  You must also file

your answer with the Clerk of this Court within a reasonable period of time.

Clarence Maddox
_____
Clerk

MAR 2 1 2007
_____
Date

_____
(By) Deputy Clerk

2

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Spirit Airlines, Inc.,

                     Plaintiff,

       vs.

24/7 Real Media, Inc., Advertising.com, Inc.,
America Online, Inc. dba AOL, Burst Media
Corporation, Carrollton Bank, CheapFlights
(USA), Inc., Echo Target, Inc., Hotwire, Inc.,
Intercept Interactive, Inc., Priceline.com, LLC,
Rackspace, Ltd., Shermans Travel, Inc., SideStep,
Inc., Smarter Living, Inc., SpecificMedia, Inc.,
Travel Marketing Group, Inc., TravelZoo, Inc.,
Tribal Fusion, Inc., TripAdvisor LLC,
Valueclick, Inc., and The Weather Channel
Interactive, Inc., and all other persons
or entities unknown claiming any right, title
or interest to the funds described in the
Complaint herein,

                     Defendants.

Civil Action File No. _____

# 07-60399

## CIV-ALTONAGA

**MAGISTRATE JUDGE**
TURNOFF

FILED by _____
2007 MAR 21 PM 12: 22
CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA.-FT. L.

**SUMMONS IN A CIVIL CASE**

TO:     Echo Target, Inc.
         c/o Urban Mulvehill, Esq., Registered Agent of Echo Target, Inc.
         O'Neill, Dimanno & Kelly
         15 Beekman Street
         New York, NY 10038-1509

YOU ARE HEREBY SUMMONED and required to serve upon PLAINTIFF'S ATTORNEY

Local Counsel for Spirit Airlines, Inc.

Anthony Carriuolo (FL Bar No. 434541)
BERGER SINGERMAN
350 East Las Olas Boulevard, Suite 1000
Fort Lauderdale, FL 33301
954-525-9900 (phone)
954-523-2872 (fax)

AND

Connie A. Lahn (MN Bar No. 0269219)
Lara O. Glaesman (MN Bar No. 316866)
FAFINSKI MARK & JOHNSON, P.A
Flagship Corporate Center
775 Prairie Center Drive, Suite 400
Eden Prairie, MN 55344
952-995-9500 (phone)
952-995-9577 (fax)

an answer to the complaint which is herewith served upon you, within twenty days after service of this summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.  You must also file your answer with the Clerk of this Court within a reasonable period of time.

_____
Clerk    Clarence Maddox

MAR 2 1 2007
_____
Date

_____
(By) Deputy Clerk

2

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Spirit Airlines. Inc.,

               Plaintiff,

    vs.

24/7 Real Media, Inc., Advertising.com, Inc.,
America Online, Inc. dba AOL, Burst Media
Corporation, Carrollton Bank, CheapFlights
(USA), Inc., Echo Target, Inc., Hotwire, Inc.,
Intercept Interactive, Inc., Priceline.com, LLC,
Rackspace, Ltd., Shermans Travel, Inc., SideStep,
Inc., Smarter Living, Inc., SpecificMedia, Inc.,
Travel Marketing Group, Inc., TravelZoo, Inc.,
Tribal Fusion, Inc., TripAdvisor LLC,
Valueclick, Inc., and The Weather Channel
Interactive, Inc., and all other persons
or entities unknown claiming any right, title
or interest to the funds described in the
Complaint herein,

               Defendants.

Civil Action File No. _____

# 07-60399

MAGISTRATE JUDGE
TURNOFF

FILED BY
2007 MAR 21 PM 12:20
CLARENCE MADDOX
CLERK U.S. DIST CT.
S.D. OF FLA.-FT. L.

## SUMMONS IN A CIVIL CASE

TO:    CheapFlights (USA), Inc.
        c/o Corporation Service Company, Registered Agent of CheapFlights (USA), Inc.
        2711 Centerville Rd, Suite 400
        Wilmington, DE  19808

YOU ARE HEREBY SUMMONED and required to serve upon PLAINTIFF'S ATTORNEY

Local Counsel for Spirit Airlines, Inc.

Anthony Carriuolo (FL Bar No. 434541)
BERGER SINGERMAN
350 East Las Olas Boulevard, Suite 1000
Fort Lauderdale, FL  33301
954-525-9900 (phone)
954-523-2872 (fax)

AND

Connie A. Lahn (MN Bar No. 0269219)
Lara O. Glaesman (MN Bar No. 316866)
FAFINSKI MARK & JOHNSON, P.A
Flagship Corporate Center
775 Prairie Center Drive, Suite 400
Eden Prairie, MN 55344
952-995-9500 (phone)
952-995-9577 (fax)

an answer to the complaint which is herewith served upon you, within twenty days after service

of this summons upon you, exclusive of the day of service.  If you fail to do so, judgment by

default will be taken against you for the relief demanded in the complaint.  You must also file

your answer with the Clerk of this Court within a reasonable period of time.

_____          MAR 2 1 2007
Clerk                                     _____
                                          Date

_____
(By) Deputy Clerk

2

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Spirit Airlines, Inc.,

Civil Action File No.

Plaintiff,

vs.

24/7 Real Media, Inc., Advertising.com, Inc.,
America Online, Inc. dba AOL, Burst Media
Corporation, Carrollton Bank, CheapFlights
(USA), Inc., Echo Target, Inc., Hotwire, Inc.,
Intercept Interactive, Inc., Priceline.com, LLC,
Rackspace, Ltd., Shermans Travel, Inc., SideStep,
Inc., Smarter Living, Inc., SpecificMedia, Inc.,
Travel Marketing Group, Inc., TravelZoo, Inc.,
Tribal Fusion, Inc., TripAdvisor LLC,
Valueclick, Inc., and The Weather Channel
Interactive, Inc., and all other persons
or entities unknown claiming any right, title
or interest to the funds described in the
Complaint herein,

**07-60399**

CIV-ALTONAGA

MAGISTRATE JUDGE
TURNOFF

Defendants.

---

**SUMMONS IN A CIVIL CASE**

---

TO:    Carrollton Bank
       c/o William C. Rogers Jr., Registered Agent of Carrollton Bank
       6 S. Calvert Street
       Baltimore, MD  21202

YOU ARE HEREBY SUMMONED and required to serve upon PLAINTIFF'S ATTORNEY

Local Counsel for Spirit Airlines, Inc.

Anthony Carriuolo (FL Bar No. 434541)
BERGER SINGERMAN
350 East Las Olas Boulevard, Suite 1000
Fort Lauderdale, FL  33301
954-525-9900 (phone)
954-523-2872 (fax)

AND

Connie A. Lahn (MN Bar No. 0269219)
Lara O. Glaesman (MN Bar No. 316866)
FAFINSKI MARK & JOHNSON, P.A
Flagship Corporate Center
775 Prairie Center Drive, Suite 400
Eden Prairie, MN 55344
952-995-9500 (phone)
952-995-9577 (fax)

an answer to the complaint which is herewith served upon you, within twenty days after service

of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by

default will be taken against you for the relief demanded in the complaint. You must also file

your answer with the Clerk of this Court within a reasonable period of time.

_____                    MAR 2 1 2007
Clerk                                               _____
                                                    Date

_____
(By) Deputy Clerk

2

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Spirit Airlines, Inc.,

              Plaintiff,

vs.

24/7 Real Media, Inc., Advertising.com, Inc.,
America Online, Inc. dba AOL, Burst Media
Corporation, Carrollton Bank, CheapFlights
(USA), Inc., Echo Target, Inc., Hotwire, Inc.,
Intercept Interactive, Inc., Priceline.com, LLC,
Rackspace, Ltd., Shermans Travel, Inc., SideStep,
Inc., Smarter Living, Inc., SpecificMedia, Inc.,
Travel Marketing Group, Inc., TravelZoo, Inc.,
Tribal Fusion, Inc., TripAdvisor LLC,
Valueclick, Inc., and The Weather Channel
Interactive, Inc., and all other persons
or entities unknown claiming any right, title
or interest to the funds described in the
Complaint herein,

              Defendants.

Civil Action File No.

# 07-60399

## CIV-ALTONAGA

MAGISTRATE JUDGE
TURNOFF

FILED BY

2007 MAR 21 PH 12: 16

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA.-FT.L.

**SUMMONS IN A CIVIL CASE**

TO:    Burst Media Corporation
       c/o The Corporation Trust Inc., Registered Agent of Burst Media Corporation
       300 E. Lombard St.
       Baltimore, MD 21202

YOU ARE HEREBY SUMMONED and required to serve upon PLAINTIFF'S ATTORNEY

Local Counsel for Spirit Airlines, Inc.

Anthony Carriuolo (FL Bar No. 434541)
BERGER SINGERMAN
350 East Las Olas Boulevard, Suite 1000
Fort Lauderdale, FL 33301
954-525-9900 (phone)
954-523-2872 (fax)

AND

Connie A. Lahn (MN Bar No. 0269219)
Lara O. Glaesman (MN Bar No. 316866)
FAFINSKI MARK & JOHNSON, P.A
Flagship Corporate Center
775 Prairie Center Drive, Suite 400
Eden Prairie, MN 55344
952-995-9500 (phone)
952-995-9577 (fax)

an answer to the complaint which is herewith served upon you, within twenty days after service

of this summons upon you, exclusive of the day of service.  If you fail to do so, judgment by

default will be taken against you for the relief demanded in the complaint.  You must also file

your answer with the Clerk of this Court within a reasonable period of time.

Clarence Maddox

_____          _____
Clerk                                                                       MAR 2 1 2007
                                                                              Date

_____
(By) Deputy Clerk

2

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Spirit Airlines, Inc.,

                Plaintiff,

      vs.

24/7 Real Media, Inc., Advertising.com, Inc.,
America Online, Inc. dba AOL, Burst Media
Corporation, Carrollton Bank, CheapFlights
(USA), Inc., Echo Target, Inc., Hotwire, Inc.,
Intercept Interactive, Inc., Priceline.com, LLC,
Rackspace, Ltd., Shermans Travel, Inc., SideStep,
Inc., Smarter Living, Inc., SpecificMedia, Inc.,
Travel Marketing Group, Inc., TravelZoo, Inc.,
Tribal Fusion, Inc., TripAdvisor LLC,
Valueclick, Inc., and The Weather Channel
Interactive, Inc., and all other persons
or entities unknown claiming any right, title
or interest to the funds described in the
Complaint herein,

                Defendants.

Civil Action File No.

**07-60399**

**CIV-ALTONAGA**

**MAGISTRATE JUDGE**
TURNOFF



## SUMMONS IN A CIVIL CASE

TO:    America Online, Inc. dba AOL
        c/o Corporation Service Company, Registered Agent of America Online, Inc. dba AOL
        2711 Centerville Rd, Suite 400
        Wilmington, DE 19808

YOU ARE HEREBY SUMMONED and required to serve upon PLAINTIFF'S ATTORNEY

Local Counsel for Spirit Airlines, Inc.

Anthony Carriuolo (FL Bar No. 434541)
BERGER SINGERMAN
350 East Las Olas Boulevard, Suite 1000
Fort Lauderdale, FL 33301
954-525-9900 (phone)
954-523-2872 (fax)

AND

Connie A. Lahn (MN Bar No. 0269219)
Lara O. Glaesman (MN Bar No. 316866)
FAFINSKI MARK & JOHNSON, P.A
Flagship Corporate Center
775 Prairie Center Drive, Suite 400
Eden Prairie, MN 55344
952-995-9500 (phone)
952-995-9577 (fax)

an answer to the complaint which is herewith served upon you, within twenty days after service of this summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.  You must also file your answer with the Clerk of this Court within a reasonable period of time.

_____
Clerk

_____
(By) Deputy Clerk

MAR 2 1 2007
_____
Date

2

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Spirit Airlines, Inc.,

Plaintiff,

vs.

24/7 Real Media, Inc., Advertising.com, Inc.,
America Online, Inc. dba AOL, Burst Media
Corporation, Carrollton Bank, CheapFlights
(USA), Inc., Echo Target, Inc., Hotwire, Inc.,
Intercept Interactive, Inc., Priceline.com, LLC,
Rackspace, Ltd., Shermans Travel, Inc., SideStep,
Inc., Smarter Living, Inc., SpecificMedia, Inc.,
Travel Marketing Group, Inc., TravelZoo, Inc.,
Tribal Fusion, Inc., TripAdvisor LLC,
Valueclick, Inc., and The Weather Channel
Interactive, Inc., and all other persons
or entities unknown claiming any right, title
or interest to the funds described in the
Complaint herein,

Defendants.

Civil Action File No. ____

# 07-60399

CIV-ALTONAGA

MAGISTRATE JUDGE
TURNOFF



**SUMMONS IN A CIVIL CASE**

TO:     Advertising.com, Inc.
        c/o CSC Lawyers Incorporating Service Company, Registered Agent of
        Advertising.com, Inc.
        7 St. Paul Street, Suite 1660
        Baltimore, MD 21202

YOU ARE HEREBY SUMMONED and required to serve upon PLAINTIFF'S ATTORNEY

Local Counsel for Spirit Airlines, Inc.

Anthony Carriuolo (FL Bar No. 434541)
BERGER SINGERMAN
350 East Las Olas Boulevard, Suite 1000
Fort Lauderdale, FL 33301
954-525-9900 (phone)
954-523-2872 (fax)

AND

Connie A. Lahn (MN Bar No. 0269219)
Lara O. Glaesman (MN Bar No. 316866)
FAFINSKI MARK & JOHNSON, P.A
Flagship Corporate Center
775 Prairie Center Drive, Suite 400
Eden Prairie, MN 55344
952-995-9500 (phone)
952-995-9577 (fax)

an answer to the complaint which is herewith served upon you, within twenty days after service

of this summons upon you, exclusive of the day of service.  If you fail to do so, judgment by

default will be taken against you for the relief demanded in the complaint.  You must also file

your answer with the Clerk of this Court within a reasonable period of time.

_____Clarence Maddox_____
Clerk

_____
(By) Deputy Clerk

MAR 2 1 2007
_____
Date

2

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Spirit Airlines, Inc.,

                   Plaintiff,

    vs.

24/7 Real Media, Inc., Advertising.com, Inc.,
America Online, Inc. dba AOL, Burst Media
Corporation, Carrollton Bank, CheapFlights
(USA), Inc., Echo Target, Inc., Hotwire, Inc.,
Intercept Interactive, Inc., Priceline.com, LLC,
Rackspace, Ltd., Shermans Travel, Inc., SideStep,
Inc., Smarter Living, Inc., SpecificMedia, Inc.,
Travel Marketing Group, Inc., TravelZoo, Inc.,
Tribal Fusion, Inc., TripAdvisor LLC,
Valueclick, Inc., and The Weather Channel
Interactive, Inc., and all other persons
or entities unknown claiming any right, title,
or interest to the funds described in the
Complaint herein,

                   Defendants.

Civil Action File No.

**07-60399**

**CIV-ALTONAGA**

**MAGISTRATE JUDGE**
TURNOFF

FILED by ___
2007 MAR 21 PH 2: 05
CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA.-FT. L.

**SUMMONS IN A CIVIL CASE**

TO:    24/7 Real Media, Inc.
       c/o Corporation Service Company, Registered Agent of 24/7 Real Media, Inc.
       2711 Centerville Rd., Suite 400
       Wilmington, DE 19808

YOU ARE HEREBY SUMMONED and required to serve upon PLAINTIFF'S ATTORNEY

Local Counsel for Spirit Airlines, Inc.

Anthony Carriuolo (FL Bar No. 434541)
BERGER SINGERMAN
350 East Las Olas Boulevard, Suite 1000
Fort Lauderdale, FL 33301
954-525-9900 (phone)
954-523-2872 (fax)

AND

Connie A. Lahn (MN Bar No. 0269219)
Lara O. Glaesman (MN Bar No. 316866)
FAFINSKI MARK & JOHNSON, P.A
Flagship Corporate Center
775 Prairie Center Drive, Suite 400
Eden Prairie, MN 55344
952-995-9500 (phone)
952-995-9577 (fax)

an answer to the complaint which is herewith served upon you, within twenty days after service

of this summons upon you, exclusive of the day of service.  If you fail to do so, judgment by

default will be taken against you for the relief demanded in the complaint.  You must also file

your answer with the Clerk of this Court within a reasonable period of time.

Clarence Maddox

_____
Clerk

_____
(By) Deputy Clerk

MAR 2 1 2007

_____
Date

2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 07-60399-CIV-ALTONAGA/TURNOFF

Spirit Airlines, Inc.,

                Plaintiff,

vs.

24/7 Real Media, Inc., Advertising.com, Inc.,
America Online, Inc. dba AOL, Burst Media
Corporation, Carrollton Bank, CheapFlights
(USA), Inc., Echo Target, Inc., Hotwire, Inc.,
Intercept Interactive, Inc., Priceline.com, LLC,
Rackspace, Ltd., Shermans Travel, Inc.,
SideStep,
Inc., Smarter Living, Inc., SpecificMedia, Inc.,
Travel Marketing Group, Inc., TravelZoo, Inc.,
Tribal Fusion, Inc., TripAdvisor LLC,
Valueclick, Inc., The Weather Channel
Interactive, Inc., and all other persons
or entities unknown claiming any right, title,
or interest to the funds described in the
Complaint herein,

                Defendants.

_____/

## MOTION OF LARA O. GLAESMAN TO APPEAR PRO HAC VICE
## ON BEHALF OF PLAINTIFF, SPIRIT AIRLINES, INC.

In accordance with Local Rule 4(B) of the Special Rules Governing the Admission and

Practice of Attorneys of the United States District Court for the Southern District of Florida, the

undersigned respectfully moves for the admissions of Lara O. Glaesman of the law firm of

Fafinski Mark & Johnson, P.A., Flagship Corporate Center, 775 Prairie Center Drive, Suite 400,

Eden Prairie, MN 55344, whose phone number is (952) 995-9500, for purposes of appearing as

counsel on behalf of Plaintiff, Spirit Airlines, Inc., herein, in the above-styled case only.

692632-1

CASE NO. 07-60399-ALTONAGA/TURNOFF

Lara O. Glaesman certifies herewith that she has studied the Local Rules of this Court and is a member in good standing of the Bar of the following: United States District Court for the District of Minnesota.

In further support of this Motion, it is hereby designated that Anthony J. Carriuolo is a member of the Bar of this Court and maintains an office in this District for the practice of law. He is a person to whom the Court and counsel may readily communicate and upon whom papers may be served. In addition, the law firm of Berger Singerman, located at 350 East Las Olas Boulevard, Suite 1000, Fort Lauderdale, Florida 33301, whose phone number is 954-525-9900, acts as local counsel in this matter on behalf of Spirit Airlines, Inc.

## CONSENT TO DESIGNATION

I hereby consent to the foregoing designation.

Dated: April 3 , 2007.
Fort Lauderdale, Florida

> **BERGER SINGERMAN**
> *Attorneys for Plaintiff, Spirit Airlines, Inc.*
> 350 East Las Olas Boulevard, Suite 1000
> Fort Lauderdale, Florida 33301
> Telephone: (954) 525-9900
> Facsimile: (954) 523-2872
> acarriuolo@bergersingerman.com
>
> By: _____
> Anthony J. Carriuolo
> Florida Bar No. 34541

692632-1

CASE NO. 07-60399-ALTONAGA/TURNOFF

Executed under penalty of perjury on the 2nd day of April, 2007 at Eden Prairie, MN.

Respectfully submitted,

By: *Lara O. Glaesman*

Lara O. Glaesman, Esq.
(MN Bar No. 316866)

Fafinski Mark & Johnson, P.A.
Flagship Corporate Center
775 Prairie Center Drive, Suite 400
Eden Prairie, MN 55344
Telephone: (952) 995-9500
Facsimile: (952) 995-9577
lara.glaseman@fmjlaw.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished via regular mail to the parties listed on the attached Service List (other than the filing party) on this 3rd day of April 2007.

By: _____
Anthony J. Cariuolo, Esq.

692632-1

## SERVICE LIST

Spirit Airlines, Inc. v. 24/7 Real Media, Inc., et al.
Case No. 07-60399 (Altonaga/Turnoff)
United States District Court, Southern District of Florida

| | |
|---|---|
| 24/7 Real Media, Inc.<br>c/o Corporation Service Company, as<br>Registered Agent<br>2711 Centerville Road, Suite 400<br>Wilmington, Delaware 19808 | Advertising .com., Inc.<br>c/o CSC Lawyers Incorporating Service<br>Company, as Registered Agent<br>7 St. Paul Street, Suite 1660<br>Baltimore, MD 21202 |
| TravelZoo, Inc.<br>c/o Corporation Service company, as Registered<br>Agent<br>80 State Street<br>Albany, NY 12207-2543 | Travel Marketing Group, Inc.<br>c/o Michael D. Devolder, as Registered Agent<br>4124 Beaver Avenue<br>Des Moines, IA 50310 |
| The Weather Channel Interactive, Inc.<br>c/o Becky A. Powhatan, as Registered Agent<br>300 Interstate N. Parkway<br>Atlanta, GA 30339 | Specific Medial, Inc.<br>c/o Roy E. Luna, as Registered Agent<br>4 Park Plaza, Suite 1900<br>Irvine, CA 92614 |
| Smarter Living, Inc.<br>c/o Daniel Saul, as Registered Agent<br>465 Medford Street, Suite 400<br>Boston, MA 02129 | SideStep, Inc.<br>c/o Corporation Service Company, as Registered<br>Agent<br>2711 Centerville Road, Suite 400<br>Wilmington, DE 19808 |
| Sherman Travel, Inc.<br>c/o James Sherman, as Registered Agent<br>56 West 88th Street<br>New York, NY 10024 | Rackspace, Ltd.<br>c/o Capital Corporate Services, Inc., as<br>Registered Agent<br>800 Brazos<br>Austin, TX 78701 |
| Priceline.com, LLC<br>c/o Corporation Service Company, as<br>Registered Agent<br>94 Hungerford Street<br>Hartford, CT 06160 | Intercept Interactive, Inc.<br>c/o Shiff & Tisman, as Registered Agent<br>2000 Madison Avenue<br>New York, NY 10016 |
| Hotwire, Inc.<br>c/o National Registered Agents, Inc., as<br>Registered Agent<br>160 Greentree Drive, Suite 101<br>Dover, DE 19904 | Echo Target, In.<br>c/o Urban Mulvehill, Esq., as Registered Agent<br>O'Neill, Dimanno & Kelly<br>15 Beekman Street<br>New York, NY 10038-1509 |

702031-1

| CheapFlights (USA), Inc.<br>c/o Corporation Service Company, as<br>Registered Agent<br>2711 Centerville Rd., Suite 400<br>Wilmington , DE 19808 | Carrollton Bank<br>c/o William C. Rogers, Jr., as Registered Agent<br>6 S. Calvert Street<br>Baltimore, MD 21202 |
|---|---|
| Burst Media Corporation<br>c/o The Corporation Trust Inc., as Registered<br>Agent<br>300 E. Lombard St.<br>Baltimore, MD 21202 | America Online, Inc. d/b/a AOL<br>c/o Corporation Service Company, as Registered<br>Agent<br>2711 Centerville Road, Suite 400<br>Wilmington, DE 19808 |
| Valueclick, Inc.<br>c/o National Registered Agents, as Registered<br>Agent<br>160 Greentree Drive, Suite 101<br>Dover, DE 19904 | TripAdvisor, LLC<br>c/o National Registered Agents, as Registered<br>Agent<br>160 Greentree Drive, Suite 101<br>Dover, DE 19904 |
| Tribal Fusion, Inc.<br>c/o Dilip Dasilva, as Registered Agent<br>2087 Key Blvd.<br>El Derrito, CA 94530 | Anthony J. Carriuolo, Esq.<br>Attorneys for Plaintiff<br>BERGER SINGERMAN<br>350 East Las Olas Boulevard, Suite 1000<br>Fort Lauderdale, FL 33301<br>Tel.: (954) 525-9900<br>Fax: (954) 523-2872<br>E-mail:acarriuolo@bergersingerman.com |

702031-1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 07-60399 CIV-ALTONAGA/TURNOFF

Spirit Airlines, Inc.,

Plaintiff,

vs.

24/7 Real Media, Inc., Advertising.com, Inc.,
America Online, Inc. dba AOL, Burst Media
Corporation, Carrollton Bank, CheapFlights
(USA), Inc., Echo Target, Inc., Hotwire, Inc.,
Intercept Interactive, Inc., Priceline.com, LLC,
Rackspace, Ltd., Shermans Travel, Inc., SideStep,
Inc., Smarter Living, Inc., SpecificMedia, Inc.,
Travel Marketing Group, Inc., TravelZoo, Inc.,
Tribal Fusion, Inc., TripAdvisor LLC,
Valueclick, Inc., The Weather Channel
Interactive, Inc., and all other persons
or entities unknown claiming any right, title,
or interest to the funds described in the
Complaint herein,

Defendants.    /

**ORDER GRANTING MOTION OF LARA O. GLAESMAN TO APPEAR**
***PRO HAC VICE* ON BEHALF OF PLAINTIFF SPIRIT AIRLINES, INC.**

THIS CAUSE has come before the Court upon the Motion of Lara O. Glaesman to

Appear *Pro Hac Vice* on Behalf of Plaintiff, Spirit Airlines, Inc. and for permission to participate

*pro hac vice* in the above-styled case. Being fully advised, the Court

ORDERS, ADJUDGES AND DECREES that said Motion be, and the same is hereby,

GRANTED.

DONE and ORDERED in Chambers at the United States District Courthouse, Fort

Lauderdale, Florida, this _____ day of _____, 2007.

_____
U.S. District Judge

cc: Counsels of Record

692632-1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 07-60399-CIV-ALTONAGA/TURNOFF

Spirit Airlines, Inc.,

                    Plaintiff,
          vs.

24/7 Real Media, Inc., Advertising.com, Inc.,
America Online, Inc. dba AOL, Burst Media
Corporation, Carrollton Bank, CheapFlights
(USA), Inc., Echo Target, Inc., Hotwire, Inc.,
Intercept Interactive, Inc., Priceline.com, LLC,
Rackspace, Ltd., Shermans Travel, Inc.,
SideStep,
Inc., Smarter Living, Inc., SpecificMedia, Inc.,
Travel Marketing Group, Inc., TravelZoo, Inc.,
Tribal Fusion, Inc., TripAdvisor LLC,
Valueclick, Inc., The Weather Channel
Interactive, Inc., and all other persons
or entities unknown claiming any right, title,
or interest to the funds described in the
Complaint herein,

                    Defendants.
_____/

## MOTION OF CONNIE A. LAHN TO APPEAR PRO HAC VICE
## ON BEHALF OF PLAINTIFF, SPIRIT AIRLINES, INC.

In accordance with Local Rule 4(B) of the Special Rules Governing the Admission and

Practice of Attorneys of the United States District Court for the Southern District of Florida, the

undersigned respectfully moves for the admission of Connie A. Lahn of the law firm of Fafinski

Mark & Johnson, P.A., Flagship Corporate Center, 775 Prairie Center Drive, Suite 400, Eden

Prairie, MN 55344,  whose phone number is (952) 995-9500, for purposes of appearing as

counsel on behalf of Plaintiff, Spirit Airlines, Inc., herein, in the above-styled case only.

692634-1

CASE NO. 07-60399-CIV-ALTONAGA/TURNOFF

Connie A. Lahn certifies herewith that she has studied the Local Rules of this Court and is a member in good standing of the Bar of the following: United States District Court for the District of Minnesota.

In further support of this Motion, it is hereby designated that Anthony J. Carriuolo is a member of the Bar of this Court and maintains an office in this District for the practice of law. He is a person to whom the Court and counsel may readily communicate and upon whom papers may be served. In addition, the law firm of Berger Singerman, located at 350 East Las Olas Boulevard, Suite 1000, Fort Lauderdale, Florida 33301, whose phone number is 954-525-9900, acts as local counsel in this matter on behalf of Spirit Airlines, Inc.

## CONSENT TO DESIGNATION

I hereby consent to the foregoing designation.

Dated: April 3, 2007.
Fort Lauderdale, Florida

**BERGER SINGERMAN**
*Attorneys for Plaintiff, Spirit Airlines, Inc.*
350 East Las Olas Boulevard, Suite 1000
Fort Lauderdale, Florida 33301
Telephone: (954) 525-9900
Facsimile: (954) 523-2872
acarriuolo@bergersingerman.com

By: _____
      Anthony J. Carriuolo
      Florida Bar No. 34541

CASE NO. 07-60399-CIV-ALTONAGA/TURNOFF

Executed under penalty of perjury on the 2nd day of April, 2007 at Eden Prairie, MN.

Respectfully submitted,

By: _____
Connie A. Lahn, Esq.
(MN Bar No. 0269219)

Fafinski Mark & Johnson, P.A.
Flagship Corporate Center
775 Prairie Center Drive, Suite 400
Eden Prairie, MN 55344
Telephone: (952) 995-9500
Facsimile: (952) 995-9577
connie.lahn@fmjlaw.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished via regular mail to the parties listed on the attached Service List (other than the filing party) on this 3rd day of April, 2007.

By: _____
Anthony J. Cariuolo, Esq.

**SERVICE LIST**
*(Spirit Airlines, Inc. v. 24/7, Real Media, Inc., et al.)*
**United States District Court for the Southern District of Florida**
**CASE NO. 07-60399**

Anthony J. Carriuolo, Esq.          List Defendants
E-mail: acarriuolo@bergersingerman.com
BERGER SINGERMAN
350 East Las Olas Boulevard, Suite 1000
Fort Lauderdale, Florida 33301
Tel: (954) 525-9900
Fax: (954) 523-2872
*Attorneys for Plaintiffs*

692634-1

**SERVICE LIST**

Spirit Airlines, Inc. v. 24/7 Real Media, Inc., et al.
Case No. 07-60399 (Altonaga/Turnoff)
United States District Court, Southern District of Florida

| | |
|---|---|
| 24/7 Real Media, Inc.<br>c/o Corporation Service Company, as Registered Agent<br>2711 Centerville Road, Suite 400<br>Wilmington, Delaware 19808 | Advertising .com., Inc.<br>c/o CSC Lawyers Incorporating Service Company, as Registered Agent<br>7 St. Paul Street, Suite 1660<br>Baltimore, MD 21202 |
| TravelZoo, Inc.<br>c/o Corporation Service company, as Registered Agent<br>80 State Street<br>Albany, NY 12207-2543 | Travel Marketing Group, Inc.<br>c/o Michael D. Devolder, as Registered Agent<br>4124 Beaver Avenue<br>Des Moines, IA 50310 |
| The Weather Channel Interactive, Inc.<br>c/o Becky A. Powhatan, as Registered Agent<br>300 Interstate N. Parkway<br>Atlanta, GA 30339 | Specific Medial, Inc.<br>c/o Roy E. Luna, as Registered Agent<br>4 Park Plaza, Suite 1900<br>Irvine, CA 92614 |
| Smarter Living, Inc.<br>c/o Daniel Saul, as Registered Agent<br>465 Medford Street, Suite 400<br>Boston, MA 02129 | SideStep, Inc.<br>c/o Corporation Service Company, as Registered Agent<br>2711 Centerville Road, Suite 400<br>Wilmington, DE 19808 |
| Sherman Travel, Inc.<br>c/o James Sherman, as Registered Agent<br>56 West 88th Street<br>New York, NY 10024 | Rackspace, Ltd.<br>c/o Capital Corporate Services, Inc., as Registered Agent<br>800 Brazos<br>Austin, TX 78701 |
| Priceline.com, LLC<br>c/o Corporation Service Company, as Registered Agent<br>94 Hungerford Street<br>Hartford, CT 06160 | Intercept Interactive, Inc.<br>c/o Shiff & Tisman, as Registered Agent<br>2000 Madison Avenue<br>New York, NY 10016 |
| Hotwire, Inc.<br>c/o National Registered Agents, Inc., as Registered Agent<br>160 Greentree Drive, Suite 101<br>Dover, DE 19904 | Echo Target, In.<br>c/o Urban Mulvehill, Esq., as Registered Agent<br>O'Neill, Dimanno & Kelly<br>15 Beekman Street<br>New York, NY 10038-1509 |

| | |
|---|---|
| CheapFlights (USA), Inc.<br>c/o Corporation Service Company, as Registered Agent<br>2711 Centerville Rd., Suite 400<br>Wilmington , DE 19808 | Carrollton Bank<br>c/o William C. Rogers, Jr., as Registered Agent<br>6 S. Calvert Street<br>Baltimore, MD 21202 |
| Burst Media Corporation<br>c/o The Corporation Trust Inc., as Registered Agent<br>300 E. Lombard St.<br>Baltimore, MD 21202 | America Online, Inc. d/b/a AOL<br>c/o Corporation Service Company, as Registered Agent<br>2711 Centerville Road, Suite 400<br>Wilmington, DE 19808 |
| Valueclick, Inc.<br>c/o National Registered Agents, as Registered Agent<br>160 Greentree Drive, Suite 101<br>Dover, DE 19904 | TripAdvisor, LLC<br>c/o National Registered Agents, as Registered Agent<br>160 Greentree Drive, Suite 101<br>Dover, DE 19904 |
| Tribal Fusion, Inc.<br>c/o Dilip Dasilva, as Registered Agent<br>2087 Key Blvd.<br>El Derrito, CA 94530 | Anthony J. Carriuolo, Esq.<br>Attorneys for Plaintiff<br>BERGER SINGERMAN<br>350 East Las Olas Boulevard, Suite 1000<br>Fort Lauderdale, FL 33301<br>Tel.: (954) 525-9900<br>Fax: (954) 523-2872<br>E-mail:acarriuolo@bergersingerman.com |

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 07-60399 CIV-ALTONAGA/TURNOFF

Spirit Airlines, Inc.,

                    Plaintiff,

       vs.

24/7 Real Media, Inc., Advertising.com, Inc.,
America Online, Inc. dba AOL, Burst Media
Corporation, Carrollton Bank, CheapFlights
(USA), Inc., Echo Target, Inc., Hotwire, Inc.,
Intercept Interactive, Inc., Priceline.com, LLC,
Rackspace, Ltd., Shermans Travel, Inc., SideStep,
Inc., Smarter Living, Inc., SpecificMedia, Inc.,
Travel Marketing Group, Inc., TravelZoo, Inc.,
Tribal Fusion, Inc., TripAdvisor LLC,
Valueclick, Inc., The Weather Channel
Interactive, Inc., and all other persons
or entities unknown claiming any right, title,
or interest to the funds described in the
Complaint herein,
_____ Defendants.   /

## ORDER GRANTING MOTION OF CONNIE A. LAHN TO APPEAR
## *PRO HAC VICE* ON BEHALF OF PLAINTIFF SPIRIT AIRLINES, INC.

THIS CAUSE has come before the Court upon the Motion of Connie A. Lahn to Appear

*Pro Hac Vice* on Behalf of Plaintiff, Spirit Airlines, Inc. and for permission to participate *pro*

*hac vice* in the above-styled case.  Being fully advised, the Court

ORDERS, ADJUDGES AND DECREES that said Motion be, and the same is hereby,

GRANTED.

DONE and ORDERED in Chambers at the United States District Courthouse, Fort

Lauderdale, Florida, this ____ day of _____, 2007.

                                      _____
                                      U.S. District Judge

cc:  Counsels of Record

692634-1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 07-60399 CIV-ALTONAGA/TURNOFF

Spirit Airlines, Inc.,

Plaintiff,

vs.

24/7 Real Media, Inc., Advertising.com, Inc.,
America Online, Inc. dba AOL, Burst Media
Corporation, Carrollton Bank, CheapFlights
(USA), Inc., Echo Target, Inc., Hotwire, Inc.,
Intercept Interactive, Inc., Priceline.com, LLC,
Rackspace, Ltd., Shermans Travel, Inc., SideStep,
Inc., Smarter Living, Inc., SpecificMedia, Inc.,
Travel Marketing Group, Inc., TravelZoo, Inc.,
Tribal Fusion, Inc., TripAdvisor LLC,
Valueclick, Inc., The Weather Channel
Interactive, Inc., and all other persons
or entities unknown claiming any right, title,
or interest to the funds described in the
Complaint herein,

Defendants.  /

## ORDER GRANTING MOTION OF LARA O. GLAESMAN TO APPEAR
## *PRO HAC VICE* ON BEHALF OF PLAINTIFF SPIRIT AIRLINES, INC.

THIS CAUSE has come before the Court upon the Motion of Lara O. Glaesman to

Appear *Pro Hac Vice* on Behalf of Plaintiff, Spirit Airlines, Inc. and for permission to participate

*pro hac vice* in the above-styled case. Being fully advised, the Court

ORDERS, ADJUDGES AND DECREES that said Motion be, and the same is hereby,

GRANTED.

DONE and ORDERED in Chambers at the United States District Courthouse, Fort

Lauderdale, Florida, this 4 day of April , 2007.

U.S. District Judge

cc: Counsels of Record

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 07-60399 CIV-ALTONAGA/TURNOFF

Spirit Airlines, Inc.,

Plaintiff,

vs.

24/7 Real Media, Inc., Advertising.com, Inc.,
America Online, Inc. dba AOL, Burst Media
Corporation, Carrollton Bank, CheapFlights
(USA), Inc., Echo Target, Inc., Hotwire, Inc.,
Intercept Interactive, Inc., Priceline.com, LLC,
Rackspace, Ltd., Shermans Travel, Inc., SideStep,
Inc., Smarter Living, Inc., SpecificMedia, Inc.,
Travel Marketing Group, Inc., TravelZoo, Inc.,
Tribal Fusion, Inc., TripAdvisor LLC,
Valueclick, Inc., The Weather Channel
Interactive, Inc., and all other persons
or entities unknown claiming any right, title,
or interest to the funds described in the
Complaint herein,
_____Defendants.   /

**ORDER GRANTING MOTION OF CONNIE A. LAHN TO APPEAR**
***PRO HAC VICE* ON BEHALF OF PLAINTIFF SPIRIT AIRLINES, INC.**

THIS CAUSE has come before the Court upon the Motion of Connie A. Lahn to Appear

*Pro Hac Vice* on Behalf of Plaintiff, Spirit Airlines, Inc. and for permission to participate *pro*

*hac vice* in the above-styled case.  Being fully advised, the Court

ORDERS, ADJUDGES AND DECREES that said Motion be, and the same is hereby,

GRANTED.

DONE and ORDERED in Chambers at the United States District Courthouse, Fort

Lauderdale, Florida, this 4 day of _April_, 2007.

_____
U.S. District Judge

cc:  Counsels of Record



April 9, 2007



FILED by _____ D.C.

APR 1 3 2007

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. ____

Via UPS Delivery

United States District Court
For the Southern District of Florida

Re: Civil Action File No 07-60399
Spirit Airlines, Inc, (Plaintiff) vs. 24/7 Real Media, Inc. et.at. (Defendants)


To Whom It May Concern:

Rackspace Ltd. has received the Complaint for Interpleader in the above referenced matter.  After a diligent search of our accounts receivable records, we have found no outstanding obligation owed to us by Eisner Communications, Inc., former customer #32235.  Therefore, please let this letter serve that Rackspace Ltd. will be asserting no claim to the interplead fund in this matter.

Unless we hear anything further from you, we will consider this matter closed.  If you have any questions, please feel free to contact me.


Sincerely,

*Beth B. Sherfy*

Beth Sherfy
Senior Counsel


Cc: Counsel for Spirit Airlines

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 07-60399-CIV-ALTONAGA/TURNOFF

Spirit Airlines, Inc.,

Plaintiff,

vs.

24/7 Real Media, Inc., Advertising.com, Inc.,
America Online, Inc. dba AOL, Burst Media
Corporation, Carrollton Bank, CheapFlights
(USA), Inc., Echo Target, Inc., Hotwire, Inc.,
Intercept Interactive, Inc., Priceline.com, LLC,
Rackspace, Ltd., Shermans Travel, Inc.,
SideStep,
Inc., Smarter Living, Inc., SpecificMedia, Inc.,
Travel Marketing Group, Inc., TravelZoo, Inc.,
Tribal Fusion, Inc., TripAdvisor LLC,
Valueclick, Inc., The Weather Channel
Interactive, Inc., and all other persons
or entities unknown claiming any right, title,
or interest to the funds described in the
Complaint herein,

Defendants.

_____/

PLAINTIFF SPIRIT AIRLINES, INC.'S NOTICE TO
RECEIVE ELECTRONIC NOTIFICATIONS

Plaintiff Spirit Airlines, Inc. respectfully requests that counsel, Connie A. Lahn of

the law firm of Fafinski Mark & Johnson, P.A., who has been admitted pro hac in this

action on April 4, 2007 [DE # 6], be permitted to receive EM/ECF notices electronically

at the e-mail address of connie.lahn@fmjlaw.com.

Date:   April 18, 2007
Ft. Lauderdale, Florida

Respectfully submitted,

BERGER SINGERMAN, P.A.
350 East Las Olas Boulevard, Suite 1000
Fort Lauderdale, Florida 33301
Telephone: (954) 525-9900
Facsimile: (954) 523-2872

By:   s/Anthony J. Carriuolo
        Anthony J. Carriuolo
        Florida Bar No. 434541
        acarriuolo@bergersingerman.com

and

Connie A. Lahn, pro hac admission
Fafinski Mark & Johnson, P.A.
Flagship Corporate Center
775 Prairie Center Drive, Suite 400
Eden Prairie, MN 55344
Telephone:  (952) 995-9500
Facsimile:  (952) 995-9577
Connie.lahn@fmjlaw.com

Attorneys for Plaintiff

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 18th day of April, 2007, I electronically filed the foregoing with the Clerk of the Court by using CM/ECF. I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to the following:

| 24/7 Real Media, Inc.<br>c/o Corporation Service Company, as Registered Agent<br>2711 Centerville Road, Suite 400<br>Wilmington, Delaware 19808 | Advertising .com., Inc.<br>c/o CSC Lawyers Incorporating Service Company, as Registered Agent<br>7 St. Paul Street, Suite 1660<br>Baltimore, MD 21202 |
| --- | --- |
| TravelZoo, Inc.<br>c/o Corporation Service company, as Registered Agent<br>80 State Street<br>Albany, NY 12207-2543 | Travel Marketing Group, Inc.<br>c/o Michael D. Devolder, as Registered Agent<br>4124 Beaver Avenue<br>Des Moines, IA 50310 |
| The Weather Channel Interactive, Inc.<br>c/o Becky A. Powhatan, as Registered | Specific Medial, Inc.<br>c/o Roy E. Luna, as Registered Agent |

| | |
|---|---|
| Agent<br>300 Interstate N. Parkway<br>Atlanta, GA 30339 | 4 Park Plaza, Suite 1900<br>Irvine, CA 92614 |
| Smarter Living, Inc.<br>c/o Daniel Saul, as Registered Agent<br>465 Medford Street, Suite 400<br>Boston, MA 02129 | SideStep, Inc.<br>c/o Corporation Service Company, as<br>Registered Agent<br>2711 Centerville Road, Suite 400<br>Wilmington, DE 19808 |
| Sherman Travel, Inc.<br>c/o James Sherman, as Registered Agent<br>56 West 88th Street<br>New York, NY 10024 | Intercept Interactive, Inc.<br>c/o Shiff & Tisman, as Registered Agent<br>2000 Madison Avenue<br>New York, NY 10016 |
| Priceline.com, LLC<br>c/o Corporation Service Company, as<br>Registered Agent<br>94 Hungerford Street<br>Hartford, CT 06160 | Echo Target, In.<br>c/o Urban Mulvehill, Esq., as Registered<br>Agent<br>O'Neill, Dimanno & Kelly<br>15 Beekman Street<br>New York, NY 10038-1509 |
| Hotwire, Inc.<br>c/o National Registered Agents, Inc., as<br>Registered Agent<br>160 Greentree Drive, Suite 101<br>Dover, DE 19904 | Carrollton Bank<br>c/o William C. Rogers, Jr., as Registered<br>Agent<br>6 S. Calvert Street<br>Baltimore, MD 21202 |
| CheapFlights (USA), Inc.<br>c/o Corporation Service Company, as<br>Registered Agent<br>2711 Centerville Rd., Suite 400<br>Wilmington , DE 19808 | America Online, Inc. d/b/a AOL<br>c/o Corporation Service Company, as<br>Registered Agent<br>2711 Centerville Road, Suite 400<br>Wilmington, DE 19808 |
| Burst Media Corporation<br>c/o The Corporation Trust Inc., as<br>Registered Agent<br>300 E. Lombard St.<br>Baltimore, MD 21202 | TripAdvisor, LLC<br>c/o National Registered Agents, as<br>Registered Agent<br>160 Greentree Drive, Suite 101<br>Dover, DE 19904 |
| Valueclick, Inc.<br>c/o National Registered Agents, as<br>Registered Agent<br>160 Greentree Drive, Suite 101 .<br>Dover, DE 19904 | Tribal Fusion, Inc.<br>c/o Dilip Dasilva, as Registered Agent<br>2087 Key Blvd.<br>El Derrito, CA 94530 |

By:  s/Anthony J. Carriuolo
Anthony J. Carriuolo

BERGER SINGERMAN
attorneys at law

Boca Raton   Fort Lauderdale   Miami   Tallahassee

350 East Las Olas Boulevard  Suite 1000  Fort Lauderdale, Florida 33301  Telephone 954·525·9900  Facsimile 954·523·2872

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

_Spirit Airlines, Inc_

Plaintiff/Petitioner,

CASE NO. 07 - 60399 - CIV - Altonaga

MAGISTRATE JUDGE W CT

PHV

V.

**CLERK'S NOTICE OF**

**RECEIPT OF FILING FEE**

_Real Media et al_

Defendant/Respondent,

_____/

The Clerk notifies the Court that on 04/20/07 the filing fee of $150.00 was received, receipt number 958322.

DONE at the Federal Courthouse Square, Miami, Florida, this 20th day of April, 2007.

**CLARENCE MADDOX**
Court Administrator•Clerk of Court

By: _____
Deputy Clerk

c: United States Magistrate Judge
   Plaintiff

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO.: 07-60399-CIV-ALTONAGA/TURNOFF

SPIRIT AIRLINES, INC.,

        Plaintiff,

v.

24/7 REAL MEDIA, INC., ADVERTISING.COM,
INC., AMERICA ONLINE, INC. d/b/a AOL, BURST
MEDIA CORPORATION, CARROLLTON BANK,
CHEAPFLIGHTS (USA), INC., ECHO TARGET,
INC., HOTWIRE, INC., INTERCEPT INTERACTIVE,
INC., PRICELINE.COM, LLC, RACKSPACE, LTD.,
SHERMANS TRAVEL, INC., SIDESTEP, INC.,
SMARTER LIVING, INC., SPECIFICMEDIA, INC.,
TRAVEL MARKETING GROUP, INC., TRAVELZOO,
INC., TRIBAL FUSION, INC., TRIPADVISOR, LLC,
VALUECLICK, INC. and THE WEATHER CHANNEL
INTERACTIVE, INC., and all other persons or entities
unknown claiming any right, title or interest to the funds
described in the Complaint herein,

        Defendants.

_____/

## DEFENDANT PRICELINE.COM, LLC'S
## UNOPPOSED MOTION FOR ENLARGEMENT OF TIME

Defendant Priceline.com, LLC ("Priceline") moves, pursuant to Rule 6(b) of the Federal

Rules of Civil Procedure, for an enlargement of time in which to respond to the Complaint filed

by Plaintiff Sprit Airlines, Inc. ("Spirit"). The grounds for this motion are:

    1.    Priceline was served with a copy of the Summons and Complaint via personal

service on its registered agent, on or about April 5, 2007.

    2.    Under the applicable Federal Rules of Civil Procedure, Priceline's response to the

Complaint would have been due on or about April 25, 2007.

3.      Undersigned counsel has only just been retained to represent Priceline in this matter.  Due to the press of other litigation, together with the need to obtain and review files and consult with Priceline, undersigned counsel will not have sufficient time to adequately prepare the response to the Complaint within the applicable time.

4.      Accordingly, Priceline respectfully requests an enlargement of time of thirty (30) days, up to and including May 25, 2007, in which to respond, by motion or otherwise, to the Complaint.

5.      This motion is not filed for purposes of delay and no party will be prejudiced by the granting of this brief enlargement of time.

6.      Priceline has not previously sought an enlargement of time with respect to its response to the Complaint.

7.      Plaintiff's counsel has been contacted concerning this request, and has agreed to the granting of the enlargement of time.

8.      Pursuant to S.D. Fla. Local Rule 7.1(A)(2), attached hereto as Exhibit "1" is a proposed Order.

## MEMORANDUM OF LAW

This Court has authority to grant an enlargement of time for good cause under Rule 6(b), Federal Rules of Civil Procedure.  In the circumstances elaborated, good cause has been shown for the requested enlargement, which will not result in prejudice to any party.  As stated in Moore's Federal Practice, § 6.08, at 6-84-88: "In accordance with the mandate of Rule 1, that the Rules should be construed to secure the just, speedy and inexpensive determination of every action, the courts generally have given Rule 6(b) a liberal interpretation in order to work substantial justice."  See also Hoffman v. Kennedy, 30 F.R.D. 50, 51 (E.D. Pa. 1962).  In the

2

CASE NO.: 07-60399-CIV-ALTONAGA/TURNOFF

aforementioned circumstances, good cause has been shown. Accordingly, this Court should grant the motion for an enlargement of time.

WHEREFORE, good cause having been shown, Defendant Priceline.com, LLC respectfully requests that the Court grant this motion and enter an order enlarging the time in which it may respond to the Complaint, together with such other and further relief as the Court deems just and equitable.

## LOCAL RULE 7.1(A)(3) CERTIFICATION

Pursuant to S.D. Fla. Local Rule 7.1(A)(3), counsel for Priceline certify that they have conferred with counsel for Plaintiff Spirit Airlines, Inc. with respect to the relief requested, and states that counsel for Plaintiff agrees to the granting of the enlargement of time.

Respectfully, submitted,

By: _s/ Steven M. Ebner_
Steven M. Ebner
Florida Bar No. 634727
sebner@shutts-law.com
**SHUTTS & BOWEN LLP**
1500 Miami Center
201 S. Biscayne Boulevard
Miami, Florida 33131
(305) 358-6300 Telephone
(305) 381-9982 Facsimile

LOCAL COUNSEL FOR PRICELINE.COM, LLC

AND

Joseph L. Clasen
New York Bar No. 1725340
jclasen@rc.com
**ROBINSON & COLE, LLP**
885 Third Avenue, 28th Floor
New York, NY 10022
(212) 451-2900 Telephone
(212) 451-2999 Facsimile

COUNSEL FOR PRICELINE.COM, LLC

3

CASE NO.: 07-60399-CIV-ALTONAGA/TURNOFF

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on April 24, 2007, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following: Anthony J. Carriulo, Berger Singerman, 350 East Las Olas Boulevard, Suite 1000, Ft. Lauderdale, FL, 33301, and Connie A. Lahn and Lara O. Glaesman, Fafinski Mark & Johnson, P.A., Flagship Corporate Center, 775 Prairie Center Drive, Suite 400, Eden Prairie, MN 55344.

_s/ Steven M. Ebner_
Of Counsel

MIADOCS 2079573 1

4

Case 1:07-cv-00341-SLR   Document 56-15   Filed 05/29/2007   Page 1 of 3

# EXHIBIT 1

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

## CASE NO.: 07-60399-CIV-ALTONAGA/TURNOFF

SPIRIT AIRLINES, INC.,

       Plaintiff,

v.

24/7 REAL MEDIA, INC., ADVERTISING.COM,
INC., AMERICA ONLINE, INC. d/b/a AOL, BURST
MEDIA CORPORATION, CARROLLTON BANK,
CHEAPFLIGHTS (USA), INC., ECHO TARGET,
INC., HOTWIRE, INC., INTERCEPT INTERACTIVE,
INC., PRICELINE.COM, LLC, RACKSPACE, LTD.,
SHERMANS TRAVEL, INC., SIDESTEP, INC.,
SMARTER LIVING, INC., SPECIFICMEDIA, INC.,
TRAVEL MARKETING GROUP, INC., TRAVELZOO,
INC., TRIBAL FUSION, INC., TRIPADVISOR LLC,
VALUECLICK, INC. and THE WEATHER CHANNEL
INTERACTIVE, INC., and all other persons or entities
unknown claiming any right, title or interest to the funds
described in the Complaint herein,

       Defendants.

_____/

## ORDER GRANTING DEFENDANT PRICELINE.COM, LLC'S
## UNOPPOSED MOTION FOR ENLARGEMENT OF TIME

       THIS MATTER is before the Court upon Defendant Priceline.com, LLC's ("Priceline")

Unopposed Motion for Enlargement of Time, filed April 24, 2007. The Court having reviewed

the Motion and being fully advised in the premises, it is hereby

       ORDERED and ADJUDGED as follows:

       1.      Priceline's Motion for Enlargement of Time is hereby Granted.

       2.      Defendant Priceline shall serve its Response to Plaintiff's Complaint, by answer,

motion to dismiss, or other permitted response on or before May 25, 2007.

CASE NO.: 07-60399-CIV-ALTONAGA/TURNOFF

**DONE AND ORDERED** in chambers at United States District Court, Southern District

of Florida, this ___ day of April, 2007.

_____
THE HONORABLE CECILIA M. ALTONAGA
UNITED STATES DISTRICT JUDGE

Copies furnished to;
*Magistrate Judge William C. Turnoff*
*All Counsel of Record*

2

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**CASE NO. 07-60399-CIV-ALTONAGA/Turnoff**

**SPIRIT AIRLINES, INC.,**

      Plaintiff,

vs.

**24/7 REAL MEDIA, INC.**, et al.,

      Defendants.

_____/

**ORDER REQUIRING SCHEDULING REPORT AND**
**CERTIFICATES OF INTERESTED PARTIES**[1]

The parties are directed to prepare and file a joint scheduling report, as required by Local Rule 16.1, on or before **May 25, 2007**. In addition, on or before **May 25, 2007**, the parties, including governmental parties, shall file Certificates of Interested Parties and Corporate Disclosure Statements, which shall contain a complete list of persons, associated persons, firms, partnerships or corporations that have a financial interest in the outcome of this case, including subsidiaries, conglomerates, affiliates, parent corporations, and other identifiable legal entities related to a party. Throughout the pendency of this action, the parties shall be under a continuing obligation to amend, correct and update the Certificates.

      **DONE AND ORDERED** in Chambers at Miami, Miami-Dade County, Florida this 24th day of April, 2007.

_Cecilia M. Altonaga_

_____
**CECILIA M. ALTONAGA**
**UNITED STATES DISTRICT JUDGE**

Copies furnished to:

Magistrate Judge William C. Turnoff and counsel of record

_____

[1] The parties are not to include Judge Altonaga or Magistrate Judge Turnoff as interested parties, unless they have an interest in the litigation.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:  07-60399-CIV-ALTONAGA/TURNOFF

SPIRIT AIRLINES, INC.,

      Plaintiff,

v.

24/7 REAL MEDIA, INC., et al.,

      Defendants.

_____/

ORDER GRANTING DEFENDANT PRICELINE.COM, LLC'S
UNOPPOSED MOTION FOR ENLARGEMENT OF TIME

**THIS CAUSE** came before the Court upon Defendant, Priceline.com, LLC's ("Priceline['s]")

Unopposed Motion for Enlargement of Time [D.E. 11], filed April 24, 2007.  The Court having

reviewed the Motion and being fully advised in the premises, it is hereby

      **ORDERED AND ADJUDGED** that Priceline's Motion **[D.E. 11]** is **GRANTED**.  Priceline

shall serve its Response to Plaintiff's Complaint, by answer, motion to dismiss, or other permitted

response, **on or before May 25, 2007**.

      **DONE AND ORDERED** in Chambers at Miami, Florida this 24th day of April, 2007.


_____
**CECILIA M. ALTONAGA**
**UNITED STATES DISTRICT JUDGE**

Copies furnished to;
(1) Magistrate Judge William C. Turnoff
(2) Counsel of record

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO. 07-60399-CIV-ALTONAGA/TURNOFF

SPIRIT AIRLINES, INC.,

     Plaintiff,

v.

24/7 REAL MEDIA, INC., et al.,

     Defendants.

_____/

## ANSWER OF BURST MEDIA CORPORATION

Defendant Burst Media Corporation ("Burst") answers Plaintiff Spirit Airlines, Inc. ("Spirit") Complaint for Interpleader as follows:

## PARTIES

1.    Paragraph 1 is denied for lack of knowledge or information sufficient to form a belief as to the truth of the allegations contained in said Paragraph.

2.    Paragraph 2 is denied for lack of knowledge or information sufficient to form a belief as to the truth of the allegations contained in said Paragraph.

3.    Paragraph 3 is denied for lack of knowledge or information sufficient to form a belief as to the truth of the allegations contained in said Paragraph.

4.    Paragraph 4 is denied for lack of knowledge or information sufficient to form a belief as to the truth of the allegations contained in said Paragraph.

5.    Admits.

6.    Paragraph 6 is denied for lack of knowledge or information sufficient to form a belief as to the truth of the allegations contained in said Paragraph.

7.      Paragraph 7 is denied for lack of knowledge or information sufficient to form a belief as to the truth of the allegations contained in said Paragraph.

8.      Paragraph 8 is denied for lack of knowledge or information sufficient to form a belief as to the truth of the allegations contained in said Paragraph.

9.      Paragraph 9 is denied for lack of knowledge or information sufficient to form a belief as to the truth of the allegations contained in said Paragraph.

10.     Paragraph 10 is denied for lack of knowledge or information sufficient to form a belief as to the truth of the allegations contained in said Paragraph.

11.     Paragraph 11 is denied for lack of knowledge or information sufficient to form a belief as to the truth of the allegations contained in said Paragraph.

12.     Paragraph 12 is denied for lack of knowledge or information sufficient to form a belief as to the truth of the allegations contained in said Paragraph.

13.     Paragraph 13 is denied for lack of knowledge or information sufficient to form a belief as to the truth of the allegations contained in said Paragraph.

14.     Paragraph 14 is denied for lack of knowledge or information sufficient to form a belief as to the truth of the allegations contained in said Paragraph.

15.     Paragraph 15 is denied for lack of knowledge or information sufficient to form a belief as to the truth of the allegations contained in said Paragraph.

16.     Paragraph 16 is denied for lack of knowledge or information sufficient to form a belief as to the truth of the allegations contained in said Paragraph.

17.     Paragraph 17 is denied for lack of knowledge or information sufficient to form a belief as to the truth of the allegations contained in said Paragraph.

18.     Paragraph 18 is denied for lack of knowledge or information sufficient to form a

belief as to the truth of the allegations contained in said Paragraph.

19.     Paragraph 19 is denied for lack of knowledge or information sufficient to form a belief as to the truth of the allegations contained in said Paragraph.

20.     Paragraph 20 is denied for lack of knowledge or information sufficient to form a belief as to the truth of the allegations contained in said Paragraph.

21.     Paragraph 21 is denied for lack of knowledge or information sufficient to form a belief as to the truth of the allegations contained in said Paragraph.

22.     Paragraph 22 is denied for lack of knowledge or information sufficient to form a belief as to the truth of the allegations contained in said Paragraph.

## JURISDICTION AND VENUE

23.     Admits that the Complaint alleges that it is for an action for rule interpleader under Rule 22 of the Federal Rules of Civil Procedure and for statutory interpleader under the Federal Interpleader Act, 28 U.S.C.A. § 1335.   Burst otherwise denies the allegations of Paragraph 23 as a legal conclusion to which no admission or denial is required.

24.     As to Paragraph 24, whether this Court has subject matter jurisdiction is a legal conclusion to which no admission or denial is required.

25.     As to Paragraph 25, whether this Court has personal jurisdiction is a legal conclusion to which no admission or denial is required.

26.     As to Paragraph 26, whether venue for this action properly lies in this district is a legal conclusion to which no admission or denial is required.

## FACTS

27.     Admits that the document attached as Exhibit A to the Complaint speaks for itself and denies any characterization inconsistent therewith.   Paragraph 27 otherwise is denied for lack

of knowledge or information sufficient to form a belief as to the truth of the allegations contained in said Paragraph.

28.     Admits that the document attached as Exhibit A to the Complaint speaks for itself and denies any characterization inconsistent therewith. Paragraph 28 otherwise is denied for lack of knowledge or information sufficient to form a belief as to the truth of the allegations contained in said Paragraph.

29.     Admits that the document attached as Exhibit A to the Complaint speaks for itself and denies any characterization inconsistent therewith. Paragraph 29 otherwise is denied for lack of knowledge or information sufficient to form a belief as to the truth of the allegations contained in said Paragraph.

30.     Admits that the document attached as Exhibit A to the Complaint speaks for itself and denies any characterization inconsistent therewith. Paragraph 30 otherwise is denied for lack of knowledge or information sufficient to form a belief as to the truth of the allegations contained in said Paragraph.

31.     Admits that the document attached as Exhibit A to the Complaint speaks for itself and denies any characterization inconsistent therewith. Paragraph 31 otherwise is denied for lack of knowledge or information sufficient to form a belief as to the truth of the allegations contained in said Paragraph.

32.     Admits that Burst did not submit invoices to Spirit. Paragraph 32 otherwise is denied for lack of knowledge or information sufficient to form a belief as to the truth of the allegations contained in said Paragraph.

33.     Admits that the document attached as Exhibit A to the Complaint speaks for itself and denies any characterization inconsistent therewith. Paragraph 33 otherwise is denied for lack

of knowledge or information sufficient to form a belief as to the truth of the allegations contained in said Paragraph.

34.     Admits that the document attached as Exhibit A to the Complaint speaks for itself and denies any characterization inconsistent therewith.  Paragraph 34 otherwise is denied for lack of knowledge or information sufficient to form a belief as to the truth of the allegations contained in said Paragraph.

35.     Admits that the document attached as Exhibit A to the Complaint speaks for itself and denies any characterization inconsistent therewith.  Paragraph 35 otherwise is denied for lack of knowledge or information sufficient to form a belief as to the truth of the allegations contained in said Paragraph.

36.     Paragraph 36 is denied for lack of knowledge or information sufficient to form a belief as to the truth of the allegations contained in said Paragraph.

37.     Admits that the document attached as Exhibit B to the Complaint speaks for itself and denies any characterization inconsistent therewith.  Paragraph 37 otherwise is denied for lack of knowledge or information sufficient to form a belief as to the truth of the allegations contained in said Paragraph.

38.     Admits that the document attached as Exhibit C to the Complaint speaks for itself and denies any characterization inconsistent therewith.  Paragraph 38 otherwise is denied for lack of knowledge or information sufficient to form a belief as to the truth of the allegations contained in said Paragraph.

39.     Admits that Burst contacted Spirit regarding payment of outstanding Eisner invoices and that Burst had not communicated with Spirit directly in the past.  Paragraph 39

otherwise is denied for lack of knowledge or information sufficient to form a belief as to the truth of the allegations contained in said Paragraph.

40.      Admits that Burst received a letter from Spirit on or about December 12, 2006 (the "December 12 letter") similar to the sample letter attached as Exhibit D to the Complaint. Paragraph 40 otherwise is denied for lack of knowledge or information sufficient to form a belief as to the truth of the allegations contained in said Paragraph.

41.      Admits that the December 12 letter that Burst received from Spirit speaks for itself and denies any characterization inconsistent therewith.  Paragraph 41 otherwise is denied for lack of knowledge or information sufficient to form a belief as to the truth of the allegations contained in said Paragraph.

42.      Admits that Burst responded to the December 12 letter by contacting Spirit to discuss payment outstanding Eisner invoices.  Paragraph 42 otherwise is denied for lack of knowledge or information sufficient to form a belief as to the truth of the allegations contained in said Paragraph.

43.      Admits that the document attached as Exhibit E to the Complaint speaks for itself and denies any characterization inconsistent therewith.  Paragraph 43 otherwise is denied for lack of knowledge or information sufficient to form a belief as to the truth of the allegations contained in said Paragraph.

44.      Paragraph 44 is denied for lack of knowledge or information sufficient to form a belief as to the truth of the allegations contained in said Paragraph.

45.      Admits that the document attached as Exhibit F to the Complaint speaks for itself and denies any characterization inconsistent therewith.  Paragraph 45 otherwise is denied for lack

of knowledge or information sufficient to form a belief as to the truth of the allegations contained in said Paragraph.

46. Paragraph 46 is denied for lack of knowledge or information sufficient to form a belief as to the truth of the allegations contained in said Paragraph.

47. Admits that the document attached as Exhibit G to the Complaint speaks for itself and denies any characterization inconsistent therewith. Paragraph 47 otherwise is denied for lack of knowledge or information sufficient to form a belief as to the truth of the allegations contained in said Paragraph.

48. Paragraph 48 is denied for lack of knowledge or information sufficient to form a belief as to the truth of the allegations contained in said Paragraph.

49. Admits that Burst is entitled to payments for outstanding invoices incurred by Eisner on behalf of Spirit in the amount of $67,155.81. Admits that the document attached as Exhibit H to the Complaint speaks for itself and denies any characterization inconsistent therewith. Paragraph 49 otherwise is denied for lack of knowledge or information sufficient to form a belief as to the truth of the allegations contained in said Paragraph.

50. Admits that the document attached as Exhibit I to the Complaint speaks for itself and denies any characterization inconsistent therewith. Paragraph 50 otherwise is denied for lack of knowledge or information sufficient to form a belief as to the truth of the allegations contained in said Paragraph.

51. Paragraph 51 is denied for lack of knowledge or information sufficient to form a belief as to the truth of the allegations contained in said Paragraph.

52. Admits that the document attached as Exhibit J to the Complaint speaks for itself and denies any characterization inconsistent therewith. Paragraph 52 otherwise is denied for lack

SQUIRE, SANDERS & DEMPSEY L.L.P.

of knowledge or information sufficient to form a belief as to the truth of the allegations contained in said Paragraph.

53.     Paragraph 53 is denied for lack of knowledge or information sufficient to form a belief as to the truth of the allegations contained in said Paragraph.

54.     Admits that the document attached as Exhibit J to the Complaint speaks for itself and denies any characterization inconsistent therewith. Paragraph 54 otherwise is denied for lack of knowledge or information sufficient to form a belief as to the truth of the allegations contained in said Paragraph.

55.     Paragraph 55 is denied for lack of knowledge or information sufficient to form a belief as to the truth of the allegations contained in said Paragraph.

56.     Admits that the document attached as Exhibit K to the Complaint speaks for itself and denies any characterization inconsistent therewith. Paragraph 56 otherwise is denied for lack of knowledge or information sufficient to form a belief as to the truth of the allegations contained in said Paragraph.

57.     Paragraph 57 is denied for lack of knowledge or information sufficient to form a belief as to the truth of the allegations contained in said Paragraph.

58.     Admits that the document attached as Exhibit L to the Complaint speaks for itself and denies any characterization inconsistent therewith. Paragraph 58 otherwise is denied for lack of knowledge or information sufficient to form a belief as to the truth of the allegations contained in said Paragraph.

59.     Admits that Burst is entitled to payments for outstanding invoices incurred by Eisner on behalf of Spirit in the amount of $67,155.81. Paragraph 59 otherwise is denied for

8

lack of knowledge or information sufficient to form a belief as to the truth of the allegations contained in said Paragraph.

60.     Paragraph 60 is denied for lack of knowledge or information sufficient to form a belief as to the truth of the allegations contained in said Paragraph.

61.     Paragraph 61 is denied for lack of knowledge or information sufficient to form a belief as to the truth of the allegations contained in said Paragraph.

62.     Paragraph 62 is denied for lack of knowledge or information sufficient to form a belief as to the truth of the allegations contained in said Paragraph.

63.     Admits that the document attached as Exhibit L to the Complaint speaks for itself and denies any characterization inconsistent therewith.  Paragraph 63 otherwise is denied for lack of knowledge or information sufficient to form a belief as to the truth of the allegations contained in said Paragraph.

64.     Paragraph 64 is denied for lack of knowledge or information sufficient to form a belief as to the truth of the allegations contained in said Paragraph.

65.     Admits that Burst is entitled to payments for outstanding invoices incurred by Eisner on behalf of Spirit in the amount of $67,155.81 and otherwise denies for lack of knowledge or information sufficient to form a belief as to the truth of the allegations contained in said Paragraph.

66.     Admits that Burst has demanded payment from Spirit for outstanding invoices incurred by Eisner on behalf of Spirit in the amount of $67,155.81.  Paragraph 66 otherwise is denied for lack of knowledge or information sufficient to form a belief as to the truth of the allegations contained in said Paragraph.

9

CASE NO. 07-60399-CIV-ALTONAGA/TURNOFF

67.     Admits that Burst claims payments for outstanding invoices incurred by Eisner on behalf of Spirit in the amount of $67,155.81. Paragraph 67 otherwise is denied for lack of knowledge or information sufficient to form a belief as to the truth of the allegations contained in said Paragraph.

68.     Paragraph 68 is denied for lack of knowledge or information sufficient to form a belief as to the truth of the allegations contained in said Paragraph.

69.     Paragraph 69 is denied for lack of knowledge or information sufficient to form a belief as to the truth of the allegations contained in said Paragraph.

<u>COUNT I</u>
**Interpleader Under 28 U.S.C.A. § 1335 And
Rule 22 Of The Federal Rules Of Civil Procedure**

70.     Burst incorporates by reference each of its admissions and denials as set forth above.

71.     Admits that Burst is entitled to payments for outstanding invoices incurred by Eisner on behalf of Spirit in the amount of $67,155.81 and that Burst has demanded payment from Spirit for this amount. Paragraph 71 otherwise is denied for lack of knowledge or information sufficient to form a belief as to the truth of the allegations contained in said Paragraph.

72.     Admits that Burst is entitled to payments for outstanding invoices incurred by Eisner on behalf of Spirit in the amount of $67,155.81 and that Burst has demanded payment from Spirit for this amount. Paragraph 72 otherwise is denied for lack of knowledge or information sufficient to form a belief as to the truth of the allegations contained in said Paragraph.

73.     Admits that Burst has demanded from Spirit payments for outstanding invoices incurred by Eisner on behalf of Spirit in the amount of $67,155.81. Paragraph 73 otherwise is denied for lack of knowledge or information sufficient to form a belief as to the truth of the allegations contained in said Paragraph.

74.     Paragraph 74 is denied for lack of knowledge or information sufficient to form a belief as to the truth of the allegations contained in said Paragraph.

75.     Paragraph 75 is denied for lack of knowledge or information sufficient to form a belief as to the truth of the allegations contained in said Paragraph.

76.     Paragraph 76 is denied for lack of knowledge or information sufficient to form a belief as to the truth of the allegations contained in said Paragraph.

77.     As to Paragraph 77, whether Spirit is entitled to interplead pursuant to 28 U.S.C.A. § 1335 is a legal conclusion to which no admission or denial is required.

78.     As to Paragraph 78, whether Spirit is entitled to interplead pursuant to Rule 22 of the Federal Rules of Civil Procedure is a legal conclusion to which no admission or denial is required.

79.     As to Paragraph 79, whether Spirit is entitled to interplead pursuant to Rule 22 of the Federal Rules of Civil Procedure Spirit and entitled to reasonable costs and attorney's fees pursuant to this rule is a legal conclusion to which no admission or denial is required.

80.     As to Paragraph 80, whether Spirit is entitled to interplead is a legal conclusion to which no admission or denial is required.

WHEREFORE, Burst claims that it is entitled to payments for outstanding invoices incurred by Eisner on behalf of Spirit in the amount of $67,155.81 and further prays, if the Court

grants interpleader, to enter judgment in Burst's favor, and against the stake provided by Spirit, in the amount of $67,155.81 and for such other relief as the Court deems just and proper.

Dated: April 25, 2007

Respectfully submitted,
**SQUIRE, SANDERS & DEMPSEY, L.L.P.**

By:      s/_____
           Lewis F. Murphy, Esq. (FBN 308455)
           lmurphy@ssd.com
           200 South Biscayne Blvd., Ste. 4000
           Miami, Florida 33131
           Tel.:    (305) 577-7000
           Fax.    (305) 577-7001

           *Attorneys for Defendant*
           *Burst Media Corporation*

OF COUNSEL:
Donnie L. Kidd, Jr., Esq.
dkidd@ssd.com
**SQUIRE, SANDERS & DEMPSEY, L.L.P.**
8000 Towers Crescent Drive, 14th Floor
Tysons Corner, Virginia 22182
Tel.:      (703) 720-7800
Fax.:     (703) 720-7801

*Attorneys for Defendant*
*Burst Media Corporation*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 25 day of April 2007, a true and complete copy of the foregoing document was served via first class mail, postage prepaid upon the individuals on the below service list.

Anthony J Carriuolo, Esq.
acarriuolo.bergersingerman.com
BERGER SINGERMAN
350 East Los Olas Blvd., Suite 1000
Fort Lauderdale, FL 33301
Telephone: (954) 525-9900
Facsimile: (954) 523-2872

*Attorneys for Plaintiff*
*Spirit Airlines, Inc.*

Connie A Lahn, Esq.
connie.lahn@fmjlaw.com
FAFINSKI MARK & JOHNSON, P.A.
Flagship Corporate Center
775 Prairie Center Drive, Suite 400
Eden Prairie, MN 55344
Telephone: (952) 995-9500
Facsimile: (952) 995-9577

*Attorneys for Plaintiff*
*Spirit Airlines, Inc.*

By:     s/_____
        Lewis F. Murphy

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

SPIRIT AIRLINES, INC.,                    *

    Plaintiff

                        *    Civil Action No. 07-60399

v.

                            Civ.-Altonaga

27/7 Real Media, Inc., et al.*

                         Magistrate Judge Turnoff

    Defendants

*     *     *     *     *     *     *

### ANSWER OF INTERPLEADED DEFENDANT, CARROLLTON BANK

Carrollton Bank, ("Bank"), interpleaded defendant, by
Robert J. Parsons, II, Esq. and Rogers, Moore & Rogers,
LLP, and Barbara L. Phillips, Esq., its attorneys,
Answering the Complaint for Interpleader filed by the
Plaintiff, Spirit Airlines, Inc., herein, says:

### I. Admissions and Denials

### COUNT ONE

1. Bank admits the following paragraphs of the
Complaint: 1, 6, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32,
33, 34, 35, 37, 38, 40, 41, 47, 48, 52, 54, 56, 58, 63, 64,
65, 66, 68, 69, 72, 73, 74, 75, 77, 78 and 80.

2. Bank denies the following paragraphs of the
Complaint: 59, 71, 76 and 79.

3. Bank is without knowledge or information sufficient
to form a belief as to the truth of the following
paragraphs of the Complaint: 2, 3, 4, 5, 7, 8, 9, 10, 11,

12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 36, 39, 42, 43,
44, 45, 46, 49, 50, 51, 53, 55, 57, 60, 61, 62, 67, and 70.

## II. Affirmative Defenses

Bank, pursuant to Fed. Rule Civ. Pro. 8(c), asserts the
following affirmative defenses:

1. Further answering the Complaint for Interpleader,
Bank states that it is the only person or entity entitled
to the sum of money held by the stakeholder, Spirit
Airlines, Inc., as the said sums of money set out in
paragraph 71 of the Complaint are accounts receivable of
Eisner Communications, Inc., in which this defendant holds
a validly perfected, first priority Security Interest and
Financing Statement. Copies of the UCC Financing
Statements and Commercial Security Agreements evidencing
the same are attached hereto and made a part hereof marked
"Exhibits A, B, C and D".

2. Further answering the Complaint for Interpleader,
Bank states that the amount of the accounts receivable owed
by Spirit Airlines, Inc. to Eisner Communications, Inc.,
which is subject to the Financing Statements and Security
Agreements of the Bank, is $660,697.73 according to the
books and records of Eisner Communications, Inc., obtained
previously by the Bank in this matter. A copy of the
Account Receivable Statement for Spirit Airlines, Inc.

Plaintiff be ordered by a judgment of this Court to fully

and completely account for all sums that Plaintiff contends

that it owes to Eisner Communications, Inc. and the amount

thereof.

ROBERT J. PARSONS, II
Rogers, Moore & Rogers, LLP
6 S. Calvert Street
Baltimore, MD 21202
410-727-4456

BARBARA L. PHILLIPS
Ingraham Bldg., Suite 1139
25 SE 2nd Avenue
Miami, FL 33131-1605
305-371-3633
Attorneys for the Interpleaded
Defendant, Carrollton Bank
Fla Bar # 268097

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that on this 26 day of

April         , 2007, we mailed a copy of the foregoing

Answer of Interpleaded Defendant, Carrollton Bank, by

first-class mail, postage prepaid to Anthony Carriuolo,

Esq., Berger Singerman, 350 E. Las Olas Blvd., Suite 1000,

Fort Lauderdale, FL  33301 and Connie A. Lahn, Esq.,

Fafinski Mark & Johnson, P.A., Flagship Corporate Center,

775 Prairie Center Drive, Suite 400, Eden Prairie, MN

55344, Attorneys for Plaintiff.

ROBERT J. PARSONS, II

BARBARA L. PHILLIPS
Fla Bar No. 268097

SEE ATTACHED PAGE FOR
CONTINUED SERVICE LIST

Spirit Airlines, Inc. v. 24/7 Real Media, Inc. et al.
Case No. 07-60399 (Altonaga/Turnoff)
United States District Court, Southern District of Florida

| | |
|---|---|
| 24/7 Real Media, Inc.<br>c/o Corporation Service Company, as<br>Registered Agent<br>2711 Centerville Road, Suite 400<br>Wilmington, Delaware 19808 | Advertising .com., Inc.<br>c/o CSC Lawyers Incorporating Service<br>Company, as Registered Agent<br>7 St. Paul Street, Suite 1660<br>Baltimore, MD 21202 |
| TravelZoo, Inc.<br>c/o Corporation Service company, as Registered<br>Agent<br>80 State Street<br>Albany, NY 12207-2543 | Travel Marketing Group, Inc.<br>c/o Michael D. Devolder, as Registered Agent<br>4124 Beaver Avenue<br>Des Moines, IA 50310 |
| The Weather Channel Interactive, Inc.<br>c/o Becky A. Powhatan, as Registered Agent<br>300 Interstate N. Parkway<br>Atlanta, GA 30339 | Specific Medial, Inc.<br>c/o Roy E. Luna, as Registered Agent<br>4 Park Plaza, Suite 1900<br>Irvine, CA 92614 |
| Smarter Living, Inc.<br>c/o Daniel Saul, as Registered Agent<br>465 Medford Street, Suite 400<br>Boston, MA 02129 | SideStep, Inc.<br>c/o Corporation Service Company, as Registered<br>Agent<br>2711 Centerville Road, Suite 400<br>Wilmington, DE 19808 |
| Sherman Travel, Inc.<br>c/o James Sherman, as Registered Agent<br>56 West 88th Street<br>New York, NY 10024 | Rackspace, Ltd.<br>c/o Capital Corporate Services, Inc., as<br>Registered Agent<br>800 Brazos<br>Austin, TX 78701 |
| Priceline.com, LLC<br>c/o Corporation Service Company, as<br>Registered Agent<br>94 Hungerford Street<br>Hartford, CT 06160 | Intercept Interactive, Inc.<br>c/o Shiff & Tisman, as Registered Agent<br>2000 Madison Avenue<br>New York, NY 10016 |
| Hotwire, Inc.<br>c/o National Registered Agents, Inc., as<br>Registered Agent<br>160 Greentree Drive, Suite 101<br>Dover, DE 19904 | Echo Target, In.<br>c/o Urban Mulvehill, Esq., as Registered Agent<br>O'Neill, Dimanno & Kelly<br>15 Beekman Street<br>New York, NY 10038-1509 |

702031-1

| | |
|---|---|
| CheapFlights (USA), Inc.<br>c/o Corporation Service Company, as<br>Registered Agent<br>2711 Centerville Rd., Suite 400<br>Wilmington , DE 19808 | Carrollton Bank<br>c/o William C. Rogers, Jr., as Registered Agent<br>6 S. Calvert Street<br>Baltimore, MD 21202 |
| Burst Media Corporation<br>c/o The Corporation Trust Inc., as Registered<br>Agent<br>300 E. Lombard St.<br>Baltimore, MD 21202 | America Online, Inc. d/b/a AOL<br>c/o Corporation Service Company, as Registered<br>Agent<br>2711 Centerville Road, Suite 400<br>Wilmington, DE 19808 |
| Valueclick, Inc.<br>c/o National Registered Agents, as Registered<br>Agent<br>160 Greentree Drive, Suite 101<br>Dover, DE 19904 | TripAdvisor, LLC<br>c/o National Registered Agents, as Registered<br>Agent<br>160 Greentree Drive, Suite 101<br>Dover, DE 19904 |
| Tribal Fusion, Inc.<br>c/o Dilip Dasilva, as Registered Agent<br>2087 Key Blvd.<br>El Derrito, CA 94530 | Anthony J. Carriuolo, Esq.<br>Attorneys for Plaintiff<br>BERGER SINGERMAN<br>350 East Las Olas Boulevard, Suite 1000<br>Fort Lauderdale, FL 33301<br>Tel.: (954) 525-9900<br>Fax: (954) 523-2872<br>E-mail:acarriuolo@bergersingerman.com |

Lewis Franklin Murphy
Squire Sanders & Dempsey LLP
200 S Biscayne Boulvevard
40th Floor
Miami, FL 33131-2398

Lara O. Glaesman
Fafinski Mark & Johnson P.A.
775 Prairie Center Drive
Suite 400
Eden Prairie, MN 55344

Steven Michael Ebner
Shutts & Bowen LLP
201 S Biscayne Boulevard
Suite 1500, Miami Center
Miami, FL 33131

Connie A. Lahn
Fafinski Mark & Johnson P.A.
775 Prairie Center Drive
Suite 400
Eden Prairie, MN 55344

# COMMERCIAL SECURITY AGREEMENT

| Principal | Loan Date | Maturity | Loan No | Call / Coll | Account | |
|---|---|---|---|---|---|---|
| $4,000,000.00 | 11-30-2002 | 11-30-2003 | 8002117 | | 880001284 | *** |

References in the shaded area are for Lender's use only and do not limit the applicability of this document to any particular loan or item.
Any item above containing "****" has been omitted due to text length limitations.

**Grantor:**    Eisner Communications, Inc.
509 South Exeter Street
Baltimore, MD 21202

**Lender:**    Carrollton Bank
P.O. Box 24129
Baltimore, MD 21227-0629

---

THIS COMMERCIAL SECURITY AGREEMENT dated November 30, 2002, is made and executed between Eisner Communications, Inc. ("Grantor") and Carrollton Bank ("Lender").

**GRANT OF SECURITY INTEREST.** For valuable consideration, Grantor grants to Lender a security interest in the Collateral to secure the Indebtedness and agrees that Lender shall have the rights stated in this Agreement with respect to the Collateral, in addition to all other rights which Lender may have by law.

**COLLATERAL DESCRIPTION.** The word "Collateral" as used in this Agreement means the following described property, whether now owned or hereafter acquired, whether now existing or hereafter arising, and wherever located, in which Grantor is giving to Lender a security interest for the payment of the Indebtedness and performance of all other obligations under the Note and this Agreement:

  **All Inventory, Chattel Paper, Accounts, Equipment and General Intangibles**

In addition, the word "Collateral" also includes all the following, whether now owned or hereafter acquired, whether now existing or hereafter arising, and wherever located:

  (A) All accessions, attachments, accessories, tools, parts, supplies, replacements and additions to any of the collateral described herein, whether added now or later.

  (B) All products and produce of any of the property described in this Collateral section.

  (C) All accounts, general intangibles, instruments, rents, monies, payments, and all other rights, arising out of a sale, lease, or other disposition of any of the property described in this Collateral section.

  (D) All proceeds (including insurance proceeds) from the sale, destruction, loss, or other disposition of any of the property described in this Collateral section, and sums due from a third party who has damaged or destroyed the Collateral or from that party's insurer, whether due to judgment, settlement or other process.

  (E) All records and data relating to any of the property described in this Collateral section, whether in the form of a writing, photograph, microfilm, microfiche, or electronic media, together with all of Grantor's right, title, and interest in and to all computer software required to utilize, create, maintain, and process any such records or data on electronic media.

Despite any other provision of this Agreement, Lender is not granted, and will not have, a nonpurchase money security interest in household goods, to the extent such a security interest would be prohibited by applicable law. In addition, if because of the type of any Property, Lender is required to give a notice of the right to cancel under Truth in Lending for the Indebtedness, then Lender will not have a security interest in such Collateral unless and until such a notice is given.

**CROSS-COLLATERALIZATION.** In addition to the Note, this Agreement secures all obligations, debts and liabilities, plus interest thereon, of Grantor to Lender, or any one or more of them, as well as all claims by Lender against Grantor or any one or more of them, whether now existing or hereafter arising, whether related or unrelated to the purpose of the Note, whether voluntary or otherwise, whether due or not due, direct or indirect, determined or undetermined, absolute or contingent, liquidated or unliquidated whether Grantor may be liable individually or jointly with others, whether obligated as guarantor, surety, accommodation party or otherwise, and whether recovery upon such amounts may be or hereafter may become barred by any statute of limitations, and whether the obligation to repay such amounts may be or hereafter may become otherwise unenforceable.

**RIGHT OF SETOFF.** To the extent permitted by applicable law, Lender reserves a right of setoff in all Grantor's accounts with Lender (whether checking, savings, or some other account). This includes all accounts Grantor holds jointly with someone else and all accounts Grantor may open in the future. However, this does not include any IRA or Keogh accounts, or any trust accounts for which setoff would be prohibited by law. Grantor authorizes Lender, to the extent permitted by applicable law, to charge or setoff all sums owing on the Indebtedness against any and all such accounts.

**GRANTOR'S REPRESENTATIONS AND WARRANTIES WITH RESPECT TO THE COLLATERAL.** With respect to the Collateral, Grantor represents and promises to Lender that:

  **Perfection of Security Interest.** Grantor agrees to execute financing statements and to take whatever other actions are requested by Lender to perfect and continue Lender's security interest in the Collateral. Upon request of Lender, Grantor will deliver to Lender any and all of the documents evidencing or constituting the Collateral, and Grantor will note Lender's interest upon any and all chattel paper if not delivered to Lender for possession by Lender. **This is a continuing Security Agreement and will continue in effect even though all or any part of the Indebtedness is paid in full and even though for a period of time Grantor may not be indebted to Lender.**

  **Notices to Lender.** Grantor will promptly notify Lender in writing at Lender's address shown above (or such other addresses as Lender may designate from time to time) prior to any (1) change in Grantor's name; (2) change in Grantor's assumed business name(s); (3) change in the management of the Corporation Grantor; (4) change in the authorized signer(s); (5) change in Grantor's principal office address; (6) change in Grantor's state of organization; (7) conversion of Grantor to a new or different type of business entity; or (8) change in any other aspect of Grantor that directly or indirectly relates to any agreements between Grantor and Lender. No change in Grantor's name or state of organization will take effect until after Lender has received notice

  **No Violation.** The execution and delivery of this Agreement will not violate any law or agreement governing Grantor or to which Grantor is a party, and its certificate or articles of incorporation and bylaws do not prohibit any term or condition of this Agreement.

  **Enforceability of Collateral.** To the extent the Collateral consists of accounts, chattel paper, or general intangibles, as defined by the Uniform Commercial Code, the Collateral is enforceable in accordance with its terms, is genuine, and fully complies with all applicable laws and regulations concerning form, content and manner of preparation and execution, and all persons appearing to be obligated on the Collateral have authority and capacity to contract and are in fact obligated as they appear to be on the Collateral. At the time any Account becomes subject to a security interest in favor of Lender, the Account shall be a good and valid account representing an undisputed, bona fide indebtedness incurred by the account debtor, for merchandise held subject to delivery instructions or previously shipped or delivered pursuant to a contract of sale, or for services previously performed by Grantor with or for the account debtor. So long as this Agreement remains in effect, Grantor shall not, without Lender's prior written consent, compromise, settle, adjust, or extend payment under or with regard to any such Accounts. There shall be no

A

# COMMERCIAL SECURITY AGREEMENT
## (Continued)

Loan No: 8002117                                                                                          Page 2

---

setoffs or counterclaims against any of the Collateral, and no agreement shall have been made under which any deductions or discounts may be claimed concerning the Collateral except those disclosed to Lender in writing.

**Location of the Collateral.** Except in the ordinary course of Grantor's business, Grantor agrees to keep the Collateral (or to the extent the Collateral consists of intangible property such as accounts or general intangibles, the records concerning the Collateral) at Grantor's address shown above or at such other locations as are acceptable to Lender. Upon Lender's request, Grantor will deliver to Lender in form satisfactory to Lender a schedule of real properties and Collateral locations relating to Grantor's operations, including without limitation the following: (1) all real property Grantor owns or is purchasing; (2) all real property Grantor is renting or leasing; (3) all storage facilities Grantor owns, rents, leases, or uses; and (4) all other properties where Collateral is or may be located.

**Removal of the Collateral.** Except in the ordinary course of Grantor's business, including the sales of inventory, Grantor shall not remove the Collateral from its existing location without Lender's prior written consent. To the extent that the Collateral consists of vehicles, or other titled property, Grantor shall not take or permit any action which would require application for certificates of title for the vehicles outside the State of Maryland, without Lender's prior written consent. Grantor shall, whenever requested, advise Lender of the exact location of the Collateral.

**Transactions Involving Collateral.** Except for inventory sold or accounts collected in the ordinary course of Grantor's business, or as otherwise provided for in this Agreement, Grantor shall not sell, offer to sell, or otherwise transfer or dispose of the Collateral. While Grantor is not in default under this Agreement, Grantor may sell inventory, but only in the ordinary course of its business and only to buyers who qualify as a buyer in the ordinary course of business. A sale in the ordinary course of Grantor's business does not include a transfer in partial or total satisfaction of a debt or any bulk sale. Grantor shall not pledge, mortgage, encumber or otherwise permit the Collateral to be subject to any lien, security interest, encumbrance, or charge, other than the security interest provided for in this Agreement, without the prior written consent of Lender. This includes security interests even if junior in right to the security interests granted under this Agreement. Unless waived by Lender, all proceeds from any disposition of the Collateral (for whatever reason) shall be held in trust for Lender and shall not be commingled with any other funds; provided however, this requirement shall not constitute consent by Lender to any sale or other disposition. Upon receipt, Grantor shall immediately deliver any such proceeds to Lender.

**Title.** Grantor represents and warrants to Lender that Grantor holds good and marketable title to the Collateral, free and clear of all liens and encumbrances except for the lien of this Agreement. No financing statement covering any of the Collateral is on file in any public office other than those which reflect the security interest created by this Agreement or to which Lender has specifically consented. Grantor shall defend Lender's rights in the Collateral against the claims and demands of all other persons.

**Repairs and Maintenance.** Grantor agrees to keep and maintain, and to cause others to keep and maintain, the Collateral in good order, repair and condition at all times while this Agreement remains in effect. Grantor further agrees to pay when due all claims for work done on, or services rendered or material furnished in connection with the Collateral so that no lien or encumbrance may ever attach to or be filed against the Collateral.

**Inspection of Collateral.** Lender and Lender's designated representatives and agents shall have the right at all reasonable times to examine and inspect the Collateral wherever located.

**Taxes, Assessments and Liens.** Grantor will pay when due all taxes, assessments and liens upon the Collateral, its use or operation, upon this Agreement, upon any promissory note or notes evidencing the Indebtedness, or upon any of the other Related Documents. Grantor may withhold any such payment or may elect to contest any lien if Grantor is in good faith conducting an appropriate proceeding to contest the obligation to pay and so long as Lender's interest in the Collateral is not jeopardized in Lender's sole opinion. If the Collateral is subjected to a lien which is not discharged within fifteen (15) days, Grantor shall deposit with Lender cash, a sufficient corporate surety bond or other security satisfactory to Lender in an amount adequate to provide for the discharge of the lien plus any interest, costs, attorneys' fees or other charges that could accrue as a result of foreclosure or sale of the Collateral. In any contest Grantor shall defend itself and Lender and shall satisfy any final adverse judgment before enforcement against the Collateral. Grantor shall name Lender as an additional obligee under any surety bond furnished in the contest proceedings. Grantor further agrees to furnish Lender with evidence that such taxes, assessments, and governmental and other charges have been paid in full and in a timely manner. Grantor may withhold any such payment or may elect to contest any lien if Grantor is in good faith conducting an appropriate proceeding to contest the obligation to pay and so long as Lender's interest in the Collateral is not jeopardized.

**Compliance with Governmental Requirements.** Grantor shall comply promptly with all laws, ordinances, rules and regulations of all governmental authorities, now or hereafter in effect, applicable to the ownership, production, disposition, or use of the Collateral. Grantor may contest in good faith any such law, ordinance or regulation and withhold compliance during any proceeding, including appropriate appeals, so long as Lender's interest in the Collateral, in Lender's opinion, is not jeopardized.

**Hazardous Substances.** Grantor represents and warrants that the Collateral never has been, and never will be so long as this Agreement remains a lien on the Collateral, used in violation of any Environmental Laws or for the generation, manufacture, storage, transportation, treatment, disposal, release or threatened release of any Hazardous Substance. The representations and warranties contained herein are based on Grantor's due diligence in investigating the Collateral for Hazardous Substances. Grantor hereby (1) releases and waives any future claims against Lender for indemnity or contribution in the event Grantor becomes liable for cleanup or other costs under any Environmental Laws, and (2) agrees to indemnify and hold harmless Lender against any and all claims and losses resulting from a breach of this provision of this Agreement. This obligation to indemnify shall survive the payment of the Indebtedness and the satisfaction of this Agreement.

**Maintenance of Casualty Insurance.** Grantor shall procure and maintain all risks insurance, including without limitation fire, theft and liability coverage together with such other insurance as Lender may require with respect to the Collateral, in form, amounts, coverages and basis acceptable to Lender and issued by a company or companies acceptable to Lender. Grantor, upon request of Lender, will deliver to Lender from time to time the policies or certificates of insurance in form satisfactory to Lender, including stipulations that coverages will not be cancelled or diminished without at least fifteen (15) days' prior written notice to Lender and not including any disclaimer of the insurer's liability for failure to give such a notice. Each insurance policy also shall include an endorsement providing that coverage in favor of Lender will not be impaired in any way by any act, omission or default of Grantor or any other person. In connection with all policies covering assets in which Lender holds or is offered a security interest, Grantor will provide Lender with such loss payable or other endorsements as Lender may require. If Grantor at any time fails to obtain or maintain any insurance as required under this Agreement, Lender may (but shall not be obligated to) obtain such insurance as Lender deems appropriate, including if Lender so chooses "single interest insurance," which will cover only Lender's interest in the Collateral.

**Application of Insurance Proceeds.** Grantor shall promptly notify Lender of any loss or damage to the Collateral. Lender may make proof of loss if Grantor fails to do so within fifteen (15) days of the casualty. All proceeds of any insurance on the Collateral, including accrued proceeds thereon, shall be held by Lender as part of the Collateral. If Lender consents to repair or replacement of the damaged or destroyed Collateral, Lender shall, upon satisfactory proof of expenditure, pay or reimburse Grantor from the proceeds for the reasonable cost of repair or restoration. If Lender does not consent to repair or replacement of the Collateral, Lender shall retain a sufficient amount of the proceeds to pay all of the Indebtedness, and shall pay the balance to Grantor. Any proceeds which have not been disbursed within six (6) months after their receipt and which Grantor has not committed to the repair or restoration of the Collateral shall be used to prepay the Indebtedness.

**Insurance Reports.** Grantor, upon request of Lender, shall furnish to Lender reports on each existing policy of insurance showing such

## COMMERCIAL SECURITY AGREEMENT
### (Continued)

**Loan No: 8002117**                                                                                              Page 3

information as Lender may reasonably request including the following: (1) the name of the insurer; (2) the risks insured; (3) the amount of the policy; (4) the property insured; (5) the then current value on the basis of which insurance has been obtained and the manner of determining that value; and (6) the expiration date of the policy. In addition, Grantor shall upon request by Lender (however not more often than annually) have an independent appraiser satisfactory to Lender determine, as applicable, the cash value or replacement cost of the Collateral.

**GRANTOR'S RIGHT TO POSSESSION AND TO COLLECT ACCOUNTS.** Until default and except as otherwise provided below with respect to accounts, Grantor may have possession of the tangible personal property and beneficial use of all the Collateral and may use it in any lawful manner not inconsistent with this Agreement or the Related Documents, provided that Grantor's right to possession and beneficial use shall not apply to any Collateral where possession of the Collateral by Lender is required by law to perfect Lender's security interest in such Collateral. Until otherwise notified by Lender, Grantor may collect any of the Collateral consisting of accounts. At any time and even though no Event of Default exists, Lender may exercise its rights to collect the accounts and to notify account debtors to make payments directly to Lender for application to the Indebtedness. If Lender at any time has possession of any Collateral, whether before or after an Event of Default, Lender shall be deemed to have exercised reasonable care in the custody and preservation of the Collateral if Lender takes such action for that purpose as Grantor shall request or as Lender, in Lender's sole discretion, shall deem appropriate under the circumstances, but failure to honor any request by Grantor shall not of itself be deemed to be a failure to exercise reasonable care. Lender shall not be required to take any steps necessary to preserve any rights in the Collateral against prior parties, nor to protect, preserve or maintain any security interest given to secure the Indebtedness.

**LENDER'S EXPENDITURES.** If any action or proceeding is commenced that would materially affect Lender's interest in the Collateral or if Grantor fails to comply with any provision of this Agreement or any Related Documents, including but not limited to Grantor's failure to discharge or pay when due any amounts Grantor is required to discharge or pay under this Agreement or any Related Documents, Lender on Grantor's behalf may (but shall not be obligated to) take any action that Lender deems appropriate, including but not limited to discharging or paying all taxes, liens, security interests, encumbrances and other claims, at any time levied or placed on the Collateral and paying all costs for insuring, maintaining and preserving the Collateral. All such expenditures incurred or paid by Lender for such purposes will then bear interest at the rate charged under the Note from the date incurred or paid by Lender to the date of repayment by Grantor. All such expenses will become a part of the Indebtedness and, at Lender's option, will (A) be payable on demand; or (B) be added to the balance of the Note and be apportioned among and be payable with any installment payments to become due during either (1) the term of any applicable insurance policy; or (2) the remaining term of the Note. The Agreement also will secure payment of these amounts. Such right shall be in addition to all other rights and remedies to which Lender may be entitled upon Default.

**DEFAULT.** Each of the following shall constitute an Event of Default under this Agreement:

**Payment Default.** Grantor fails to make any payment when due under the Indebtedness.

**Other Defaults.** Grantor fails to comply with or to perform any other term, obligation, covenant or condition contained in this Agreement or in any of the Related Documents or to comply with or to perform any term, obligation, covenant or condition contained in any other agreement between Lender and Grantor.

**False Statements.** Any warranty, representation or statement made or furnished to Lender by Grantor or on Grantor's behalf under this Agreement or the Related Documents is false or misleading in any material respect, either now or at the time made or furnished or becomes false or misleading at any time thereafter.

**Defective Collateralization.** This Agreement or any of the Related Documents ceases to be in full force and effect (including failure of any collateral document to create a valid and perfected security interest or lien) at any time and for any reason.

**Insolvency.** The dissolution or termination of Grantor's existence as a going business, the insolvency of Grantor, the appointment of a receiver for any part of Grantor's property, any assignment for the benefit of creditors, any type of creditor workout, or the commencement of any proceeding under any bankruptcy or insolvency laws by or against Grantor.

**Creditor or Forfeiture Proceedings.** Commencement of foreclosure or forfeiture proceedings, whether by judicial proceeding, self-help, repossession or any other method, by any creditor of Grantor or by any governmental agency against any collateral securing the Indebtedness. This includes a garnishment of any of Grantor's accounts, including deposit accounts, with Lender. However, this Event of Default shall not apply if there is a good faith dispute by Grantor as to the validity or reasonableness of the claim which is the basis of the creditor or forfeiture proceeding and if Grantor gives Lender written notice of the creditor or forfeiture proceeding and deposits with Lender monies or a surety bond for the creditor or forfeiture proceeding, in an amount determined by Lender, in its sole discretion, as being an adequate reserve or bond for the dispute.

**Events Affecting Guarantor.** Any of the preceding events occurs with respect to Guarantor of any of the Indebtedness or Guarantor dies or becomes incompetent or revokes or disputes the validity of, or liability under, any Guaranty of the Indebtedness.

**Adverse Change.** A material adverse change occurs in Grantor's financial condition, or Lender believes the prospect of payment or performance of the Indebtedness is impaired.

**Insecurity.** Lender in good faith believes itself insecure.

**Cure Provisions.** If any default, other than a default in payment is curable and if Grantor has not been given a notice of a breach of the same provision of this Agreement within the preceding twelve (12) months, it may be cured (and no event of default will have occurred) if Grantor, after receiving written notice from Lender demanding cure of such default: (1) cures the default within fifteen (15) days; or (2) if the cure requires more than fifteen (15) days, immediately initiates steps which Lender deems in Lender's sole discretion to be sufficient to cure the default and thereafter continues and completes all reasonable and necessary steps sufficient to produce compliance as soon as reasonably practical.

**RIGHTS AND REMEDIES ON DEFAULT.** If an Event of Default occurs under this Agreement, at any time thereafter, Lender shall have all the rights of a secured party under the Maryland Uniform Commercial Code. In addition and without limitation, Lender may exercise any one or more of the following rights and remedies:

**Accelerate Indebtedness.** Lender may declare the entire Indebtedness, including any prepayment penalty which Grantor would be required to pay, immediately due and payable, without notice of any kind to Grantor.

**Assemble Collateral.** Lender may require Grantor to deliver to Lender all or any portion of the Collateral and any and all certificates of title and other documents relating to the Collateral. Lender may require Grantor to assemble the Collateral and make it available to Lender at a place to be designated by Lender. Lender also shall have full power to enter upon the property of Grantor to take possession of and remove the Collateral. If the Collateral contains other goods not covered by this Agreement at the time of repossession, Grantor agrees Lender may take such other goods, provided that Lender makes reasonable efforts to return them to Grantor after repossession.

**Sell the Collateral.** Lender shall have full power to sell, lease, transfer, or otherwise deal with the Collateral or proceeds thereof in Lender's own name or that of Grantor. Lender may sell the Collateral at public auction or private sale. Unless the Collateral threatens to decline speedily in value or is of a type customarily sold on a recognized market, Lender will give Grantor, and other persons as required by law, reasonable notice of the time and place of any public sale, or the time after which any private sale or any other disposition of the Collateral is to be made. However, no notice need be provided to any person who, after Event of Default occurs, enters into and authenticates an agreement waiving that person's right to notification of sale. The requirements of reasonable notice shall be met if such notice is given at least ten (10) days before the time of the sale

# COMMERCIAL SECURITY AGREEMENT
## (Continued)

Loan No: 8002117

Page 4

or disposition. All expenses relating to the disposition of the Collateral, including without limitation the expenses of retaking, holding, insuring, preparing for sale and selling the Collateral, shall become a part of the Indebtedness secured by this Agreement and shall be payable on demand, with interest at the Note rate from date of expenditure until repaid.

**Appoint Receiver.** Without notice to Grantor, Lender shall have the right to have a receiver appointed to take possession of all or any part of the Collateral, with the power to protect and preserve the Collateral, to operate the Collateral, and to collect the Rents from the Collateral and apply the proceeds, over and above the cost of the receivership, against the Indebtedness and Grantor hereby consents to the appointment of such a receiver. The receiver may serve without bond if permitted by law. Lender's right to the appointment of a receiver shall exist whether or not the apparent value of the Collateral exceeds the Indebtedness by a substantial amount and whether or not such receivership is incidental to a proposed sale of the Collateral or otherwise. Employment by Lender shall not disqualify a person from serving as a receiver.

**Collect Revenues, Apply Accounts.** Lender, either itself or through a receiver, may collect the payments, rents, income, and revenues from the Collateral. Lender may at any time in Lender's discretion transfer any Collateral into Lender's own name or that of Lender's nominee and receive the payments, rents, income, and revenues therefrom and hold the same as security for the Indebtedness or apply it to payment of the Indebtedness in such order of preference as Lender may determine. Insofar as the Collateral consists of accounts, general intangibles, insurance policies, instruments, chattel paper, choses in action, or similar property, Lender may demand, collect, receipt for, settle, compromise, adjust, sue for, foreclose, or realize on the Collateral as Lender may determine, whether or not Indebtedness or Collateral is then due. For these purposes, Lender may, on behalf of and in the name of Grantor, receive, open and dispose of mail addressed to Grantor; change any address to which mail and payments are to be sent; and endorse notes, checks, drafts, money orders, documents of title, instruments and items pertaining to payment, shipment, or storage of any Collateral. To facilitate collection, Lender may notify account debtors and obligors on any Collateral to make payments directly to Lender.

**Obtain Deficiency.** If Lender chooses to sell any or all of the Collateral, Lender may obtain a judgment against Grantor for any deficiency remaining on the Indebtedness due to Lender after application of all amounts received from the exercise of the rights provided in this Agreement. Grantor shall be liable for a deficiency even if the transaction described in this subsection is a sale of accounts or chattel paper.

**Other Rights and Remedies.** Lender shall have all the rights and remedies of a secured creditor under the provisions of the Uniform Commercial Code, as may be amended from time to time. In addition, Lender shall have and may exercise any or all other rights and remedies it may have available at law, in equity, or otherwise.

**Election of Remedies.** Except as may be prohibited by applicable law, all of Lender's rights and remedies, whether evidenced by this Agreement, the Related Documents, or by any other writing, shall be cumulative and may be exercised singularly or concurrently. Election by Lender to pursue any remedy shall not exclude pursuit of any other remedy, and an election to make expenditures or to take action to perform an obligation of Grantor under this Agreement, after Grantor's failure to perform, shall not affect Lender's right to declare a default and exercise its remedies.

**MISCELLANEOUS PROVISIONS.** The following miscellaneous provisions are a part of this Agreement:

**Amendments.** This Agreement, together with any Related Documents, constitutes the entire understanding and agreement of the parties as to the matters set forth in this Agreement. No alteration of or amendment to this Agreement shall be effective unless given in writing and signed by the party or parties sought to be charged or bound by the alteration or amendment.

**Attorneys' Fees; Expenses.** Grantor agrees that if Lender hires an attorney to help enforce this Agreement, Grantor will pay, subject to any limits under applicable law, Lender's attorneys' fees and all of Lender's other collection expenses, whether or not there is a lawsuit and including without limitation additional legal expenses for bankruptcy proceedings.

**Caption Headings.** Caption headings in this Agreement are for convenience purposes only and are not to be used to interpret or define the provisions of this Agreement.

**Governing Law. This Agreement will be governed by, construed and enforced in accordance with federal law and the laws of the State of Maryland. This Agreement has been accepted by Lender in the State of Maryland.**

**Choice of Venue.** If there is a lawsuit, Grantor agrees upon Lender's request to submit to the jurisdiction of the courts of the City of Baltimore, State of Maryland.

**No Waiver by Lender.** Lender shall not be deemed to have waived any rights under this Agreement unless such waiver is given in writing and signed by Lender. No delay or omission on the part of Lender in exercising any right shall operate as a waiver of such right or any other right. A waiver by Lender of a provision of this Agreement shall not prejudice or constitute a waiver of Lender's right otherwise to demand strict compliance with that provision or any other provision of this Agreement. No prior waiver by Lender, nor any course of dealing between Lender and Grantor, shall constitute a waiver of any of Lender's rights or of any of Grantor's obligations as to any future transactions. Whenever the consent of Lender is required under this Agreement, the granting of such consent by Lender in any instance shall not constitute continuing consent to subsequent instances where such consent is required and in all cases such consent may be granted or withheld in the sole discretion of Lender.

**Notices.** Any notice required to be given under this Agreement shall be given in writing, and shall be effective when actually delivered, if hand delivered, when actually received by telefacsimile (unless otherwise required by law), when deposited with a nationally recognized overnight courier, or, if mailed, when deposited in the United States mail, as first class, certified or registered mail postage prepaid, directed to the addresses shown near the beginning of this Agreement. Any party may change its address for notices under this Agreement by giving formal written notice to the other parties, specifying that the purpose of the notice is to change the party's address. For notice purposes, Grantor agrees to keep Lender informed at all times of Grantor's current address. Unless otherwise provided or required by law, if there is more than one Grantor, any notice given by Lender to any Grantor is deemed to be notice given to all Grantors.

**Power of Attorney.** Grantor hereby appoints Lender as Grantor's irrevocable attorney-in-fact for the purpose of executing any documents necessary to perfect, amend, or to continue the security interest granted in this Agreement or to demand termination of filings of other secured parties. Lender may at any time, and without further authorization from Grantor, file a carbon, photographic or other reproduction of any financing statement or of this Agreement for use as a financing statement. Grantor will reimburse Lender for all expenses for the perfection and the continuation of the perfection of Lender's security interest in the Collateral.

**Severability.** If a court of competent jurisdiction finds any provision of this Agreement to be illegal, invalid, or unenforceable as to any circumstance, that finding shall not make the offending provision illegal, invalid, or unenforceable as to any other circumstance. If feasible, the offending provision shall be considered modified so that it becomes legal, valid and enforceable. If the offending provision cannot be so modified, it shall be considered deleted from this Agreement. Unless otherwise required by law, the illegality, invalidity, or unenforceability of any provision of this Agreement shall not affect the legality, validity or enforceability of any other provision of this Agreement.

**Successors and Assigns.** Subject to any limitations stated in this Agreement on transfer of Grantor's interest, this Agreement shall be binding upon and inure to the benefit of the parties, their heirs, personal representatives, successors and assigns. If ownership of the Collateral becomes

## COMMERCIAL SECURITY AGREEMENT
### (Continued)

**Loan No: 8002117**                                                                                    Page 5

vested in a person other than Grantor, Lender, without notice to Grantor, may deal with Grantor's successors with reference to this Agreement and the Indebtedness by way of forbearance or extension without releasing Grantor from the obligations of this Agreement or liability under the Indebtedness.

**Survival of Representations and Warranties.** All representations, warranties, and agreements made by Grantor in this Agreement shall survive the execution and delivery of this Agreement, shall be continuing in nature, and shall remain in full force and effect until such time as Grantor's Indebtedness shall be paid in full.

**Time is of the Essence.** Time is of the essence in the performance of this Agreement.

**DEFINITIONS.** The following capitalized words and terms shall have the following meanings when used in this Agreement. Unless specifically stated to the contrary, all references to dollar amounts shall mean amounts in lawful money of the United States of America. Words and terms used in the singular shall include the plural, and the plural shall include the singular, as the context may require. Words and terms not otherwise defined in this Agreement shall have the meanings attributed to such terms in the Uniform Commercial Code.

**Account.** The word "Account" means a trade account, account receivable, other receivable, or other right to payment for goods sold or services rendered owing to Grantor (or to a third party grantor acceptable to Lender).

**Agreement.** The word "Agreement" means this Commercial Security Agreement, as this Commercial Security Agreement may be amended or modified from time to time, together with all exhibits and schedules attached to this Commercial Security Agreement from time to time.

**Borrower.** The word "Borrower" means Eisner Communications, Inc., and all other persons and entities signing the Note in whatever capacity.

**Collateral.** The word "Collateral" means all of Grantor's right, title and interest in and to all the Collateral as described in the Collateral Description section of this Agreement.

**Default.** The word "Default" means the Default set forth in this Agreement in the section titled "Default".

**Environmental Laws.** The words "Environmental Laws" mean any and all state, federal and local statutes, regulations and ordinances relating to the protection of human health or the environment, including without limitation the Comprehensive Environmental Response, Compensation, and Liability Act of 1980, as amended, 42 U.S.C. Section 9601, et seq. ("CERCLA"), the Superfund Amendments and Reauthorization Act of 1986, Pub. L. No. 99-499 ("SARA"), the Hazardous Materials Transportation Act, 49 U.S.C. Section 1801, et seq., the Resource Conservation and Recovery Act, 42 U.S.C. Section 6901, et seq., or other applicable state or federal laws, rules, or regulations adopted pursuant thereto.

**Event of Default.** The words "Event of Default" mean any of the events of default set forth in this Agreement in the default section of this Agreement.

**Grantor.** The word "Grantor" means Eisner Communications, Inc..

**Guarantor.** The word "Guarantor" means any guarantor, surety, or accommodation party of any or all of the Indebtedness.

**Guaranty.** The word "Guaranty" means the guaranty from Guarantor to Lender, including without limitation a guaranty of all or part of the Note.

**Hazardous Substances.** The words "Hazardous Substances" mean materials that, because of their quantity, concentration or physical, chemical or infectious characteristics, may cause or pose a present or potential hazard to human health or the environment when improperly used, treated, stored, disposed of, generated, manufactured, transported or otherwise handled. The words "Hazardous Substances" are used in their very broadest sense and include without limitation any and all hazardous or toxic substances, materials or waste as defined by or listed under the Environmental Laws. The term "Hazardous Substances" also includes, without limitation, petroleum and petroleum by-products or any fraction thereof and asbestos.

**Indebtedness.** The word "Indebtedness" means the indebtedness evidenced by the Note or Related Documents, including all principal and interest together with all other indebtedness and costs and expenses for which Grantor is responsible under this Agreement or under any of the Related Documents.

**Lender.** The word "Lender" means Carrollton Bank, its successors and assigns.

**Note.** The word "Note" means the Note executed by Eisner Communications, Inc. in the principal amount of $4,000,000.00 dated November 30, 2002, together with all modifications of and renewals, replacements, and substitutions for the note or credit agreement.

**Related Documents.** The words "Related Documents" mean all promissory notes, credit agreements, loan agreements, environmental agreements, guaranties, security agreements, mortgages, deeds of trust, security deeds, collateral mortgages, and all other instruments, agreements and documents, whether now or hereafter existing, executed in connection with the Indebtedness.

**GRANTOR HAS READ AND UNDERSTOOD ALL THE PROVISIONS OF THIS COMMERCIAL SECURITY AGREEMENT AND AGREES TO ITS TERMS. THIS AGREEMENT IS DATED NOVEMBER 30, 2002.**

**THIS AGREEMENT IS GIVEN UNDER SEAL AND IT IS INTENDED THAT THIS AGREEMENT IS AND SHALL CONSTITUTE AND HAVE THE EFFECT OF A SEALED INSTRUMENT ACCORDING TO LAW.**

**GRANTOR:**


**EISNER COMMUNICATIONS, INC.**

By: _____   (Seal)
Steven C. Eisner, President and CEO of Eisner
Communications, Inc.

**COMMERCIAL SECURITY AGREEMENT**
**(Continued)**

Loan No: 8002117                                                      Page 6

LENDER:

CARROLLTON BANK

X _____

Authorized Signer

LASER PRO Lending, Ver. 5.18.10.01  Copr. Harland Financial Solutions, Inc. 1997, 2002.  All Rights Reserved.  - MS  C:\CFI\WIN\CFILPL\E40.FC  TR-441  PR-6

013C9 Case 1:07-cv-00041-SLR Document 56-19 Filed 05/29/2007 Page 14 of 24 9/30/2006 12:34:32 PM PAGE 167/029 FAX SERVER

Case 0:07-cv-60599-CMA Document 15 Entered on FLSD Docket 04/26/2008

EXHIBIT
8

# UCC APPROVAL SHEET
## ** KEEP WITH DOCUMENT **

TRANSACTION TYPE     FEES REMITTED

| | | |
|---|---|---|
| ✓ | UO - Original Financing Statement | $20.00 |
| | UOA - Original Financing Statement With Assignment | $20.00 |
| | UOTU - Original Financing Statement Transmitting Utility | $20.00 |
| | UMA - Amendment | $20.00 |
| | UMDA - Amendment - Debtor Added | $20.00 |
| | UMDC - Amendment - Debtor Name Change | $20.00 |
| | UMDD - Amendment - Debtor Deleted | $20.00 |
| | UMSA - Amendment - Secured Party Added | $20.00 |
| | UMSC - Amendment - Secured Party Name Change | $20.00 |
| | UMSD - Amendment - Secured Party Deleted | $20.00 |
| | UMC - Amendment - Continuation | $20.00 |
| | UMT - Amendment - Termination | $20.00 |
| | UMZ - Amendment - Assignment | $20.00 |
| | UMZP - Amendment - Partial Assignment | $20.00 |
| | UMCS - Amendment - Correction Statement | $20.00 |
| | UOMH - Manufactured Home - Original Financing Statement | $20.00 |
| | UOPF - Public Finance - Original Financing Statement | $20.00 |
| | Documents Nine (9) Pages or More | $75.00 |
| | Certified Copies | |
| | Plain Copies | |

TOTAL FEES: $20.00

## NO FEE TRANSACTION TYPES

| | |
|---|---|
| | URC - Copies |
| | UNCP - Void - Non-Payment |
| | UCC - Cancellation |
| | UCR - Reinstatement |
| | UCO Departmental Action |
| | UCREF - Refund Recordation Tax |
| | UCIS - Incorrect ID Number |
| | XOVRU - UCC Overrides |
| | UMFC - Filing Office Correction Statement |

METHOD OF PAYMENT

Cash _____ Check ✓ Credit Card _____

Number of Checks _____ 1

COMMENT(S):

---

[barcode]

1000361007060040

RECORDED ON 01/06/2003 AT 10:21 AM
IN THE FINANCING RECORDS OF THE MD. ST.
DEPARTMENT OF ASSESSMENTS AND TAXATION.
NO # 0000584111 ACK # 1000361007060040
ORIGINAL FILE NUMBER: 000000018114032D
LIBER: U00258 FOLIO: 1538 PAGES: 0062
RECORDING FEE: 20.00
RECORDATION TAX: 0.00
EXPEDITED FEE: 0.00

_____ Other Charge(s)

_____

_____

_____

_____

Code _____

Attention: _____

Mail to Address:

_____ CARROLLTON BANK
344 N. CHARLES STREET
_____ BALTIMORE     MD 21201

_____

Stamp Work Order and Customer Number HERE

STATE OF MARYLAND
DEPT OF ASSESSMENTS AND TAXATION
CUST ID:0001012887
WORK ORDER:0008864111
DATE:01-06-2003 09:52 AM
AMT. PAID:$40.00

STATE OF MARYLAND
DEPT OF ASSESSMENTS AND TAXATION
CUST ID:00010326687
WORK ORDER:0000664111
DATE:01-07-2003 09:52 AM
AMT. PAID:$40.00

## UCC FINANCING STATEMENT

FOLLOW INSTRUCTIONS (front and back) CAREFULLY

A. NAME & PHONE OF CONTACT AT FILER [optional]

B. SEND ACKNOWLEDGEMENT TO: (Name and Address)

┌
  Carrollton Bank
  344 N. Charles Street
  Baltimore, MD 21201

└

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

1. DEBTOR'S EXACT FULL LEGAL NAME - insert only one debtor name (1a or 1b) - do not abbreviate or combine names

| 1a. ORGANIZATION'S NAME |  |  |  |
| Elaner Communications, Inc. |  |  |  |

OR

| 1b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
| --- | --- | --- | --- |
|  |  |  |  |

| 1c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
| --- | --- | --- | --- | --- |
| 509 South Exeter Street | Baltimore | MD | 21202 | USA |

| 1d. TAX ID # SSN OR EIN | ADD'L INFO RE ORGANIZATION DEBTOR | 1e. TYPE OF ORGANIZATION | 1f. JURISDICTION OF ORGANIZATION | 1g. ORGANIZATIONAL ID #, if any |
| --- | --- | --- | --- | --- |
| 52-0587189 |  | Corporation | MD |  ☒ NONE |

2. ADDITIONAL DEBTOR'S EXACT FULL LEGAL NAME - insert only one debtor name (2a or 2b) - do not abbreviate or combine names

| 2a. ORGANIZATION'S NAME |  |  |  |
|  |  |  |  |

OR

| 2b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
| --- | --- | --- | --- |
|  |  |  |  |

| 2c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
| --- | --- | --- | --- | --- |
|  |  |  |  |  |

| 2d. TAX ID # SSN OR EIN | ADD'L INFO RE ORGANIZATION DEBTOR | 2e. TYPE OF ORGANIZATION | 2f. JURISDICTION OF ORGANIZATION | 2g. ORGANIZATIONAL ID #, if any |
| --- | --- | --- | --- | --- |
|  |  |  |  | ☐ NONE |

3. SECURED PARTY'S NAME (or NAME of TOTAL ASSIGNEE of ASSIGNOR S/P) - insert only one secured party name (3a or 3b)

| 3a. ORGANIZATION'S NAME |  |  |  |
| Carrollton Bank |  |  |  |

OR

| 3b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
| --- | --- | --- | --- |
|  |  |  |  |

| 3c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
| --- | --- | --- | --- | --- |
| P.O. Box 34129 | Baltimore | MD | 21227-0829 |  |

4. This FINANCING STATEMENT covers the following collateral:

All Inventory, Chattel Paper, Accounts, Equipment and General Intangibles; whether any of the foregoing is owned or later acquired later; all accessions, additions, replacements, and substitutions relating to any of the foregoing; all records of any kind relating to any of the foregoing; all proceeds relating to any of the foregoing (including insurance, general intangibles and other accounts proceeds)

5. ALTERNATIVE DESIGNATION (if applicable)  ☐ LESSEE/LESSOR  ☐ CONSIGNEE/CONSIGNOR  ☐ BAILEE/BAILOR  ☐ SELLER/BUYER  ☐ AG. LIEN  ☐ NON-UCC FILING

6. ☐ This FINANCING STATEMENT is to be filed [for record] (or recorded) in the REAL ESTATE RECORDS.  7. Check to REQUEST SEARCH REPORT(S) on Debtor(s)  ☐ All Debtors  ☐ Debtor 1  ☐ Debtor 2

8. OPTIONAL FILER REFERENCE DATA

FILING OFFICE COPY — NATIONAL UCC FINANCING STATEMENT (FORM UCC1) (REV. 07/29/98)

Harland Financial Solutions
400 S.W. 6th Avenue, Portland, Oregon  97204

# COMMERCIAL SECURITY AGREEMENT

| Principal | Loan Date | Maturity | Loan No | Call / Coll | Account |
|---|---|---|---|---|---|
| $2,000,000.00 | 01-26-2004 | 01-26-2006 | 2385 | | 88000128 |

References in the shaded area are for Lender's use only and do not limit the applicability of this document to any particular loan or item.
Any item above containing "****" has been omitted due to text length limitations.

**Grantor:** Eisner Communications, Inc.
509 South Exeter Street
Baltimore, MD 21202

**Lender:** Carrollton Bank
P.O. Box 24129
Baltimore, MD 21227-0629

---

THIS COMMERCIAL SECURITY AGREEMENT dated January 26, 2004, is made and executed between Eisner Communications, Inc. ("Grantor") and Carrollton Bank ("Lender").

**GRANT OF SECURITY INTEREST.** For valuable consideration, Grantor grants to Lender a security interest in the Collateral to secure the Indebtedness and agrees that Lender shall have the rights stated in this Agreement with respect to the Collateral, in addition to all other rights which Lender may have by law.

**COLLATERAL DESCRIPTION.** The word "Collateral" as used in this Agreement means the following described property, whether now owned or hereafter acquired, whether now existing or hereafter arising, and wherever located, in which Grantor is giving to Lender a security interest for the payment of the Indebtedness and performance of all other obligations under the Note and this Agreement:

**All Inventory, Chattel Paper, Accounts and Equipment**

In addition, the word "Collateral" also includes all the following, whether now owned or hereafter acquired, whether now existing or hereafter arising, and wherever located:

(A) All accessions, attachments, accessories, tools, parts, supplies, replacements of and additions to any of the collateral described herein, whether added now or later.

(B) All products and produce of any of the property described in this Collateral section.

(C) All accounts, general intangibles, instruments, rents, monies, payments, and all other rights, arising out of a sale, lease, consignment or other disposition of any of the property described in this Collateral section.

(D) All proceeds (including insurance proceeds) from the sale, destruction, loss, or other disposition of any of the property described in this Collateral section, and sums due from a third party who has damaged or destroyed the Collateral or from that party's insurer, whether due to judgment, settlement or other process.

(E) All records and data relating to any of the property described in this Collateral section, whether in the form of a writing, photograph, microfilm, microfiche, or electronic media, together with all of Grantor's right, title, and interest in and to all computer software required to utilize, create, maintain, and process any such records or data on electronic media.

Despite any other provision of this Agreement, Lender is not granted, and will not have, a nonpurchase money security interest in household goods, to the extent such a security interest would be prohibited by applicable law. In addition, if because of the type of any Property, Lender is required to give a notice of the right to cancel under Truth in Lending for the Indebtedness, then Lender will not have a security interest in such Collateral unless and until such a notice is given.

**CROSS-COLLATERALIZATION.** In addition to the Note, this Agreement secures all obligations, debts and liabilities, plus interest thereon, of Grantor to Lender, or any one or more of them, as well as all claims by Lender against Grantor or any one or more of them, whether now existing or hereafter arising, whether related or unrelated to the purpose of the Note, whether voluntary or otherwise, whether due or not due, direct or indirect, determined or undetermined, absolute or contingent, liquidated or unliquidated whether Grantor may be liable individually or jointly with others, whether obligated as guarantor, surety, accommodation party or otherwise, and whether recovery upon such amounts may be or hereafter may become barred by any statute of limitations, and whether the obligation to repay such amounts may be or hereafter may become otherwise unenforceable.

**RIGHT OF SETOFF.** To the extent permitted by applicable law, Lender reserves a right of setoff in all Grantor's accounts with Lender (whether checking, savings, or some other account). This includes all accounts Grantor holds jointly with someone else and all accounts Grantor may open in the future. However, this does not include any IRA or Keogh accounts, or any trust accounts for which setoff would be prohibited by law. Grantor authorizes Lender, to the extent permitted by applicable law, to charge or setoff all sums owing on the Indebtedness against any and all such accounts.

**GRANTOR'S REPRESENTATIONS AND WARRANTIES WITH RESPECT TO THE COLLATERAL.** With respect to the Collateral, Grantor represents and promises to Lender that:

**Perfection of Security Interest.** Grantor agrees to execute financing statements and to take whatever other actions are requested by Lender to perfect and continue Lender's security interest in the Collateral. Upon request of Lender, Grantor will deliver to Lender any and all of the documents evidencing or constituting the Collateral, and Grantor will note Lender's interest upon any and all chattel paper if not delivered to Lender for possession by Lender. **This is a continuing Security Agreement and will continue in effect even though all or any part of the Indebtedness is paid in full and even though for a period of time Grantor may not be indebted to Lender.**

**Notices to Lender.** Grantor will promptly notify Lender in writing at Lender's address shown above (or such other addresses as Lender may designate from time to time) prior to any (1) change in Grantor's name; (2) change in Grantor's assumed business name(s); (3) change in the management of the Corporation Grantor; (4) change in the authorized signer(s); (5) change in Grantor's principal office address; (6) change in Grantor's state of organization; (7) conversion of Grantor to a new or different type of business entity; or (8) change in any other aspect of Grantor that directly or indirectly relates to any agreements between Grantor and Lender. No change in Grantor's name or state of organization will take effect until after Lender has received notice.

**No Violation.** The execution and delivery of this Agreement will not violate any law or agreement governing Grantor or to which Grantor is a party and its certificate or articles of incorporation and bylaws do not prohibit any term or condition of this Agreement.

**Enforceability of Collateral.** To the extent the Collateral consists of accounts, chattel paper, or general intangibles, as defined by the Uniform Commercial Code, the Collateral is enforceable in accordance with its terms, is genuine, and fully complies with all applicable laws and regulations concerning form, content and manner of preparation and execution, and all persons appearing to be obligated on the Collateral have authority and capacity to contract and are in fact obligated as they appear to be on the Collateral. At the time any Account becomes subject to a security interest in favor of Lender, the Account shall be a good and valid account representing an undisputed, bona fide indebtedness incurred by the account debtor, for merchandise held subject to delivery instructions or previously shipped or delivered pursuant to a contract of sale, or for services previously performed by Grantor with or for the account debtor. So long as this Agreement remains in effect, Grantor shall not, without Lender's prior written consent, compromise, settle, adjust, or extend payment under or with regard to any such Accounts. There shall be no

EXHIBIT C

**Loan No: 2385**

# COMMERCIAL SECURITY AGREEMENT
## (Continued)

Page 2

---

setoffs or counterclaims against any of the Collateral, and no agreement shall have been made under which any deductions or discounts may be claimed concerning the Collateral except those disclosed to Lender in writing.

**Location of the Collateral.** Except in the ordinary course of Grantor's business, Grantor agrees to keep the Collateral (or to the extent the Collateral consists of intangible property such as accounts or general intangibles, the records concerning the Collateral) at Grantor's address shown above or at such other locations as are acceptable to Lender. Upon Lender's request, Grantor will deliver to Lender in form satisfactory to Lender a schedule of real properties and Collateral locations relating to Grantor's operations, including without limitation the following: (1) all real property Grantor owns or is purchasing; (2) all real property Grantor is renting or leasing; (3) all storage facilities Grantor owns, rents, leases, or uses; and (4) all other properties where Collateral is or may be located.

**Removal of the Collateral.** Except in the ordinary course of Grantor's business, including the sales of inventory, Grantor shall not remove the Collateral from its existing location without Lender's prior written consent. To the extent that the Collateral consists of vehicles, or other titled property, Grantor shall not take or permit any action which would require application for certificates of title for the vehicles outside the State of Maryland, without Lender's prior written consent. Grantor shall, whenever requested, advise Lender of the exact location of the Collateral.

**Transactions Involving Collateral.** Except for inventory sold or accounts collected in the ordinary course of Grantor's business, or as otherwise provided for in this Agreement, Grantor shall not sell, offer to sell, or otherwise transfer or dispose of the Collateral. While Grantor is not in default under this Agreement, Grantor may sell inventory, but only in the ordinary course of its business and only to buyers who qualify as a buyer in the ordinary course of business. A sale in the ordinary course of Grantor's business does not include a transfer in partial or total satisfaction of a debt or any bulk sale. Grantor shall not pledge, mortgage, encumber or otherwise permit the Collateral to be subject to any lien, security interest, encumbrance, or charge, other than the security interest provided for in this Agreement, without the prior written consent of Lender. This includes security interests even if junior in right to the security interests granted under this Agreement. Unless waived by Lender, all proceeds from any disposition of the Collateral (for whatever reason) shall be held in trust for Grantor and shall not be commingled with any other funds; provided however, this requirement shall not constitute consent by Lender to any sale or other disposition. Upon receipt, Grantor shall immediately deliver any such proceeds to Lender.

**Title.** Grantor represents and warrants to Lender that Grantor holds good and marketable title to the Collateral, free and clear of all liens and encumbrances except for the lien of this Agreement. No financing statement covering any of the Collateral is on file in any public office other than those which reflect the security interest created by this Agreement or to which Lender has specifically consented. Grantor shall defend Lender's rights in the Collateral against the claims and demands of all other persons.

**Repairs and Maintenance.** Grantor agrees to keep and maintain, and to cause others to keep and maintain, the Collateral in good order, repair and condition at all times while this Agreement remains in effect. Grantor further agrees to pay when due all claims for work done on, or services rendered or material furnished in connection with the Collateral so that no lien or encumbrance may ever attach to or be filed against the Collateral.

**Inspection of Collateral.** Lender and Lender's designated representatives and agents shall have the right at all reasonable times to examine and inspect the Collateral wherever located.

**Taxes, Assessments and Liens.** Grantor will pay when due all taxes, assessments and liens upon the Collateral, its use or operation, upon this Agreement, upon any promissory note or notes evidencing the Indebtedness, or upon any of the other Related Documents. Grantor may withhold any such payment or may elect to contest any lien if Grantor is in good faith conducting an appropriate proceeding to contest the obligation to pay and so long as Lender's interest in the Collateral is not jeopardized in Lender's sole opinion. If the Collateral is subjected to a lien which is not discharged within fifteen (15) days, Grantor shall deposit with Lender cash, a sufficient corporate surety bond or other security satisfactory to Lender in an amount adequate to provide for the discharge of the lien plus any interest, costs, attorneys' fees or other charges that could accrue as a result of foreclosure or sale of the Collateral. In any contest Grantor shall defend itself and Lender and shall satisfy any final adverse judgment before enforcement against the Collateral. Grantor shall name Lender as an additional obligee under any surety bond furnished in the contest proceedings. Grantor further agrees to furnish Lender with evidence that such taxes, assessments, and governmental and other charges have been paid in full and in a timely manner. Grantor may withhold any such payment or may elect to contest any lien if Grantor is in good faith conducting an appropriate proceeding to contest the obligation to pay and so long as Lender's interest in the Collateral is not jeopardized.

**Compliance with Governmental Requirements.** Grantor shall comply promptly with all laws, ordinances, rules and regulations of all governmental authorities, now or hereafter in effect, applicable to the ownership, production, disposition, or use of the Collateral, including all laws or regulations relating to the undue erosion of highly-erodible land or relating to the conversion of wetlands for the production of an agricultural product or commodity. Grantor may contest in good faith any such law, ordinance or regulation and withhold compliance during any proceeding, including appropriate appeals, so long as Lender's interest in the Collateral, in Lender's opinion, is not jeopardized.

**Hazardous Substances.** Grantor represents and warrants that the Collateral never has been, and never will be so long as this Agreement remains a lien on the Collateral, used in violation of any Environmental Laws or for the generation, manufacture, storage, transportation, treatment, disposal, release or threatened release of any Hazardous Substance. The representations and warranties contained herein are based on Grantor's due diligence in investigating the Collateral for Hazardous Substances. Grantor hereby (1) releases and waives any future claims against Lender for indemnity or contribution in the event Grantor becomes liable for cleanup or other costs under any Environmental Laws, and (2) agrees to indemnify and hold harmless Lender against any and all claims and losses resulting from a breach of this provision of this Agreement. This obligation to indemnify shall survive the payment of the Indebtedness and the satisfaction of this Agreement.

**Maintenance of Casualty Insurance.** Grantor shall procure and maintain all risks insurance, including without limitation fire, theft and liability coverage together with such other insurance as Lender may require with respect to the Collateral, in form, amounts, coverages and basis acceptable to Lender and issued by a company or companies acceptable to Lender. Grantor, upon request of Lender, will deliver to Lender from time to time the policies or certificates of insurance in form satisfactory to Lender, including stipulations that coverages will not be cancelled or diminished without at least fifteen (15) days' prior written notice to Lender and not including any disclaimer of the insurer's liability for failure to give such a notice. Each insurance policy also shall include an endorsement providing that coverage in favor of Lender will not be impaired in any way by any act, omission or default of Grantor or any other person. In connection with all policies covering assets in which Lender holds or is offered a security interest, Grantor will provide Lender with such loss payable or other endorsements as Lender may require. If Grantor at any time fails to obtain or maintain any insurance as required under this Agreement, Lender may (but shall not be obligated to) obtain such insurance as Lender deems appropriate, including if Lender so chooses "single interest insurance," which will cover only Lender's interest in the Collateral.

**Application of Insurance Proceeds.** Grantor shall promptly notify Lender of any loss or damage to the Collateral. Lender may make proof of loss if Grantor fails to do so within fifteen (15) days of the casualty. All proceeds of any insurance on the Collateral, including accrued proceeds thereon, shall be held by Lender as part of the Collateral. If Lender consents to repair or replacement of the damaged or destroyed Collateral, Lender shall, upon satisfactory proof of expenditure, pay or reimburse Grantor from the proceeds for the reasonable cost of repair or restoration. If Lender does not consent to repair or replacement of the Collateral, Lender shall retain a sufficient amount of the proceeds to pay all of the Indebtedness, and shall pay the balance to Grantor. Any proceeds which have not been disbursed within six (6) months after their receipt and which Grantor has not committed to the repair or restoration of the Collateral shall be used to prepay the Indebtedness.

**COMMERCIAL SECURITY AGREEMENT
(Continued)**

**Insurance Reports.** Grantor, upon request of Lender, shall furnish to Lender reports on each existing policy of insurance showing such information as Lender may reasonably request including the following: (1) the name of the insurer; (2) the risks insured; (3) the amount of the policy; (4) the property insured; (5) the then current value on the basis of which insurance has been obtained and the manner of determining that value; and (6) the expiration date of the policy. In addition, Grantor shall upon request by Lender (however not more often than annually) have an independent appraiser satisfactory to Lender determine, as applicable, the cash value or replacement cost of the Collateral.

**Financing Statements.** Grantor authorizes Lender to file a UCC-1 financing statement, or alternatively, a copy of this Agreement to perfect Lender's security interest. At Lender's request, Grantor additionally agrees to sign all other documents that are necessary to perfect, protect, and continue Lender's security interest in the Property. Grantor will pay all filing fees, title transfer fees, and other fees and costs involved unless prohibited by law or unless Lender is required by law to pay such fees and costs. Grantor irrevocably appoints Lender to execute financing statements and documents of title in Grantor's name and to execute all documents necessary to transfer title if there is a default. Lender may file a copy of this Agreement as a financing statement. If Grantor changes Grantor's name or address, or the name or address of any person granting a security interest under this Agreement changes, Grantor will promptly notify the Lender of such change.

**GRANTOR'S RIGHT TO POSSESSION AND TO COLLECT ACCOUNTS.** Until default and except as otherwise provided below with respect to accounts, Grantor may have possession of the tangible personal property and beneficial use of all the Collateral and may use it in any lawful manner not inconsistent with this Agreement or the Related Documents, provided that Grantor's right to possession and beneficial use shall not apply to any Collateral where possession of the Collateral by Lender is required by law to perfect Lender's security interest in such Collateral. Until otherwise notified by Lender, Grantor may collect any of the Collateral consisting of accounts. At any time and even though no Event of Default exists, Lender may exercise its rights to collect the accounts and to notify account debtors to make payments directly to Lender for application to the Indebtedness. If Lender at any time has possession of any Collateral, whether before or after an Event of Default, Lender shall be deemed to have exercised reasonable care in the custody and preservation of the Collateral if Lender takes such action for that purpose as Grantor shall request or as Lender, in Lender's sole discretion, shall deem appropriate under the circumstances, but failure to honor any request by Grantor shall not of itself be deemed to be a failure to exercise reasonable care. Lender shall not be required to take any steps necessary to preserve any rights in the Collateral against prior parties, nor to protect, preserve or maintain any security interest given to secure the Indebtedness.

**LENDER'S EXPENDITURES.** If any action or proceeding is commenced that would materially affect Lender's interest in the Collateral or if Grantor fails to comply with any provision of this Agreement or any Related Documents, including but not limited to Grantor's failure to discharge or pay when due any amounts Grantor is required to discharge or pay under this Agreement or any Related Documents, Lender on Grantor's behalf may (but shall not be obligated to) take any action that Lender deems appropriate, including but not limited to discharging or paying all taxes, liens, security interests, encumbrances and other claims, at any time levied or placed on the Collateral and paying all costs for insuring, maintaining and preserving the Collateral. All such expenditures incurred or paid by Lender for such purposes will then bear interest at the rate charged under the Note from the date incurred or paid by Lender to the date of repayment by Grantor. All such expenses will become a part of the Indebtedness and, at Lender's option, will (A) be payable on demand; or (B) be added to the balance of the Note and be apportioned among and be payable with any installment payments to become due during either (1) the term of any applicable insurance policy; or (2) the remaining term of the Note. The Agreement also will secure payment of these amounts. Such right shall be in addition to all other rights and remedies to which Lender may be entitled upon Default.

**DEFAULT.** Each of the following shall constitute an Event of Default under this Agreement:

**Payment Default.** Grantor fails to make any payment when due under the Indebtedness.

**Other Defaults.** Grantor fails to comply with or to perform any other term, obligation, covenant or condition contained in this Agreement or in any of the Related Documents or to comply with or to perform any term, obligation, covenant or condition contained in any other agreement between Lender and Grantor.

**False Statements.** Any warranty, representation or statement made or furnished to Lender by Grantor or on Grantor's behalf under this Agreement or the Related Documents is false or misleading in any material respect, either now or at the time made or furnished or becomes false or misleading at any time thereafter.

**Defective Collateralization.** This Agreement or any of the Related Documents ceases to be in full force and effect (including failure of any collateral document to create a valid and perfected security interest or lien) at any time and for any reason.

**Insolvency.** The dissolution or termination of Grantor's existence as a going business, the insolvency of Grantor, the appointment of a receiver for any part of Grantor's property, any assignment for the benefit of creditors, any type of creditor workout, or the commencement of any proceeding under any bankruptcy or insolvency laws by or against Grantor.

**Creditor or Forfeiture Proceedings.** Commencement of foreclosure or forfeiture proceedings, whether by judicial proceeding, self-help, repossession or any other method, by any creditor of Grantor or by any governmental agency against any collateral securing the Indebtedness. This includes a garnishment of any of Grantor's accounts, including deposit accounts, with Lender. However, this Event of Default shall not apply if there is a good faith dispute by Grantor as to the validity or reasonableness of the claim which is the basis of the creditor or forfeiture proceeding and if Grantor gives Lender written notice of the creditor or forfeiture proceeding and deposits with Lender monies or a surety bond for the creditor or forfeiture proceeding, in an amount determined by Lender, in its sole discretion, as being an adequate reserve or bond for the dispute.

**Events Affecting Guarantor.** Any of the preceding events occurs with respect to Guarantor of any of the Indebtedness or Guarantor dies or becomes incompetent or revokes or disputes the validity of, or liability under, any Guaranty of the Indebtedness.

**Adverse Change.** A material adverse change occurs in Grantor's financial condition, or Lender believes the prospect of payment or performance of the Indebtedness is impaired.

**Insecurity.** Lender in good faith believes itself insecure.

**Cure Provisions.** If any default, other than a default in payment is curable and if Grantor has not been given a notice of a breach of the same provision of this Agreement within the preceding twelve (12) months, it may be cured (and no event of default will have occurred) if Grantor, after receiving written notice from Lender demanding cure of such default: (1) cures the default within fifteen (15) days; or (2) if the cure requires more than fifteen (15) days, immediately initiates steps which Lender deems in Lender's sole discretion to be sufficient to cure the default and thereafter continues and completes all reasonable and necessary steps sufficient to produce compliance as soon as reasonably practical.

**RIGHTS AND REMEDIES ON DEFAULT.** If an Event of Default occurs under this Agreement, at any time thereafter, Lender shall have all the rights of a secured party under the Maryland Uniform Commercial Code. In addition and without limitation, Lender may exercise any one or more of the following rights and remedies:

**Accelerate Indebtedness.** Lender may declare the entire Indebtedness, including any prepayment penalty which Grantor would be required to pay, immediately due and payable, without notice of any kind to Grantor.

**Assemble Collateral.** Lender may require Grantor to deliver to Lender all or any portion of the Collateral and any and all certificates of title and other documents relating to the Collateral. Lender may require Grantor to assemble the Collateral and make it available to Lender at a place to be designated by Lender. Lender also shall have full power to enter upon the property of Grantor to take possession of and remove the Collateral. If

Case 1:07-cv-00341-SLR   Document 56-19   Filed 05/29/2007   Page 19 of 24
Case 0:07-cv-00339-CMR   Document 28-39   Filed 09/26/2007   Page 19 of 24

**Loan No: 2385**

COMMERCIAL SECURITY AGREEMENT
(Continued)

Page 4

the Collateral contains other goods not covered by this Agreement at the time of repossession, Grantor agrees Lender may take such other goods provided that Lender makes reasonable efforts to return them to Grantor after repossession.

**Sell the Collateral.** Lender shall have full power to sell, lease, transfer, or otherwise deal with the Collateral or proceeds thereof in Lender's own name or that of Grantor. Lender may sell the Collateral at public auction or private sale. Unless the Collateral threatens to decline speedily in value or is of a type customarily sold on a recognized market, Lender will give Grantor, and other persons as required by law, reasonable notice of the time and place of any public sale, or the time after which any private sale or any other disposition of the Collateral is to be made. However, no notice need be provided to any person who, after Event of Default occurs, enters into and authenticates an agreement waiving that person's right to notification of sale. The requirements of reasonable notice shall be met if such notice is given at least ten (10) days before the time of the sale or disposition. All expenses relating to the disposition of the Collateral, including without limitation the expenses of retaking, holding, insuring, preparing for sale and selling the Collateral, shall become a part of the Indebtedness secured by this Agreement and shall be payable on demand, with interest at the Note rate from date of expenditure until repaid.

**Appoint Receiver.** Without notice to Grantor, Lender shall have the right to have a receiver appointed to take possession of all or any part of the Collateral, with the power to protect and preserve the Collateral, to operate the Collateral, and to collect the Rents from the Collateral and apply the proceeds, over and above the cost of the receivership, against the Indebtedness and Grantor hereby consents to the appointment of such a receiver. The receiver may serve without bond if permitted by law. Lender's right to the appointment of a receiver shall exist whether or not the apparent value of the Collateral exceeds the Indebtedness by a substantial amount and whether or not such receivership is incidental to a proposed sale of the Collateral or otherwise. Employment by Lender shall not disqualify a person from serving as a receiver.

**Collect Revenues, Apply Accounts.** Lender, either itself or through a receiver, may collect the payments, rents, income, and revenues from the Collateral. Lender may at any time in Lender's discretion transfer any Collateral into Lender's own name or that of Lender's nominee and receive the payments, rents, income, and revenues therefrom and hold the same as security for the Indebtedness or apply it to payment of the Indebtedness in such order of preference as Lender may determine. Insofar as the Collateral consists of accounts, general intangibles, insurance policies, instruments, chattel paper, choses in action, or similar property, Lender may demand, collect, receipt for, settle, compromise, adjust, sue for, foreclose, or realize on the Collateral as Lender may determine, whether or not Indebtedness or Collateral is then due. For these purposes, Lender may, on behalf of and in the name of Grantor, receive, open and dispose of mail addressed to Grantor; change any address to which mail and payments are to be sent; and endorse notes, checks, drafts, money orders, documents of title, instruments and items pertaining to payment, shipment, or storage of any Collateral. To facilitate collection, Lender may notify account debtors and obligors on any Collateral to make payments directly to Lender.

**Obtain Deficiency.** If Lender chooses to sell any or all of the Collateral, Lender may obtain a judgment against Grantor for any deficiency remaining on the Indebtedness due to Lender after application of all amounts received from the exercise of the rights provided in this Agreement. Grantor shall be liable for a deficiency even if the transaction described in this subsection is a sale of accounts or chattel paper.

**Other Rights and Remedies.** Lender shall have all the rights and remedies of a secured creditor under the provisions of the Uniform Commercial Code, as may be amended from time to time. In addition, Lender shall have and may exercise any or all other rights and remedies it may have available at law, in equity, or otherwise.

**Election of Remedies.** Except as may be prohibited by applicable law, all of Lender's rights and remedies, whether evidenced by this Agreement, the Related Documents, or by any other writing, shall be cumulative and may be exercised singularly or concurrently. Election by Lender to pursue any remedy shall not exclude pursuit of any other remedy, and an election to make expenditures or to take action to perform an obligation of Grantor under this Agreement, after Grantor's failure to perform, shall not affect Lender's right to declare a default and exercise its remedies.

**MISCELLANEOUS PROVISIONS.** The following miscellaneous provisions are a part of this Agreement:

**Amendments.** This Agreement, together with any Related Documents, constitutes the entire understanding and agreement of the parties as to the matters set forth in this Agreement. No alteration of or amendment to this Agreement shall be effective unless given in writing and signed by the party or parties sought to be charged or bound by the alteration or amendment.

**Attorneys' Fees; Expenses.** Grantor agrees that if Lender hires an attorney to help enforce this Agreement, Grantor will pay, subject to any limits under applicable law, Lender's attorneys' fees and all of Lender's other collection expenses, whether or not there is a lawsuit and including without limitation additional legal expenses for bankruptcy proceedings.

**Caption Headings.** Caption headings in this Agreement are for convenience purposes only and are not to be used to interpret or define the provisions of this Agreement.

**Governing Law. This Agreement will be governed by, construed and enforced in accordance with federal law and the laws of the State of Maryland. This Agreement has been accepted by Lender in the State of Maryland.**

**Choice of Venue.** If there is a lawsuit, Grantor agrees upon Lender's request to submit to the jurisdiction of the courts of the City of Baltimore, State of Maryland.

**No Waiver by Lender.** Lender shall not be deemed to have waived any rights under this Agreement unless such waiver is given in writing and signed by Lender. No delay or omission on the part of Lender in exercising any right shall operate as a waiver of such right or any other right. A waiver by Lender of a provision of this Agreement shall not prejudice or constitute a waiver of Lender's right otherwise to demand strict compliance with that provision or any other provision of this Agreement. No prior waiver by Lender, nor any course of dealing between Lender and Grantor, shall constitute a waiver of any of Lender's rights or of any of Grantor's obligations as to any future transactions. Whenever the consent of Lender is required under this Agreement, the granting of such consent by Lender in any instance shall not constitute continuing consent to subsequent instances where such consent is required and in all cases such consent may be granted or withheld in the sole discretion of Lender.

**Notices.** Any notice required to be given under this Agreement shall be given in writing, and shall be effective when actually delivered, if hand delivered, when actually received by telefacsimile (unless otherwise required by law), when deposited with a nationally recognized overnight courier, or, if mailed, when deposited in the United States mail, as first class, certified or registered mail postage prepaid, directed to the addresses shown near the beginning of this Agreement. Any party may change its address for notices under this Agreement by giving formal written notice to the other parties, specifying that the purpose of the notice is to change the party's address. For notice purposes, Grantor agrees to keep Lender informed at all times of Grantor's current address. Unless otherwise provided or required by law, if there is more than one Grantor, any notice given by Lender to any Grantor is deemed to be notice given to all Grantors.

**Power of Attorney.** Grantor hereby appoints Lender as Grantor's irrevocable attorney-in-fact for the purpose of executing any documents necessary to perfect, amend, or to continue the security interest granted in this Agreement or to demand termination of filings of other secured parties. Lender may at any time, and without further authorization from Grantor, file a carbon, photographic or other reproduction of any financing statement or of this Agreement for use as a financing statement. Grantor will reimburse Lender for all expenses for the perfection and the continuation of the perfection of Lender's security interest in the Collateral.

# COMMERCIAL SECURITY AGREEMENT
## (Continued)

**Severability.** If a court of competent jurisdiction finds any provision of this Agreement to be illegal, invalid, or unenforceable as to any circumstance, that finding shall not make the offending provision illegal, invalid, or unenforceable as to any other circumstance. If feasible, the offending provision shall be considered modified so that it becomes legal, valid and enforceable. If the offending provision cannot be so modified, it shall be considered deleted from this Agreement. Unless otherwise required by law, the illegality, invalidity, or unenforceability of any provision of this Agreement shall not affect the legality, validity or enforceability of any other provision of this Agreement.

**Successors and Assigns.** Subject to any limitations stated in this Agreement on transfer of Grantor's interest, this Agreement shall be binding upon and inure to the benefit of the parties, their heirs, personal representatives, successors and assigns. If ownership of the Collateral becomes vested in a person other than Grantor, Lender, without notice to Grantor, may deal with Grantor's successors with reference to this Agreement and the Indebtedness by way of forbearance or extension without releasing Grantor from the obligations of this Agreement or liability under the Indebtedness.

**Survival of Representations and Warranties.** All representations, warranties, and agreements made by Grantor in this Agreement shall survive the execution and delivery of this Agreement, shall be continuing in nature, and shall remain in full force and effect until such time as Grantor's Indebtedness shall be paid in full.

**Time is of the Essence.** Time is of the essence in the performance of this Agreement.

**DEFINITIONS.** The following capitalized words and terms shall have the following meanings when used in this Agreement. Unless specifically stated to the contrary, all references to dollar amounts shall mean amounts in lawful money of the United States of America. Words and terms used in the singular shall include the plural, and the plural shall include the singular, as the context may require. Words and terms not otherwise defined in this Agreement shall have the meanings attributed to such terms in the Uniform Commercial Code:

**Account.** The word "Account" means a trade account, account receivable, other receivable, or other right to payment for goods sold or services rendered owing to Grantor (or to a third party grantor acceptable to Lender).

**Agreement.** The word "Agreement" means this Commercial Security Agreement, as this Commercial Security Agreement may be amended or modified from time to time, together with all exhibits and schedules attached to this Commercial Security Agreement from time to time.

**Borrower.** The word "Borrower" means Eisner Communications, Inc. and includes all co-signers and co-makers signing the Note.

**Collateral.** The word "Collateral" means all of Grantor's right, title and interest in and to all the Collateral as described in the Collateral Description section of this Agreement.

**Default.** The word "Default" means the Default set forth in this Agreement in the section titled "Default".

**Environmental Laws.** The words "Environmental Laws" mean any and all state, federal and local statutes, regulations and ordinances relating to the protection of human health or the environment, including without limitation the Comprehensive Environmental Response, Compensation, and Liability Act of 1980, as amended, 42 U.S.C. Section 9601, et seq. ("CERCLA"), the Superfund Amendments and Reauthorization Act of 1986, Pub. L. No. 99-499 ("SARA"), the Hazardous Materials Transportation Act, 49 U.S.C. Section 1801, et seq., the Resource Conservation and Recovery Act, 42 U.S.C. Section 6901, et seq., or other applicable state or federal laws, rules, or regulations adopted pursuant thereto.

**Event of Default.** The words "Event of Default" mean any of the events of default set forth in this Agreement in the default section of this Agreement.

**Grantor.** The word "Grantor" means Eisner Communications, Inc..

**Guarantor.** The word "Guarantor" means any guarantor, surety, or accommodation party of any or all of the Indebtedness.

**Guaranty.** The word "Guaranty" means the guaranty from Guarantor to Lender, including without limitation a guaranty of all or part of the Note.

**Hazardous Substances.** The words "Hazardous Substances" mean materials that, because of their quantity, concentration or physical, chemical or infectious characteristics, may cause or pose a present or potential hazard to human health or the environment when improperly used, treated, stored, disposed of, generated, manufactured, transported or otherwise handled. The words "Hazardous Substances" are used in their very broadest sense and include without limitation any and all hazardous or toxic substances, materials or waste as defined by or listed under the Environmental Laws. The term "Hazardous Substances" also includes, without limitation, petroleum and petroleum by-products or any fraction thereof and asbestos.

**Indebtedness.** The word "Indebtedness" means the indebtedness evidenced by the Note or Related Documents, including all principal and interest together with all other indebtedness and costs and expenses for which Grantor is responsible under this Agreement or under any of the Related Documents. Specifically, without limitation, Indebtedness includes all amounts that may be indirectly secured by the Cross-Collateralization provision of this Agreement.

**Lender.** The word "Lender" means Carrollton Bank, its successors and assigns.

**Note.** The word "Note" means the Note executed by Eisner Communications, Inc. in the principal amount of $2,000,000.00 dated January 26, 2004, together with all modifications of and renewals, replacements, and substitutions for the note or credit agreement.

**Property.** The word "Property" means all of Grantor's right, title and interest in and to all the Property as described in the "Collateral Description" section of this Agreement.

**Related Documents.** The words "Related Documents" mean all promissory notes, credit agreements, loan agreements, environmental agreements, guaranties, security agreements, mortgages, deeds of trust, security deeds, collateral mortgages, and all other instruments, agreements and documents, whether now or hereafter existing, executed in connection with the Indebtedness.

**GRANTOR HAS READ AND UNDERSTOOD ALL THE PROVISIONS OF THIS COMMERCIAL SECURITY AGREEMENT AND AGREES TO ITS TERMS. THIS AGREEMENT IS DATED JANUARY 26, 2004.**

**THIS AGREEMENT IS GIVEN UNDER SEAL AND IT IS INTENDED THAT THIS AGREEMENT IS AND SHALL CONSTITUTE AND HAVE THE EFFECT OF A SEALED INSTRUMENT ACCORDING TO LAW.**

# COMMERCIAL SECURITY AGREEMENT
## (Continued)

GRANTOR:

EISNER COMMUNICATIONS, INC.

By: _____ (Seal)
Steven C. Eisner, President and CEO of Eisner
Communications, Inc.

LENDER:

CARROLLTON BANK

x _____
Authorized Signer

LASER PRO Lending, Ver. 5.23.20.002  Copr. Harland Financial Solutions, Inc. 1997, 2004.  All Rights Reserved.  - MD  C:\CFI\in\CFI\LPL\E44.FC  TR-765  PR-4

SMB B ARMMD +..........74|2565
NPT NF BUSINESS NO TAXTIN
CUST ID:0001442783
WORK ORDER:0009928737
DATE:88-05-2004 12:19 PM
AMT. PAID:$925.00

## UCC FINANCING STATEMENT
FOLLOW INSTRUCTIONS (front and back) CAREFULLY

A. NAME & PHONE OF CONTACT AT FILER [optional]

B. SEND ACKNOWLEDGEMENT TO: (Name and Address)

Carrollton Bank
344 N. Charles Street
Baltimore, MD 21201

2004 JUL 30 A II: 17

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

1. DEBTOR'S EXACT FULL LEGAL NAME - insert only one debtor name (1a or 1b) - do not abbreviate or combine names

| 1a. ORGANIZATION'S NAME |
|---|
| Elaner Communications, Inc. |

| OR | 1b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
|---|---|---|---|---|
| | | | | |

| 1c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| 509 South Exeter Street | Baltimore | MD | 21202 | USA |

| 1d. TAX ID # SSN OR EIN | ADD'L INFO RE ORGANIZATION DEBTOR | 1e. TYPE OF ORGANIZATION | 1f. JURISDICTION OF ORGANIZATION | 1g. ORGANIZATIONAL ID #, if any | |
|---|---|---|---|---|---|
| | | Corporation | MD | | ☒ NONE |

2. ADDITIONAL DEBTOR'S EXACT FULL LEGAL NAME - insert only one debtor name (2a or 2b) - do not abbreviate or combine names

| 2a. ORGANIZATION'S NAME |
|---|
| |

| OR | 2b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
|---|---|---|---|---|
| | | | | |

| 2c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| | | | | |

| 2d. TAX ID # SSN OR EIN | ADD'L INFO RE ORGANIZATION DEBTOR | 2e. TYPE OF ORGANIZATION | 2f. JURISDICTION OF ORGANIZATION | 2g. ORGANIZATIONAL ID #, if any | |
|---|---|---|---|---|---|
| | | | | | ☐ NONE |

3. SECURED PARTY'S NAME (or NAME of TOTAL ASSIGNEE of ASSIGNOR S/P) - insert only one secured party name (3a or 3b)

| 3a. ORGANIZATION'S NAME |
|---|
| Carrollton Bank |

| OR | 3b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
|---|---|---|---|---|
| | | | | |

| 3c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| P.O. Box 24129 | Baltimore | MD | 21227-8429 | USA |

4. This FINANCING STATEMENT covers the following collateral:

All Inventory, Chattel Paper, Accounts and Equipment; whether any of the foregoing is owned now or acquired later; all accessions, additions, replacements, and substitutions relating to any of the foregoing; all records of any kind relating to any of the foregoing; all proceeds relating to any of the foregoing (including insurance, general intangibles and other accounts proceeds)

| 5. ALTERNATIVE DESIGNATION (if applicable) | LESSEE/LESSOR | CONSIGNEE/CONSIGNOR | BAILEE/BAILOR | SELLER/BUYER | AG. LIEN | NON-UCC FILING |
|---|---|---|---|---|---|---|
| 6. | | 7. | | | | |

8. OPTIONAL FILER REFERENCE DATA

# UCC APPROVAL SHEET
## ** KEEP WITH DOCUMENT **

| TRANSACTION TYPE | FEES REMITTED |
|---|---|
| UO - Original Financing Statement | $25.00 |
| UOA - Original Financing Statement With Assignment | $25.00 |
| UOTU - Original Financing Statement Transmitting Utility | $25.00 |
| UMA - Amendment | $25.00 |
| UMDA - Amendment - Debtor Added | $25.00 |
| UMDC - Amendment - Debtor Name Change | $25.00 |
| UMDD - Amendment - Debtor Deleted | $25.00 |
| UMSA - Amendment - Secured Party Added | $25.00 |
| UMSC - Amendment - Secured Party Name Change | $15.00 |
| UMSD - Amendment - Secured Party Deleted | $25.00 |
| UMC - Amendment - Continuation | $25.00 |
| UMT - Amendment - Termination | $25.00 |
| UMZ - Amendment - Assignment | $25.00 |
| UMZP - Amendment - Partial Assignment | $25.00 |
| UMCS - Amendment - Correction Statement | $25.00 |
| UOMH - Manufactured Home - Original Financing Statement | $25.00 |
| UOPF - Public Finance - Original Financing Statement | $25.00 |
| Documents Nine (9) Pages or More | $75.00 |
| Certified Copies | |
| Plain Copies | |
| **TOTAL FEES:** | |

RECORDED ON 07/30/2004 AT 11:17 AM
IN THE FINANCING RECORDS OF THE MD. ST.
DEPARTMENT OF ASSESSMENTS AND TAXATION.
WO # 0000026737  DCK # 100038100015616
ORIGINAL FILE NUMBER: 000000018119853
LIBER: U08330  FOLIO: 1998 PAGES: 0002
RECORDING FEE:                    25.00
EXPEDITED FEE:                     0.00

_____ Other Charge(s)

_____

_____

_____

Code _____

Attention: _____

## NO FEE TRANSACTION TYPES

_____ URC - Copies
_____ UNCP - Void - Non-Payment
_____ UCC - Cancellation
_____ UCR - Reinstatement
_____ UCO Departmental Action
_____ UCREF - Refund Recordation Tax
_____ UCIS - Incorrect ID Number
_____ XOVRUJ - UCC Overrides
_____ UMFC - Filing Office Correction Statement

Mail to Address:

CARROLLTON BANK
344 N. CHARLES STREET
BALTIMORE                          MD 21201

METHOD OF PAYMENT

Cash _____   Check _____   Credit Card _____

Number of Checks _____

COMMENT(S):




## EISNER COMMUNICATIONS
## ACCOUNTS RECEIVABLE

12/18/2006

## SPIRIT AIRLINES

| Invoice Date | Invoice Number | Job Number | Description | Amount |
|---|---|---|---|---|
| 08/02/06 | 20379 | 6607 | Service Fee | 26,400.00 |
| 08/02/06 | 20381 | 6620 | Marketplace Window Hosting | 710.00 |
| 08/18/06 | 20491 | 6870 | March 2006 - Red Light Special | (422.00) |
| 10/03/06 | 20802 | 7402 | TravelZoo Newsflash September | 14,025.00 |
| 10/03/06 | 20803 | 7382 | October 2006 Media Plan | 279,958.00 |
| 10/03/06 | 20805 | 7363 | Forward to a Friend | 1,360.00 |
| 10/13/06 | 20849 | 6607 | Service Fee | 26,400.00 |
| 10/19/06 | 20884 | 6620 | Marketplace Window Hosting | 710.00 |
| 10/30/06 | 20970 | 7444 | November 2006 Media Plan | 279,217.88 |
| 10/30/06 | 20971 | 6607 | Service Fee | 26,400.00 |
| 10/31/06 | 20975 | 6620 | Marketplace Window Hosting | 710.00 |
| 11/01/06 | 20987 | 6846 | Spirit March Baseline | 12,452.41 |
| 11/01/06 | 20988 | 7045 | May 2006 Sale | 4,560.38 |
| 11/01/06 | 20990 | 7096 | June 2006 Baseline | 16,678.77 |
| 11/01/06 | 20992 | 7180 | Default Ads | 363.97 |
| 11/07/06 | 21013 | 6971 | April 2006 - Sale Part 1 | (12,887.92) |
| 11/07/06 | 21014 | 7033 | May 2006 Baseline | (5,355.26) |
| 11/07/06 | 21015 | 7097 | June 2006 Sale | (10,583.50) |
| | | | Totals | 660,697.73 |

NOTE:  Last payment check # 673577 dated 10/23/06.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 07-60399-CIV-ALTONAGA/TURNOFF

SPIRIT AIRLINES, INC.

      Plaintiff,

vs.

24/7 REAL MEDIA, INC., et. al.

      Defendants.

_____/

### DEFENDANTS' UNOPPOSED MOTION FOR ENLARGEMENT OF TIME TO RESPOND TO THE COMPLAINT

Pursuant to Rule 6 of the Federal Rules of Civil Procedure, Defendants, Advertising.com, Inc., and America Online, Inc. d/b/a AOL, hereby move this Court for an enlargement of time, through and including May 9, 2007, to serve their answers or motions addressed to Plaintiff's complaint for interpleader.

In support of this motion, Advertising.com, Inc. and America Online, Inc. state the following:

1.    Advertising.com, Inc. and America Online, Inc. will require additional time to prepare their respective papers, and therefore request a brief, two-week enlargement of time, through and including May 9, 2007, to serve their answers or motions addressed to Plaintiff's complaint for interpleader.

2.    Attorneys of record have communicated to the undersigned that Plaintiff has no objection to the enlargement of time requested herein.

3.      This motion is brought in good faith and not for purposes of delay, and no party will be harmed by granting the enlargement requested herein.

4.      A proposed order granting this motion is attached.

WHEREFORE, Advertising.com, Inc. and America Online, Inc. respectfully move for an enlargement of time, through and including May 9, 2007, to serve their answers or motions in this action.

Dated: April 27, 2007
       Miami, Florida

                              Respectfully submitted,


                              /s/ James M. Miller
                              James M. Miller (FL Bar No. 201308)
                              james.miller@akerman.com
                              Samuel Heywood (FL Bar No. 0016604)
                              samuel.heywood@akerman.com
                              **AKERMAN SENTERFITT**
                              One Southeast Third Avenue, 25th Floor
                              Miami, FL  33131-1714
                              Telephone:  (305) 374-5600
                              Facsimile:  (305) 374-5095

                              *Attorneys for Defendants*
                              *Advertising.com, Inc. and*
                              *America Online, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on April 27, 2007, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

/s/ Samuel S. Heywood
Samuel S. Heywood

**SERVICE LIST**

**Spirit Airlines, Inc. v. 24/7 REal Media, Inc., et. al.**
**Case No. 07-60399-CIV-ALTONAGA/TURNOFF**

Anthony J. Carriuolo, Esq.
acarriuolo@bergersingerman.com
Berger Singerman
350 East Las Olas Boulevard
Suite 1000
Ft. Lauderdale, FL 33301
Tel: 954-525-9000
Fax: 954-2872
Local counsel for Plaintiff
Spirit Airlines, Inc.

Connie A. Lahn, Esq.
Lara O. Glaesman, Esq.
lara.glaesman@fmjlaw.com
connie.lahn@fmjlaw.com
Fafinski Mark & Johnson, P.A.
Flagship Corporate Center
775 Prairie Center Drive, Suite 400
Eden Prairie, MN 55344
Tel: 952-995-9500
Fax: 952-995-9577
Counsel for Plaintiff
Spirit Airlines, Inc.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 07-60399-CIV-ALTONAGA/TURNOFF

SPIRIT AIRLINES, INC.

      Plaintiff,

vs.

24/7 REAL MEDIA, INC., et. al.

      Defendants.

_____/

## ORDER GRANTING DEFENDANTS' UNOPPOSED MOTION FOR ENLARGEMENT OF TIME TO RESPOND TO THE COMPLAINT

**THIS CAUSE** is before the Court on Defendants Advertising.com, Inc. and America Online, Inc.'s Unopposed Motion for Enlargement of Time to serve their answers or motions addressed to Plaintiff's complaint for interpleader. Upon consideration of the Motion for Enlargement, the file, and being otherwise fully advised in the premises, it is hereby:

**ORDERED AND ADJUDGED** that Defendants' Motion for Enlargement of Time is GRANTED. Defendant Advertising.com, Inc. and America Online, Inc. shall serve their responses to Plaintiff's complaint for interpleader on or before May 9, 2007.

**DONE AND ORDERED** in Chambers at Miami-Dade County, Florida this ____ day of April, 2007.

_____
CECILIA M. ALTONAGA
UNITED STATES DISTRICT JUDGE

cc:    Magistrate Judge Turnoff
       Counsel of Record

{M2544024;1}

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

```
FILED by _____ D.C.
INTAKE
APR 27 2007
CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. – MIAMI
```

SPIRIT AIRLINES, INC.

                                        Plaintiff,          CIVIL ACTION FILE
V.                                                          NO. 07-60399

24/7 REAL MEDIA, INC., et al

                                        Defendant,

## AFFIDAVIT OF SERVICE

PERSONALLY appeared before me, RICHARD LARDE III, the undersigned

officer duly authorized to administer oaths, first being duly sworn, on oath deposes and

states that he/she is a citizen of the State of Georgia and 21 years of age or older and is a party

having no interest in the above-styled case. Affiant further states that on

April 12, 2007, at 10:10a.m., he/she served **The Weather Channel Interactive Inc.**

by serving copies of the below listed documents to Becky Powhotan, Registered Agent

located at 300 Interstate North Parkway, Atlanta, GA 30339,

DOCUMENTS: **Summons & Complaint For Interpleader.**

Dated 4/19 ,2007

_____
RICHARD LARDE III
Process Server
Larry L. Mabson Investigations

Sworn to and subscribed before me,
on 4/18 ,2007

_____ Notary Public

MARY ALLARD
NOTARY
EXPIRES
GEORGIA
NOV. 13, 2007
PUBLIC
GWINNETT COUNTY

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Spirit Airlines, Inc.,

                 Plaintiff,

       vs.

24/7 Real Media, Inc., Advertising.com, Inc.,
America Online, Inc. dba AOL, Burst Media
Corporation, Carrollton Bank, CheapFlights
(USA), Inc., Echo Target, Inc., Hotwire, Inc.,
Intercept Interactive, Inc., Priceline.com, LLC,
Rackspace, Ltd., Shermans Travel, Inc., SideStep,
Inc., Smarter Living, Inc., SpecificMedia, Inc.,
Travel Marketing Group, Inc., TravelZoo, Inc.,
Tribal Fusion, Inc., TripAdvisor LLC,
Valueclick, Inc., and The Weather Channel
Interactive, Inc., and all other persons
or entities unknown claiming any right, title
or interest to the funds described in the
Complaint herein,

                 Defendants.

Civil Action File No. _____

CIV - ALTONAGA

MAGISTRATE

## SUMMONS IN A CIVIL CASE

TO:    The Weather Channel Interactive, Inc.
        c/o Becky A. Powhatan, Registered Agent of The Weather Channel Interactive, Inc.
        300 Interstate N. Parkway
        Atlanta, GA  30339

YOU ARE HEREBY SUMMONED and required to serve upon PLAINTIFF'S ATTORNEY

Local Counsel for Spirit Airlines, Inc.

Anthony Carriuolo (FL Bar No. 434541)
BERGER SINGERMAN
350 East Las Olas Boulevard, Suite 1000
Fort Lauderdale, FL  33301
954-525-9900 (phone)
954-523-2872 (fax)

AND

Connie A. Lahn (MN Bar No. 0269219)
Lara O. Glaesman (MN Bar No. 316866)
FAFINSKI MARK & JOHNSON, P.A
Flagship Corporate Center
775 Prairie Center Drive, Suite 400
Eden Prairie, MN 55344
952-995-9500 (phone)
952-995-9577 (fax)

an answer to the complaint which is herewith served upon you, within twenty days after service

of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by

default will be taken against you for the relief demanded in the complaint. You must also file

your answer with the Clerk of this Court within a reasonable period of time.

Clerence Maddox

Clerk

(By) Deputy Clerk

MAR 2 1 2007

Date

2

SPIRIT AIRLINES, INC.

**Plaintiff(s)**

- against -

24/7 REAL MEDIA, INC. ET AL

**Defendant(s)**

Index #: 07-60399

Date Filed:

**AFFIDAVIT OF SERVICE**

STATE OF NEW YORK: COUNTY OF NEW YORK  ss:

BYRAN E. MCELDERRY BEING DULY SWORN DEPOSES AND SAYS DEPONENT IS NOT A PARTY TO THIS ACTION, OVER THE AGE OF EIGHTEEN YEARS AND RESIDES IN THE STATE OF NEW YORK.

That on April 16, 2007 at 02:42 PM at

C/O SHIFF & TISMAN, REGISTERED AGENT OF INTERCEPT INTERACTIVE, INC.
280 MADISON AVENUE 5TH FLOOR
NEW YORK, NY10016

deponent served the within true copy of the SUMMONS & COMPLAINT on INTERCEPT INTERACTIVE, INC., the defendant/respondent therein named,

**CORPORATION** by delivering thereat a true copy of each to MS. NICOLA ROSS personally, deponent knew said corporation so served to be the corporation described in said SUMMONS & COMPLAINT as said defendant/respondent and knew said individual to be the GENERAL AGENT thereof.

Deponent further states that he describes the person actually served as follows:

| Sex | Skin Color | Hair Color | Age (Approx.) | Height (Approx.) | Weight (Approx) |
|---|---|---|---|---|---|
| FEMALE | BLACK | BROWN | 39 | 5'9 | 160 |

Sworn to me on:  April 17, 2007

Linda Forman
Notary Public, State of New York
No. 01FO5031305
Qualified in New York County
Commission Expires August 1, 2010

Robin M. Forman
Notary Public, State of New York
No. 01FO6125415
Qualified in New York County
Commission Expires April 18, 2009

Larry Yee
Notary Public, State of New York
No. 01YE5015682
Qualified in New York County
Commission Expires July 26, 2009

**BYRAN E. MCELDERRY**
License #: 869802
Docket #: 471297

FILED by INTAKE ___ D.C.
APR 27 2007
CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Spirit Airlines, Inc.,

Civil Action File No. _____

                       Plaintiff,

vs.

24/7 Real Media, Inc., Advertising.com, Inc.,
America Online, Inc. dba AOL, Burst Media
Corporation, Carrollton Bank, CheapFlights
(USA), Inc., Echo Target, Inc., Hotwire, Inc.,
Intercept Interactive, Inc., Priceline.com, LLC,
Rackspace, Ltd., Shermans Travel, Inc., SideStep,
Inc., Smarter Living, Inc., SpecificMedia, Inc.,
Travel Marketing Group, Inc., TravelZoo, Inc.,
Tribal Fusion, Inc., TripAdvisor LLC,
Valueclick, Inc., and The Weather Channel
Interactive, Inc., and all other persons
or entities unknown claiming any right, title
or interest to the funds described in the
Complaint herein,

                       Defendants.



07-60399
CIV-ALTONAGA
MAGISTRATE JUDGE
TURNOFF

## SUMMONS IN A CIVIL CASE

TO:    Intercept Interactive, Inc.
       c/o Shiff & Tisman, Registered Agent of Intercept Interactive, Inc.
       2000 Madison Avenue
       New York, NY 10016

YOU ARE HEREBY SUMMONED and required to serve upon PLAINTIFF'S ATTORNEY

Local Counsel for Spirit Airlines, Inc.

Anthony Carriuolo (FL Bar No. 434541)
BERGER SINGERMAN
350 East Las Olas Boulevard, Suite 1000
Fort Lauderdale, FL 33301
954-525-9900 (phone)
954-523-2872 (fax)

AND

Connie A. Lahn (MN Bar No. 0269219)
Lara O. Glaesman (MN Bar No. 316866)
FAFINSKI MARK & JOHNSON, P.A
Flagship Corporate Center
775 Prairie Center Drive, Suite 400
Eden Prairie, MN 55344
952-995-9500 (phone)
952-995-9577 (fax)

an answer to the complaint which is herewith served upon you, within twenty days after service

of this summons upon you, exclusive of the day of service.  If you fail to do so, judgment by

default will be taken against you for the relief demanded in the complaint.  You must also file

your answer with the Clerk of this Court within a reasonable period of time.

Clarence Maddox

Clerk                                                           MAR 2 1 2007

                                                                Date

(By) Deputy Clerk

2

# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA
## MIAMI-DADE DIVISION

### CASE NO. 07-60399-CIV-ALTONAGA/TURNOFF

SPIRIT AIRLINES, INC.,

      Plaintiff,

vs.

24/7 REAL MEDIA, INC., ADVERTISING. COM, INC.
AMERICA ONLIN, INC., d/b/a AOL, BURST MEDIA
CORPORATION, CARROLTON BANK,
CHEAPFLIGHTS (USA), INC.,
ECHO TARGET, INC., HOTWIRE, INC., INTERCEPT
INTERACTIVE, INC., PRICELINE.COM, LLC,
RACKSPACE, LTD., SHERMANS TRAVEL, INC.,
SIDESTEP, INC, SMARTER LIVING, INC., et. al.,

      Defendants.

_____/

### DEFENDANT VALUE CLICK INC.'S UNOPPOSED MOTION FOR A 10-DAY EXTENSION OF TIME TO FILE A RESPONSE TO THE COMPLAINT FOR INTERPLEADER

Pursuant to the Federal Rules of Civil Procedure and applicable Local Rules, Defendant VALUECLICK, INC., ("ValueClick"), hereby respectfully moves this Court to grant a ten day extension of time to respond to the Complaint For Interpleader filed herein, for the following reasons:

1.    On March 21, 2007, Plaintiff SPIRIT AIRLINES, ("Spirit") filed the above-stated Complaint For Interpleader, which was served on Defendant Value Click's agent on April 9, 2007. Thus, ValueClick's response to this Complaint is due on April 30, 2007. *See* Fed. R. Civ. P. 12 (a)(1)(A ).

CASE NO. 07-60399-CIV-ALTONAGA/TURNOFF

2.      Undersigned counsel was retained by Defendant ValueClick on this matter on April 25, 2007 and received the Complaint yesterday, on April 26, 2007, and the response is due in two days since the other two days fall on the weekend.

3.      Based upon all the foregoing, Defendant requests an extension of time until May 10, 2007 to respond to the Complaint for Interpleader to ensure a proper response by ValueClick to the issues raised in the Complaint.

4.      Defendant's counsel has conferred with Plaintiff's counsel and counsel has graciously agreed to this extension of time.

5.      Defendant respectfully requests that this Court enter an order granting an enlargement of time up to and including May 10, 2007, for Defendant ValueClick to respond to the Complaint for Interpleader.

6.      This extension of time is not prejudicial to the parties and the undersigned counsel certifies to the Court that this motion is made in good faith and not for the purpose of undue delay.

Respectfully submitted,

CONCEPCION SEXTON & MARTINEZ
355 Alhambra Circle, Suite 1250
Coral Gables, Florida 33134
Tel: (305) 444-6669
Fax: (305) 444-3665
*Attorneys for Defendant*

By: _____
FRANCIS X. SEXTON, JR. ESQ.
Fla. Bar. No.: 345423
fsexton@cfclaw.com

2

CASE NO.  07-60399-CIV-ALTONAGA/TURNOFF

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was sent via U.S. Mail and facsimile on this 17 day of April 2007 to Anthony J. Carriuolo,  Esq., BERGER SINGERMAN, 350 East Las Olas Blvd., Suite 1000, Ft. Lauderdale, Florida 33301.

By: _____
FRANCIS X. SEXTON, JR. ESQ.
Fla. Bar. No.: 345423
fsexton@cfclaw.com

### CERTIFICATION PURSUANT TO LOCAL RULE 7.1A

I HEREBY CERTIFY pursuant to Local Rule 7.1A that on this date Mrs. Sen of our office conferred with Anthony Carriuolo, counsel for Plaintiff, Spirit Arilines, Inc. in a good faith effort to resolve the issues raised in Motion for Extension of Time to File a Response to Complaint for Interpleader and counsel agreed to the relief requested, an extension of time.

By: _____
FRANCIS X. SEXTON, JR. ESQ.
Fla. Bar. No.: 345423
fsexton@cfclaw.com

Valueclick\Spirit Airlines, Inc\Pleadings\Mot for Extension to answer Complaint.doc

Concepción Sexton & Martinez, Attorneys at Law
355 Alhambra Circle Suite 1250  •  Coral Gables, Florida 33134  •  Tel. 305.444.6669  •  Fax. 305.444.3665
www.cfclaw.com

# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA
## MIAMI-DADE DIVISION

CASE NO.  07-60399-CIV-ALTONAGA/TURNOFF

SPIRIT AIRLINES, INC.,

      Plaintiff,

vs.

24/7 REAL MEDIA, INC., ADVERTISING. COM, INC.
AMERICA ONLIN, INC., d/b/a AOL, BURST MEDIA
CORPORATION, CARROLTON BANK,
CHEAPFLIGHTS (USA), INC.,
ECHO TARGET, INC., HOTWIRE, INC., INTERCEPT
INTERACTIVE, INC., PRICELINE.COM, LLC,
RACKSPACE, LTD., SHERMANS TRAVEL, INC.,
SIDESTEP, INC, SMARTER LIVING, INC., et. al.,

      Defendants.

_____/

## ORDER GRANTING DEFENDANT, VALUECLICK, INC.'S UNOPPOSED MOTION FOR EXTENSION OF TIME TO  FILE A RESPONSE TO THE COMPLAINT FOR INTERPLEADER

THIS CAUSE came before the Court upon the Defendant, ValueClick, Inc.'s

Unopposed Motion for Extension of Time to File a Response to the Complaint for

Interpleader and the Court, having reviewed the Motion and having noted the agreement

of the Plaintiff to the Defendant's Motion, it is accordingly,

**ORDERED AND ADJUDGED** that the Defendant's Motion is hereby

**GRANTED**. Defendant, ValueClick, Inc. shall have up through and including May 10,

2007 in which to file a response to the Complaint for Interpleader.

CASE NO. 07-60399-CIV-ALTONAGA/TURNOFF

**DONE AND ORDERED** in Chambers in Miami, Florida, this _____ day of

May, 2007.

_____
CECILIA M. ALTONAGA
U.S. DISTRICT COURT JUDGE

cc: Francis X. Sexton, Jr. Esq.
    fsexton@cfclaw.com
    Anthony Carriuolo, Esq.

Valueclick\Spirit Airlines, Inc\Pleadings\Order Granting Mot for Extension to answer Complaint.doc

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO. 07-60399-CIV-ALTONAGA/TURNOFF

SPIRIT AIRLINES, INC.

     Plaintiff,

v.

24/7 REAL MEDIA, INC. et. al.,

     Defendants.

_____/

## SIDESTEP, INC.'S ANSWER TO COMPLAINT

Defendant, SideStep, Inc. ("SideStep") answers Plaintiff, Spirit Airlines, Inc. ("Plaintiff")

Complaint for Interpleader as follows:

## PARTIES

1.     SideStep admits the allegations contained in paragraph 1.

2.     SideStep is without sufficient information or belief in which to respond to the allegations contained in paragraph 2, and therefore, denies same.

3.     SideStep is without sufficient information or belief in which to respond to the allegations contained in paragraph 3, and therefore, denies same.

4.     SideStep is without sufficient information or belief in which to respond to the allegations contained in paragraph 4, and therefore, denies same.

5.     SideStep is without sufficient information or belief in which to respond to the allegations contained in paragraph 5, and therefore, denies same.

6.      SideStep is without sufficient information or belief in which to respond to the allegations contained in paragraph 6, and therefore, denies same.

7.      SideStep is without sufficient information or belief in which to respond to the allegations contained in paragraph 7, and therefore, denies same.

8.      SideStep is without sufficient information or belief in which to respond to the allegations contained in paragraph 8, and therefore, denies same.

9.      SideStep is without sufficient information or belief in which to respond to the allegations contained in paragraph 9, and therefore, denies same.

10.     SideStep is without sufficient information or belief in which to respond to the allegations contained in paragraph 10, and therefore, denies same.

11.     SideStep is without sufficient information or belief in which to respond to the allegations contained in paragraph 11, and therefore, denies same.

12.     SideStep is without sufficient information or belief in which to respond to the allegations contained in paragraph 12, and therefore, denies same.

13.     SideStep is without sufficient information or belief in which to respond to the allegations contained in paragraph 13, and therefore, denies same.

14.     SideStep admits the allegations contained in paragraph 14.

15.     SideStep is without sufficient information or belief in which to respond to the allegations contained in paragraph 15, and therefore, denies same.

16.     SideStep is without sufficient information or belief in which to respond to the allegations contained in paragraph 16, and therefore, denies same.

17.     SideStep is without sufficient information or belief in which to respond to the allegations contained in paragraph 17, and therefore, denies same.

18.     SideStep is without sufficient information or belief in which to respond to the allegations contained in paragraph 18, and therefore, denies same.

19.     SideStep is without sufficient information or belief in which to respond to the allegations contained in paragraph 19, and therefore, denies same.

20.     SideStep is without sufficient information or belief in which to respond to the allegations contained in paragraph 20, and therefore, denies same.

21.     SideStep is without sufficient information or belief in which to respond to the allegations contained in paragraph 21, and therefore, denies same.

22.     SideStep is without sufficient information or belief in which to respond to the allegations contained in paragraph 22, and therefore, denies same.

## JURISDICTION AND VENUE

23.     SideStep admits that this is an action for rule interpleader under Rule 22 of the Federal Rules of Civil Procedure, and for statutory interpleader under the Federal Interpleader Act, 28. U.S.C.A. § 1335.

24.     SideStep admits that this Court has subject matter jurisdiction.

25.     As to Paragraph 25, whether this Court has personal jurisdiction is a legal conclusion and no admission or denial is required.

26.     As to Paragraph 26, whether this Court has venue is a legal conclusion and no admission or denial is required.

## FACTS

27.     SideStep admits that the document attached as Exhibit A to the Complaint speaks for itself and denies any characterization inconsistent therewith.

28.     SideStep admits that the agreement speaks for itself; however SideStep is without sufficient information or belief in which to admit or deny the allegations contained in paragraph 28.

29.     SideStep admits that the document attached as Exhibit A to the Complaint speaks for itself and denies any characterization inconsistent therewith, however SideStep is without sufficient information or belief in which to admit or deny the allegations contained in paragraph 29.

30.     SideStep admits that the document attached as Exhibit A to the Complaint speaks for itself and denies any characterization inconsistent therewith, however SideStep is without sufficient information or belief in which to admit or deny the allegations contained in paragraph 30.

31.     SideStep admits that the document attached as Exhibit A to the Complaint speaks for itself and denies any characterization inconsistent therewith, however SideStep is without sufficient information or belief in which to admit or deny the allegations contained in paragraph 31.

32.     SideStep admits that it did not submit invoices to Plaintiff.

33.     SideStep admits that the document attached as Exhibit A to the Complaint speaks for itself and denies any characterization inconsistent therewith, however SideStep is without sufficient information or belief in which to admit or deny the allegations contained in paragraph 33.

34.     SideStep admits that the document attached as Exhibit A to the Complaint speaks for itself and denies any characterization inconsistent therewith, however SideStep is without sufficient information or belief in which to admit or deny the allegations contained in paragraph 34.

35.     SideStep admits that the document attached as Exhibit A to the Complaint speaks for itself and denies any characterization inconsistent therewith, however SideStep is without sufficient information or belief in which to admit or deny the allegations contained in paragraph 35.

36.     SideStep is without sufficient information or belief in which to admit or deny the allegations contained in paragraph 36.

37.     SideStep admits that the document attached as Exhibit B to the Complaint speaks for itself and denies any characterization inconsistent therewith, however SideStep is without sufficient information or belief in which to admit or deny the allegations contained in paragraph 37.

38.     SideStep admits that the document attached as Exhibit C to the Complaint speaks for itself and denies any characterization inconsistent therewith, however SideStep is without sufficient information or belief in which to admit or deny the allegations contained in paragraph 38.

39.     SideStep admits the allegations in paragraph 39 to the extent the allegations apply to SideStep.

40.     SideStep admits the allegations in paragraph 40 to the extent the allegations apply to SideStep.

41.     SideStep admits that the "December 12 letter" speaks for itself and denies any characterization inconsistent therewith.

42.     SideStep admits the allegations contained in paragraph 42.

43.     SideStep admits that the document attached as Exhibit E to the Complaint speaks for itself and denies any characterization inconsistent therewith, however SideStep is without sufficient information or belief in which to admit or deny the allegations contained in paragraph 43.

44.     SideStep is without sufficient information or belief in which to admit or deny the allegations contained in paragraph 44.

45.     SideStep admits that the document attached as Exhibit F to the Complaint speaks for itself and denies any characterization inconsistent therewith, however SideStep is without sufficient information or belief in which to admit or deny the allegations contained in paragraph 44.

46.     SideStep is without sufficient information or belief in which to admit or deny the allegations contained in paragraph 46.

47.     SideStep admits that the document attached as Exhibit G to the Complaint speaks for itself and denies any characterization inconsistent therewith, however SideStep is without sufficient information or belief in which to admit or deny the allegations contained in paragraph 47.

48.     SideStep is without sufficient information or belief in which to admit or deny the allegations contained in paragraph 48.

49.     SideStep admits that the document attached as Exhibit H to the Complaint speaks for itself and denies any characterization inconsistent therewith.

50. SideStep admits that the document attached as Exhibit I to the Complaint speaks for itself and denies any characterization inconsistent therewith, however SideStep is without sufficient information or belief in which to admit or deny the allegations contained in paragraph 50.

51. Side Step is without sufficient information or belief in which to admit or deny the allegations contained in paragraph 51.

52. SideStep admits that it is owed $18,524.70. SideStep admits that the document attached as Exhibit J accurately reflects the debt owed to SideStep.

53. SideStep is without sufficient information or belief in which to admit or deny the allegations contained in paragraph 53.

54. SideStep admits the allegations contained in paragraph 54.

55. SideStep admits the allegations contained in paragraph 55.

56. SideStep admits that the document attached as Exhibit K to the Complaint speaks for itself and denies any characterization inconsistent therewith, however SideStep is without sufficient information or belief in which to admit or deny the allegations contained in paragraph 56.

57. SideStep is without sufficient information or belief in which to admit or deny the allegations contained in paragraph 57.

58. SideStep admits that the document attached as Exhibit L to the Complaint speaks for itself and denies any characterization inconsistent therewith, however SideStep is without sufficient information or belief in which to admit or deny the allegations contained in paragraph 58.

59.     SideStep admits that it is entitled to payments for outstanding invoices incurred by Eisner on behalf of Spirit in the amount of $18,524.70.  SideStep further admits that the document attached as Exhibit M to the Complaint speaks for itself and denies any characterization inconsistent therewith, however SideStep is without sufficient information or belief in which to admit or deny the allegations contained in paragraph 59 that do not pertain to SideStep.

60.     SideStep is without sufficient information or belief in which to admit or deny the allegations contained in paragraph 60.

61.     SideStep is without sufficient information or belief in which to admit or deny the allegations contained in paragraph 61.

62.     SideStep is without sufficient information or belief in which to admit or deny the allegations contained in paragraph 62.

63.     SideStep admits that the document attached as Exhibit L to the Complaint speaks for itself and denies any characterization inconsistent therewith, however SideStep is without sufficient information or belief in which to admit or deny the allegations contained in paragraph 63.

64.     SideStep is without sufficient information or belief in which to admit or deny the allegations contained in paragraph 64, and therefore, denies same.

65.     To the extent the allegations contained in paragraph 65 pertain to SideStep, SideStep admits that it is entitled to payments for outstanding invoices incurred by Eisner on behalf of Spirit in the amount of $18,524.70.

66.     To the extent the allegations contained in paragraph 66 pertain to SideStep, SideStep admits that it has demanded payment from Spirit for outstanding invoices incurred by Eisner on behalf of Spirit in the amount of $18,524.70.

67.     SideStep is without sufficient information or belief in which to admit or deny the allegations contained in paragraph 67.

68.     SideStep is without sufficient information or belief in which to admit or deny the allegations contained in paragraph 68.

69.     SideStep is without sufficient information or belief in which to admit or deny the allegations contained in paragraph 69.

### COUNT I
### Interpleader Under 28 U.S.C.A. § 1335 and
### Rule 22 of the Federal Rules of Civil Procedure

70.     SideStep incorporates by reference each of its admissions and denials as set forth above.

71.     SideStep admits that it is entitled to payments for outstanding invoices incurred by Eisner on behalf of Spirit in the amount of $18,524.70 and that SideStep has demanded payment from Plaintiff for this amount.

72.     SideStep admits that it is entitled to payments for outstanding invoices incurred by Eisner on behalf of Spirit in the amount of $18,524.70 and that SideStep has demanded payment from Plaintiff for this amount.  Otherwise, SideStep is without sufficient information or belief in which to admit or deny the allegations contained in paragraph 72.

73.     SideStep admits that it is entitled to payments for outstanding invoices incurred by Eisner on behalf of Spirit in the amount of $18,524.70, and that SideStep has demanded payment from Plaintiff for this amount.  Otherwise, SideStep is without sufficient information or belief in which to admit or deny the allegations contained in paragraph 73.

74.     SideStep is without sufficient information or belief in which to admit or deny the allegations contained in paragraph 74.

75.     SideStep is without sufficient information or belief in which to admit or deny the allegations contained in paragraph 75.

76.     SideStep is without sufficient information or belief in which to admit or deny the allegations contained in paragraph 76.

77.     The allegations contained in paragraph 77 call for a legal conclusion to which to admission or denial is required.

78.     The allegations contained in paragraph 78 call for a legal conclusion to which to admission or denial is required.

79.     The allegations contained in paragraph 79 call for a legal conclusion to which to admission or denial is required.

80.     The allegations contained in paragraph 80 call for a legal conclusion to which to admission or denial is required.

WHEREFORE, SideStep claims that it is entitled to payments for outstanding invoices incurred by Eisner on behalf of Spirit in the amount of $18,524.70 and further prays, if the Court grants interpleader, to enter judgment in SideStep's favor, and against the stake provided by Spirit, in the amount of $18,524.70, and for such other and further relief as this Court deems just and proper.

CASE NO. 07-60399-CIV-ALTONAGA/TURNOFF

Respectfully submitted,
ASTIGARRAGA DAVIS
MULLINS & GROSSMAN, PA
701 Brickell Avenue, 16th Floor
Miami, Florida 33131
Telephone: (305) 372-8282
Facsimile: (305) 372-8202
Email: ggrossman@astidavis.com

By:    /s Cherish A. Thompson            
Gregory S. Grossman[1]
Florida Bar No. 896667
Cherish A. Thompson[2]
FL Bar No. 0816221

## CERTIFICATE OF SERVICE

I CERTIFY that a true and correct copy of this notice was served via Electronic Mail or US Mail on this 27th day of April 2007 to:

Anthony J. Carriuolo
acarriuolo@bergersingerman.com
mnewland@bergersingerman.com

Steven Michael Ebner
sebner@shutts-law.com
dsuengas@shutts.com

Samuel Swain Heywood
samuel.heywood@akerman.com

Lewis Franklin Murphy
lmurphy@ssd.com
aleon@ssd.com

Lara O. Glaesman
Connie A. Lahn
Fafinski Mark & Johnson PA
775 Prairie Center Drive, Suite 400
Eden Prairie, MN 55344

/s Cherish A. Thompson           

---

[1] I hereby certify that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualifications to practice in this court set forth in the Local Rules.
[2] I hereby certify that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualifications to practice in this court set forth in the Local Rules.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:  07-60399-CIV-ALTONAGA/TURNOFF

SPIRIT AIRLINES, INC.,

      Plaintiff,

v.

24/7 REAL MEDIA, INC., et al.,

      Defendants.

_____/

**ORDER GRANTING DEFENDANTS' UNOPPOSED MOTION FOR
ENLARGEMENT OF TIME TO RESPOND TO THE COMPLAINT**

**THIS CAUSE** came before the Court upon Defendants Advertising.com, Inc. and America

Online, Inc.'s Unopposed Motion for Enlargement of Time to Respond to the Complaint [D.E. 16],

filed on April 27, 2007.  The Court having considered the Motion for Enlargement and the file, and

being otherwise fully advised in the premises, it is

**ORDERED AND ADJUDGED** that Defendants' Motion for Enlargement of Time **[D.E.**

**16]** is **GRANTED**.  Defendants Advertising.com, Inc. and America Online, Inc. shall serve their

responses to Plaintiff's Complaint for interpleader **on or before May 9, 2007**.

**DONE AND ORDERED** in Chambers at Miami, Florida this 27th day of April, 2007.

_____
**CECILIA M. ALTONAGA**
**UNITED STATES DISTRICT JUDGE**

Copies furnished to;
(1) Magistrate Judge William C. Turnoff
(2) Counsel of record

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## MIAMI DIVISION

### CASE NO.: 07-60399-CIV-ALTONAGA/TURNOFF

**SPIRIT AIRLINES, INC.**,

     Plaintiff,

v.

**24/7 REAL MEDIA, INC.**, et al.,

     Defendants.

_____/

## ORDER GRANTING DEFENDANT, VALUECLICK, INC.'S
## UNOPPOSED MOTION FOR 10-DAY EXTENSION OF TIME

**THIS CAUSE** came before the Court upon Defendant, Valueclick, Inc.'s ("Valueclick['s]")

Unopposed Motion for a 10-Day Extension of Time to File a Response to the Complaint for

Interpleader [D.E. 19], filed on April 27, 2007. The Court having considered the Motion for

Extension of Time and the file, and being otherwise fully advised in the premises, it is

**ORDERED AND ADJUDGED** that Valueclick's Motion for Extension of Time **[D.E. 19]**

is **GRANTED**. Valueclick shall serve its response to Plaintiff's Complaint for interpleader **on or**

**before May 10, 2007**.

**DONE AND ORDERED** in Chambers at Miami, Florida this 27th day of April, 2007.

_____
**CECILIA M. ALTONAGA**
**UNITED STATES DISTRICT JUDGE**

Copies furnished to;
(1) Magistrate Judge William C. Turnoff
(2) Counsel of record

United States District Court Southern District of Florida

SPIRIT AIRLINES, INC.
PLAINTIFF(S)

                )

   V.                   )

24/7 REAL MEDIA, INC.,
ADVERTISING.COM, INC., AMERICAN
ONLINE, INC., D/B/A AOL, BURST MEDIA
CORP.
DEFENDANT(S)

                )

Case #  07-60399

I declare that I am a citizen of the United States, over the age of eighteen and not party to this action. And that within the boundaries of the state where service was effected, I was authorized by law to perform said service.

## AFFIDAVIT OF SERVICE

I served          **BURST MEDIA CORPORATION**

with the          **SUMMONS & COMPLAINT FOR INTER-PLEADER WITH EXHIBITS A-M**

by serving       **REGINA LYNCH, FULFILLMENT SPECIALIST, THE CORPORATION TRUST, INCORPORATED, RESIDENT AGENTS**

on                **APRIL 6, 2007 at 12:00 PM**

at                **300 E. LOMBARD STREET, BALTIMORE, MD, 21202**

## DESCRIPTION

| | | | |
|---|---|---|---|
| **FEMALE** SEX | **BLACK** RACE | **30-40** AGE | **BLACK AND GREY** HAIR |
| **5' 4"** HEIGHT | **180-190 LBS** WEIGHT | | **BROWN** EYES |

I declare under penalty of perjury that the information contained herein is true, correct, and this affidavit was executed on Tuesday, April 10, 2007, Baltimore, MD.

LEE CONNER
Larry L. Mabson Investigations
P.O. Box 8675
Fort Lauderdale, FL 33310
954-581-0999 Fax: 954-583-9409
Job #24903

SWORN AND SUBSCRIBED BEFORE ME
TODAY, TUESDAY, APRIL 10, 2007

Elizabeth C Hook

NOTARY PUBLIC
MY COMMISSION EXPIRES: 4-11-09

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Spirit Airlines, Inc.,                                    Civil Action File No. _____

               Plaintiff,                       **07-60399**

vs.

24/7 Real Media, Inc., Advertising.com, Inc.,                    CIV-ALTONAGA
America Online, Inc. dba AOL, Burst Media
Corporation, Carrollton Bank, CheapFlights                   MAGISTRATE JUDGE
(USA), Inc., Echo Target, Inc., Hotwire, Inc.,                       TURNOFF
Intercept Interactive, Inc., Priceline.com, LLC,
Rackspace, Ltd., Shermans Travel, Inc., SideStep,
Inc., Smarter Living, Inc., SpecificMedia, Inc.,
Travel Marketing Group, Inc., TravelZoo, Inc.,
Tribal Fusion, Inc., TripAdvisor LLC,
Valueclick, Inc., and The Weather Channel
Interactive, Inc., and all other persons
or entities unknown claiming any right, title
or interest to the funds described in the
Complaint herein,

               Defendants.

---

## SUMMONS IN A CIVIL CASE

---

TO:    Burst Media Corporation
        c/o The Corporation Trust Inc., Registered Agent of Burst Media Corporation
        300 E. Lombard St.
        Baltimore, MD 21202

YOU ARE HEREBY SUMMONED and required to serve upon PLAINTIFF'S ATTORNEY

Local Counsel for Spirit Airlines, Inc.

Anthony Carriuolo (FL Bar No. 434541)
BERGER SINGERMAN
350 East Las Olas Boulevard, Suite 1000
Fort Lauderdale, FL 33301
954-525-9900 (phone)
954-523-2872 (fax)

AND

Connie A. Lahn (MN Bar No. 0269219)
Lara O. Glaesman (MN Bar No. 316866)
FAFINSKI MARK & JOHNSON, P.A
Flagship Corporate Center
775 Prairie Center Drive, Suite 400
Eden Prairie, MN 55344
952-995-9500 (phone)
952-995-9577 (fax)

an answer to the complaint which is herewith served upon you, within twenty days after service of this summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.  You must also file your answer with the Clerk of this Court within a reasonable period of time.

Clarence Maddox

_____
Clerk

_____
(By) Deputy Clerk

MAR 2 1 2007
_____
Date

2

# Affidavit of Process Server

| SPRINT AIRLINES, INC | VS 24/7 REAL MEDIA, INC | 07-60399 |
|---|---|---|
| PLAINTIFF/PETITIONER | DEFENDANT/RESPONDENT | CASE NUMBER |

I DENORRIS BRITT being first duly sworn, depose and say: that I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized by law to perform said service.

**Service:** I served SIDESTEP, INC

NAME OF PERSON / ENTITY BEING SERVED

with (list documents) SUMMONS, COMPLAINT FOR INTER-PLEADER

by leaving with MARY DRUMMOND          PROCESS AGENT          At

NAME                                        RELATIONSHIP

☐ Residence

ADDRESS                          CITY / STATE

☒ Business C/O CORPORATION SERVICE CO 2711 CENTERVILLE RD. WILMINGTON, DE (REGISTERED AGENT)

ADDRESS                          CITY / STATE

On 4/6/07          AT 9:25 AM

DATE                  TIME

Thereafter copies of the documents were mailed by prepaid, first class mail on

DATE

from

CITY          STATE          ZIP

**Manner of Service:**

☒ **Personal:** By personally delivering copies to the person being served.

☐ **Substituted at Residence:** By leaving copies at the dwelling house or usual place of abode of the person being served with a member of the household over the age of _____ and explaining the general nature of the papers.

☐ **Substituted at Business:** By leaving, during office hours, copies at the office of the person/entity being served with the person apparently in charge thereof.

☐ **Posting:** By posting copies in a conspicuous manner to the front door of the person/entity being served.

**Non-Service:** After due search, careful inquiry and diligent attempts at the address (es) listed above, I have been unable to effect process upon the person/entity being served because of the following reason(s):

☐ Unknown at Address   ☐ Moved, Left no Forwarding   ☐ Service Cancelled by Litigant   ☐ Unable to Serve in Timely Fashion
☐ Address Does Not Exist   ☐ Other_____

**Service Attempts:** Service was attempted on: (1)_____ (2)_____

DATE          TIME                    DATE          TIME

(3)_____ (4)_____ (5)_____

DATE          TIME          DATE          TIME          DATE          TIME

AGE    45    Sex FEMAL Race W   Height 5'6   Weight 130        HAIR BLACK

SIGNATURE OF PROCESS SERVER

SUBSCRIBED AND SWORN to before me this 6TH day of APRIL ,2007.

SIGNATURE OF NOTARY PUBLIC

**OFFICIAL SEAL**
KEVIN DUNN     NOTARY PUBLIC
NEW CASTLE COUNTY STATE OF DELAWARE
MY COMMISSION EXPIRES NOV. 23, 2010

NOTARY PUBLIC for the state of DELAWARE

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Civil Action File No. _____


07-60399

Spirit Airlines, Inc.,

           Plaintiff,

        vs.

24/7 Real Media, Inc., Advertising.com, Inc.,
America Online, Inc. dba AOL, Burst Media
Corporation, Carrollton Bank, CheapFlights
(USA), Inc., Echo Target, Inc., Hotwire, Inc.,
Intercept Interactive, Inc., Priceline.com, LLC,
Rackspace, Ltd., Shermans Travel, Inc., SideStep,
Inc., Smarter Living, Inc., SpecificMedia, Inc.,
Travel Marketing Group, Inc., TravelZoo, Inc.,
Tribal Fusion, Inc., TripAdvisor LLC,
Valueclick, Inc., and The Weather Channel
Interactive, Inc., and all other persons
or entities unknown claiming any right, title
or interest to the funds described in the
Complaint herein,

           Defendants.

CIV-ALTONAGA

MAGISTRATE JUDGE
TURNOFF

## SUMMONS IN A CIVIL CASE

TO:   SideStep, Inc.
      c/o Corporation Service Company, Registered Agent of SideStep, Inc.
      2711 Centerville Road, Suite 400
      Wilmington, DE  19808

YOU ARE HEREBY SUMMONED and required to serve upon PLAINTIFF'S ATTORNEY

Local Counsel for Spirit Airlines, Inc.

Anthony Carriuolo (FL Bar No. 434541)
BERGER SINGERMAN
350 East Las Olas Boulevard, Suite 1000
Fort Lauderdale, FL  33301
954-525-9900 (phone)
954-523-2872 (fax)

AND

Connie A. Lahn (MN Bar No. 0269219)
Lara O. Glaesman (MN Bar No. 316866)
FAFINSKI MARK & JOHNSON, P.A
Flagship Corporate Center
775 Prairie Center Drive, Suite 400
Eden Prairie, MN 55344
952-995-9500 (phone)
952-995-9577 (fax)

an answer to the complaint which is herewith served upon you, within twenty days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time.

Clarence Maddox

_____
Clerk

_____
(By) Deputy Clerk

MAR 2 1 2007

_____
Date

2

# Affidavit of Process Server

SPRINT AIRLINES, INC        VS  24/7 REAL MEDIA, INC      07-60399   *Judg Altanagn*

     PLAINTIFF/PETITIONER                 DEFENDANT/RESPONDENT         CASE NUMBER

I DENORRIS BRITT _____ being first duly sworn, depose and say: that I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized by law to perform said service.

**Service:** I served CHEAPFLIGHTS (USA), INC

             NAME OF PERSON / ENTITY BEING SERVED

with (list documents) SUMMONS, COMPLAINT FOR INTER-PLEADER

by leaving with MARY DRUMMOND       PROCESS AGENT      At

            NAME               RELATIONSHIP

☐ Residence _____

            ADDRESS             CITY / STATE

☒ Business  C/O CORPORATION SERVICE CO 2711 CENTERVILLE RD.  WILMINGTON, DE (REGISTERED AGENT)

            ADDRESS             CITY / STATE

On 4/6/07 _____ AT 9:25 AM

      DATE                     TIME

Thereafter copies of the documents were mailed by prepaid, first class mail on _____

                                                  DATE

from _____

   CITY        STATE         ZIP

**Manner of Service:**

☒ **Personal:** By personally delivering copies to the person being served.

☐ **Substituted at Residence:** By leaving copies at the dwelling house or usual place of abode of the person being served with a member of the household over the age of _____ and explaining the general nature of the papers.

☐ **Substituted at Business:** By leaving, during office hours, copies at the office of the person/entity being served with the person apparently in charge thereof.

☐ **Posting:** By posting copies in a conspicuous manner to the front door of the person/entity being served.

**Non-Service:** After due search, careful inquiry and diligent attempts at the address (es) listed above, I have been unable to effect process upon the person/entity being served because of the following reason(s):

☐ Unknown at Address   ☐ Moved, Left no Forwarding   ☐ Service Cancelled by Litigant   ☐ Unable to Serve in Timely Fashion

☐ Address Does Not Exist  ☐ Other _____

**Service Attempts:** Service was attempted on: (1)_____ (2)_____

                              DATE        TIME                 DATE       TIME

(3)_____ (4)_____ (5)_____

     DATE       TIME            DATE      TIME           DATE     TIME

AGE    45    Sex FEMAL Race W  Height 5'6   Weight  130     HAIR BLACK

                                               SIGNATURE OF PROCESS SERVER

SUBSCRIBED AND SWORN to before me this 6TH _____ day of APRIL _____ ,2007.

                                                 SIGNATURE OF NOTARY PUBLIC

```
        OFFICIAL SEAL
     KEVIN DUNN    NOTARY PUBLIC
  NEW CASTLE COUNTY STATE  OF DELAWARE
   MY COMMISSION EXPIRES NOV. 23, 2010
```

                          NOTARY PUBLIC for the state of  DELAWARE

                NATIONAL ASSOCIATION OF PROFESSIONAL PROCESS SERVERS

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Spirit Airlines, Inc.,

               Plaintiff,

      vs.

24/7 Real Media, Inc., Advertising.com, Inc.,
America Online, Inc. dba AOL, Burst Media
Corporation, Carrollton Bank, CheapFlights
(USA), Inc., Echo Target, Inc., Hotwire, Inc.,
Intercept Interactive, Inc., Priceline.com, LLC,
Rackspace, Ltd., Shermans Travel, Inc., SideStep,
Inc., Smarter Living, Inc., SpecificMedia, Inc.,
Travel Marketing Group, Inc., TravelZoo, Inc.,
Tribal Fusion, Inc., TripAdvisor LLC,
Valueclick, Inc., and The Weather Channel
Interactive, Inc., and all other persons
or entities unknown claiming any right, title
or interest to the funds described in the
Complaint herein,

               Defendants.

Civil Action File No. _____

07 - 60399

CIV - ALTONAGA

MAGISTRATE JUDGE
O'SULLIVAN

---

## SUMMONS IN A CIVIL CASE

---

TO:   CheapFlights (USA), Inc.
       c/o Corporation Service Company, Registered Agent of CheapFlights (USA), Inc.
       2711 Centerville Rd, Suite 400
       Wilmington, DE  19808

YOU ARE HEREBY SUMMONED and required to serve upon PLAINTIFF'S ATTORNEY

Local Counsel for Spirit Airlines, Inc.

Anthony Carriuolo (FL Bar No. 434541)
BERGER SINGERMAN
350 East Las Olas Boulevard, Suite 1000
Fort Lauderdale, FL  33301
954-525-9900 (phone)
954-523-2872 (fax)

AND

Connie A. Lahn (MN Bar No. 0269219)
Lara O. Glaesman (MN Bar No. 316866)
FAFINSKI MARK & JOHNSON, P.A
Flagship Corporate Center
775 Prairie Center Drive, Suite 400
Eden Prairie, MN 55344
952-995-9500 (phone)
952-995-9577 (fax)

an answer to the complaint which is herewith served upon you, within twenty days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time.

Clarence Maddox

Clerk

(By) Deputy Clerk

MAR 2 1 2007.

Date

# Affidavit of Process Server

| SPRINT AIRLINES, INC | VS 24/7 REAL MEDIA, INC | 07-60399 | *Judge* AW |
|---|---|---|---|
| PLAINTIFF/PETITIONER | DEFENDANT/RESPONDENT | CASE NUMBER | |

I DENORRIS BRITT _____ being first duly sworn, depose and say: that I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized by law to perform said service.

**Service:** I served AMERICAN ONLINE, INC
_____
NAME OF PERSON / ENTITY BEING SERVED

with (list documents) SUMMONS, COMPLAINT FOR INTER-PLEADER
_____

by leaving with MARY DRUMMOND              PROCESS AGENT
              NAME                          RELATIONSHIP

☐ Residence _____
              ADDRESS              CITY / STATE

☒ Business C/O CORPORATION SERVICE CO 2711 CENTERVILLE RD. WILMINGTON, DE (REGISTERED AGENT)
              ADDRESS              CITY / STATE

On 4/6/07 _____ AT 9:25 AM _____
         DATE              TIME

Thereafter copies of the documents were mailed by prepaid, first class mail on _____
                                                                                      DATE

from _____
       CITY        STATE        ZIP

**Manner of Service:**
☒ **Personal:** By personally delivering copies to the person being served.
☐ **Substituted at Residence:** By leaving copies at the dwelling house or usual place of abode of the person being served with a member of the household over the age of _____ and explaining the general nature of the papers.
☐ **Substituted at Business:** By leaving, during office hours, copies at the office of the person/entity being served with the person apparently in charge thereof.
☐ **Posting:** By posting copies in a conspicuous manner to the front door of the person/entity being served.

**Non-Service:** After due search, careful inquiry and diligent attempts at the address (es) listed above, I have been unable to effect process upon the person/entity being served because of the following reason(s):

☐ Unknown at Address   ☐ Moved, Left no Forwarding   ☐ Service Cancelled by Litigant   ☐ Unable to Serve in Timely Fashion
☐ Address Does Not Exist   ☐ Other _____

**Service Attempts:** Service was attempted on: (1)_____ _____ (2)_____ _____
                                                      DATE   TIME        DATE   TIME
(3)_____ _____ (4)_____ _____ (5)_____ _____
    DATE   TIME        DATE   TIME        DATE   TIME

AGE   45   Sex FEMAL Race W   Height 5'6   Weight 130   HAIR BLACK

_____
SIGNATURE OF PROCESS SERVER

SUBSCRIBED AND SWORN to before me this 6TH day of APRIL ,2007.

_____
SIGNATURE OF NOTARY PUBLIC

**OFFICIAL SEAL**
KEVIN DUNN      NOTARY PUBLIC
NEW CASTLE COUNTY STATE OF DELAWARE
MY COMMISSION EXPIRES NOV. 23, 2010

NOTARY PUBLIC for the state of DELAWARE

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Spirit Airlines, Inc.,

Civil Action File No.

Plaintiff,

vs.

07-60399

CIV-ALTONAGA

24/7 Real Media, Inc., Advertising.com, Inc.,
America Online, Inc. dba AOL, Burst Media
Corporation, Carrollton Bank, CheapFlights
(USA), Inc., Echo Target, Inc., Hotwire, Inc.,
Intercept Interactive, Inc., Priceline.com, LLC,
Rackspace, Ltd., Shermans Travel, Inc., SideStep,
Inc., Smarter Living, Inc., SpecificMedia, Inc.,
Travel Marketing Group, Inc., TravelZoo, Inc.,
Tribal Fusion, Inc., TripAdvisor LLC,
Valueclick, Inc., and The Weather Channel
Interactive, Inc., and all other persons
or entities unknown claiming any right, title
or interest to the funds described in the
Complaint herein,

MAGISTRATE JUDGE
TURNOFF

Defendants.

## SUMMONS IN A CIVIL CASE

TO:     America Online, Inc. dba AOL
        c/o Corporation Service Company, Registered Agent of America Online, Inc. dba AOL
        2711 Centerville Rd, Suite 400
        Wilmington, DE 19808

YOU ARE HEREBY SUMMONED and required to serve upon PLAINTIFF'S ATTORNEY

Local Counsel for Spirit Airlines, Inc.

Anthony Carriuolo (FL Bar No. 434541)
BERGER SINGERMAN
350 East Las Olas Boulevard, Suite 1000
Fort Lauderdale, FL 33301
954-525-9900 (phone)
954-523-2872 (fax)

AND

Connie A. Lahn (MN Bar No. 0269219)
Lara O. Glaesman (MN Bar No. 316866)
FAFINSKI MARK & JOHNSON, P.A
Flagship Corporate Center
775 Prairie Center Drive, Suite 400
Eden Prairie, MN 55344
952-995-9500 (phone)
952-995-9577 (fax)

an answer to the complaint which is herewith served upon you, within twenty days after service of this summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.  You must also file your answer with the Clerk of this Court within a reasonable period of time.

**Clarence Maddox**

_____
Clerk

_____
(By) Deputy Clerk

_____
Date

MAR 2 1 2007

2

# Affidavit of Process Server

| SPRINT AIRLINES, INC | VS 24/7 REAL MEDIA, INC | 07-60399 | |
|---|---|---|---|
| PLAINTIFF/PETITIONER | DEFENDANT/RESPONDENT | CASE NUMBER | |

I GRANVILLE MORRIS _____ being first duly sworn, depose and say: that I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized by law to perform said service.

**Service:** I served TRIPADVISOR LLC _____
NAME OF PERSON / ENTITY BEING SERVED

with (list documents) SUMMONS, COMPLAINT FOR INTER-PLEADER _____

by leaving with DIANE FLANAGHAN          PROCESS AGENT          At
                        NAME                    RELATIONSHIP

☐ Residence _____
                        ADDRESS                    CITY / STATE

☒ Business   C/O NATIONAL REGISTERED AGENTS 160 GREENTREE DR. DOVER, DE
                        ADDRESS                    CITY/STATE

On 4/9/07 _____ AT 2:15 PM _____
            DATE                         TIME

Thereafter copies of the documents were mailed by prepaid, first class mail on_____
                                                                                                DATE

from _____
        CITY          STATE          ZIP

**Manner of Service:**
☒ **Personal:** By personally delivering copies to the person being served.
☐ **Substituted at Residence:** By leaving copies at the dwelling house or usual place of abode of the person being served with a member of the household over the age of_____ and explaining the general nature of the papers.
☐ **Substituted at Business:** By leaving, during office hours, copies at the office of the person/entity being served with the person apparently in charge thereof.
☐ **Posting:** By posting copies in a conspicuous manner to the front door of the person/entity being served.

**Non-Service:** After due search, careful inquiry and diligent attempts at the address (es) listed above, I have been unable to effect process upon the person/entity being served because of the following reason(s):

☐ Unknown at Address   ☐ Moved, Left no Forwarding   ☐ Service Cancelled by Litigant   ☐ Unable to Serve in Timely Fashion
☐ Address Does Not Exist   ☐ Other _____

**Service Attempts:** Service was attempted on: (1)_____ (2)_____
                                                                DATE     TIME          DATE     TIME
(3)_____ (4)_____ (5)_____
        DATE     TIME          DATE     TIME          DATE     TIME

AGE   35   Sex FE   Race WH   Height 5'6   Weight   135      HAIR BROWN

SIGNATURE OF PROCESS SERVER

SUBSCRIBED AND SWORN to before me this 9TH ____ day of APRIL _____ ,2007.

SIGNATURE OF NOTARY PUBLIC

NOTARY PUBLIC for the state of   DELAWARE

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Spirit Airlines, Inc.,

                Plaintiff,

        vs.

24/7 Real Media, Inc., Advertising.com, Inc.,
America Online, Inc. dba AOL, Burst Media
Corporation, Carrollton Bank, CheapFlights
(USA), Inc., Echo Target, Inc., Hotwire, Inc.,
Intercept Interactive, Inc., Priceline.com, LLC,
Rackspace, Ltd., Shermans Travel, Inc., SideStep,
Inc., Smarter Living, Inc., SpecificMedia, Inc.,
Travel Marketing Group, Inc., TravelZoo, Inc.,
Tribal Fusion, Inc., TripAdvisor LLC,
Valueclick, Inc., and The Weather Channel
Interactive, Inc., and all other persons
or entities unknown claiming any right, title
or interest to the funds described in the
Complaint herein,

                Defendants.

Civil Action File No. _____

07-60389

CIV-ALTONAGA

MAGISTRATE JUDGE
TURNOFF

## SUMMONS IN A CIVIL CASE

TO:    TripAdvisor LLC
       c/o National Registered Agents, Inc., Registered Agent of TripAdvisor LLC
       160 Greentree Dr., Suite 101
       Dover, DE  19904

YOU ARE HEREBY SUMMONED and required to serve upon PLAINTIFF'S ATTORNEY

Local Counsel for Spirit Airlines, Inc.

Anthony Carriuolo (FL Bar No. 434541)
BERGER SINGERMAN
350 East Las Olas Boulevard, Suite 1000
Fort Lauderdale, FL  33301
954-525-9900 (phone)
954-523-2872 (fax)

AND

Connie A. Lahn (MN Bar No. 0269219)
Lara O. Glaesman (MN Bar No. 316866)
FAFINSKI MARK & JOHNSON, P.A
Flagship Corporate Center
775 Prairie Center Drive, Suite 400
Eden Prairie, MN 55344
952-995-9500 (phone)
952-995-9577 (fax)

an answer to the complaint which is herewith served upon you, within twenty days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time.

_____
Clerk

_____
(By) Deputy Clerk

_____
MAR 2 1 2007
Date

2

# Affidavit of Process Server

| SPRINT AIRLINES, INC | VS 24/7 REAL MEDIA, INC | 07-60399 |
|---|---|---|
| PLAINTIFF/PETITIONER | DEFENDANT/RESPONDENT | CASE NUMBER |

*Judge Altonaga*

I, GRANVILLE MORRIS _____ being first duly sworn, depose and say: that I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized by law to perform said service.

**Service:** I served HOTWIRE, INC
_____
NAME OF PERSON / ENTITY BEING SERVED

with (list documents) SUMMONS, COMPLAINT FOR INTER-PLEADER

by leaving with DIANE FLANAGHAN     PROCESS AGENT
                  NAME                RELATIONSHIP

☐ Residence _____
                ADDRESS                CITY / STATE

☒ Business   C/O NATIONAL REGISTERED AGENTS 160 GREENTREE DR. DOVER, DE
                ADDRESS                CITY / STATE

On 4/9/07 _____ AT 2:15 PM _____
        DATE                            TIME

Thereafter copies of the documents were mailed by prepaid, first class mail on _____
                                                           DATE

from _____
       CITY             STATE             ZIP

**Manner of Service:**
☒ **Personal:** By personally delivering copies to the person being served.
☐ **Substituted at Residence:** By leaving copies at the dwelling house or usual place of abode of the person being served with a member of the household over the age of _____ and explaining the general nature of the papers.
☐ **Substituted at Business:** By leaving, during office hours, copies at the office of the person/entity being served with the person apparently in charge thereof.
☐ **Posting:** By posting copies in a conspicuous manner to the front door of the person/entity being served.

**Non-Service:** After due search, careful inquiry and diligent attempts at the address (es) listed above, I have been unable to effect process upon the person/entity being served because of the following reason(s):

☐ Unknown at Address   ☐ Moved, Left no Forwarding   ☐ Service Cancelled by Litigant   ☐ Unable to Serve in Timely Fashion
☐ Address Does Not Exist   ☐ Other _____

**Service Attempts:** Service was attempted on: (1) _____ (2) _____
                                         DATE         TIME                DATE         TIME

(3) _____ (4) _____ (5) _____
    DATE         TIME            DATE         TIME            DATE         TIME

AGE    35    Sex FE    Race WH    Height 5'6    Weight 135    HAIR BROWN

_____
SIGNATURE OF PROCESS SERVER

SUBSCRIBED AND SWORN to before me this 9TH _____ day of APRIL _____, 2007.

_____
SIGNATURE OF NOTARY PUBLIC

NOTARY PUBLIC for the state of   DELAWARE

NATIONAL ASSOCIATION OF PROFESSIONAL PROCESS SERVERS

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Spirit Airlines, Inc.,

               Plaintiff,

vs.

24/7 Real Media, Inc., Advertising.com, Inc.,
America Online, Inc. dba AOL, Burst Media
Corporation, Carrollton Bank, CheapFlights
(USA), Inc., Echo Target, Inc., Hotwire, Inc.,
Intercept Interactive, Inc., Priceline.com, LLC,
Rackspace, Ltd., Shermans Travel, Inc., SideStep,
Inc., Smarter Living, Inc., SpecificMedia, Inc.,
Travel Marketing Group, Inc., TravelZoo, Inc.,
Tribal Fusion, Inc., TripAdvisor LLC,
Valueclick, Inc., and The Weather Channel
Interactive, Inc., and all other persons
or entities unknown claiming any right, title
or interest to the funds described in the
Complaint herein,

               Defendants.

Civil Action File No. _____



CIV-ALTONAGA

MAGISTRATE JUDGE
TURNOFF

---

## SUMMONS IN A CIVIL CASE

---

TO:    Hotwire, Inc.
        c/o National Registered Agents, Inc., Registered Agent of Hotwire, Inc.
        160 Greentree Drive, Suite 101
        Dover, DE 19904

YOU ARE HEREBY SUMMONED and required to serve upon PLAINTIFF'S ATTORNEY

Local Counsel for Spirit Airlines, Inc.

Anthony Carriuolo (FL Bar No. 434541)
BERGER SINGERMAN
350 East Las Olas Boulevard, Suite 1000
Fort Lauderdale, FL 33301
954-525-9900 (phone)
954-523-2872 (fax)
AND

Connie A. Lahn (MN Bar No. 0269219)
Lara O. Glaesman (MN Bar No. 316866)
FAFINSKI MARK & JOHNSON, P.A
Flagship Corporate Center
775 Prairie Center Drive, Suite 400
Eden Prairie, MN 55344
952-995-9500 (phone)
952-995-9577 (fax)

an answer to the complaint which is herewith served upon you, within twenty days after service

of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by

default will be taken against you for the relief demanded in the complaint. You must also file

your answer with the Clerk of this Court within a reasonable period of time.

Clerence Maddox

Clerk                                             MAR 2 1 2007

                                                  Date

(By) Deputy Clerk

2

# Affidavit of Process Server

| SPRINT AIRLINES, INC | VS 24/7 REAL MEDIA, INC | 07-60399 |
|---|---|---|
| PLAINTIFF/PETITIONER | DEFENDANT/RESPONDENT | CASE NUMBER |

I GRANVILLE MORRIS _____ being first duly sworn, depose and say: that I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized by law to perform said service.

**Service:** I served VALUECLICK, INC
NAME OF PERSON / ENTITY BEING SERVED

with (list documents) SUMMONS, COMPLAINT FOR INTER-PLEADER

by leaving with DIANE FLANAGHAN        PROCESS AGENT        At
              NAME                      RELATIONSHIP

☐ Residence _____
              ADDRESS                  CITY / STATE

☒ Business C/O NATIONAL REGISTERED AGENTS 160 GREENTREE DR. DOVER, DE
              ADDRESS                  CITY / STATE

On 4/9/07 _____ AT 2:15 PM _____
       DATE                      TIME

Thereafter copies of the documents were mailed by prepaid, first class mail on_____
                                                                          DATE

from_____
       CITY        STATE        ZIP

**Manner of Service:**
☒ **Personal:** By personally delivering copies to the person being served.
☐ **Substituted at Residence:** By leaving copies at the dwelling house or usual place of abode of the person being served with a member of the household over the age of _____ and explaining the general nature of the papers.
☐ **Substituted at Business:** By leaving, during office hours, copies at the office of the person/entity being served with the person apparently in charge thereof.
☐ **Posting:** By posting copies in a conspicuous manner to the front door of the person/entity being served.

**Non-Service:** After due search, careful inquiry and diligent attempts at the address (es) listed above, I have been unable to effect process upon the person/entity being served because of the following reason(s):

☒ Unknown at Address   ☐ Moved, Left no Forwarding   ☐ Service Cancelled by Litigant   ☐ Unable to Serve in Timely Fashion
☐ Address Does Not Exist   ☐ Other_____

**Service Attempts:** Service was attempted on: (1)_____ (2)_____
                                              DATE      TIME          DATE      TIME

(3)_____ (4)_____ (5)_____
       DATE      TIME          DATE      TIME          DATE      TIME

AGE 35   Sex FE   Race WH   Height 5'6   Weight 135   HAIR BROWN

_____
SIGNATURE OF PROCESS SERVER

SUBSCRIBED AND SWORN to before me this 9TH day of APRIL 2007.

_____
SIGNATURE OF NOTARY PUBLIC

NOTARY PUBLIC for the state of DELAWARE

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Spirit Airlines, Inc.,

                        Plaintiff,

         vs.

24/7 Real Media, Inc., Advertising.com, Inc.,
America Online, Inc. dba AOL, Burst Media
Corporation, Carrollton Bank, CheapFlights
(USA), Inc., Echo Target, Inc., Hotwire, Inc.,
Intercept Interactive, Inc., Priceline.com, LLC,
Rackspace, Ltd., Shermans Travel, Inc., SideStep,
Inc., Smarter Living, Inc., SpecificMedia, Inc.,
Travel Marketing Group, Inc., TravelZoo, Inc.,
Tribal Fusion, Inc., TripAdvisor LLC,
Valueclick, Inc., and The Weather Channel
Interactive, Inc., and all other persons
or entities unknown claiming any right, title
or interest to the funds described in the
Complaint herein,

                      Defendants.

Civil Action File No. _____

07-60399

CIV-ALTONAGA

**MAGISTRATE JUDGE**
TURNOFF

---

## SUMMONS IN A CIVIL CASE

TO:    Valueclick, Inc.
        c/o National Registered Agents, Inc., Registered Agent of Valueclick, Inc.
        160 Greentree Drive, Suite 101
        Dover, DE 19904

YOU ARE HEREBY SUMMONED and required to serve upon PLAINTIFF'S ATTORNEY

Local Counsel for Spirit Airlines, Inc.

Anthony Carriuolo (FL Bar No. 434541)
BERGER SINGERMAN
350 East Las Olas Boulevard, Suite 1000
Fort Lauderdale, FL 33301
954-525-9900 (phone)
954-523-2872 (fax)

AND

Connie A. Lahn (MN Bar No. 0269219)
Lara O. Glaesman (MN Bar No. 316866)
FAFINSKI MARK & JOHNSON, P.A
Flagship Corporate Center
775 Prairie Center Drive, Suite 400
Eden Prairie, MN 55344
952-995-9500 (phone)
952-995-9577 (fax)

an answer to the complaint which is herewith served upon you, within twenty days after service

of this summons upon you, exclusive of the day of service.  If you fail to do so, judgment by

default will be taken against you for the relief demanded in the complaint.  You must also file

your answer with the Clerk of this Court within a reasonable period of time.

Clarence Maddox

MAR 2 1 2007

_____        _____
Clerk                                               Date


_____
(By) Deputy Clerk

2

**United States District Court Southern District of Florida**

SPIRIT AIRLINES, INC.
PLAINTIFF(S)

                )

    V.                      )

                )

24/7 REAL MEDIA, INC.,         )    Case #   07-60399
ADVERTISING.COM, INC., AMERICAN  )
ONLINE, INC., D/B/A AOL, BURST MEDIA  )
CORP.                        )
DEFENDANT(S)             )

*ALTONAGA*

    I declare that I am a citizen of the United States, over the age of eighteen and not party to this action. And that within the boundaries of the state where service was effected, I was authorized by law to perform said service

### AFFIDAVIT OF SERVICE

| | |
|---|---|
| I served | **CARROLLTON BANK** |
| with the | **SUMMONS & COMPLAINT FOR INTER-PLEADER WITH EXHIBITS A-M** |
| by serving | **WILLIAM C. ROGERS, III, PRINCIPAL** |
| on | **APRIL 6, 2007 at 12:15 PM** |
| at | **6 S. CALVERT STREET, BALTIMORE, MD 21202** |

**DESCRIPTION**

| | | | |
|---|---|---|---|
| **MALE** | **CAUCASIAN** | **45-50** | **BROWN** |
| SEX | RACE | AGE | HAIR |
| **5' 9"** | **140-150 LBS** | | **BLUE** |
| HEIGHT | WEIGHT | | EYES |

I declare under penalty of perjury that the information contained herein is true, correct, and this affidavit was executed on Tuesday, April 10, 2007, Baltimore, MD.

LEE CONNER
Larry L. Mabson Investigations
P.O. Box 8675
Fort Lauderdale, FL 33310
954-581-0999 Fax: 954-583-9409
Job #24902

SWORN AND SUBSCRIBED BEFORE ME
TODAY, TUESDAY, APRIL 10, 2007

*Elizabeth C Hoeker*

NOTARY PUBLIC
MY COMMISSION EXPIRES: 4-11-09

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Civil Action File No. _____

Spirit Airlines, Inc.,

Plaintiff,

vs.

**07-60399**

**CIV-ALTONAGA**

**MAGISTRATE JUDGE TURNOFF**

24/7 Real Media, Inc., Advertising.com, Inc.,
America Online, Inc. dba AOL, Burst Media
Corporation, Carrollton Bank, CheapFlights
(USA), Inc., Echo Target, Inc., Hotwire, Inc.,
Intercept Interactive, Inc., Priceline.com, LLC,
Rackspace, Ltd., Shermans Travel, Inc., SideStep,
Inc., Smarter Living, Inc., SpecificMedia, Inc.,
Travel Marketing Group, Inc., TravelZoo, Inc.,
Tribal Fusion, Inc., TripAdvisor LLC,
Valueclick, Inc., and The Weather Channel
Interactive, Inc., and all other persons
or entities unknown claiming any right, title
or interest to the funds described in the
Complaint herein,

Defendants.

## SUMMONS IN A CIVIL CASE

TO:     Carrollton Bank
        c/o William C. Rogers Jr., Registered Agent of Carrollton Bank
        6 S. Calvert Street
        Baltimore, MD 21202

YOU ARE HEREBY SUMMONED and required to serve upon PLAINTIFF'S ATTORNEY

Local Counsel for Spirit Airlines, Inc.

Anthony Carriuolo (FL Bar No. 434541)
BERGER SINGERMAN
350 East Las Olas Boulevard, Suite 1000
Fort Lauderdale, FL 33301
954-525-9900 (phone)
954-523-2872 (fax)

AND

Connie A. Lahn (MN Bar No. 0269219)
Lara O. Glaesman (MN Bar No. 316866)
FAFINSKI MARK & JOHNSON, P.A
Flagship Corporate Center
775 Prairie Center Drive, Suite 400
Eden Prairie, MN 55344
952-995-9500 (phone)
952-995-9577 (fax)

an answer to the complaint which is herewith served upon you, within twenty days after service of this summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.  You must also file your answer with the Clerk of this Court within a reasonable period of time.

Clarence Maddox
_____
Clerk

_____
(By) Deputy Clerk

_____
Date                    MAR 2 1 2007

2

UNITED STATES DISTRICT COURT SOUTHERN DIST.   FLORIDA

| | |
|---|---|
| SPIRIT AIRLINES, INC. | Index #: 07-60399 |
| Plaintiff(s) | |
| - against - | Date Filed: |
| 24/7 REAL MEDIA, INC. ET AL | **AFFIDAVIT OF SERVICE** |
| Defendant(s) | |

STATE OF NEW YORK: COUNTY OF NEW YORK  ss:

DAVID GOLDBERG BEING DULY SWORN DEPOSES AND SAYS DEPONENT IS NOT A PARTY TO THIS ACTION, OVER THE AGE OF EIGHTEEN YEARS AND RESIDES IN THE STATE OF NEW YORK.

That on April 5, 2007 at 04:08 PM at

C/O URBAN MULVEHILL, ESQ. - REGISTERED AGENT
O'NEILL, DIMANO & KELLY
15 BEEKMAN STREET, 10TH FLOOR
NEW YORK, NY10038

deponent served the within true copy of the SUMMONS & COMPLAINT on ECHO TARGET, INC., the defendant/respondent therein named,

**CORPORATION** by delivering thereat a true copy of each to MR. TIM MAGUIRE personally, deponent knew said corporation so served to be the corporation described in said SUMMONS & COMPLAINT as said  defendant/respondent and knew said individual to be the GENERAL AGENT thereof.

Deponent further states that he describes the person actually served as follows:

| Sex | Skin Color | Hair Color | Age (Approx.) | Height (Approx.) | Weight (Approx) |
|---|---|---|---|---|---|
| MALE | WHITE | BLACK | 40 | 5'7 | 170 |

Sworn to me on:  April 6, 2007

| | | |
|---|---|---|
| Linda Forman | Robin M. Forman | Larry Yee |
| Notary Public, State of New York | Notary Public, State of New York | Notary Public, State of New York |
| No. 01FO5031305 | No. 01FO6125415 | No. 01YE5015682 |
| Qualified in New York County | Qualified in New York County | Qualified in New York County |
| Commission Expires August 1, 2010 | Commission Expires April 18, 2009 | Commission Expires July 26, 2009 |

**DAVID GOLDBERG**
License #: 916033
Docket #: 471296

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Spirit Airlines, Inc.,

Plaintiff,

vs.

24/7 Real Media, Inc., Advertising.com, Inc.,
America Online, Inc. dba AOL, Burst Media
Corporation, Carrollton Bank, CheapFlights
(USA), Inc., Echo Target, Inc., Hotwire, Inc.,
Intercept Interactive, Inc., Priceline.com, LLC,
Rackspace, Ltd., Shermans Travel, Inc., SideStep,
Inc., Smarter Living, Inc., SpecificMedia, Inc.,
Travel Marketing Group, Inc., TravelZoo, Inc.,
Tribal Fusion, Inc., TripAdvisor LLC,
Valueclick, Inc., and The Weather Channel
Interactive, Inc., and all other persons
or entities unknown claiming any right, title
or interest to the funds described in the
Complaint herein,

Defendants.

Civil Action File No. _____



**SUMMONS IN A CIVIL CASE**

TO:   Echo Target, Inc.
      c/o Urban Mulvehill, Esq., Registered Agent of Echo Target, Inc.
      O'Neill, Dimanno & Kelly
      15 Beekman Street
      New York, NY  10038-1509

YOU ARE HEREBY SUMMONED and required to serve upon PLAINTIFF'S ATTORNEY

Local Counsel for Spirit Airlines, Inc.

Anthony Carriuolo (FL Bar No. 434541)
BERGER SINGERMAN
350 East Las Olas Boulevard, Suite 1000
Fort Lauderdale, FL  33301
954-525-9900 (phone)
954-523-2872 (fax)

AND

Connie A. Lahn (MN Bar No. 0269219)
Lara O. Glaesman (MN Bar No. 316866)
FAFINSKI MARK & JOHNSON, P.A
Flagship Corporate Center
775 Prairie Center Drive, Suite 400
Eden Prairie, MN 55344
952-995-9500 (phone)
952-995-9577 (fax)

an answer to the complaint which is herewith served upon you, within twenty days after service

of this summons upon you, exclusive of the day of service.  If you fail to do so, judgment by

default will be taken against you for the relief demanded in the complaint.  You must also file

your answer with the Clerk of this Court within a reasonable period of time.

_____Clarence Maddox_____

Clerk

_____

(By) Deputy Clerk

MAR 2 1 2007

_____

Date

2

FILED BY _____ DKT

07 APR 30 AM II: 45

CLERK U.S. DIST. CT.
S.D. OF FL.-MIAMI

## AFFIDAVIT OF SERVICE

Case Number: 07-60399    *Judge AltonAga*

Plaintiff: Spirit Airlines

Vs

Defendant: 24/7 Real Media, Inc., Advertising. Com, Inc., American Online, Inc., DBA AOL, Burst Media Corp., ET AL.

To be served on Priceline.Com, LLC, c/o Corporation Service Company, Registered Agent, 50 Weston Street, Hartford, CT .   I, Leland Sparks, who, being duly sworn, depose and say that on April 4th 2007 at 10:35AM I, executed service by delivering a true and attested copy of the Summons, Complaint for Inter-Pleader, in accordance with State Statutes in the manner checked below.

(X) CORPORATE SERVICE: By Serving  Robert Ruscz as Agent
( ) INDIVIDUAL SERVICE :  Served the within named person. In Hand.
( ) SUBSTITUTE SERVICE: By serving
( ) POSTED SERVICE: After attempting service on _____ on the following dates and times: Date _____ Time _____ and Date _____ Time _____ and Date _____ Time _____

a conspicuous place on the property described herein.
( ) OTHER SERVICE: As described in the Comments below by serving _____  as
( ) NON SERVICE. For the reasons detailed in the Comments below.

## COMMENTS

Subscribed and sworn to before me, this
4th day of April, 2007
by the affiant who is personally known to me.

_____
My Commission Expires Dec. 31 2010

_____
Indifferent Person
Leland Sparks

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Spirit Airlines, Inc.,

Civil Action File No. _____

Plaintiff,

vs.

24/7 Real Media, Inc., Advertising.com, Inc.,
America Online, Inc. dba AOL, Burst Media
Corporation, Carrollton Bank, CheapFlights
(USA), Inc., Echo Target, Inc., Hotwire, Inc.,
Intercept Interactive, Inc., Priceline.com, LLC,
Rackspace, Ltd., Shermans Travel, Inc., SideStep,
Inc., Smarter Living, Inc., SpecificMedia, Inc.,
Travel Marketing Group, Inc., TravelZoo, Inc.,
Tribal Fusion, Inc., TripAdvisor LLC,
Valueclick, Inc., and The Weather Channel
Interactive, Inc., and all other persons
or entities unknown claiming any right, title
or interest to the funds described in the
Complaint herein,



07-60399

CIV ALTONAGA

MAGISTRATE JUDGE
TURNOFF

Defendants.

## SUMMONS IN A CIVIL CASE

TO:   Priceline.com, LLC
      c/o Corporation Service Company, Registered Agent of Priceline.com, LLC
      94 Hungerford Street
      Hartford, CT  06106

YOU ARE HEREBY SUMMONED and required to serve upon PLAINTIFF'S ATTORNEY

Local Counsel for Spirit Airlines, Inc.

Anthony Carriuolo (FL Bar No. 434541)
BERGER SINGERMAN
350 East Las Olas Boulevard, Suite 1000
Fort Lauderdale, FL  33301
954-525-9900 (phone)
954-523-2872 (fax)

AND

Connie A. Lahn (MN Bar No. 0269219)
Lara O. Glaesman (MN Bar No. 316866)
FAFINSKI MARK & JOHNSON, P.A
Flagship Corporate Center
775 Prairie Center Drive, Suite 400
Eden Prairie, MN 55344
952-995-9500 (phone)
952-995-9577 (fax)

an answer to the complaint which is herewith served upon you, within twenty days after service of this summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.  You must also file your answer with the Clerk of this Court within a reasonable period of time.

Clarence Maddox

_____
Clerk

_____
(By) Deputy Clerk

MAR 2 1 2007
_____
Date

2

*Southern District of Florida*

IN THE *U.S.* DISTRICT COURT FOR _____ COUNTY

*Spirit Airlines, Inc*                                   CASE NO. *07-60399*

PLAINTIFF                                                *Judge A. Jonago*

*Travel Marketing Group, Inc*          AFFIDAVIT OF SERVICE

*c/o Michael D. Hevolds*
*Reg. Agt.*

DEFENDANT

I, the undersigned, being first sworn on oath, states that I am over the age of 18 years, that I am not a party in this action, and that I received and served the following documents:

___ ORIGINAL NOTICE                      ___ APPEARANCE AND ANSWER FORM
___ ORDER FOR HEARING                   ___ THIRTY DAY NOTICE TO QUIT
___ PETITION                                       ___ INJUNCTION
___ NOTICE TO QUIT AND NOTICE TO CURE   ___ ORDER TO SHOW CAUSE
___ VERIFICATION                              ___ JURY DEMAND
___ FINANCIAL STATEMENT               ___ NOTICE OF REAL ESTATE
                                                              FORFEITURE
___ FORCIBLE ENTRY DETAINER           ___ SUBPEONA
___ APPLICATION                               ___ AFFIDAVIT
___ VERIFICATION & AFFIDAVIT          ___ EXHIBITS
___ ACTION FOR MONEY JUDGMENT
 X  *Summons*                                      X  *Complaint for Inter Pleader*

I received these documents on the  *3*  day of  *April* _____, 2007, and on the
*4* day of *April* _____, 2007 at *8:53* o'clock *A* M, I served the same on the
within named defendant, *Travel Marketing Group* at *5525 Meredith Dr*
_____ in the city of *Des Moines* _____ County of *STE C*
*Polh* _____ State of Iowa, by delivering a true and identical copy of such items in the
following manner.
___ I served the same by delivering a copy to the above personally.
___ I served the same on the above person by sub serving _____
      who is over the age of 18 years and is a resident at the person's place of abode..
 X  Relationship to the above person is _____
 X  I served the same on the above company, corporation, etc., by delivering a copy to *Michael D. Hevolds*
      _____, witness position is *Registered Agent*
      and is over the age of 18 years.
___ I attempted service on _____ and after diligent investigation
      found that _____

_____
Marilyn B. Dorsey                              *Larry Dorsey*
Private Process Server                         Larry Dorsey, Jr.
                                                          Private Process Server

Subscribed and sworn to before me by said Larry Dorsey, Jr. on this *4* day of *April*
2007.

Subscribed and sworn to before me by said Marilyn B. Dorsey on this ____ day of _____
2007.

Service Fee $ *40.00*
                                                          *Marilyn B. Dorsey*
                                                          Notary Public in and for the State of Iowa

MARILYN B DORSEY
Notarial Seal - IOWA
Commission No.171911
My Commission Expires 11-9-08

Larry L. Mabson Investigation
And
Associates
P.O. Box 8675
Ft. Lauderdale, Fl 33310

# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA

Spirit Airlines, Inc.,

        Plaintiff,

vs.

24/7 Real Media, Inc., Advertising.com, Inc.,
America Online, Inc. dba AOL, Burst Media
Corporation, Carrollton Bank, CheapFlights
(USA), Inc., Echo Target, Inc., Hotwire, Inc.,
Intercept Interactive, Inc., Priceline.com, LLC,
Rackspace, Ltd., Shermans Travel, Inc., SideStep,
Inc., Smarter Living, Inc., SpecificMedia, Inc.,
Travel Marketing Group, Inc., TravelZoo, Inc.,
Tribal Fusion, Inc., TripAdvisor LLC,
Valueclick, Inc., and The Weather Channel
Interactive, Inc., and all other persons
or entities unknown claiming any right, title
or interest to the funds described in the
Complaint herein,

        Defendants.

Civil Action File No. _____



07-60399

CIV-ALTONAGA

MAGISTRATE JUDGE
TURNOFF

## SUMMONS IN A CIVIL CASE

TO:    Travel Marketing Group, Inc.
       c/o Micheal D. Devolder, Registered Agent of Travel Marketing Group, Inc.
       4124 Beaver Avenue
       Des Moines, IA 50310

YOU ARE HEREBY SUMMONED and required to serve upon PLAINTIFF'S ATTORNEY

Local Counsel for Spirit Airlines, Inc.

Anthony Carriuolo (FL Bar No. 434541)
BERGER SINGERMAN
350 East Las Olas Boulevard, Suite 1000
Fort Lauderdale, FL 33301
954-525-9900 (phone)
954-523-2872 (fax)

AND

Connie A. Lahn (MN Bar No. 0269219)
Lara O. Glaesman (MN Bar No. 316866)
FAFINSKI MARK & JOHNSON, P.A
Flagship Corporate Center
775 Prairie Center Drive, Suite 400
Eden Prairie, MN 55344
952-995-9500 (phone)
952-995-9577 (fax)

an answer to the complaint which is herewith served upon you, within twenty days after service

of this summons upon you, exclusive of the day of service.  If you fail to do so, judgment by

default will be taken against you for the relief demanded in the complaint.  You must also file

your answer with the Clerk of this Court within a reasonable period of time.

Clarence Maddox

_____
Clerk

_____
(By) Deputy Clerk

Date _____ MAR 2 1 2007 _____

2

STATE OF FLORIDA                    COUNTY OF

UNITED STATES DISTRICT COURT

DISTRICT:  SOUTHERN DIST. OF

| INDEX # : | 07-60399 |
|---|---|
| Date Filed: | March 21, 2007 |

*Spirit Airlines*

vs

*24/7 Real Media, Inc, et al*

Plaintiff(s)/Petitioner(s)

Defendant(s)/Respondent(s)

STATE OF NEW YORK, COUNTY OF ALBANY, SS.:                    **AFFIDAVIT OF SERVICE**

_____ Stephen L. Collen _____, being duly sworn deposes and says: Deponent is not a party herein, is over 18 years of age and resides in New York State. On _____ April 2, 2007 _____ at _____ 1:20 pm _____, at _____ C/O Corporation Services Company, 80 State St., Albany, NY 12207 _____, deponent served the within _____ Summons _____ in a Civil Case, Complaint for Inter-Pleader

on: _____ TravelZoo, Inc _____, **Defendant** therein named.

- [ ] By delivering a true copy of each to said recipient personally; deponent knew the person served to be the person described as said person therein.

- [x] By delivering thereat a true copy of each to _____ Gladys Ryan, legal _____ personally, deponent knew said business/agency so served to be the business/agency described in same as said defendant and knew said individual to be the managing/authorized agent of the business/agency, and said person stated that he/she was authorized to accept service on behalf of the business/agency.

- [ ] By delivering a true copy of each to _____ a person of suitable age and discretion. Said premises is defendant's: [ ] actual place of business    [ ] dwelling house (usual place of abode) within the state.

- [ ] By affixing a true copy of each to the door of said premises, which is defendant's: [ ] actual place of business    [ ] dwelling house (place of abode) within the state.

Deponent was unable, with due diligence to find defendant or a person of suitable age and discretion, having called thereat
on the _____ day of _____ at _____
on the _____ day of _____ at _____
on the _____ day of _____ at _____
on the _____ day of _____ at _____
Address confirmed by _____ at _____

- [ ] On _____, deponent completed service by depositing a true copy of each to the above address in a 1st Class postpaid properly addressed envelope marked "Personal and Confidential" in an official depository under the exclusive care and custody of the United States Post Office in the State of New York.

A description of the Defendant, or other person served, or spoken to on behalf of the Defendant is as follows:
Sex: _Female_    Color of skin: _White_    Color of hair: _Blonde_    Age: _50 - 59 Yrs._    Height: _5' 0" - 5' 3"_
Weight: _Under 100 Lbs._    Other Features: _Glasses_

- [ ] the authorized witness fee and / or traveling expenses were paid (tendered) to the witness.

Deponent asked person spoken to whether the defendant is presently in military service of the United States Government or of the State of New York and was informed that defendant is not.

Sworn to before me on _____ April 4, 2007 _____

MARCY A. O'HARE
NOTARY PUBLIC, State of New York
No. 4865530, Qualified in Albany County
Term Expires July 14, 2010

Stephen L. Collen

Invoice•Work Order # 0702774

# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA

Spirit Airlines, Inc.,

           Plaintiff,

       vs.

24/7 Real Media, Inc., Advertising.com, Inc.,
America Online, Inc. dba AOL, Burst Media
Corporation, Carrollton Bank, CheapFlights
(USA), Inc., Echo Target, Inc., Hotwire, Inc.,
Intercept Interactive, Inc., Priceline.com, LLC,
Rackspace, Ltd., Shermans Travel, Inc., SideStep,
Inc., Smarter Living, Inc., SpecificMedia, Inc.,
Travel Marketing Group, Inc., TravelZoo, Inc.,
Tribal Fusion, Inc., TripAdvisor LLC,
Valueclick, Inc., and The Weather Channel
Interactive, Inc., and all other persons
or entities unknown claiming any right, title
or interest to the funds described in the
Complaint herein,

           Defendants.

Civil Action File No. _____

07-60899

---

## SUMMONS IN A CIVIL CASE

TO:   TravelZoo, Inc.
       c/o Corporation Service Company, Registered Agent of TravelZoo, Inc.
       80 State Street
       Albany, NY  12207-2543

YOU ARE HEREBY SUMMONED and required to serve upon PLAINTIFF'S ATTORNEY

Local Counsel for Spirit Airlines, Inc.

Anthony Carriuolo (FL Bar No. 434541)
BERGER SINGERMAN
350 East Las Olas Boulevard, Suite 1000
Fort Lauderdale, FL  33301
954-525-9900 (phone)
954-523-2872 (fax)

AND

Connie A. Lahn (MN Bar No. 0269219)
Lara O. Glaesman (MN Bar No. 316866)
FAFINSKI MARK & JOHNSON, P.A
Flagship Corporate Center
775 Prairie Center Drive, Suite 400
Eden Prairie, MN 55344
952-995-9500 (phone)
952-995-9577 (fax)

an answer to the complaint which is herewith served upon you, within twenty days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time.

**Clarence Maddox**
Clerk

(By) Deputy Clerk

MAR 2 1 2007
Date

2

United States District Court Southern District of Florida

SPIRIT AIRLINES, INC.
PLAINTIFF(S)

V.                                          )
                                            )
                                            )
24/7 REAL MEDIA, INC.,                      )
ADVERTISING.COM, INC., AMERICAN             )      Case #    07-60399
ONLINE, INC., D/B/A AOL, BURST MEDIA        )
CORP.                                       )            A HONS 60
DEFENDANT(S)                                )

I declare that I am a citizen of the United States, over the age of eighteen and not party to this action. And that within the boundaries of the state where service was effected, I was authorized by law to perform said service.

I served                    **AFFIDAVIT OF SERVICE**

                            ADVERTISING.COM, INC

with the

                            **SUMMONS & COMPLAINT FOR INTER-PLEADER WITH EXHIBITS A-M**

by serving

                            **ELINAM RENNER, DESIGNATED CLERK, CSC LAWYERS INC., RESIDENT
                            AGENT**

on

                            **APRIL 5, 2007 at 10:46 AM**

at

                            **7 SAINT PAUL, SUITE 1660, BALTIMORE, MD, 21202**

**DESCRIPTION**

**MALE**
SEX                 **BLACK**
                    RACE              **30-35**
                                      AGE              **BLACK**
                                                       HAIR
**6'**
HEIGHT              **170-180 LBS**
                    WEIGHT                             **BROWN**
                                                       EYES

I declare under penalty of perjury that the information contained herein is true, correct, and this affidavit was executed on Thursday, April 5, 2007, Baltimore, MD.


DAVID G. SPRY, JR.
Larry L. Mabson Investigations              SWORN AND SUBSCRIBED BEFORE ME
P.O. Box 8675                               TODAY, THURSDAY, APRIL 5, 2007
Fort Lauderdale, FL 33310
954-581-0999 Fax: 954-583-9409
Job #24901                                  NOTARY PUBLIC
                                            MY COMMISSION EXPIRES:  4 11 09

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Spirit Airlines, Inc.,

Plaintiff,

vs.

Civil Action File No. _____

# 07-60399

24/7 Real Media, Inc., Advertising.com, Inc.,
America Online, Inc. dba AOL, Burst Media
Corporation, Carrollton Bank, CheapFlights
(USA), Inc., Echo Target, Inc., Hotwire, Inc.,
Intercept Interactive, Inc., Priceline.com, LLC,
Rackspace, Ltd., Shermans Travel, Inc., SideStep,
Inc., Smarter Living, Inc., SpecificMedia, Inc.,
Travel Marketing Group, Inc., TravelZoo, Inc.,
Tribal Fusion, Inc., TripAdvisor LLC,
Valueclick, Inc., and The Weather Channel
Interactive, Inc., and all other persons
or entities unknown claiming any right, title
or interest to the funds described in the
Complaint herein,

CIV-ALTONAGA

MAGISTRATE JUDGE
TURNOFF

Defendants.

## SUMMONS IN A CIVIL CASE

TO:   Advertising.com, Inc.
      c/o CSC Lawyers Incorporating Service Company, Registered Agent of
      Advertising.com, Inc.
      7 St. Paul Street, Suite 1660
      Baltimore, MD 21202

YOU ARE HEREBY SUMMONED and required to serve upon PLAINTIFF'S ATTORNEY

Local Counsel for Spirit Airlines, Inc.

Anthony Carriuolo (FL Bar No. 434541)
BERGER SINGERMAN
350 East Las Olas Boulevard, Suite 1000
Fort Lauderdale, FL 33301
954-525-9900 (phone)
954-523-2872 (fax)

AND

Connie A. Lahn (MN Bar No. 0269219)
Lara O. Glaesman (MN Bar No. 316866)
FAFINSKI MARK & JOHNSON, P.A
Flagship Corporate Center
775 Prairie Center Drive, Suite 400
Eden Prairie, MN 55344
952-995-9500 (phone)
952-995-9577 (fax)

an answer to the complaint which is herewith served upon you, within twenty days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time.

Clarence Maddox

Clerk

(By) Deputy Clerk

_____
MAR 2 1 2007

Date

2

# AFFIDAVIT OF SERVICE

Came to hand on the **3rd** day of **April** , 2007, at 4:30 o'clock **pm**.
Cause No. 07-60399

*Judge Altonaga*

Executed at **800 Brazos Street, Suite 1100** **Austin, Texas 78701**
within the County of **Travis** at 10:45 o'clock
of **April** , 2007, by delivering to the within named: **am** on the **4th** day

**RACKSPACE, LTD.,**
by delivering to its Registered Agent, **CAPITOL CORPORATE SERVICES, INC.,**
by delivering to its designated agent, **RHONDA MAYBIN**, in person, a true copy
of this Summons, together with Complaint for Inter-Pleader, having first
endorsed upon such copy of such Summons the date of delivery.

I am not a party to or interested in the outcome of the suit referenced above.
I am authorized by written order to serve citation and other notices. I am not
less than eighteen (18) years of age.

Service Fee $

| |
|---|
| SPIRIT AIRLINES, INC., |
| |
| Plaintiff |
| |
| V. |
| 24/7 REAL MEDIA, INC., ET AL |
| |
| Defendant |

By: _____
**Jefferson R. Keyton   ID# SCH-735**
(Authorized Person)

## VERIFICATION

STATE OF TEXAS §
COUNTY OF TRAVIS §

        BEFORE ME, A NOTARY PUBLIC, on this day personally appeared
**Jefferson R. Keyton** , known to me to be the person whose name
is subscribed to the foregoing document and, being by me first duly sworn,
declared that the statements therein contained are true and correct.
        Given under my hand and seal of office this 5th day of
April , A.D., 2007.



SCOTT L. THOMAS
Notary Public, State of Texas
My Commission Expires
January 09, 2008

_____
NOTARY PUBLIC, STATE OF TEXAS

33604/Spirit

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Spirit Airlines, Inc.,

                    Plaintiff,

vs.

24/7 Real Media, Inc., Advertising.com, Inc.,
America Online, Inc. dba AOL, Burst Media
Corporation, Carrollton Bank, CheapFlights
(USA), Inc., Echo Target, Inc., Hotwire, Inc.,
Intercept Interactive, Inc., Priceline.com, LLC,
Rackspace, Ltd., Shermans Travel, Inc., SideStep,
Inc., Smarter Living, Inc., SpecificMedia, Inc.,
Travel Marketing Group, Inc., TravelZoo, Inc.,
Tribal Fusion, Inc., TripAdvisor LLC,
Valueclick, Inc., and The Weather Channel
Interactive, Inc., and all other persons
or entities unknown claiming any right, title
or interest to the funds described in the
Complaint herein,

                    Defendants.

Civil Action File No. _____

07-60393

CIV-ALTONAGA

MAGISTRATE JUDGE
TURNOFF

---

## SUMMONS IN A CIVIL CASE

---

TO:   Rackspace, Ltd.
      c/o Capital Corporate Services, Inc., Registered Agent of Rackspace, Ltd.
      800 Brazos
      Austin, TX  78701

YOU ARE HEREBY SUMMONED and required to serve upon PLAINTIFF'S ATTORNEY

Local Counsel for Spirit Airlines, Inc.

Anthony Carriuolo (FL Bar No. 434541)
BERGER SINGERMAN
350 East Las Olas Boulevard, Suite 1000
Fort Lauderdale, FL  33301
954-525-9900 (phone)
954-523-2872 (fax)

AND

Connie A. Lahn (MN Bar No. 0269219)
Lara O. Glaesman (MN Bar No. 316866)
FAFINSKI MARK & JOHNSON, P.A
Flagship Corporate Center
775 Prairie Center Drive, Suite 400
Eden Prairie, MN 55344
952-995-9500 (phone)
952-995-9577 (fax)

an answer to the complaint which is herewith served upon you, within twenty days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time.

Clerk    Clarence Maddox

(By) Deputy Clerk

Date    MAR 2 1 2007

2

# Affidavit of Process Server

SPRINT AIRLINES, INC      VS   24/7 REAL MEDIA, INC      07-60399

PLAINTIFF/PETITIONER      DEFENDANT/RESPONDENT      CASE NUMBER

ı DENORRIS BRITT _____ being first duly sworn, depose and say: that I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized by law to perform said service.

**Service:** I served 24/7 REAL MEDIA, INC

NAME OF PERSON / ENTITY BEING SERVED

with (list documents) SUMMONS, COMPLAINT FOR INTER-PLEADER

by leaving with MARY DRUMMOND      PROCESS AGENT      At

     NAME      RELATIONSHIP

☐ Residence _____

     ADDRESS      CITY / STATE

☒ Business   C/O CORPORATION SERVICE CO 2711 CENTERVILLE RD. WILMINGTON, DE (REGISTERED AGENT)

     ADDRESS      CITY / STATE

On 4/6/07 _____ AT 9:25 AM

     DATE      TIME

Thereafter copies of the documents were mailed by prepaid, first class mail on _____

     DATE

from _____

     CITY      STATE      ZIP

**Manner of Service:**

☒ **Personal:** By personally delivering copies to the person being served.

☐ **Substituted at Residence:** By leaving copies at the dwelling house or usual place of abode of the person being served with a member of the household over the age of _____ and explaining the general nature of the papers.

☐ **Substituted at Business:** By leaving, during office hours, copies at the office of the person/entity being served with the person apparently in charge thereof.

☐ **Posting:** By posting copies in a conspicuous manner to the front door of the person/entity being served.

**Non-Service:** After due search, careful inquiry and diligent attempts at the address (es) listed above, I have been unable to effect process upon the person/entity being served because of the following reason(s):

☐ Unknown at Address    ☐ Moved, Left no Forwarding    ☐ Service Cancelled by Litigant    ☐ Unable to Serve in Timely Fashion

☐ Address Does Not Exist    ☐ Other _____

**Service Attempts:** Service was attempted on: (1)_____ (2)_____

     DATE    TIME      DATE    TIME

(3)_____ (4)_____ (5)_____

     DATE    TIME      DATE    TIME      DATE    TIME

AGE   45   Sex FEMAL   Race W   Height 5'6   Weight 130   HAIR BLACK

SIGNATURE OF PROCESS SERVER

SUBSCRIBED AND SWORN to before me this 6TH _____ day of APRIL _____ ,2007.

SIGNATURE OF NOTARY PUBLIC

**OFFICIAL SEAL**
KEVIN DUNN   NOTARY PUBLIC
NEW CASTLE COUNTY STATE OF DELAWARE
MY COMMISSION EXPIRES NOV. 23, 2010

NOTARY PUBLIC for the state of   DELAWARE

NATIONAL ASSOCIATION OF PROFESSIONAL PROCESS SERVERS

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Spirit Airlines, Inc.,

Civil Action File No. **07-60399**

Plaintiff,

vs.

24/7 Real Media, Inc., Advertising.com, Inc.,
America Online, Inc. dba AOL, Burst Media
Corporation, Carrollton Bank, CheapFlights
(USA), Inc., Echo Target, Inc., Hotwire, Inc.,
Intercept Interactive, Inc., Priceline.com, LLC,
Rackspace, Ltd., Shermans Travel, Inc., SideStep,
Inc., Smarter Living, Inc., SpecificMedia, Inc.,
Travel Marketing Group, Inc., TravelZoo, Inc.,
Tribal Fusion, Inc., TripAdvisor LLC,
Valueclick, Inc., and The Weather Channel
Interactive, Inc., and all other persons
or entities unknown claiming any right, title,
or interest to the funds described in the
Complaint herein,

**CIV-ALTONAGA**

**MAGISTRATE JUDGE**
TURNOFF

Defendants.

## SUMMONS IN A CIVIL CASE

TO:    24/7 Real Media, Inc.
       c/o Corporation Service Company, Registered Agent of 24/7 Real Media, Inc.
       2711 Centerville Rd., Suite 400
       Wilmington, DE 19808

YOU ARE HEREBY SUMMONED and required to serve upon PLAINTIFF'S ATTORNEY

Local Counsel for Spirit Airlines, Inc.

Anthony Carriuolo (FL Bar No. 434541)
BERGER SINGERMAN
350 East Las Olas Boulevard, Suite 1000
Fort Lauderdale, FL 33301
954-525-9900 (phone)
954-523-2872 (fax)

AND

Connie A. Lahn (MN Bar No. 0269219)
Lara O. Glaesman (MN Bar No. 316866)
FAFINSKI MARK & JOHNSON, P.A
Flagship Corporate Center
775 Prairie Center Drive, Suite 400
Eden Prairie, MN 55344
952-995-9500 (phone)
952-995-9577 (fax)

an answer to the complaint which is herewith served upon you, within twenty days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time.

Clerk    Clarence Maddox

(By) Deputy Clerk

Date    MAR 2 1 2007

2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 07-CV-60399-ALTONAGA/TURNOFF

FILED by _____ D.C.

APR 3 0 2007

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

SPIRIT AIRLINES, INC.,

      Plaintiff,

v.

24/7 REAL MEDIA, INC., et al

      Defendants.

## DEFENDANTS HOTWIRE, INC., SMARTER LIVING, INC. AND TRIPADVISOR LLC'S ANSWER TO COMPLAINT FOR INTERPLEADER

Defendants Hotwire, Inc. ("Hotwire"), Smarter Living, Inc. ("Smarter Living"), and TripAdvisor LLC ("TripAdvisor") (collectively, Hotwire, Smarter Living and TripAdvisor are "Defendants"), by and through undersigned counsel, hereby jointly, unless otherwise noted, answer each corresponding numbered paragraph of the Complaint for Interpleader filed by Plaintiff Spirit Airlines, Inc. ("Plaintiff" and/or "Spirit Air"), and raises its affirmative defenses.

### ANSWER

Defendants deny each and every allegation not specifically admitted herein and state as to each correspondingly numbered paragraph of the Complaint as follows:

### PARTIES

1.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 1 of the Complaint and, therefore, deny same.

2.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 2 of the Complaint and, therefore, deny same.

3.      Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 3 of the Complaint and, therefore, deny same.

4.      Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 4 of the Complaint and, therefore, deny same.

5.      Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 5 of the Complaint and, therefore, deny same.

6.      Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 6 of the Complaint and, therefore, deny same.

7.      Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 7 of the Complaint and, therefore, deny same.

8.      Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 8 of the Complaint and, therefore, deny same.

9.      Admitted.

10.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 10 of the Complaint and, therefore, deny same.

11.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 11 of the Complaint and, therefore, deny same.

12.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 12 of the Complaint and, therefore, deny same.

13.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 13 of the Complaint and, therefore, deny same.

14.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 14 of the Complaint and, therefore, deny same.

**Steven J. Lachterman, P.A.**
848 Brickell Avenue, Suite 750, Miami, Florida 33131
Telephone (305)377-3071     Facsimile (305)377-3097

2

15.     Admitted.

16.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 16 of the Complaint and, therefore, deny same.

17.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 17 of the Complaint and, therefore, deny same.

18.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 18 of the Complaint and, therefore, deny same.

19.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 19 of the Complaint and, therefore, deny same.

20.     Admitted.

21.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 21 of the Complaint and, therefore, deny same.

22.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 21 of the Complaint and, therefore, deny same.

## JURISDICTION AND VENUE

23.     Defendants admit that Plaintiff has purported to bring an action for rule interpleader under Rule 22 of the Federal Rules of Civil Procedure and for statutory interpleader under the Federal Interpleader Act, 28. U.S.C. §1335.

24.     Defendants admit that Plaintiff has purported to bring an action in which the amount in dispute exceeds the sum of $500.00 but otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 24 of the Complaint and, therefore, deny the remaining allegations of Paragraph 24.

25.     Defendants admit that Plaintiff has purported to bring an action in which the amount in dispute exceeds the sum of $75,000.00 but otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 25 of the Complaint and, therefore, deny the remaining allegations of Paragraph 25.

26.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 26 of the Complaint and, therefore, deny same.

## FACTS

### A.     Agreement Between Eisner And Spirit Airlines

27.     Defendants admit that Plaintiff attached Exhibit A to its Complaint, a document which speaks for itself.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 27 of the Complaint and, therefore, deny same.

28.     Defendants admit that Exhibit A speaks for itself.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 28 of the Complaint and, therefore, deny same.

29.     Defendants admit that Exhibit A speaks for itself.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 29 of the Complaint and, therefore, deny same.

30.     Defendants admit that Exhibit A speaks for itself.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 30 of the Complaint and, therefore, deny same.

**Steven J. Lachterman, P.A.**
848 Brickell Avenue, Suite 750, Miami, Florida 33131
Telephone (305)377-3071    Facsimile (305)377-3097

4

31.     Defendants admit that Exhibit A speaks for itself.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 31 of the Complaint and, therefore, deny same.

32.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 32 of the Complaint and, therefore, deny same.

33.     Defendants admit that Exhibit A speaks for itself.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 33 of the Complaint and, therefore, deny same.

34.     Defendants admit that Exhibit A speaks for itself.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 34 of the Complaint and, therefore, deny same.

35.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 35 of the Complaint and, therefore, deny same.

36.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 36 of the Complaint and, therefore, deny same.

**B.      Communications Spirit Airlines Received From Carrollton Bank And Other Defendants**

37.     Defendants admit that Plaintiff attached Exhibit B to its Complaint, a document which speaks for itself.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 37 of the Complaint and, therefore, deny same.

38.     Defendants admit that Plaintiff attached Exhibit C to its Complaint, a document which speaks for itself.  Defendants lack knowledge or information sufficient to form a belief as

**Steven J. Lachterman, P.A.**
848 Brickell Avenue, Suite 750, Miami, Florida 33131
Telephone (305)377-3071    Facsimile (305)377-3097

5

to the truth of the remaining allegations set forth in Paragraph 38 of the Complaint and, therefore, deny same.

39.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 39 of the Complaint and, therefore, deny same.

40.    Defendants admit that Plaintiff attached Exhibit D to its Complaint, a document which speaks for itself.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 40 of the Complaint and, therefore, deny same.

41.    Defendants admit that Exhibit D speaks for itself.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 41 of the Complaint and, therefore, deny same.

42.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 42 of the Complaint and, therefore, deny same.

43.    Defendants admit that Plaintiff attached Exhibit E to its Complaint, a document which speaks for itself.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 43 of the Complaint and, therefore, deny same.

44.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 44 of the Complaint and, therefore, deny same.

45.    Defendants admit that Plaintiff attached Exhibit F to its Complaint, a document which speaks for itself.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 45 of the Complaint and, therefore, deny same.

**Steven J. Lachterman, P.A.**
848 Brickell Avenue, Suite 750, Miami, Florida 33131
Telephone (305)377-3071    Facsimile (305)377-3097

6

46.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 46 of the Complaint and, therefore, deny same.

47.     Defendants admit that Plaintiff attached Exhibit G to its Complaint, a document which speaks for itself.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 47 of the Complaint and, therefore, deny same.

48.     Defendants admit that Exhibit G speaks for itself.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 48 of the Complaint and, therefore, deny same.

49.     Defendants admit that Plaintiff attached Exhibit H to its Complaint, a document which speaks for itself.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 49 of the Complaint and, therefore, deny same.

50.     Admitted.

51.     Admitted.

52.     Defendants admit that Plaintiff attached Exhibit J to its Complaint, a document which speaks for itself.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 52 of the Complaint and, therefore, deny same.

53.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 53 of the Complaint and, therefore, deny same.

54.     Defendants admit that Plaintiff attached Exhibit J to its Complaint, a document which speaks for itself.  Defendants lack knowledge or information sufficient to form a belief as

**Steven J. Lachterman, P.A.**
848 Brickell Avenue, Suite 750, Miami, Florida 33131
Telephone (305)377-3071    Facsimile (305)377-3097

7

to the truth of the remaining allegations set forth in Paragraph 54 of the Complaint and, therefore, deny same.

55.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 55 of the Complaint and, therefore, deny same.

56.     Defendants admit that Plaintiff attached Exhibit K to its Complaint, a document which speaks for itself.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 56 of the Complaint and, therefore, deny same.

57.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 57 of the Complaint and, therefore, deny same.

58.     Defendants admit that Plaintiff attached Exhibit L to its Complaint, a document which speaks for itself.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 58 of the Complaint and, therefore, deny same.

59.     Defendants admit that Plaintiff attached Exhibit M to its Complaint, a document which speaks for itself.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 59 of the Complaint and, therefore, deny same.

60.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 60 and, therefore, deny same.

61.     Defendants admit that Exhibit M speaks for itself.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 61 of the Complaint and, therefore, deny same.

**Steven J. Lachterman, P.A.**
848 Brickell Avenue, Suite 750, Miami, Florida 33131
Telephone (305)377-3071    Facsimile (305)377-3097

8

62.     Defendants admit that Exhibit M speaks for itself.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 62 of the Complaint and, therefore, deny same.

63.     Defendants admit that Exhibit L speaks for itself.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 63 of the Complaint and, therefore, deny same.

## C.     Deposit of Funds

64.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 64 and, therefore, deny same.

65.     Plaintiff's admission calls for no response, and, therefore, Defendants deny same.

66.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 66 and, therefore, deny same.

67.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 67 and, therefore, deny same.

68.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 68 and, therefore, deny same.

69.     Plaintiff's proffer calls for no response, and, therefore, Defendants deny same.

## COUNT I

### Interpleader Under 28 U.S.C. §1135 and
### Rule 22 of the Federal Rules of Civil Procedure

70.     Defendants reallege and incorporate their responses to Paragraphs 1 through 69 of the Complaint as though set forth fully herein.

71.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 71 and, therefore, deny same.

**Steven J. Lachterman, P.A.**
848 Brickell Avenue, Suite 750, Miami, Florida 33131
Telephone (305)377-3071   Facsimile (305)377-3097

9

72.     Plaintiff's admission calls for no response, and, therefore, Defendants deny same.

73.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 73 and, therefore, deny same.

74.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 74 and, therefore, deny same.

75.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 75 and, therefore, deny same.

76.     Plaintiff's proffer calls for no response, and, therefore, Defendants deny same.

77.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 77 and, therefore, deny same.

78.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 78 and, therefore, deny same.

79.     Denied.

80.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 80 and, therefore, deny same.

In response to the unnumbered "Wherefore" paragraph following Paragraph 80 of Plaintiff's Complaint, Defendants do not oppose Plaintiff's request that the Court determine through interpleader the competing or potentially competing claims of Defendants and all other persons named in the Complaint to the Eisner Funds, extinguishing with finality these claims and restraining all parties named as defendants in this action from instituting any other proceeding against Plaintiff in any other forum.  Defendants deny that Plaintiff, on deposit of the Eisner Funds with the Court, should be discharged of liability in this action or that it is entitled to its reasonable attorneys' fees and costs associated with filing this interpleader action.

**Steven J. Lachterman, P.A.**
848 Brickell Avenue, Suite 750, Miami, Florida 33131
Telephone (305)377-3071    Facsimile (305)377-3097

10

## AFFIRMATIVE DEFENSES

As and for its affirmative defenses, Defendants state as follows:

### *First Affirmative Defense*

Plaintiff is not entitled to recovery of its reasonable attorney's fees and costs.

### *Second Affirmative Defense*

The mere deposit of the Eisner Funds into the Court's registry should not alone relieve Plaintiff of any liability in this action.

### *Third Affirmative Defense*

Defendants reserve the right to assert additional defenses or claims, which may become known during the course of discovery.

WHEREFORE, Defendants Hotwire, Inc., Smarter Living, Inc., and TripAdvisor LLC respectfully requests that this Court: (a) determine through interpleader that portion of the Eisner Funds which are fairly due to them; (b) extinguish with finality the claims to the Eisner Funds of all parties joined as defendants in this action; (c) restrain all parties joined as defendants from instituting an action against Plaintiff to recover the Eisner Funds in any other federal or state court; and (d) grant Defendants such other and further relief as the Court deems just and proper.

Dated: This 30th day of April, 2007.

Respectfully submitted,

**STEVEN J. LACHTERMAN, P.A.**
848 Brickell Avenue, Suite 750
Miami, Florida 33131
Telephone: 305-377-3071
Facsimile:  305-377-3097
E-mail: steven@lachterman.com

By: _____
        Steven J. Lachterman
        Florida Bar No.:  655570

**Steven J. Lachterman, P.A.**
848 Brickell Avenue, Suite 750, Miami, Florida 33131
Telephone (305)377-3071    Facsimile (305)377-3097

11

Case No. 07-CV-60399-ALTONAGA/TURNOFF

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 30th day of April, 2007 I filed a hard copy with the

Clerk of Court (electronic copy will be filed upon obtaining CM/ECF User Login). I have

emailed a copy of the foregoing to the below named counsel except as otherwise noted:

Anthony J. Carriuolo, Esq.
Berger Singerman
350 E. Las Olas Blvd., Suite 1000
Fort Lauderdale, FL 33301
acarriuolo@bergersingerman.com

Connie A. Lahn, Esq.
Lara O. Glaesman, Esq.
Fafinski Mark & Johnson, P.A.
775 Prairie Center Dr., Suite 400
Eden Prairie, MN 55344
lara.glaesman@fmjlaw.com
connie.lahn@fmjlaw.com

**SENT VIA U.S. MAIL**

STEVEN J. LACHTERMAN

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
### MIAMI DIVISION

### CASE NO. 07-60399-CIV-ALTONAGA/Turnoff

**SPIRIT AIRLINES, INC.,**

      Plaintiff,

vs.

**TRAVELZOO, INC.; TRAVEL MARKETING GROUP, INC.; ECHO TARGET, INC.; 24/7 REAL MEDIA, INC.; CHEAPFLIGHTS (USA), INC.; HOTWIRE, INC.; and TRIPADVISOR LLC.; et al.,**

      Defendants.

_____/

## ORDER ON DEFAULT PROCEDURE

**THIS CAUSE** came before the Court upon a *sua sponte* review of the record. On April 2, 2007, Plaintiff served a copy of the summons and complaint on Defendant, TravelZoo, Inc. (D.E. 34); on April 4, 2007, Travel Marketing Group, Inc., was served (D.E. 33); on April 5, 2007, Defendant Echo Target, Inc., was served; on April 6, 2007, Defendants 24/7 Real Media, Inc. and Cheapflights (USA), Inc., were served (D.E. 25 and D.E. 37); and on April 9, 2007, Defendants, Hotwire, Inc. and Tripadvisor LLC, were served (D.E. 27 and D.E. 28). To date, these Defendants have failed to answer or otherwise respond. Accordingly, it is

**ORDERED AND ADJUDGED** that Plaintiff shall submit a *Motion for Entry of Clerk's Default* no later than **May 11, 2007**, that includes the certificates of service indicating that notice was sent to the Defendants, including the addresses to which they were sent. Plaintiff's failure to file a *Motion for Entry of Clerk's Default* within the specified time may result in a **dismissal** without prejudice.

07-60399-CIV-ALTONAGA/Turnoff

**DONE AND ORDERED** in Chambers at Miami, Florida, this 1st day of May, 2007.

_Cecilia M. Altonaga_
**CECILIA M. ALTONAGA**
**UNITED STATES DISTRICT JUDGE**

cc:     Magistrate Judge William C. Turnoff
        counsel of record

2

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
### MIAMI DIVISION

### CASE NO. 07-60399-CIV-ALTONAGA/Turnoff

**SPIRIT AIRLINES, INC.,**

      Plaintiff,

vs.

**24/7 REAL MEDIA, INC.,** et al.,

      Defendants.

_____/

### <u>ORDER</u>

**THIS CAUSE** came before the Court upon a *sua sponte* review of the record. On March 22, 2007, Plaintiff, Spirit Airlines, Inc. ("Spirit"), filed its Complaint for Interpleader [D.E. 1]. In the Complaint, Spirit alleges that the Court has subject matter jurisdiction over the case under both the Federal Interpleader Act ("FIA"), 28 U.S.C. § 1335, and Federal Rule of Civil Procedure 22 in concert with the diversity statute, 28 U.S.C. § 1332. Because federal courts are bound to ensure that their exercise of jurisdiction is proper, the Court here undertakes an analysis of subject matter jurisdiction. *See University of S. Alabama v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999).

There are two different types of interpleader actions: rule-based (under Rule 22) and statutory (under the FIA). In rule-based interpleader actions, federal courts may exercise subject matter jurisdiction only where one of the Article III grants of jurisdiction is implicated.[1] In statutory interpleader actions, federal courts may exercise subject matter jurisdiction so long as the requirements of the FIA are met.

In this case, Spirit alleges that its suit is premised upon both the FIA and Rule 22. It alleges

_____

[1] Because Rule 22 is simply a procedural rule, it does not itself confer subject matter jurisdiction.

that, should the Court treat this action as a Rule 22 interpleader action, the Court may exercise subject matter jurisdiction pursuant to 28 U.S.C. § 1332, the diversity statute. District courts may exercise diversity jurisdiction where the amount in controversy exceeds $75,000 and the suit is between citizens of one state and citizens or subjects of another state. 28 U.S.C. § 1332(a). Diversity jurisdiction requires complete diversity, meaning that every plaintiff must be diverse from every defendant. *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998). A corporation is "deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c)(1).

In its Complaint, Spirit asserts that it is incorporated in Delaware and that its principal place of business is in Florida. (*See Compl.* [D.E. 1] at ¶ 1). A review of the Complaint indicates that a number of Defendants are also incorporated in Delaware. (*See id.* at ¶¶ 2, 4, 7, 9, 11, 14, 18, 20-21). Diversity is not complete in this case and the Court may not exercise diversity subject matter jurisdiction. Thus, this action may not proceed as a rule-based interpleader action.

Because there is no diversity jurisdiction, this case may only proceed as a statutory interpleader action under the FIA. It appears that the statutory requirements for jurisdiction are met. *See* 28 U.S.C. § 1335(a) (requiring that the amount in controversy exceed $500 and that two or more adverse claimants be of diverse citizenship). In a statutory interpleader action, however, deposit of the amount in controversy with the Court is a requirement for the exercise of jurisdiction. *See* 28 U.S.C. § 1335(a)(2). The amount required to be deposited is the highest amount in controversy in the case. *See* 4 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE - CIVIL § 22.04[6][b].

A review of the pleadings that have been filed indicates that Defendant, Carrollton Bank,

asserts that it is entitled to $660,697.73 from Spirit. (*See Carrollton Bank Ans.* [D.E. 15] at ¶ II.2). While Spirit asserts in its Complaint that that amount is subject to proration or other deduction, such a determination cannot be made at this stage of the proceedings.

In addition, in a statutory interpleader action, the choice of venue must be made in accordance with the FIA. Courts have held that plaintiffs in statutory interpleader actions may not rely, as an alternative, upon the general venue statute, 28 U.S.C. § 1391, in choosing venue for their actions. *See, e.g., Metropolitan Life Ins. Co. v. Chase*, 294 F.2d 500, 502 (3d Cir. 1961); *Leader Nat'l Ins. Co. v. Shaw*, 901 F. Supp. 316, 320-21 (W.D. Okla. 1995). The venue statute for statutory interpleader actions, 28 U.S.C. § 1397, provides that venue is proper in judicial districts where one or more of the claimants reside. It appears, therefore, that venue may not be proper in this Court.

Based on the foregoing, it is

**ORDERED AND ADJUDGED** as follows:

1.      Spirit shall submit a written filing addressing: (1) whether Spirit is, in fact, obligated to make a deposit in the amount of $660,697.73 with the Court Registry and whether Spirit is prepared to make such a deposit; and (2) whether venue is proper in this Court. Such filing shall be made **on or before May 17, 2007**.

2.      Given the undersigned's concerns about jurisdiction and venue, the Court's May 1, 2007 Order on Default Procedure **[D.E. 39]** is **Set Aside** pending a determination of whether this case should proceed in this Court.

3

Case No. 07-60399-CIV-ALTONAGA/Turnoff

**DONE AND ORDERED** in Chambers at Miami, Florida this 3rd day of May, 2007.

_Cecilia M. Altonaga_
**CECILIA M. ALTONAGA**
**UNITED STATES DISTRICT JUDGE**

Copies provided to:
(1)   Magistrate Judge William C. Turnoff
(2)   Counsel of record

4

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 07-60399-CIV-ALTONAGA/TURNOFF

SPIRIT AIRLINES, INC.

     Plaintiff,

vs.

24/7 REAL MEDIA, INC., et. al.

     Defendants.

_____/

**DEFENDANT ADVERTISING.COM, INC. AND AMERICA ONLINE, INC.'S
UNOPPOSED MOTION FOR INDEFINITE ENLARGEMENT OF TIME
TO RESPOND TO COMPLAINT FOR INTERPLEADER**

Defendants Advertising.com, Inc. ("Advertising.com") and America Online, Inc. d/b/a AOL ("AOL") hereby move this Court for an indefinite enlargement of time, pending the Court's decision as to whether this case should proceed in this Court, in which to respond to the Complaint for Interpleader filed by Plaintiff Spirit Airlines, Inc. ("Spirit"). In support of this motion, Advertising.com and AOL state as follows:

1. Spirit's Complaint for Interpleader alleges that this Court has subject matter jurisdiction under both the Federal Interpleader Act ("FIA"), 28 U.S.C. § 1335, and Federal Rule of Civil Procedure 22 in concert with the diversity statute, *id.* § 1332.

2. On April 27, 2007, Advertising.com and AOL moved for a brief enlargement of time, through and including May 9, 2007, to serve their answers or motions addressed to the Complaint for Interpleader. DE-16-1. The Court granted the motion that same day. DE-21.

3.      On May 1, 2007, the Court ordered Spirit to submit a "Motion for Entry of Clerk's Default" no later than May 11, 2007, with respect to Defendants TravelZoo, Inc., Travel Marketing Group, Inc., Echo Target, Inc., Real Media, Inc., Cheapflights (USA), Inc., Hotwire, Inc., and Tripadvisor LLC, Inc. ("Order on Default Procedure").  DE-39.  "To date," the Court explained, those Defendants "have failed to answer or otherwise respond" to the Complaint for Interpleader.

4.      On May 3, 2007, the Court, *sua sponte*, issued an Order addressing the issues of subject matter jurisdiction and venue in this Court.  DE-40.  The Court determined that complete diversity is lacking in this matter and, therefore, Spirit may not proceed in this Court pursuant to Federal Rule of Civil Procedure 22.  *Id.* at 2.

5.      Because only statutory interpleader under the FIA is potentially available to Spirit, the Court explained that "deposit of the amount in controversy with the Court is a requirement for the exercise of jurisdiction."  *Id.* (citing 28 U.S.C. § 1335(a)(2)).  As the Court observed, Defendant Carrollton Bank has asserted that it is entitled to $660,697.73 from Spirit. Spirit, by contrast, claims that the amount in controversy -- that is, the amount Spirit alleges it owes all defendants -- is just $458,186.26.  Complaint [DE-1] ¶ 59.  Notably, that figure is less than the amount that Advertising.com and AOL, alone, maintain they are owed ($506,841.33). *See id.* ¶¶ 45 & 56.  The amount in controversy is therefore highly disputed in this case.

6.      The Court further observed that the venue statute for statutory interpleader actions, 28 U.S.C. § 1397, provides that venue is proper in judicial districts where one or more of the claimants reside.  Therefore, the Court explained, "[i]t appears . . . that venue may not be proper in this Court."  DE-40, at 3.

7.      Accordingly, the Court ordered Spirit to submit a written filing addressing two separate issues: (1) whether Spirit is, in fact, obligated to make a deposit in the amount of $660,697.73 with the Court Registry, and whether Spirit is prepared to make such a deposit; and (2) whether venue is proper in this Court.  *Id.*

8.      The Court ordered Spirit to brief the foregoing issues by May 17, 2007.  *Id.*

9.      In light of the Court's concerns over subject-matter jurisdiction and venue, the Court set aside the Order on Default Procedure "pending a determination of whether this case should proceed in this Court."  *Id.*  The Court did not, however, address a related question: whether Advertising.com and AOL are still required to respond to the Complaint for Interpleader by May 9, 2007.

10.      For the same reasons the Court aside its Order on Default Procedure, it should indefinitely continue the deadline for Advertising.com and AOL to respond to the Complaint for Interpleader.  The Court has raised serious concerns as to whether jurisdiction and venue are proper in this Court, and has ordered Spirit to promptly address those concerns through written submissions.  In the event the Court determines that jurisdiction is lacking or that venue is improper, this case must be dismissed.

11.      Advertising.com and AOL therefore seek an indefinite enlargement of time to respond to the Complaint for Interpleader, pending the Court's determination of whether this case should proceed in this Court.  Such an enlargement will serve the interests of judicial economy, in that it will potentially obviate the need for Advertising.com and Spirit to respond to the Complaint for Interpleader, and potentially relieve the Court of the burden of addressing motions to dismiss by Advertising.com and AOL.

12.    Attorneys of record have communicated to the undersigned that Spirit has <u>no objection</u> to the enlargement of time requested herein.

13.    This motion is brought in good faith and not for the purpose of delay, and no party will be harmed by granting the relief requested herein.

14.    A proposed order granting this motion is attached.

WHEREFORE, Defendants Advertising.com, Inc. and America Online, Inc. respectfully move for an enlargement of time, pending the Court's determination as to whether this case should proceed in this Court, to serve their responses to the Complaint for Interpleader.

Dated:  May 7, 2007
Miami, Florida

                                      Respectfully submitted,


                                      /s/ Samuel S. Heywood
                                      James M. Miller (FL Bar No. 201308)
                                      james.miller@akerman.com
                                      Samuel Heywood (FL Bar No. 0016604)
                                      samuel.heywood@akerman.com
                                      **AKERMAN SENTERFITT**
                                      One Southeast Third Avenue, 25th Floor
                                      Miami, FL  33131-1714
                                      Telephone:  (305) 374-5600
                                      Facsimile:  (305) 374-5095

                                      *Attorneys for Defendants*
                                      *Advertising.com, Inc. and*
                                      *America Online, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on May 7, 2007, I electronically filed the foregoing document with the Clerk of the Court using Cmplnt./ECF.  I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by Cmplnt./ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.


/s/ Samuel S. Heywood
Samuel S. Heywood

**<u>SERVICE LIST</u>**

*Spirit Airlines, Inc. v. 24/7 REal Media, Inc., et. al.*,
**Case No.  07-60399-CIV-ALTONAGA/TURNOFF**

Anthony J. Carriuolo, Esq.
acarriuolo@bergersingerman.com
Berger Singerman
350  East Las Olas Boulevard
Suite 1000
Ft. Lauderdale, FL 33301
Tel:  954-525-9000
Fax:  954-2872
Local counsel for Plaintiff
Spirit Airlines, Inc.


Connie A. Lahn, Esq.
Lara O. Glaesman, Esq.
lara.glaesman@fmjlaw.com
connie.lahn@fmjlaw.com
Fafinski Mark & Johnson, P.A.
Flagship Corporate Center
775 Prairie Center Drive, Suite 400
Eden Prairie, MN 55344
Tel:  952-995-9500
Fax: 952-995-9577
Counsel for Plaintiff
Spirit Airlines, Inc.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 07-60399-CIV-ALTONAGA/TURNOFF

SPIRIT AIRLINES, INC.

      Plaintiff,

vs.

24/7 REAL MEDIA, INC., et. al.

      Defendants.

_____/

**ORDER GRANTING DEFENDANTS ADVERTISING.COM, INC. AND AMERICAN ONLINE, INC.'S UNOPPOSED MOTION FOR INDEFINITE ENLARGEMENT OF TIME TO RESPOND TO COMPLAINT FOR INTERPLEADER**

**THIS CAUSE** is before the Court on Defendants Advertising.com, Inc. and America Online, Inc.'s Unopposed Motion for Indefinite Enlargement of Time to serve their answers or motions addressed to Plaintiff Spirit Airlines, Inc's Complaint for Interpleader. Upon consideration of the Motion for Indefinite Enlargement, the file, and being otherwise fully advised in the premises, it is hereby:

**ORDERED AND ADJUDGED** that Defendants' Motion for Indefinite Enlargement of Time is GRANTED. The time in which Defendants Advertising.com, Inc. and America Online, must serve their responses to Plaintiff's Complaint for Interpleader is enlarged indefinitely, pending the Court's decision, pursuant to its Order dated May 3, 2007 [DE-40], as to whether this case should proceed in this Court.

**DONE AND ORDERED** in Chambers at Miami-Dade County, Florida this \_\_\_\_ day of

May, 2007.

_____
CECILIA M. ALTONAGA
UNITED STATES DISTRICT JUDGE

cc:     Magistrate Judge William C. Turnoff
        Counsel of Record

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## MIAMI DIVISION

### CASE NO. 07-60399-CIV-ALTONAGA/Turnoff

**SPIRIT AIRLINES, INC.,**

      Plaintiff,

vs.

**24/7 REAL MEDIA, INC.,** et al.,

      Defendants.

_____/

### <u>ORDER</u>

      **THIS CAUSE** came before the Court upon Defendants, Advertising.com, Inc. ("Advertising.com") and America Online, Inc.'s ("AOL['s]") Unopposed Motion for Indefinite Enlargement of Time to Respond to Complaint for Interpleader [D.E. 41], filed on May 7, 2007. Advertising.com and AOL seek to enlarge the deadline for filing their responses to Plaintiff's Complaint until after the Court has ruled on the issues of subject matter jurisdiction and venue detailed in the May 3, 2007 Order [D.E. 40]. The Court having reviewed the Motion and the record, and being otherwise fully advised in the premises, it is

      **ORDERED AND ADJUDGED** that Defendants' Motion **[D.E. 41]** is **GRANTED** in part. The deadline by which Advertising.com and AOL must serve their responses to Plaintiff's Complaint is enlarged to ten calendar days after a decision allowing the case to proceed in this Court.

      **DONE AND ORDERED** in Chambers at Miami, Florida this 9th day of May, 2007.

*Cecilia M. Altonaga*

**CECILIA M. ALTONAGA**
**UNITED STATES DISTRICT JUDGE**

Copies provided to:
(1)    Magistrate Judge William C. Turnoff
(2)    Counsel of record

# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA
### MIAMI-DADE DIVISION

CASE NO.  07-60399-CIV-ALTONAGA/TURNOFF

SPIRIT AIRLINES, INC.,

      Plaintiff,

vs.

24/7 REAL MEDIA, INC., ADVERTISING. COM, INC.
AMERICA ONLIN, INC., d/b/a AOL, BURST MEDIA
CORPORATION, CARROLTON BANK,
CHEAPFLIGHTS (USA), INC.,
ECHO TARGET, INC., HOTWIRE, INC., INTERCEPT
INTERACTIVE, INC., PRICELINE.COM, LLC,
RACKSPACE, LTD., SHERMANS TRAVEL, INC.,
SIDESTEP, INC, SMARTER LIVING, INC., et. al.,

      Defendants.

_____/

## DEFENDANT VALUE CLICK INC.'S ANSWER
## AND AFFIRMATIVE DEFENSES

      Defendant VALUECLICK, INC., ("ValueClick"), hereby files its Answer, and

Affirmative Defenses to the Complaint For Interpleader filed by Plaintiff SPIRIT

AIRLINES, INC. ("Spirit") and in response states as follows:

### ANSWER

      Defendant ValueClick denies each and every allegation not specifically admitted

herein and answers each numbered paragraph of the Complaint as follows:

### PARTIES

      1.      Defendant lacks knowledge sufficient to form a belief as to the truth of the

allegations set forth in Paragraph 1 of the Complaint and, therefore, denies same.

2.      Defendant lacks knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 2 of the Complaint and, therefore, denies same.

3.      Defendant lacks knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 3 of the Complaint and, therefore, denies same.

4.      Defendant lacks knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 4 of the Complaint and, therefore, denies same.

5.      Defendant lacks knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 5 of the Complaint and, therefore, denies same.

6.      Defendant lacks knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 6 of the Complaint and, therefore, denies same.

7.      Defendant lacks knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 7 of the Complaint and, therefore, denies same.

8.      Defendant lacks knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 8 of the Complaint and, therefore, denies same.

9.      Defendant lacks knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 9 of the Complaint and, therefore, denies same.

10.     Defendant lacks knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 10 of the Complaint and, therefore, denies same.

11.     Defendant lacks knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 11 of the Complaint and, therefore, denies same.

12.     Defendant lacks knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 12 of the Complaint and, therefore, denies same.

Concepción Sexton & Martinez, Attorneys at Law
355 Alhambra Circle Suite 1250 • Coral Gables, Florida 33134 • Tel. 305.444.6669 • Fax. 305.444.3665
www.cfclaw.com

2

13.     Defendant lacks knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 130 of the Complaint and, therefore, denies same.

14.     Defendant lacks knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 14 of the Complaint and, therefore, denies same.

15.     Defendant lacks knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 15 of the Complaint and, therefore, denies same.

16.     Defendant lacks knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 16 of the Complaint and, therefore, denies same.

17.     Defendant lacks knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 17 of the Complaint and, therefore, denies same.

18.     Defendant lacks knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 18 of the Complaint and, therefore, denies same.

19.     Defendant lacks knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 19 of the Complaint and, therefore, denies same.

20.     Defendant lacks knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 20 of the Complaint and, therefore, denies same.

21.     Admitted.

22.     Defendant lacks knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 22 of the Complaint and, therefore, denies same.

23.     Defendant admits that Plaintiff purports to have brought an action for rule interpleader under Rule 22 of the Federal Rules of Civil Procedure, and for statutory interpleader under the Federal Interpleader Act, 28 U.S.C.A. § 1335.

Concepción Sexton & Martinez, Attorneys at Law
355 Alhambra Circle Suite 1250 • Coral Gables, Florida 33134 • Tel. 305.444.6669 • Fax. 305.444.3665
www.cfclaw.com

3

24.    Defendant admits that Plaintiff purports to have brought an action in which the amount in dispute exceeds the sum of $500.00, but otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 24 of the Complaint and, therefore, denies the remaining allegations of Paragraph 24.

25.    Defendant admits that Plaintiff purports to have brought an action in which the amount in dispute exceeds the sum of $75000.00, but otherwise lacks knowledge or information  sufficient to form a belief as to the truth of the allegations set forth in Paragraph 25 of the Complaint and, therefore, denies the remaining allegations of Paragraph 25.

26.    Defendant lacks knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 26 of the Complaint and, therefore, denies same.

## FACTS

A.    **Agreement Between Eisner And Spirit Airlines**

27.    Defendant admits that Plaintiff has attached Exhibit A to the Complaint, a document which speaks for itself. Defendant lacks knowledge sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 27 of the Complaint and, therefore, denies same.

28.    Defendant admits that Exhibit A speaks for itself. Defendant lacks knowledge sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 28 of the Complaint and, therefore, denies same.

Concepción Sexton & Martinez, Attorneys at Law
355 Alhambra Circle Suite 1250 • Coral Gables, Florida 33134 • Tel. 305.444.6669 • Fax. 305.444.3665
www.cfclaw.com

4

29. Defendant admits that Exhibit A speaks for itself. Defendant lacks knowledge sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 29 of the Complaint and, therefore, denies same.

30. Defendant admits that Exhibit A speaks for itself. Defendant lacks knowledge sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 30 of the Complaint and, therefore, denies same.

31. Defendant admits that Exhibit A speaks for itself. Defendant lacks knowledge sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 31 of the Complaint and, therefore, denies same.

32. Defendant admits that Exhibit A speaks for itself. Defendant lacks knowledge sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 32 of the Complaint and, therefore, denies same.

33. Defendant admits that Exhibit A speaks for itself. Defendant lacks knowledge sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 33 of the Complaint and, therefore, denies same.

34. Defendant admits that Exhibit A speaks for itself. Defendant lacks knowledge sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 34 of the Complaint and, therefore, denies same.

35. Defendant lacks knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 35 of the Complaint and, therefore, denies same.

36. Defendant lacks knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 36 of the Complaint and, therefore, denies same.

Concepción Sexton & Martinez, Attorneys at Law
355 Alhambra Circle Suite 1250 • Coral Gables, Florida 33134 • Tel. 305.444.6669 • Fax. 305.444.3665
www.cfclaw.com

5

**B.** **Communications Spirit Airlines Received From Carrollton Bank and Other Defendants**

37.    Defendant admits that Exhibit B to the Complaint, a document which speaks for itself. Defendant lacks knowledge sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 37 of the Complaint and, therefore, denies same.

38.    Defendant admits that Exhibit C to the Complaint, a document which speaks for itself. Defendant lacks knowledge sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 38 of the Complaint and, therefore, denies same.

39.    Defendant lacks knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 39 of the Complaint and, therefore, denies same.

40.    Defendant admits that Exhibit D to the Complaint, a document which speaks for itself. Defendant lacks knowledge sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 40 of the Complaint and, therefore, denies same.

41.    Defendant admits that Exhibit D speaks for itself. Defendant lacks knowledge sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 41 of the Complaint and, therefore, denies same.

42.    Defendant lacks knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 42 of the Complaint and, therefore, denies same.

43.    Defendant admits that Exhibit E attached to the Compliant, a document which speaks for itself. Defendant lacks knowledge sufficient to form a belief as to the

Concepción Sexton & Martinez, Attorneys at Law
355 Alhambra Circle Suite 1250 • Coral Gables, Florida 33134 • Tel. 305.444.6669 • Fax. 305.444.3665
www.cfclaw.com

6

truth of the remaining allegations set forth in Paragraph 43 of the Complaint and, therefore, denies same.

44.     Defendant lacks knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 44 of the Complaint and, therefore, denies same.

45.     Defendant admits that Exhibit F attached to the Complaint, a document which speaks for itself. Defendant lacks knowledge sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 45 of the Complaint and, therefore, denies same.

46.     Defendant lacks knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 46 of the Complaint and, therefore, denies same.

47.     Defendant admits that Exhibit G attached to the Complaint, a document which speaks for itself. Defendant lacks knowledge sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 47 of the Complaint and, therefore, denies same.

48.     Defendant admits that Exhibit G speaks for itself. Defendant lacks knowledge sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 48 of the Complaint and, therefore, denies same.

49.     Defendant admits that Exhibit H attached to the Complaint, a document which speaks for itself. Defendant lacks knowledge sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 49 of the Complaint and, therefore, denies same.

50.     Defendant admits that Exhibit I attached to the Complaint, a document which speaks for itself. Defendant lacks knowledge sufficient to form a belief as to the

Concepción Sexton & Martinez, Attorneys at Law
355 Alhambra Circle Suite 1250 • Coral Gables, Florida 33134 • Tel. 305.444.6669 • Fax. 305.444.3665
www.cfclaw.com

7

truth of the remaining allegations set forth in Paragraph 50 of the Complaint and, therefore, denies same.

51.     Defendant lacks knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 51 of the Complaint and, therefore, denies same.

52.     Defendant admits that Exhibit J attached to the Complaint, a document which speaks for itself. Defendant lacks knowledge sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 52 of the Complaint and, therefore, denies same.

53.     Defendant lacks knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 53 of the Complaint and, therefore, denies same.

54.     Defendant admits that Exhibit J speaks for itself. Defendant lacks knowledge sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 54 of the Complaint and, therefore, denies same.

55.     Defendant lacks knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 55 of the Complaint and, therefore, denies same.

56.     Defendant admits that Exhibit K attached to the Complaint, a document which speaks for itself. Defendant lacks knowledge sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 56 of the Complaint and, therefore, denies same.

57.     Defendant lacks knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 57 of the Complaint and, therefore, denies same.

58.     Defendant admits that Exhibit L attached to the Complaint, a document which speaks for itself. Defendant lacks knowledge sufficient to form a belief as to the

Concepción Sexton & Martinez, Attorneys at Law
355 Alhambra Circle Suite 1250 • Coral Gables, Florida 33134 • Tel. 305.444.6669 • Fax. 305.444.3665
www.cfclaw.com

8

truth of the remaining allegations set forth in Paragraph 58 of the Complaint and, therefore, denies same.

59.     Defendant admits that Exhibit M attached to the Complaint, a document which speaks for itself. Defendant lacks knowledge sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 59 of the Complaint and, therefore, denies same.

60.     Defendant lacks knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 60 of the Complaint and, therefore, denies same.

61.     Defendant admits that Exhibit M speaks for itself. Defendant lacks knowledge sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 61 of the Complaint and, therefore, denies same.

62.     Defendant admits that Exhibit M speaks for itself. Defendant lacks knowledge sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 62 of the Complaint and, therefore, denies same.

63.     Defendant admits that Exhibit L attached to the Complaint, a document speaks for itself. Defendant lacks knowledge sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 63 of the Complaint and, therefore, denies same.

**C.     Deposit of Funds**

64.     Defendant lacks knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 64 of the Complaint and, therefore, denies same.

65.     Admitted.

Concepción Sexton & Martinez, Attorneys at Law
355 Alhambra Circle Suite 1250 • Coral Gables, Florida 33134 • Tel. 305.444.6669 • Fax. 305.444.3665
www.cfclaw.com

9

66.     Defendant lacks knowledge sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 66 of the Complaint and, therefore, denies same.

67.     Defendant lacks knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 67 of the Complaint and, therefore, denies same.

68.     Defendant lacks knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 68 of the Complaint and, therefore, denies same.

69.     Plaintiff's proffer calls for no response, and therefore, Defendant denies same.

## COUNT I

### Interpleader Under 28 U.S.C.A. § 1335 And
### Rule 22 Of The Federal Rules Of Civil Procedure

70.     Defendant realleges and incorporates their responses to Paragraphs 1 through 69 of the Compliant as though fully set forth herein.

71.     Defendant lacks knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 71 of the Complaint and, therefore, denies same.

72.     Plaintiff's admission calls for no response and therefore, Defendant denies same.

73.     Defendant lacks knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 73 of the Complaint and, therefore, denies same.

74.     Defendant lacks knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 74 of the Complaint and, therefore, denies same.

Concepción Sexton & Martinez, Attorneys at Law
355 Alhambra Circle Suite 1250 • Coral Gables, Florida 33134 • Tel. 305.444.6669 • Fax. 305.444.3665
www.cfclaw.com

10

75.     Defendant lacks knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 75 of the Complaint and, therefore, denies same.

76.     Plaintiff's proffer calls for no response, and therefore, Defendant denies same.

77.     Defendant lacks knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 77 of the Complaint and, therefore, denies same.

78.     Defendant lacks knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 78 of the Complaint and, therefore, denies same.

79.     Denied.

80.     Defendant lacks knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 80 of the Complaint and, therefore, denies same.

In response to the unnumbered 'Wherefore' clause following Paragraph 80 of the Complaint, Defendant does not oppose Plaintiff's request that this Court determine through interpleader the competing or potentially competing claims of Defendant Value Click and all other persons named in the Complaint to the Eisner Funds, extinguishing with finality these claims and restraining all parties named as defendants in this action from instituting any other proceeding against Plaintiff in any other forum. Defendant denies that Plaintiff should be discharged of all liability in this action by depositing the Eisner Funds with the Court or that it is entitled to its reasonable attorneys' fees and costs associated with filing this interpleader action.

## AFFIRMATIVE DEFENSES

As and for its Affirmative defenses, Defendant states as follows:

### *First Affirmative Defense*
### *Improper Party Joined*

1.      Upon information and belief, it appears that Plaintiff Spirit Airlines, Inc. is referring at paragraph 49 of its Complaint, to an agreement that was entered into by Eisner Communications, Inc. ("Eisner") and Mediaplex, Inc. ("Mediaplex") and not ValueClick, Inc., despite the fact that Mediaplex is a wholly owned subsidiary of Value Click, Inc.

2.      On    November 18, 2005, Mediaplex entered into an agreement ("Contract") with Eisner to provide *inter-alia* access to the specific third party advertising tools known as MOJO technology services. (Exhibit "A" Contract between Eisner and Mediaplex).

3.      In return for providing the above-stated services, Mediaplex was to be compensated by Eisner pursuant to the rates and terms enumerated in Exhibit "A" attached to the Contract, the MOJO Adserver Rate Card.

4.      Pursuant to the terms of the Contract, Mediaplex billed Eisner for its services performed and was paid by Eisner until November, 2006, when it closed its business operations.

5.      At this time there were three outstanding invoices unpaid by Eisner. (Composite Exhibit "B" Three Invoices from Mediaplex to Eisner).

6.      Said invoices clearly state that the clients are Eisner Interactive/Spirit Air (see Composite Exhibit "B").

7.      Pursuant to the invoices dated 7/31/2006, 9/30/2006, 10/31/2006, the outstanding payments due are $19,929.86; $ 2,582.12; and $10,317.97 respectively. (see Composite Exhibit "B").

Concepción Sexton & Martinez, Attorneys at Law
355 Alhambra Circle Suite 1250 • Coral Gables, Florida 33134 • Tel. 305.444.6669 • Fax. 305.444.3665
www.cfclaw.com

12

8.     Thus the total payment still outstanding from Eisner with regard to the Spirit account is $32,829.95.

9.     Therefore, Spirit should have joined Mediaplex as a defendant, rather than ValueClick.

### *Second Affirmative Defense*

Plaintiff is not entitled to recovery of reasonable attorney's fees and costs.

### *Third Affirmative Defense*

The mere deposit of the Eisner Funds into the Court's registry should not alone relieve Plaintiff of any liability in this action.

### *Fourth Affirmative Defense*

Defendant reserves the right to assert additional defenses or claims, which may become known during the course of discovery.

WHEREFORE, Defendant VALUECLICK, INC. respectfully requests that this Court:

(a) determine through interpleader that portion of the Eisner Funds which is due to its subsidiary Mediaplex, Inc.;

(b) extinguish with finality the claims to the Eisner Funds of all parties joined as defendants to this action;

(c) restrain all parties joined as defendants from instituting an action against Plaintiff to recover the Eisnser Funds in any other federal or state court; and

(d) order Plaintiff to drop ValueClick as a party and substitute Mediaplex, Inc. instead;

(e) grant Defendant such other relief as the Court deems just and proper.

Date: 10th, May, 2007

Concepción Sexton & Martinez, Attorneys at Law
355 Alhambra Circle Suite 1250 • Coral Gables, Florida 33134 • Tel. 305.444.6669 • Fax. 305.444.3665
www.cfclaw.com

13

Respectfully submitted,

CONCEPCION SEXTON & MARTINEZ
355 Alhambra Circle, Suite 1250
Coral Gables, Florida 33134
Tel: (305) 444-6669
Fax: (305) 444-3665
*Attorneys for Defendant*

By: _____
FRANCIS X. SEXTON, JR. ESQ.
Fla. Bar. No.: 345423
fsexton@cfclaw.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was filed electronically and conveyed electronically to all on the attached Service List this 10th day of May, 2007.

By: _____
FRANCIS X. SEXTON, JR. ESQ.
Fla. Bar. No.: 345423
fsexton@cfclaw.com

Concepción Sexton & Martinez, Attorneys at Law
355 Alhambra Circle Suite 1250 • Coral Gables, Florida 33134 • Tel. 305.444.6669 • Fax. 305.444.3665
www.cfclaw.com

14

## SERVICE LIST

Anthony J. Carriuolo,  Esq.
Attorney for Plaintiff
 BERGER SINGERMAN
 350 East Las Olas Blvd., Suite 1000
 Ft. Lauderdale, Florida 33301.
 acarriuolo@bergersingerman.com

 Connie A. Lahn, Esq.
 Lara O. Glaesman, Esq.
Attorney for Plaintiff
Fafinski Mark & Johnson, P.A.
775 Prairie Center Drive, Suite 400
Eden Prairie, MN 55344
 lara.glaesman@fmilaw.com
 connie.lahn@fmilaw.com

Steven J. Lachterman, P.A.
Attorney for Hotwire Inc.
Smarter Living Inc. & Tripadvisor LLC.
848 Brickell Avenue, Suite 750
Miami, FL 33131

T:\CFCLAW\CASES\U-Z\Valueclick\Spirit Airlines, Inc\Pleadings\Firms Pleadings\Complaints Answers Counterclaim\Def
ValueClick's Answer To Complaint For Interpleader.doc

Received: 11/18/05  1:50PM;                  2124719599 -> MEDIAPLEX SALES1;   Page 5
11/18/2005 05:32 FAX 2124719599            Mediaplex NYC                              ☑005

**⟨⟩Mediaplex**

177 Steuart Street, 6th Floor
San Francisco, CA 94105
Phone: 415-808-1900
Fax: 415-808-1901
www.mediaplex.com

October 19, 2005

**Mr. Michael Teitelbaum**
**Eisner Interactive - A Division of Eisner Communications, Inc.**
**509 South Exeter Street**
**Baltimore, MD 21202**

Re:     **Mediaplex Agreement with Eisner Interactive - A Division of Eisner
        Communications, Inc. for the MOJO Technology Services**

Dear Mr. Teitelbaum:

Mediaplex, Inc. ("Mediaplex") thanks you for the opportunity to provide you with
our MOJO ad serving technology. We are excited about our prospective
collaboration, and we look forward to a long and mutually rewarding relationship
with Eisner Interactive - A Division of Eisner Communications, Inc. ("Agency").
The purpose of this letter is to memorialize the terms of our agreement (the
"Agreement").

1.     **Mediaplex's Technology Services**

       Mediaplex will provide access to the specific third-party advertising technology tools
       referenced in Exhibit A ("MOJO Technology Services").

2.     **Implementation Training and Ongoing Training**

       Mediaplex will provide initial implementation priced pursuant to Exhibit A (the
       "Rate Card"). Additional ongoing training shall be invoiced upon completion of
       training, which shall be due and payable upon receipt.

3.     **Compensation**

       It is agreed that Agency shall receive pricing for use of Mediaplex's MOJO
       Technology Services pursuant to Exhibit A. Mediaplex will submit invoices monthly
       to Agency, based on impression levels reported by the MOJO system that shall be
       due and payable within thirty (30) days of its receipt by Agency. Agency shall be
       responsible for any and all charges and costs incurred by Mediaplex on behalf of
       Agency or Agency's Clients. In the event that any of Agency's Clients become unable
       to pay, insolvent or bankrupt, Agency will be solely responsible for any and all
       outstanding charges owing and due to Mediaplex as a result of the campaign.

**EXHIBIT**

**A**

Received: 11/18/05 1:50PM;                 2124719599 -> MEDIAPLEX SALES1;   Page 6
11/18/2005 05:32 FAX 2124719599        Mediaplex NYC                                 ☑006

**◇Mediaplex**

Mediaplex's obligation to perform under the terms of this Agreement is contingent upon a showing by Agency of acceptable credit history. In the event Agency is unable to show acceptable credit history, Mediaplex and Agency may agree to alternate Compensation terms at the sole discretion of Mediaplex. In addition, if Agency cannot show a history of good credit, Mediaplex may cancel this Agreement at its sole discretion. Either party may terminate this Agreement with thirty (30) days prior written notice.

## 4. Technology and Licenses

This Agreement shall not be construed to grant any license under any trade secret, patent, patent application, industrial design, trademark, copyright, confidential process, formula, plan, computer program, data or other valuable confidential information or know-how of either party. Each party shall retain all right, title and interest in all of its proprietary property rights and Confidential Information, as defined below, both currently used and which may be developed and used in the future.

## 5. Service Levels

The MOJO Technology Products consist of MOJO Adserver, MOJO Publisher, and MOJO Mail. MOJO Adserver and MOJO Publisher serve banner advertisements. MOJO Mail provides email list management, email campaign configuration, and message delivery. Users access interfaces to configure campaigns and banners, as well as access performance reports. The MOJO Technology Products will be "available" at the following minimums:

a) 99% for MOJO Adserver and MOJO Publisher Ad Serving

Ad serving is "available" if the MOJO Adserver or MOJO Publisher product successfully processes Ad Serving requests in no more than 2 seconds and performs the ad delivery as defined per the configuration in the MOJO Adserver or MOJO Publisher product.

b) 99% for MOJO Mail email message delivery

MOJO Mail Email message delivery is "available" if one successful attempt to send all configured email messages is made within 24 hours of the creation of the email messages.

c) 95% for MOJO Adserver, MOJO Publisher, MOJO Mail Configuration and Reporting Interfaces

The MOJO Adserver, MOJO Publisher, and MOJO Mail products contain web based interfaces for campaign, ad banner, and email message configuration, and for performance reporting. These interfaces will be "available" no less than 95% of the time for access by Agency or Agency's client.

In addition, performance reports available in the interfaces will be considered "available" if the reporting data presented to users is no more than 24 hours old for those reports processed in near-real time, hourly or daily. For reports processed on

Received: 11/18/05   1:51PM;                2124719599 -> MEDIAPLEX SALES1;   Page 7
11/18/2005 05:33 FAX 2124719599          Mediaplex NYC                                    ☑007

**⌖Mediaplex**

weekly or monthly cycles, report data will be "available" if the report data is current as of the previous week or month.

If the above standards for the MOJO Technology Products are breached four (4) times in a six-month period, Agency will have the right to terminate this Agreement on 15 days notice. However, for the purposes of this provision, acceptable system down time shall include the following: (a) time required for reasonable routine system maintenance that is performed by Mediaplex for up to 4 hours each week; and (b) time resulting from technical malfunctions in Agency or Agency's client site systems.

Mediaplex will calculate the above percentages on a monthly basis. Mediaplex is not responsible for any damages, which may result from Mediaplex's MOJO Technology Services being unavailable if the unavailability of such services falls within the acceptable availability parameters of this Section 5.

## 6.   Ownership of Data

Agency will retain the sole and exclusive right to use all data derived from its use of Mediaplex's Technology Services provided that Mediaplex may use and disclose the visitors data (other than personally identifiable information) derived from Agency's use of the MOJO Technology Services only for (1) Mediaplex's reporting purposes consisting of compilation of aggregated statistics about these technology tools (e.g., the aggregate number of ads delivered) that may be provided to customers, potential customers and the general public, and (2) if required by court order, law or government agency. Any re-marketing or other use of this data (excluding the exceptions listed above) by Mediaplex or Agency requires the explicit, written approval of the other party.

## 7.   Relationship of the Parties and Term

The parties have agreed to work together as independent contractors. This Agreement shall commence on the first day it is signed by both parties (fax signatures are acceptable) (the "Effective Date") and shall run for a term of twelve months. Any termination of this Agreement will not affect Agency's obligations with respect to payment for any charges or costs already incurred as of the termination date. Mediaplex reserves the right to change or modify the terms and conditions of Exhibit A upon ninety (90) days written notice. This Agreement shall automatically renew for successive one-year terms if not terminated in writing by either party. Mediaplex reserves the right to modify, amend or curtail its privacy policy and opt-in requirement to conform to the Industry Best Practices and accommodate changes made by its Internet Services Providers from time to time.

## 8.   Forecasting and Projecting

In order to effectively plan for infrastructure enhancements needed to service Agency's business, Mediaplex must regularly forecast and project the number of ad impressions to be served through its system. As such, Agency agrees to provide initial and regular (no less than on a monthly basis) projections of impression volume pursuant to Mediaplex's then current impression volume ad serving projections.

Received: 11/18/05  1:51PM;                2124719599 -> MEDIAPLEX SALES1;  Page 8
11/18/2005 05:33 FAX 2124719599         Mediaplex NYC                              ☑008

<>Mediaplex

Agency expressly acknowledges and agrees that Agency's adherence to the forecasts
and projections requirement represents a material provision of this Agreement.

## 9. Press Releases/Publication

Each party may use the name of the other party in acknowledging the relationship
between the two parties, provided that the confidentiality provision is strictly
enforced. Press releases involving both parties (or which mention both parties) shall
not be released without the consent of both parties. Notwithstanding the foregoing,
it is anticipated that the parties may release an initial announcement regarding the
substance of their relationship within fourteen (14) days of the Effective Date.
Thereafter, it is anticipated that the parties will participate in joint press releases and
announcements, and cooperate in the preparation of case studies and marketing
materials, as mutually agreed upon. In addition, Agency agrees to opt-in and be a
recipient of emails sent by Mediaplex from time to time concerning, among other
things, Mediaplex Service updates and other related communications.

## 10. Confidentiality

Each party acknowledges and represents that during the performance contemplated
by this Agreement such party may be provided with "Confidential Information"
relating to the other party. As such, the parties hereby acknowledge and confirm that
each will not disclose any Confidential Information of the other to any third-party
without the others' prior written permission. For purposes of this Agreement, the
term "Confidential Information" shall mean certain valuable Confidential
Information, including without limitation, certain information, plans, target
companies, customer information, business plans, marketing, sales and other related
information, specifications, drawings, sketches, models, samples, data, financial
information, contracts, vendors, employees, officers, directors, shareholders, notes,
computer programs, documentation, and other technical and business information,
in written, oral, graphic or other tangible form relating to Mediaplex's and Agency's
products, systems, services, and technology that: 1) the parties take measures to
protect; 2) could be valuable to the competitor of either party; and, 3) is not publicly
available.

The parties agree to hold all Confidential Information disclosed hereunder by the
other party in confidence from the date of its receipt hereunder and to use the same
degree of care, but no less than a reasonable degree of care, to prevent any
unauthorized disclosure or publication thereof as they use to protect their own
Confidential Information of a like nature. The parties agree not to disclose or divulge
any of such Confidential Information to anyone except their employees or other
third-parties who have a need to know such information and are directly involved in
the performance of the activities contemplated by this Agreement. The parties also
agree to make all necessary and appropriate efforts to safeguard the Confidential
Information that it receives from the other party from disclosure to anyone other
than as permitted hereby. The parties further agree not to use any of the Confidential
Information disclosed hereunder by the other party for any purpose other than to
pursue the business transaction(s) contemplated herein without the prior written
consent of the disclosing party. All Confidential Information disclosed pursuant to
this Agreement and all documents relating thereto disclosed hereunder shall remain

Received: 11/18/05 1:51PM; 2124719599 -> MEDIAPLEX SALES1; Page 9

11/18/2005 05:34 FAX 2124719599          Mediaplex NYC                              @009

**⊂⊃Mediaplex**

the property of the disclosing party and shall be returned promptly by the receiving party to the disclosing party together with any copies thereof upon receipt by the receiving party of a written request from the disclosing party therefore which the disclosing party may make at any time and from time to time. Each party acknowledges that the other may be currently or in the future developing information internally or receiving information that is similar to the Confidential Information described herein. As such, nothing herein shall prohibit a recipient party from developing or having developed for it designs, drawings, products, inventions, concept or techniques contemplated by or embodied in the Confidential Information that compete with the disclosing party provided that such development is done independently and does not violate any obligations under this Agreement. The terms of this Agreement shall not be construed to limit either party's right to independently develop or acquire products without use of Confidential Information.

Except as otherwise expressly permitted hereunder, no license for any confidential information or know-how is granted to the receiving party or can be implied by disclosure to the receiving party by the disclosing party of any of the disclosing party's Confidential Information hereunder. Each party acknowledges and agrees that, in the event of a breach by the other party of any of the provisions of this Confidentiality section, the non-breaching party would have no adequate remedy and that such breach may result in irreparable injury to such party for which monetary damages alone would not be an adequate remedy. Therefore, each party agrees that in the event of a breach or threatened breach of any of such provisions, the non-breaching party shall be entitled to injunctive or other equitable relief as a remedy therefore, without the necessity of posting a bond with respect thereto. Any such relief awarded shall be in addition to, and not in lieu of, any appropriate relief which may be awarded in the form of monetary damages, and the non-breaching party shall be entitled to monetary damages to the fullest permitted under applicable law. If any action or proceeding at law or in equity (including, without limitation, an arbitration or mediation) is necessary to enforce or interpret the terms of this Confidentiality section, the prevailing party shall be entitled to reasonable attorneys' fees, costs, and necessary disbursements in addition to any other relief to which such party may be entitled.

## 11. Representations and Warranties

Each party represents and warrants that (i) such party has all of the requisite right, title and authority to enter into this Agreement and to perform the acts required of it hereunder; and (ii) the entry into the Agreement and performance hereunder do not and will not violate any agreement of such party or by which such party is bound. Further, it is agreed that Agency is responsible for the accuracy, completeness and ownership of any and all information provided to Mediaplex and similarly, that Agency will be responsible for ensuring the acquisition of all required consents in respect of the use of all such information, including, without limitation, all intellectual property contained in these materials. Agency represents and warrants that any information provided to Mediaplex, or action taken pursuant to this Agreement, will not (i) infringe on any third-party's copyright, patent, trademark, trade secret or other proprietary rights, or rights to privacy or publicity; (ii) violate any applicable law, statute, ordinance or regulation ("Legal Requirement"), including but not limited to any Legal Requirement relating to email marketing; (iii) be

Received: 11/18/05  1:52PM;                    2124719599 -> MEDIAPLEX SALES1;  Page 10
11/18/2005 05:34 FAX 2124719599        Mediaplex NYC                              ☑010



defamatory or trade libelous; or (iv) violate any laws regarding unfair trade
competition, anti-discrimination or false advertising.

### 12. Indemnification

Each party agrees to indemnify and hold the other party and its respective affiliates,
employees, officers, agents, directors and representatives, harmless from any and all
claims, liabilities, damages, actions, or causes of action, either at law or in equity,
including without limitation reasonable attorneys' fees, costs related to in-house
counsel time, court costs and witness fees (collectively "Losses") attributable to,
arising out of, or in connection with, its own breach or violation or alleged breach or
violation of any representations and warranties or obligations herein, or any other
third-party claim with respect thereto.

### 13. Limitation of Liabilities

LIMITATIONS ON LIABILITY: IN NO EVENT SHALL MEDIAPLEX BE
LIABLE FOR ANY SPECIAL, INDIRECT, INCIDENTAL,
CONSEQUENTIAL OR PUNITIVE DAMAGES ARISING OUT OF THIS
AGREEMENT, HOWEVER CAUSED AND UNDER ANY THEORY OF
LIABILITY INCLUDING, DAMAGES RELATING TO LOSS OF PROFITS,
INCOME, GOODWILL, OR OF ANY NATURE. IN NO EVENT SHALL
MEDIAPLEX'S TOTAL OBLIGATIONS AND/OR OR LIABILITY FOR
MONETARY DAMAGES UNDER THIS AGREEMENT EXCEED THE
AMOUNTS RECEIVED FROM AGENCY UNDER THIS AGREEMENT,
EVEN IF MEDIAPLEX HAS BEEN ADVISED OF THE POSSIBILITY OF
SUCH DAMAGES.

### 14. Force Majeure

If either party shall be delayed, prevented, or restricted in its performance of any
obligation under this Agreement due to causes or events beyond its reasonable
control, including, but not limited to, Internet disruptions, viruses, network delays,
acts of God, acts of terrorism, fire, and governmental restriction, such delay or non-
performance shall be excused and not considered a breach of this Agreement.

### 15. Advertising Content

Mediaplex reserves the right to review all advertising content for full service clients.
In the event any content is deemed inappropriate, obscene or objectionable,
Mediaplex reserves the right to reject such content outright or request that the
client traffic it on their own. Such determination shall be made at Mediaplex's sole
discretion.

### 16. Choice of Law and Venue

It is agreed that any dispute or controversy arising out of or relating to any
interpretation, construction, performance or breach of this Agreement, shall be
exclusively governed by California law without respect to conflict of law provisions.

Received: 11/18/05 1:52PM;                    2124719599 -> MEDIAPLEX SALES1;  Page 11
11/18/2005 05:34 FAX 2124719599            Mediaplex NYC                              ☑011

⚫Mediaplex

The parties further agree to submit to personal jurisdiction in the courts of the State of California as such courts shall serve as the exclusive venue for all dispute resolution. The prevailing party of any litigated dispute arising out of or relating in any way to this Agreement shall receive its reasonable attorneys' fees, together with its costs and expenses incurred resolving the dispute, as part of the judgment.

### 17. MOJO Mail Privacy Protection and Use of Data

MOJO Mail is an **opt in** email product which only may be used to deliver email to Web users who have opted in to receive promotional offers through an online relationship marketing program. Each email address provided to Mediaplex by Agency must be a United States email address that was received by the Agency in an opt in fashion whereby Web user has opted in to receive email messages from the Agency and sending emails to such address would not constitute a mobile service message as defined by the CAN-SPAM Act (Public Law 108-187). Mediaplex will not deliver emails to addresses that were received by Agency and/or Agency's client based on Web users' failure to opt out of promotional offers. It is incumbent upon the Agency to ensure, and the Agency hereby represents, that (i) the opt in email list provided to Mediaplex fully complies with its own privacy policy as well as Mediaplex's privacy policy (included at the Mediaplex web site at www.Mediaplex.com and incorporated into the terms and conditions of this Agreement by this reference), specifically with the MOJO Mail opt in requirement and (ii) the CAN-SPAM Act, any other laws applicable to commercial email and/or any regulations or orders relating thereto. Further, as Web users opt out of the Agency's email program, such opt out information must be promptly provided to Mediaplex by Agency within two (2) business days to ensure that these Web users do not receive any email after the opt out date. Agency agrees to indemnify and hold Mediaplex and its respective affiliates, employees, officers, agents, directors and representatives, harmless from all allegations, claims, actions, causes of action, lawsuits, damages, liabilities, obligations, costs and expenses (including without limitation reasonable attorneys' fees, costs related to in-house counsel time, court costs and witness fees) (collectively "Losses") attributable to, arising out of or in connection with Agency's breach or violation or alleged breach or violation of this **opt in** representation and warranties or obligations associated thereby,. Mediaplex reserves the right to modify, amend or curtail its privacy policy and opt in requirement to conform to the Industry Best Practices and accommodate changes made by its Internet Service Providers from time to time.

### 18. Opt-Out Management

Mediaplex can handle all opt out activity and email list management on behalf of the Agency for an up front fee to be agreed between the parties. Mediaplex does not send, participate in or condone the use of unsolicited commercial email (commonly referred to as "SPAM").

### 19. Entire Agreement

This Agreement embodies the entire agreement between the parties, supersedes all prior oral and written agreements, and may not be amended or modified except by an agreement signed by both parties. The law of the State of California shall govern

Received: 11/18/05  1:52PM;                    2124719599 -> MEDIAPLEX SALES1;   Page 12
11/18/2005 05:35 FAX 2124719599          Mediaplex NYC                                    ☑012

<>Mediaplex

this Agreement. This Agreement may be executed in any number of counterparts and facsimile copies, each of which shall be deemed an original, and all of which together shall be deemed one and the same instrument. In the event that any of the provisions included herein are held to be unenforceable, the remaining portions of the Agreement will remain in full force and effect. Any notice or report required or permitted by this Agreement shall be made by personal delivery, mail or fax to the then operating fax number or business address to the attention of Elizabeth Ure, if to Mediaplex, or to Michael Teitelbaum, if to Agency.

If this Agreement as written is satisfactory to you, please sign it and fax us a copy for our file. Please retain the original for your files.


Regards,

MEDIAPLEX, INC.



AGREED TO AND ACCEPTED:


Mediaplex, Inc.                          Eisner Interactive - A Division of
                                         Eisner Communications, Inc.


By: _____                      By: _____

Title: GM                                Title: Campaign Manager

Date: 11/18/05                           Date: 11/18/2005

# ⟨⟩MEDIAPLEX

# Exhibit A: MOJO Adserver Rate Card

## Terms

This document, presented to Eisner Interactive on November 16, 2005 by Nancy Hall, provides Eisner Interactive with the pricing structure for Mediaplex technology and services. All rates in this contract expire within 60 days of original presentation to Eisner Interactive if not signed and received by Mediaplex.

Prior to any full-service campaign or custom work, Mediaplex will provide Eisner Interactive with a detailed Statement of Work estimating all campaign costs as outlined in this Rate Card.

## MOJO Adserver Implementation

In an ASP Self Service Model:

Implementation services enable Eisner Interactive to use MOJO Adserver to manage ad serving campaigns in an ASP environment. This service includes:

- Assigned Account Manager
- Setup of user-defined access to the MOJO Adserver interface and to MOJO Reports
- Customized training program
- Hands-on assistance implementing and testing <15> ROI tags
- Set up, training and support of MediaDirector
- Added Technical Support assistance during trafficking of initial campaigns

| Item | Rate |
|------|------|
| One-Time Implementation Fee | $2500 ASP |

## MOJO Adserver Pricing

| Yearly Impressions (MM) | CPM |
|-------------------------|--------|
| 0-100 MM | $0.10 |
| 101 – 200 MM | $0.09 |
| 201 – 300 | $0.07 |
| 300+ | Custom |

1

Confidential Information | Not to be disclosed, pursuant to the Nondisclosure Agreement

**MOJO** Adserver Rate Card

| Item | Rate |
|------|------|
| Click-Only Tracking | $0.01 per click |

| Item | Rate |
|------|------|
| Monthly Minimum *Monthly minimum will commence as of December 2005 | $2,000 |

- Click-only tracking is defined as the tracking and reporting of clicks when no impressions are served. (For example clicks in emails and/or hard-coded text links)
- Monthly invoices are based on actual impressions served and click-only activity
- Tracer tags inserted in creative served by another system count towards impression volume

## **MOJO** Adserver Optional Services

| Item | Rate |
|------|------|
| **Standard Trafficking Services** Including GIF, text links and click tracking. Up to 20 ad serving rules and 20 creatives included, additional rules $10 per rule per placement. $250 per hour fee for creatives that do not meet MFAA standards. | $50 per placement |
| **Advanced Trafficking Services** Including all rich media including but not limited to Flash, HTML, Java Script and Java Applets. Up to 20 ad serving rules and 20 creatives included, additional rules $10 per rule per placement. $250 per hour fee for creatives that do not meet MFAA standards | $75 Per placement |
| **eBusiness Messaging** Dynamic content from a client's live data source served in creative templates. See attached Exhibit B, SOW | Set-up fee and monthly maintenance fee based upon requirements |
| **Optimizer** Automatic optimization of creative based upon performance. | Included in CPM pricing above |
| **ROI Tags** Additional back-end conversion tags provide click-through and view-through conversion tracking beyond those included in the initial implementation. | $100 per ROI tag, one-time fee |
| **Organic Search** Track and report unduplicated organic and paid search results | $5000 Set up CPM (quoted above) based on tracking pixel volume |

MOJO Adserver Rate Card

| Item | Rate |
|---|---|
| **Custom Reports** | TBD based upon scope of work |
| **Performance Data Feed** <br> Automated delivery of detailed campaign performance data. | $2,500 set-up, one-time fee <br> $750 monthly fee per Client |
| **Training** <br> Additional web-based training is available. | $250 per hour |
| **Engineering Services** <br> Advanced engineering services are available as needed including: custom database configuration, ad hoc reporting or analysis requests and custom projects. | $250 per hour |
| **Technical Services** <br> Technical services are available as needed including: assistance trafficking, custom datafeed spec and set up, testing of custom features and rush jobs. | $125 per hour for Spirit Airline work <br> $150 per hour any other Eisner clients |

## Approvals

_____          11/18/05
Mediaplex                        Date

_____          11/18/2005
Eisner Interactive               Date

# eisner interactive

## Eisner Interactive Insertion Order

Insertion Ord: 7155 July Media Plan
Today's Date 07/26/05

Web Property
Valueclick

Advertising Representative
Alex Brenzel

| Phone | Fax | Email |
|---|---|---|
| 212-471-9551 | 775-257-1519 | abrenzel@valueclick.com |

| Traffic | | |
|---|---|---|
| Phone | Fax | Email |

| **ADVERTISER** | | |
|---|---|---|
| **Name:** Spirit Airlines | | **Contact:** Robert Schroeder - Director, Interactive Marketing |
| **Address:** 2800 Executive Way | | **Phone:** (954) 628-4904 |
| **City:** Miramar | | **Fax:** (954) 447-8084 |
| **State:** FL | | **E-Mail:** bobby.schroeder@spirit.com |
| **Zip:** 33025 | | |

| **AGENCY** | | | | **Contact:** Kristen Ellison |
|---|---|---|---|---|
| **Name** Eisner Interactive | | | | **Phone** (410) 843-3066 |
| **Address** 509 South Exeter Street | | | | **Fax** (410) 625-2497 |
| **City** Baltimore | | | | **E-Mail** kristen@eisnerinteractive.com |
| **State** MD | | | | |
| **Zip** 21202 | | | | |

| Element | Flight Date(s) | Impressions | Placement | CPM | Net Cost | Geo-Targeting | | Frequency Caps | |
|---|---|---|---|---|---|---|---|---|---|
| 728x90, 120x600, 160x600, 300x250, 468x60 | August 1 - 31, 2006 | 16,000,000 | RON | $1.25 | $20,000.00 | Detroit 12%, New York 12%, Fort Lauderdale/Miami 12%, Orlando 10%, Atlantic City 9%, Tampa 9%, Atlanta 9%, Chicago 5%, Fort Myers 5%, Providence, RI 5%, Washington, DC 5%, West Palm Beach 5%, Los Angeles 2%, Las Vegas 2%, Myrtle Beach 2%, San Francisco 2%. 50% budget spend Tuesday, 25% budget spend Wednesday, 25% budget spend Thursday | | 3/24 hr | |

| | | **Total Cost:** | $20,000.00 |
|---|---|---|---|
| | | **Total Impressions:** | 16,000,000 |
| | | **Average CPM:** | $1.25 |

| Bill To: | Agency (Net) | Contact | The Finance Department |
|---|---|---|---|
| | | Phone | 410-843-3014 |
| | | Fax | 410-685-0367 |
| | | E-Mail | kpinero@eisnercommunications.com |

This Insertion Order incorporates and includes Eisner Interactive's Standard Terms and Conditions, attached hereto.

| | Traffic | |
|---|---|---|
| | Phone | Steve Ghebsione |
| | Fax | (410) 843-3066 |
| | E-Mail | (410) 843-4447 |
| | | steven@eisnerinteractive.com |

Approval: _____  Date _____  7/26/2006

    Kristen Ellison

On Behalf of: (Agency or Advertiser):

Approval: _____  Date _____

On Behalf of: Web Property

# Terms and Conditions

**Introduction.**

The matters set forth below specify the terms and conditions agreed to by Eisner Communications, Inc., and Valueclick, hereinafter referred to as "Web Property."

**Definitions:** The following terms from this statement of "Terms and Conditions" are defined as follows:

**Advertiser** – The party whose Creative Property Eisner will display on Web Property's website and/or network in accordance with these Terms and Conditions and Eisner's Insertion Order.

**Campaign** – An advertising promotion for a third party Advertiser undertaken by Eisner that utilizes Web Property's website(s) and/or network as the medium to communicate the advertising promotion to the public.

**CPA Campaign** – "Cost per action campaign" or "CPA" – a campaign where the cost of such campaign to Eisner (for Advertiser) is determined according to the number of identified actions taken by visitors on the Advertiser's website.

**CPC Campaign** – "Cost per click campaign" or "CPC" – a campaign where the cost of such campaign to Eisner (for Advertiser) is determined according to the number of clicks to Advertiser's web site as measured by a Third Party Ad Server designated by Eisner.

**CPM Campaign** – "Cost per thousand campaign" or "CPM" – a campaign where the cost of such campaign to Eisner (for Advertiser) is determined per thousand impressions as measured by a Third Party Ad Server designated by Eisner.

**Creative Property** – All materials (written, drawn, electronically generated or otherwise), submitted by Eisner (for Advertiser) to Web Property to be displayed on Web Property's website(s) and/or network in accordance with the Insertion Order.

**Insertion Order** – An order issued that describes: (a) the Creative Property Eisner will display on the Web Property's website or network; (b) the term or other duration (quantity of clicks, impressions, or actions) that Advertiser's Creative Property will be posted on Web Property; (c) specifications establishing where and how the Creative Property will be displayed; and, (d) the cost associated with displaying the Creative Property  for the specified term.

**Third Party Ad Server** – An entity  designated by Eisner to monitor, count and/or ascertain  the number of clicks, impressions and/or actions made by visitors to Advertiser's Creative Property, as displayed on Web Property.

**Web Property** – The contractee to this Agreement, comprised of a website or a network of websites on which Eisner displays Advertiser's Creative Property in accordance with these Terms and Conditions and Eisner's Insertion Order.

**1. Eisner Products.**
1.1 This Agreement, in conjunction with the corresponding *Insertion Order*, shall constitute the collective understanding of Eisner Communications, Inc. (doing business as Eisner Interactive), its clients, its agents, and Advertiser on the one hand, and *Web Property*  on the other, through which
Web Property agrees and obligates itself to promote Advertiser's product or services by showing banners, text links, and/or e-mail creative ("Creative" or "Creative Property"), provided by Eisner on the Web Property or in e-mail transmissions.
The submission of a signed Insertion Order by Eisner to Web Property, and approval by Web Property shall constitute Web Property's acceptance of all the terms and conditions stated in the Insertion Order and acceptance of these "Terms and Conditions." Eisner's Insertion Orders, and modifications thereof shall be governed by the Terms and Conditions herein.  Web Property may only modify the flight date of Campaign(s):  (a) (1) if the Creative Property or linking URL's are not delivered on time; (2) if there are delays due to a Third Party Ad Server;
(3) Inventory fluctuation; or (4) other circumstances  that render it impossible to comply with the flight date, and (b) Web Property has notified Eisner and received Eisner's written consent to the delay.

**2. Delivery Measurements Standards.**

2.1 *Web Property*  will use commercially reasonable efforts to deliver the clicks, actions, and/or impressions consistent with the term or quantity stated in the Insertion Order and in accordance with these Terms and Conditions, beginning with the start date and concluding with the end date set forth in the Insertion Order, and will make commercially reasonable efforts to spread such clicks, actions, and/or impressions evenly throughout the term of the Agreement unless otherwise instructed by Eisner.

2.2 Unless otherwise agreed in writing, all invoices created by *Web Property*   for work performed and delivered shall be in accordance with the IAB's (Internet Advertising Bureau (http://www.iab.net)) measurement and tracking methodology for measuring impressions and clicks. Using this methodology, impression and/or click delivery guarantees will be considered "met" when the impressions, actions, and/or clicks equal the amount specified in Eisner's Insertion Order. For CPC and CPM Campaigns, Web Property agrees that impressions and click-throughs billed by Web Property to Eisner shall be measured by a Third Party Ad Server designated by Eisner; and that Web Property shall bill Eisner (for Advertiser) only for the impressions, actions and clicks recorded by the Third Party Ad Server.

2.3 Over-delivery: *Web Property* will conduct billing on all campaigns according to data collected by Eisner, or by *Third Party Ad Server* for Eisner, whether as a CPA, CPC or CPM campaign. In the event of over-delivery, Eisner is not responsible to *Web Property* for any units delivered over the amount specified in the Insertion Order.
2.5 *Web Property* will not charge Eisner (as agent for *Advertiser*) for any unacceptable or incorrect data confirmed by the pixel tracking technology for any reason, including, but not limited to: incorrect data, invalid data or unacceptable conversion rates. Eisner and *Advertiser* hold no legal or financial responsibility to *Web Property* or any third party to filter data to ensure that unacceptable or inaccurate submissions are limited or screened.

**3. Payment, Credit and Cancellation Terms.**
3.1 Unless otherwise agreed in writing, all invoices created by *Web Property* for work performed and delivered shall be in accordance with measurement and tracking described in Sections 2.1 to 2.5 herein. Payment terms are Net 30 from date of Eisner's receipt of *Web Property* invoice. *Web Property* acknowledges that Eisner is serving as an agent for a disclosed principal, the *Advertiser*.
Web Property agrees that its sole redress for nonpayment of invoices lies with Advertiser, and in return for the consideration provided with the Insertion Order,
Web Property hereby waives any right, redress, or cause of action against Eisner for nonpayment of invoices, and all damages related thereto.

3.2 Either party may cancel the Agreement created by delivery and acceptance of an Insertion Order upon providing five (5) days written notice via e-mail, fax or U.S. Mail to the other party. However, these Terms and Conditions shall survive any such cancellation and govern any and all disputes arising out of any Insertion Order, as specified and section 9, herein.

3.3 If Eisner fails to pay overdue invoices for a campaign on *Advertiser's* behalf, *Web Property* reserves the right to terminate that campaign following five (5) days' written notice of planned termination (the "Notice Period") to Eisner. Prior to the end of the Notice Period, Eisner shall have the option to pay all of the overdue invoices for the campaign, whereupon *Web Property* shall have no right to terminate the campaign until and unless Eisner again fails to pay overdue notices on *Advertiser's* behalf for that campaign.

3.4 Eisner (on its behalf and as agent for *Advertiser*) and *Web Property* agree to follow the dispute resolution Agreement as specified in section 9 herein.

3.5 *Web Property* agrees to accept payments from Eisner in U.S. funds.

**4. Creative Standards.**
4.1 *Web Property* agrees that Eisner may hold *Web Property* liable for errors in Creative position and/or placement, or typographic errors of any kind that *Web Property* causes.

**5. Warranties.**
5.1 *WEB PROPERTY* HEREBY ISSUES ALL APPLICABLE IMPLIED WARRANTIES CONSISTENT WITH MARYLAND LAW. In the event of any technical incompatibilities between *Creative Property* and the *Web Property 's* systems, or between the *Third Party Ad Server 's* system and *Web Property 's* systems, *Web Property* warrants that it will notify Eisner and take all steps commercially reasonable to work with Eisner and/or the *Third Party Ad Server* to resolve the technical incompatibilities, and shall do so at no additional cost to Eisner as agent for *Advertiser* .

**6. Indemnification.**
6.1 All *Creative Property* has been accepted and published upon the representation that *Advertiser* is authorized to publish the entire contents and subject matter thereof on behalf of *Advertiser* . However, *Web Property* agrees that Eisner, as agent for *Advertiser*, holds no responsibility to indemnify, defend, or save
Web Property harmless from any and all liability for any claim, damages, costs, or suits for libel, defamation, violation of rights of privacy, plagiarism, attorney's fees,
trademark infringement, copyright infringement, unauthorized content (including text, illustrations, representatives, sketches, maps, labels, or other copyrighted matter)
contained in Creative Property, or the unauthorized use of any person's name or photograph, arising from Web Property reproduction and publishing of such Creative Property.
Conversely, Web Property shall fully indemnify, defend,
and save Eisner harmless from any and all liability for any third party claim or suits arising from the failure of Web Property to take all commercially
reasonable steps to promote Eisner or Advertiser's product or services, consistent with the terms set forth herein.

6.2 If Eisner reasonably determines that the placement of any advertisement by *Web Property* hereunder harms the goodwill or reputation of Eisner, or disparages or brings Eisner into disrepute, (including but not limited to association with web sites that contain indecent, illegal, misleading, harmful, abusive, harassing, libelous, defamatory, or other offensive materials), then Web Property shall use commercially reasonable efforts to immediately remove such advertisement(s) promptly following Eisner's notice thereof to Web Property, whereupon Web Property

shall make all commercially reasonable efforts to immediately relocate the advertisement(s) to a site that Eisner deems acceptable. If Web Property reasonably believes that removal of an advertisement from a site will have a material impact on Web Property's ability to deliver advertisements in accordance with the Insertion Order, Web Property may make written
request to Eisner for an extension of the flight dates from Eisner, and Eisner agrees that its consent to any such extension request will not be unreasonably withheld.

**7.  Force Majeure.**
7.1  In the event of an act of God, actions by any governmental or quasi-governmental entity, internet failure, equipment failure, power outage, fire, earthquake, flood, insurrection, riot,
explosion, embargo, strike (whether legal or illegal), labor or material shortage, transportation interruption of any kind, work slow-down, or any condition beyond Web Property's control
affecting production or delivery in any manner, Web Property shall immediately notify Eisner of Web Property's' inability to deliver clicks, actions and/or impressions.

7.2  In the event of a confirmed terrorist attack on the United States and/or an airline based in the United States, an attack on the United States by a foreign government, an attack by the
United States on a foreign government, a declaration of war by the United States against a foreign government, or by a foreign government against the United States, Web Property will take all
commercially reasonable steps to hold all advertising upon receiving general notice of such event, or upon receiving specific notice by Eisner.  Eisner and Web Property will then communicate
as soon as possible to determine how to proceed.

**8.  Confidentiality.**
8.1  The parties have disclosed or may disclose to each other information relating to each party's business, which to the extent previously, presently or subsequently disclosed to each other is "Proprietary Information."
Proprietary Information does not include information that each party can document: (a) is or becomes (through no improper action or inaction of each party or its
Representatives) generally known by the public; (b) was in its possession or known by it without restriction prior to receipt from the other party; or, (c) becomes available to a party from a source
other than the other party or its Representatives having no obligation of confidentiality.  ("Representatives," when used with respect to either party, means that party's affiliates, agents,

officers, directors, consultants and employees).  Parties agree: (i) to hold Proprietary Information in strict confidence and to take all reasonable precautions to protect such Proprietary Information (including, without limitation,
all precautions each party employs with respect to its most confidential materials); (ii) not to make any use whatsoever at any time of such Proprietary Information, except for the purpose of evaluating the results of Eisner's advertising campaign;
(iii) not to copy any
Proprietary Information for any purpose whatsoever without written permission from each party; and, (iv) not to divulge any Proprietary Information or any information derived therefrom to any third party or employee, except those of each
party's employees who have a l
egitimate 'need to know" and are bound in writing to the restrictions herein.  Each party will be responsible for a breach of this Agreement by any of its Representatives.  Each party shall promptly notify the other party upon discovery of any
unauthorized use or
disclosure of Proprietary Information and will cooperate with the other party in every reasonable way to help regain possession of such Proprietary Information and prevent its future unauthorized use.

**9.  Disputes, Choice of Law and Venue.**

9.1  It is agreed that any dispute or controversy arising out of or relating to any interpretation, construction, performance or breach of this Agreement, shall be exclusively governed by Maryland law without respect to conflict of law provisions.
The parties further agree to submit themselves and all disputes arising from this Agreement to the binding arbitration before the American Arbitration Association, and that such arbitration shall be conducted in Baltimore City, Maryland, and that all
disputes concerning the arbitrability of disputes arising from this agreement shall be resolved by the arbitrator, in Baltimore City, Maryland.

**10.  Entire Agreement.**

10.1  This Agreement, together with the Insertion Order (which is incorporated by reference), embodies the parties' entire and final Agreement, supersedes all prior oral and written agreements, and may not be amended or modified except by

an agreement signed by both parties.  In entering this Agreement, each party specifically represents that the other party has neither made any representation to them, nor agreement with them that is not set forth in this Agreement.
This Agreement may be executed in any number of counterparts and facsimile copies, each of which shall be deemed an original, and all of which together shall be deemed one and the same instrument.
In the event that any of the provisions included herein are held to be unenforceable, the remaining portions of the Agreement will remain in full force and effect.
Any notice or report required or permitted by this Agreement shall be made by e-mail, U.S. Mail, personal delivery, or fax to each parties' then-operating fax number or business address.
10.2  Failure of either party to require strict performance by the other party of any provision shall not affect the first party's right to require strict performance thereafter.  Waiver by either party of a breach of any provision shall not waive either the provision itself or any subsequent breach.

**11.  Survivability.**
11.1  Clauses 5, 6, 8, 9, and 10 shall survive in perpetuity after the termination of this Agreement by either party.

READ, AGREED, AND ACCEPTED:

_____          _____
Web Property                                                        Date

_____          _____
Eisner Interactive                                                  Date



| | | INVOICE |
|---|---|---|
| Invoice No | | 13I0018935 |
| Invoice Date | | 7/31/2006 |
| Customer ID | | 13007604 |

30699 Russell Ranch Road
Suite 250
Westlake Village, CA  91362
Phone:  (818) 575-4500 Fax:  (818) 575-4503

**BILL TO:**

Accounts Payable
Eisner Interactive  (Agency)
509 South Exeter Street
Baltimore, MD  21202

PAGE 2

| SALES PERSON | CUSTOMER P.O. | TERMS | DUE DATE |
|---|---|---|---|
| Alexander Bengzon | See Reference Number | Net 30 Days | 8/30/2006 |

| PRODUCT ID/DESCRIPTION | START | END | CAMPAIGN ID/NAME | REFERENCE NBR | QTY | RATE | EXT. PRICE |
|---|---|---|---|---|---|---|---|
| | | | Spirit Airlines - Miami July | 7155 July Media Plan | | | |
| 106-110 | 07/01/2006 | 07/31/2006 | 54742 | | 381.9940 | 1.250000 | 477.49 |
| | | | Spirit Airlines - Miami July | 7155 July Media Plan | | | |
| 101-110 | 07/01/2006 | 07/31/2006 | 54743 | | 320.0000 | 1.250000 | 400.00 |
| | | | Spirit Airlines - Orlando July | 7155 July Media Plan | | | |
| 101-110 | 07/01/2006 | 07/31/2006 | 54744 | | 317.8900 | 1.250000 | 397.36 |
| | | | Spirit Airlines - Orlando July | 7155 July Media Plan | | | |
| 103-110 | 07/01/2006 | 07/31/2006 | 54745 | | 318.7220 | 1.250000 | 398.40 |
| | | | Spirit Airlines - Orlando July | 7155 July Media Plan | | | |
| 103-110 | 07/01/2006 | 07/31/2006 | 54746 | | 314.8530 | 1.250000 | 393.57 |
| | | | Spirit Airlines - Orlando July | 7155 July Media Plan | | | |
| 106-110 | 07/01/2006 | 07/31/2006 | 54747 | | 320.4540 | 1.250000 | 400.57 |
| | | | Spirit Airlines - Orlando July | 7155 July Media Plan | | | |
| 101-110 | 07/01/2006 | 07/31/2006 | 54749 | | 1,728.0000 | 1.250000 | 2,160.00 |
| | | | Spirit Airlines - Cities July | 7155 July Media Plan | | | |
| 101-110 | 07/01/2006 | 07/31/2006 | 54750 | | 1,723.9480 | 1.250000 | 2,154.94 |
| | | | Spirit Airlines - Cities July | 7155 July Media Plan | | | |
| 103-110 | 07/01/2006 | 07/31/2006 | 54752 | | 1,723.6960 | 1.250000 | 2,154.62 |
| | | | Spirit Airlines - Cities July | 7155 July Media Plan | | | |
| 103-110 | 07/01/2006 | 07/31/2006 | 54755 | | 1,722.3840 | 1.250000 | 2,152.98 |
| | | | Spirit Airlines - Cities July | 7155 July Media Plan | | | |
| 106-110 | 07/01/2006 | 07/31/2006 | 54756 | | 1,724.5950 | 1.250000 | 2,155.74 |
| | | | Spirit Airlines - Cities July | 7155 July Media Plan | | | |

# PLEASE NOTE CHANGE IN REMIT ADDRESS

REMIT TO:

ValueClick Media
Dept. 9725
Los Angeles, CA 90084-9725

| Invoice Total | 19,929.86 |
|---|---|
| Paid/Applied Amount | 0.00 |
| **INVOICE BALANCE** | 19,929.86 |

Please make checks payable to ValueClick Media and include invoice number 13I0018935 with your remittance.
Contact ValueClick Media's Accounts Receivable department at (818)575-4667 for wire transfer instructions.



EXHIBIT

B



| | | | INVOICE |
|---|---|---|---|
| | Invoice No. | | I0014517 |
| | Date | | 09/30/2006 |
| | Order No. | | O00017062 |
| | Order Type | | Invoice |

30699 Russell Ranch Road
Suite 250
Westlake Village, CA 91361
Phone: (818) 575-4500
Fax: (818) 575-4503

| BILL TO: | CLIENT: |
|---|---|
| Eisner Interactive/Spirit Air<br>506 Exeter St.<br>Baltimore, MD 21202<br>Attn: Michael Teitelbaum | Michael Teitelbaum<br>SPIRIT AIRLINES<br>506 Exeter St.<br>Baltimore, MD 21202 |

PAGE 1

| MEDIAPLEX ORDER NBR. | SALES REP | TERMS | CUSTOMER ID |
|---|---|---|---|
| 647-6432 | Elizabeth Rodriguez | Net 30 Days | EISNER02 |

| ORDERED BY | CUSTOMER P.O. NBR. | CUSTOMER JOB NBR. | CUSTOMER I/O NBR. |
|---|---|---|---|
| | | NA | |

| PRODUCT/DESCRIPTION | FLIGHT DATES | | UNITS | PRICE | EXT. PRICE |
|---|---|---|---|---|---|
| Adserving Impressions<br>MAY 2006 - SALES | 9/1/2006 | 9/30/2006 | 103.000 | 0.000100 | 0.01 |
| Adserving Impressions<br>SUN SENTINEL FREE PLACEMENTS 2 | 9/1/2006 | 9/30/2006 | 146.000 | 0.000100 | 0.01 |
| Adserving Impressions<br>MARCH 2006 - RED LIGHT SPECIAL | 9/1/2006 | 9/30/2006 | 171.000 | 0.000100 | 0.02 |
| Adserving Impressions<br>OCTOBER 2006 - ONLINE MEDIA | 9/1/2006 | 9/30/2006 | 446.000 | 0.000100 | 0.04 |
| Adserving Impressions<br>JUNE 2006 - SALES | 9/1/2006 | 9/30/2006 | 467.000 | 0.000100 | 0.05 |
| Adserving Impressions<br>JULY 2006 - ONLINE MEDIA | 9/1/2006 | 9/30/2006 | 669.000 | 0.000100 | 0.07 |
| Adserving Impressions<br>TRAVELZOO SUPERSEARCH - 2006 | 9/1/2006 | 9/30/2006 | 28,578.000 | 0.000100 | 2.86 |
| Adserving Impressions<br>AUGUST 2006 - ONLINE MEDIA | 9/1/2006 | 9/30/2006 | 575,100.000 | 0.000100 | 57.51 |
| Adserving Impressions<br>INSIDEFLYER CAMPAIGN 2006 | 9/1/2006 | 9/30/2006 | 913,538.000 | 0.000100 | 91.35 |
| Adserving Impressions<br>ECHOTARGET BONUS PLACEMENTS 20 | 9/1/2006 | 9/30/2006 | 983,647.000 | 0.000100 | 98.36 |
| Adserving Impressions<br>APRIL 2006 - BASELINE | 9/1/2006 | 9/30/2006 | 1,807,928.000 | 0.000100 | 180.79 |
| Adserving Impressions<br>SEPTEMBER 2006 - ONLINE MEDIA | 9/1/2006 | 9/30/2006 | 47,500,328.000 | 0.000100 | 4,750.03 |

REMIT TO:

Mediaplex
Attn: Accounts Receivable
P.O. Box 5600
Thousand Oaks, CA 91359-5600

Or call Accts Receivable @ (818) 575-4500 to arrange payment by wire transfer.

Continued

 **Mediaplex**

**INVOICE**

30899 Russell Ranch Road
Suite 250
Westlake Village, CA 91361
Phone (818) 575-4500
Fax: (818) 575-4503

| | |
|---|---|
| Invoice No. | I0014517 |
| Date | 09/30/2006 |
| Order No. | O0017062 |
| Order Type | Invoice |

| BILL TO: | CLIENT: |
|---|---|
| Eisner Interactive/Spirit Air<br>506 Exeter St.<br>Baltimore, MD 21202<br>Attn: Michael Teitelbaum | Michael Teitelbaum<br>SPIRIT AIRLINES<br>506 Exeter St.<br>Baltimore, MD 21202 |

PAGE 2

| MEDIAPLEX ORDER NBR. | SALES REP | TERMS | CUSTOMER ID |
|---|---|---|---|
| 647-6432 | Elizabeth Rodriguez | Net 30 Days | EISNER02 |

| ORDERED BY | CUSTOMER P.O. NBR. | CUSTOMER JOB NBR. | CUSTOMER I/O NBR. |
|---|---|---|---|
| | | NA | |

| PRODUCT/DESCRIPTION | FLIGHT DATES | | UNITS | PRICE | EXT. PRICE |
|---|---|---|---|---|---|
| Adserving Clicks<br>   JUNE 2006 - BASELINE | 9/1/2006 | 9/30/2006 | 29.000 | 0.010000 | 0.29 |
| Adserving Clicks<br>   JULY 2006 - ONLINE MEDIA | 9/1/2006 | 9/30/2006 | 100.000 | 0.010000 | 1.00 |
| Adserving Clicks<br>   TRAVEL HOT LINK - SEPT BONUS | 9/1/2006 | 9/30/2006 | 1,130.000 | 0.010000 | 11.30 |
| Adserving Clicks<br>   SPIRIT - KAYAK CLICK TAG | 9/1/2006 | 9/30/2006 | 4,242.000 | 0.010000 | 42.42 |
| Adserving Clicks<br>   AUGUST 2006 - ONLINE MEDIA | 9/1/2006 | 9/30/2006 | 10,813.000 | 0.010000 | 108.13 |
| Adserving Clicks<br>   SEPTEMBER 2006 - ONLINE MEDIA | 9/1/2006 | 9/30/2006 | 169,711.000 | 0.010000 | 1,697.11 |
| Adserving Clicks<br>   AD.COM SEARCH LINKS | 9/1/2006 | 9/30/2006 | 212,807.000 | 0.010000 | 2,128.07 |

REMIT TO:

Mediaplex
Attn: Accounts Receivable
P.O. Box 5600
Thousand Oaks, CA 91359-5600

| | |
|---|---|
| Invoice Total | 9,169.42 |
| Paid/Applied Amount | -6,587.30 |
| **INVOICE BALANCE** | 2,582.12 |

Please Reference Invoice # I0014517 and Customer ID EISNER02 with remittance,
or call Accts Receivable @ (818) 575-4500 to arrange payment by wire transfer.

Or call Accts Receivable @ (818) 575-4500 to arrange payment by wire transfer.



|  | | INVOICE |
|---|---|---|
| Invoice No. | | I0014882 |
| Date | | 10/31/2006 |
| Order No. | | O00017428 |
| Order Type | | Invoice |

30899 Russell Ranch Road
Suite 250
Westlake Village, CA 91361
Phone: (818) 575-4500
Fax: (818) 575-4503

| BILL TO: | CLIENT: |
|---|---|
| Eisner Interactive/Spirit Air<br>506 Exeter St.<br>Baltimore, MD 21202<br>Attn: Michael Teitelbaum | Michael Teitelbaum<br>SPIRIT AIRLINES<br>506 Exeter St.<br>Baltimore, MD 21202 |

PAGE 1

| MEDIAPLEX ORDER NBR. | SALES REP | TERMS | CUSTOMER ID |
|---|---|---|---|
| 647-6432 | Alicia Allijan | Net 30 Days | EISNER02 |

| ORDERED BY | CUSTOMER P.O. NBR. | CUSTOMER JOB NBR. | CUSTOMER I/O NBR. |
|---|---|---|---|
| | | NA | |

| PRODUCT/DESCRIPTION | FLIGHT DATES | | UNITS | PRICE | EXT. PRICE |
|---|---|---|---|---|---|
| Adserving Impressions<br>  MAY 2006 - SALES | 10/1/2006 | 10/31/2006 | 51.000 | 0.000100 | 0.01 |
| Adserving Impressions<br>  MARCH 06-RED LIGHT SPEC PART 2 | 10/1/2006 | 10/31/2006 | 86.000 | 0.000100 | 0.01 |
| Adserving Impressions<br>  NOVEMBER 2006 - ONLINE MEDIA | 10/1/2006 | 10/31/2006 | 182.000 | 0.000100 | 0.02 |
| Adserving Impressions<br>  JUNE 2006 - SALES | 10/1/2006 | 10/31/2006 | 187.000 | 0.000100 | 0.02 |
| Adserving Impressions<br>  SUN SENTINEL FREE PLACEMNTS 06 | 10/1/2006 | 10/31/2006 | 307.000 | 0.000100 | 0.03 |
| Adserving Impressions<br>  JULY 2006 - ONLINE MEDIA | 10/1/2006 | 10/31/2006 | 355.000 | 0.000100 | 0.04 |
| Adserving Clicks<br>  JUNE 2006 - BASELINE | 10/1/2006 | 10/31/2006 | 21.000 | 0.010000 | 0.21 |
| Adserving Clicks<br>  JULY 2006 - ONLINE MEDIA | 10/1/2006 | 10/31/2006 | 48.000 | 0.010000 | 0.48 |
| Adserving Clicks<br>  AUGUST 2006 - ONLINE MEDIA | 10/1/2006 | 10/31/2006 | 88.000 | 0.010000 | 0.88 |
| Adserving Impressions<br>  AUGUST 2006 - ONLINE MEDIA | 10/1/2006 | 10/31/2006 | 16,789.000 | 0.000100 | 1.68 |
| Adserving Impressions<br>  TRAVELZOO SUPERSEARCH - 2006 | 10/1/2006 | 10/31/2006 | 41,401.000 | 0.000100 | 4.14 |
| Adserving Impressions<br>  SEPTEMBER 2006 - ONLINE MEDIA | 10/1/2006 | 10/31/2006 | 42,948.000 | 0.000100 | 4.29 |

REMIT TO:

Mediaplex
Attn: Accounts Receivable
P.O. Box 5600
Thousand Oaks, CA 91359-5600

Or call Accts Receivable @ (818) 575-4500 to arrange payment by wire transfer.

Continued



**INVOICE**

| | |
|---|---|
| Invoice No. | I0014882 |
| Date | 10/31/2006 |
| Order No. | O00017428 |
| Order Type | Invoice |

30699 Russell Ranch Road
Suite 250
Westlake Village, CA 91361
Phone: (818) 575-4500
Fax: (818) 575-4503

**BILL TO:**

Eisner Interactive/Spirit Air
506 Exeter St.
Baltimore, MD 21202
Attn: Michael Teitelbaum

**CLIENT:**

Michael Teitelbaum
SPIRIT AIRLINES
506 Exeter St.
Baltimore, MD 21202

PAGE 2

| MEDIAPLEX ORDER NBR. | SALES REP | TERMS | CUSTOMER ID |
|---|---|---|---|
| 647-6432 | Alicia Allijan | Net 30 Days | EISNER02 |

| ORDERED BY | CUSTOMER P.O. NBR. | CUSTOMER JOB NBR. | CUSTOMER I/O NBR. |
|---|---|---|---|
| | | NA | |

| PRODUCT/DESCRIPTION | FLIGHT DATES | | UNITS | PRICE | EXT. PRICE |
|---|---|---|---|---|---|
| Adserving Clicks TRAVEL HOT LINK - SEPT BONUS | 10/1/2006 | 10/31/2006 | 1,048.000 | 0.010000 | 10.48 |
| Adserving Clicks NOVEMBER 2006 - ONLINE MEDIA | 10/1/2006 | 10/31/2006 | 2,719.000 | 0.010000 | 27.19 |
| Adserving Clicks SEPTEMBER 2006 - ONLINE MEDIA | 10/1/2006 | 10/31/2006 | 4,221.000 | 0.010000 | 42.21 |
| Adserving Clicks SPIRIT - KAYAK CLICK TAG | 10/1/2006 | 10/31/2006 | 5,285.000 | 0.010000 | 52.85 |
| Adserving Impressions INSIDEFLYER CAMPAIGN 2006 | 10/1/2006 | 10/31/2006 | 1,029,561.000 | 0.000100 | 102.96 |
| Adserving Impressions ECHOTARGET BONUS PLACEMNTS 06 | 10/1/2006 | 10/31/2006 | 1,395,464.000 | 0.000100 | 139.55 |
| Adserving Impressions APRIL 2006 - BASELINE | 10/1/2006 | 10/31/2006 | 1,659,069.000 | 0.000100 | 165.91 |
| Adserving Clicks OCTOBER 2006 - ONLINE MEDIA | 10/1/2006 | 10/31/2006 | 127,759.000 | 0.010000 | 1,277.59 |
| Adserving Clicks AD.COM SEARCH LINKS | 10/1/2006 | 10/31/2006 | 267,382.000 | 0.010000 | 2,673.82 |
| Adserving Impressions OCTOBER 2006 - ONLINE MEDIA | 10/1/2006 | 10/31/2006 | 58,136,030.000 | 0.000100 | 5,813.60 |

REMIT TO:

Mediaplex
Attn: Accounts Receivable
P.O. Box 5600
Thousand Oaks, CA 91359-5600

| | |
|---|---|
| Invoice Total | 10,317.97 |
| Paid/Applied Amount | 0.00 |
| **INVOICE BALANCE** | 10,317.97 |

Please Reference Invoice # I0014882 and Customer ID EISNER02 with remittance, or call Accts Receivable @ (818)575-4500 to arrange payment by wire transfer.

Or call Accts Receivable @ (818) 575-4500 to arrange payment by wire transfer.

# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA
## MIAMI-DADE DIVISION

### CASE NO. 07-60399-CIV-ALTONAGA/TURNOFF

SPIRIT AIRLINES, INC.,

Plaintiff,

vs.

24/7 REAL MEDIA, INC., ADVERTISING.COM, INC. AMERICA ONLINE, INC., d/b/a AOL, BURST MEDIA CORPORATION, CARROLTON BANK, CHEAPFLIGHTS (USA), INC., ECHO TARGET, INC. HOTWIRE, INC., INTERCEPT INTERACTIVE, INC., PRICELINE.COM, LLC, RACKSPACE, LTD., SHERMANS TRAVEL, INC., SIDESTEP, INC. SMARTER LIVING, INC., ET AL.,

Defendants.

---

### DEFENDANT SPECIFICMEDIA'S UNOPPOSED MOTION FOR AN EXTENSION OF TIME TO FILE A RESPONSE TO THE COMPLAINT

Defendant, SpecificMedia, Inc. ("SpecificMedia"), hereby moves, pursuant to Rule 6(b) of the Federal Rules of Civil Procedure, for an enlargement of time in which to respond to the Complaint filed by plaintiff Spirit Airlines, Inc. ("Plaintiff" or "Spirit"). The grounds for this motion are:

1.      On March 21, 2007, Plaintiff Spirit Airlines, Inc. ("Spirit") filed the above-referenced Complaint for Interpleader, which was served on Defendant SpecificMedia's agent on April 19, 2007. Thus, SpecificMedia's response to this Complaint was due on or about May 9, 2007.

2.     SpecificMedia, a California corporation, had to go through the process of finding counsel in Florida to represent it in this matter and, despite diligent efforts, this process took time and was not completed until May 10, 2007.

3.     The undersigned counsel has only just been retained to represent SpecificMedia on this matter and has not had sufficient time to adequately consult with SpecificMedia on this matter and adequately prepare a response to the Complaint within the applicable time.

4.     Accordingly, SpecificMedia requests an extension of time until May 19, 2007 to respond to the Complaint for Interpleader to ensure a proper response by SpecificMedia to the issues raised in the Complaint.

5.     On May 8, 2007, SpecificMedia's counsel in California conferred with Spirit's counsel regarding this requested extension, and Spirit's counsel has agreed to this extension of time.

6.     SpecificMedia respectfully requests that this Court enter an order granting an enlargement of time up to and including May 19, 2007, for SpecificMedia to respond to the Complaint for Interpleader.

7.     This extension of time is not prejudicial to the parties and the undersigned counsel certifies to the Court that this motion is made in good faith and not for the purpose of undue delay.

## MEMORANDUM OF LAW

Pursuant to Rule 6(b) of the Federal Rules of Civil Procedure, the Court has authority to grant an extension of time for good cause.  In pertinent part, Rule 6(b) provides "[w]hen by these rules . . . an act is required to be done at or within a specified time, the court for cause shown may at any time in its discretion  . . . upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect . . ."

In light of the aforementioned circumstances, a sufficient showing has been made. Accordingly, the motion for an extension of time should be granted.

WHEREFORE, cause having been shown, SpecificMedia respectfully requests that the Court grant this motion and enter an order extending the time within which SpecificMedia may respond to the Complaint.

## <u>CERTIFICATION PURSUANT TO LOCAL RULE 7.1(A)(3)</u>

Pursuant to S.D. Fla. Local Rule 7.1(A)(3), counsel for SpecificMedia certify that they have conferred with counsel for Spirit with respect to the relief requested, and counsel for Spirit agrees to the granting of the enlargement of time to respond to the Complaint.

Respectfully submitted,

CLARKE SILVERGLATE & CAMPBELL
799 Brickell Plaza
Suite 900
Miami, Florida 33131
Telephone: 305/377-0700
Facsimile: 305/377-3001

By:**s/Craig Salner**
Spencer Silverglate
Florida Bar No. 769223
Craig Salner
Florida Bar No. 669695

AND

Peter L. Wucetich
California State Bar No. 227531
pwucetich@sycr.com
STRADLING YOCCA CARLSON &
RAUTH
660 Newport Center Drive, Suite 1600
Newport Beach, CA 92660
Tel.: (949) 725-4000
Fax: (949) 725-4100

COUNSEL FOR SPECIFICMEDIA, INC.

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on May 10, 2007, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the parties who have appeared in this action including:  Anthony J. Carriulo, Berger Singerman, 350 East Las Olas Boulevard, Suite 1000, Ft. Lauderdale, FL 33301 and Connie A. Lahn and Lara O. Glaesman, Fafinski  Mark & Johnson, P.A., Flagship Corporate Center, 775 Prairie Center Drive, Suite 400, Eden Prairie, MN 55344.

CLARKE SILVERGLATE & CAMPBELL

By: **s/Craig Salner**
    Craig Salner

# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA
## MIAMI-DADE DIVISION

### CASE NO. 07-60399-CIV-ALTONAGA/TURNOFF

SPIRIT AIRLINES, INC.,

Plaintiff,

vs.

24/7 REAL MEDIA, INC.,
ADVERTISING.COM, INC.
AMERICA ONLINE, INC., d/b/a AOL,
BURST MEDIA CORPORATION,
CARROLTON BANK,
CHEAPFLIGHTS (USA), INC., ECHO
TARGET, INC. HOTWIRE, INC.,
INTERCEPT INTERACTIVE, INC.,
PRICELINE.COM, LLC,
RACKSPACE, LTD., SHERMANS
TRAVEL, INC., SIDESTEP, INC.
SMARTER LIVING, INC., ET AL.,

Defendants.

_____

## ORDER ON DEFENDANT SPECIFICMEDIA'S UNOPPOSED MOTION FOR AN
## EXTENSION OF TIME TO FILE A RESPONSE TO THE COMPLAINT

THIS MATTER came before the Court upon Defendant, SpecificMedia's Unopposed

Motion for an Extension of Time to File a Response to the Complaint and the Court having

reviewed the Motion and having noted the agreement of the Plaintiff to the Defendant's Motion,

it is accordingly,

**ORDERED AND ADJUDGED** that the Defendant's Motion is hereby

_____

_____.

**DONE AND ORDERED** in Chambers in Miami, Florida this _____ day of May, 2007.

_____
CECILIA M. ALTONAGA
U.S. DISTRICT COURT JUDGE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

Case No. 07-600399 – CIV – ALTONAGA/TURNOFF

_____
Spirit Airlines, Inc.,                )
                                       )
                                       )
            Plaintiff,                 )
                                       )
v.                                     )
                                       )
24/7 Real Media, et al.,               )
                                       )
            Defendants.                )
_____)

<u>ANSWER TO COMPLAINT BY ECHO TARGET, INC. and COUNTERCLAIM</u>

Defendant, ECHOTARGET, INC., by and through the undersigned attorney, files

this, it's Answer to the Complaint of Interpleader and Counterclaim and alleges as

follows:

PARTIES

1.       Admits the allegations of paragraph 8.

2.       Denies information sufficient to form a belief as to paragraphs 1 through 7 and 9

through 22.

JURISDICTION AND VENUE

3.       Admits the allegations of paragraphs 23 through 26.

FACTS

4.       Denies information sufficient to form a belief as to paragraphs 27 through 30, 32

through 63 and paragraphs 66, 67, 68, 71, 72 and 73.

Page 1 of 3

5.     Admits the allegations of paragraphs 64, 65, 69, 74, 75, 77, 78, 79 and 80.

6.      As to the allegations of paragraph 70, defendant repeats and realleges the answers herein set forth in response to the paragraphs repeated and realleged.

7.      As to the  allegations of paragraph 76, denies information sufficient to form a belief and as to the future intentions of plaintiff.

AS AND FOR A COUNTERCLAIM IN THIS INTERPLEADER

Counterclaimant/Defendant, ECHO TARGET, INC. sues Plaintiff to recover advertising fees due and owing and alleges as follows:

8.     Counterclaimant/Defendant provided services at the request of Eisner for the benefit of its principle, the plaintiff herein.

9.     The agreed amount and reasonable value of the services for which Counterclaimant/Defendant has not been paid is $71,143.                     .

10.    That the Counterclaimant/Defendant's claim to any amount owed by plaintiff to Eisner for advertising services is superior to the claim of Eisner, the Carrollton Bank and any other claimant, save those of the other defendants herein who provided advertising service and have appeared and proven such claims.

WHEREFORE, Counterclaimant/Defendant respectfully request that this court award to it judgment in the amount of $71,143, or if there are insufficient funds,  the appropriate pro rata share of the fund deposited in this interpleader action, based upon the amount claim by defendant and the amount of the other claims made and approved in this action, together with such other relief as to the court appears right and just.

Page 2 of  3

I HEREBY CERTIFY a true copy of the foregoing has been furnished Anthony

Carriuolo, Berger Singerman, attorney for Plaintiff at 350 East Las Olas Boulevard Suite

1000, Ft. Lauderdale, Florida 33301 this 11th day of May, 2007 by mail.

LAW OFFICE OF ESTHER ZARETSKY

Attorney for Defendant Echo Target Inc.
1655 Palm Beach Lakes Blvd. Suite 900
West Palm Beach, Florida 33401
561-689-6660

By:  _____
Esther A. Zaretsky, Esq.
Fla. Bar No. 209295

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

Case No. 07-600399 – CIV – ALTONAGA/TURNOFF

_____
Spirit Airlines, Inc.,                    )
                                      )
                                      )
        Plaintiff,               )
                                        )
v.                                          )
                                      )
24/7 Real Media, et al.,         )
                                      )
        Defendants.          )
_____)

**ANSWER TO COMPLAINT BY ECHO TARGET, INC. and COUNTERCLAIM**

Defendant, ECHOTARGET, INC., by and through the undersigned attorney, files

this, it's Answer to the Complaint of Interpleader and Counterclaim and alleges as

follows:

PARTIES

1.     Admits the allegations of paragraph 8.

2.     Denies information sufficient to form a belief as to paragraphs 1 through 7 and 9

through 22.

JURISDICTION AND VENUE

3.     Admits the allegations of paragraphs 23 through 26.

FACTS

4.     Denies information sufficient to form a belief as to paragraphs 27 through 30, 32

through 63 and paragraphs 66, 67, 68, 71, 72 and 73.

5.      Admits the allegations of paragraphs 64, 65, 69, 74, 75, 77, 78, 79 and 80.

6.      As to the allegations of paragraph 70, defendant repeats and realleges the answers herein set forth in response to the paragraphs repeated and realleged.

7.      As to the allegations of paragraph 76, denies information sufficient to form a belief and as to the future intentions of plaintiff.

### AS AND FOR A COUNTERCLAIM IN THIS INTERPLEADER

Counterclaimant/Defendant, ECHO TARGET, INC. sues Plaintiff to recover advertising fees due and owing and alleges as follows:

8.      Counterclaimant/Defendant provided services at the request of Eisner for the benefit of its principle, the plaintiff herein.

9.      The agreed amount and reasonable value of the services for which Counterclaimant/Defendant has not been paid is $71,143.                     .

10.     That the Counterclaimant/Defendant's claim to any amount owed by plaintiff to Eisner for advertising services is superior to the claim of Eisner, the Carrollton Bank and any other claimant, save those of the other defendants herein who provided advertising service and have appeared and proven such claims.

WHEREFORE, Counterclaimant/Defendant respectfully request that this court award to it judgment in the amount of $71,143, or if there are insufficient funds, the appropriate pro rata share of the fund deposited in this interpleader action, based upon the amount claim by defendant and the amount of the other claims made and approved in this action, together with such other relief as to the court appears right and just.

I HEREBY CERTIFY a true copy of the foregoing has been furnished Anthony

Carriuolo, Berger Singerman, attorney for Plaintiff at 350 East Las Olas Boulevard Suite

1000, Ft. Lauderdale, Florida 33301 this 11th day of May, 2007 by mail.

LAW OFFICE OF ESTHER ZARETSKY

Attorney for Defendant Echo Target Inc.
1655 Palm Beach Lakes Blvd. Suite 900
West Palm Beach, Florida 33401
561-689-6660


By: _____
Esther A. Zaretsky, Esq.
Fla. Bar No. 209295

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## MIAMI DIVISION

### CASE NO. 07-60399-CIV-ALTONAGA/Turnoff

**SPIRIT AIRLINES, INC.,**

      Plaintiff,

vs.

**24/7 REAL MEDIA, INC.**, et al.,

      Defendants.

_____/

### ORDER

**THIS CAUSE** came before the Court upon Defendant, SpecificMedia, Inc.'s ("Specific Media['s]") Unopposed Motion for an Extension of Time to File a Response to the Complaint [D.E. 44], filed on May 10, 2007. The Court having reviewed the Motion and the record, and being otherwise fully advised in the premises, it is

**ORDERED AND ADJUDGED** that the Motion **[D.E. 44]** is **GRANTED**. SpecificMedia shall have through and including **May 19, 2007** to file a response to the Complaint.

**DONE AND ORDERED** in Chambers at Miami, Florida this 11th day of May, 2007.

_Cecilia M. Altonaga_
**CECILIA M. ALTONAGA**
**UNITED STATES DISTRICT JUDGE**

Copies provided to:
(1)     Magistrate Judge William C. Turnoff
(2)     Counsel of record

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO. 07-CV-60399
ALTONAGA/TURNOFF

SPIRIT AIRLINES, INC.,

        Plaintiff,

vs.

24/7 REAL MEDIA, INC.,
ADVERTISING.COM, INC., AMERICA
ONLINE, INC. DBA AOL, BURST MEDIA
CORPORATION, CARROLLTON BANK,
CHEAPFLIGHTS (USA), INC., ECHO
TARGET, INC., HOTWIRE, INC.,
INTERCEPT INTERACTIVE, INC.,
PRICELINE.COM, LLC, RACKSPACE,
LTD., SHERMANS TRAVEL, INC.,
SIDESTEP, INC., SMARTER LIVING,
INC., SPECIFICMEDIA, INC., TRAVEL
MARKETING GROUP, INC.,
TRAVELZOO, INC., TRIBAL FUSION,
INC., TRIPADVISOR LLC, VALUECLICK,
INC., AND THE WEATHER CHANNEL
INTERACTIVE, INC.,

        Defendants.

_____/

## RESPONSE TO MAY 3, 2007 ORDER

Spirit Airlines, Inc. ("Spirit") submits this response to this Court's order dated May 3,
2007. On May 3, 2007, the Court issued an order ("Order") requesting that Spirit respond to the
following issues: (1) whether Spirit is obligated to make a deposit with the Court and, if so, in
what amount; and (2) whether venue is proper before this Court.

In its Complaint, Spirit asserts that the Eisner Funds total $458,186.26. Defendant
Carrollton Bank asserts in its answer that it is entitled to $660,697.73. The Court notes this

discrepancy and questions whether Spirit is obligated to deposit $660,697.73 with the Court. Spirit and Carrollton Bank have entered into a stipulation agreeing to a deposit in the amount of $458,186.26.[1] The stipulation also provides the Court with the flexibility to require additional amounts to be deposited based on the merits of the case. Spirit is ready and willing to make the deposit with this Court or with the transferee court. If this Court determines the deposit should be made with this Court for jurisdictional or other purposes, Spirit will immediately do so. If, however, the Court grants Spirit's accompanying motion to transfer venue, Spirit will make the deposit with the transferee court immediately and comply with all orders from the transferee court with respect to the deposit requirements.

Finally, in response to the Court's questions regarding whether venue is appropriate in this Court, Spirit respectfully requests that the Court grant Spirit's motion to transfer venue to the United States District Court, District of Delaware, filed contemporaneously with this response.

---

[1]    See Exhibit A.

Dated: May 17, 2007

BERGER SINGERMAN

By:  /s/ Anthony J. Carriuolo
     Anthony Carriuolo (FBN 434541)
     acarriuolo@bergersingerman.com
     350 East Las Olas Boulevard, Suite 1000
     Fort Lauderdale, FL 33301
     Telephone:   954-525-9900
     Facsimile:   954-523-2872

LOCAL COUNSEL FOR PLAINTIFF SPIRIT
AIRLINES, INC.

and

FAFINSKI MARK & JOHNSON, P.A.

     Connie A. Lahn, *pro hac* admission
     Connie.lahn@fmjlaw.com
     400 Flagship Corporate Center
     775 Prairie Center Drive
     Eden Prairie, Minnesota 55344
     Telephone:   952.995.9500
     Facsimile:   952.995.9577

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO. 07-CV-60399 ALTONAGA/TURNOFF

SPIRIT AIRLINES, INC.,

     Plaintiff,

vs.

24/7 REAL MEDIA, INC.,
ADVERTISING.COM, INC.,
AMERICA ONLINE, INC. DBA
AOL, BURST MEDIA
CORPORATION, CARROLLTON
BANK, CHEAPFLIGHTS (USA),
INC., ECHO TARGET, INC.,
HOTWIRE, INC., INTERCEPT
INTERACTIVE, INC.,
PRICELINE.COM, LLC,
RACKSPACE, LTD., SHERMANS
TRAVEL, INC., SIDESTEP, INC.,
SMARTER LIVING, INC.,
SPECIFICMEDIA, INC., TRAVEL
MARKETING GROUP, INC.,
TRAVELZOO, INC., TRIBAL
FUSION, INC., TRIPADVISOR LLC,
VALUECLICK, INC., and THE
WEATHER CHANNEL
INTERACTIVE, INC.,

     Defendants.

_____/

## CERTIFICATE OF SERVICE

    I HEREBY CERTIFY THAT ON May 17, 2007, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served on this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronic Notices of Electronic filing.

                         s/Anthony J. Carriuolo
                         Anthony J. Carriuolo

**SERVICE LIST**
Spirit Airlines, Inc. v. 24/7 Real Media, Inc., et al.
Case No. 07-cv-60399-CMA (Altonaga/Turnoff)
United States District Court, Southern District of Florida

| | |
|---|---|
| Barbara L. Phillips<br>bphillipspa@bellsouth.net<br>Ingram Building, Suite 1139<br>25 Southeast 2nd Avenue<br>Miami, Florida 33131-1605<br>Telephone: 305-371-3633<br>Attorneys for Interpleaded Defendant, Carrollton Bank<br>Notice of Electronic Filing | Steven J. Lachterman<br>steven@lachterman.com<br>848 Brickell Avenue, Suite 750<br>Miami, Florida 33131<br>Telephone: 305-377-3071<br>Facsimile: 305-377-3097<br>Attorney for Defendants Hotwire, Inc., Smarter Living, Inc., Trip Advisor, LLC<br>Notice of Electronic Filing |
| Cherish A. Thompson<br>cthompson@astidavis.com<br>Astigarra Davis Mullins & Grossman<br>701 Brickell Avenue, 16th Floor<br>Miami, Florida 33131<br>Telephone: 305-372-8282<br>Facsimile: 305-372-8202<br>Attorney for Defendant, SideStep, Inc.<br>Notice of Electronic Filing | Francis X. Sexton, Jr.<br>Fsexton@cfclas.com<br>355 Alhambra Circle, Suite 1250<br>Coral Gables, Florida 33134<br>Telephone: 305-444-6669<br>Facsimile: 305-444-3665<br>Attorney for Defendant Value Click, Inc.<br>Notice of Electronic Filing |
| Anthony J. Carriuolo<br>acarriuolo@bergersingerman.com<br>Berger Singerman<br>350 East Las Olas Boulevard, Suite 1000<br>Fort Lauderdale, FL 33301<br>Telephone:  954-525-9900<br>Facsimile:  954-523-2872<br>Attorneys for Plaintiff<br>Notice of Electronic Filing | Connie A. Lahn, pro hac admission<br>Fafinski Mark & Johnson, P.A.<br>Connie.lahn@fmjlaw.com<br>400 Flagship Corporate Center<br>775 Prairie Center Drive<br>Eden Prairie, Minnesota 55344<br>Telephone: 952-995-9500<br>Facsimile:  952-995-9577<br>Attorneys for Plaintiff<br>Notice of Electronic Filing |
| Lewis Franklin Murphy<br>lmurphy@ssd.com<br>Squire Sanders & Dempsey LLP<br>200 S. Biscayne Boulevard, 40th FL<br>Miami, Florida 33131-2398<br>Telephone: 305-557-2957<br>Facsimile: 305-577-7001<br>Attorney for Defendant Burst Media Corporation<br>Notice of Electronic Filing | Esther Anne Zaretsky<br>eazaretsky@florida-counsel.com<br>1655 Palm Beach Lakes Boulevard<br>West Palm Beach, Florida 33401<br>Telephone: 561-683-1559<br>Facsimile:  561-689-66660<br>Attorney for Counter Claimant, Echo Target, Inc.<br>Notice of Electronic Filing |

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO. 07-CV-60399
ALTONAGA/TURNOFF

SPIRIT AIRLINES, INC.,

        Plaintiff,

vs.

24/7 REAL MEDIA, INC.,
ADVERTISING.COM, INC., AMERICA
ONLINE, INC. DBA AOL, BURST
MEDIA CORPORATION,
CARROLLTON BANK, CHEAPFLIGHTS
(USA), INC., ECHO TARGET, INC.,
HOTWIRE, INC., INTERCEPT
INTERACTIVE, INC., PRICELINE.COM,
LLC, RACKSPACE, LTD., SHERMANS
TRAVEL, INC., SIDESTEP, INC.,
SMARTER LIVING, INC.,
SPECIFICMEDIA, INC., TRAVEL
MARKETING GROUP, INC.,
TRAVELZOO, INC., TRIBAL FUSION,
INC., TRIPADVISOR LLC,
VALUECLICK, INC., and THE
WEATHER CHANNEL INTERACTIVE,
INC.,

        Defendants.
_____/

## MOTION TO TRANSFER VENUE

Pursuant to 28 U.S.C §§ 1404(a) and 1406(a), Plaintiff Spirit Airlines, Inc. ("Spirit")

moves this Court for an order transferring this action to the United States District Court, District

of Delaware.

This Motion is based on the accompanying Memorandum in Support of Motion to

Transfer Venue, the complaint, answers, and pleadings, and the documents on file in this action.

BERGER SINGERMAN
attorneys at law
    *Boca Raton   Fort Lauderdale   Miami   Tallahassee*

350 East Las Olas Boulevard  Suite 1000  Fort Lauderdale, Florida 33301  Telephone 954·525·9900  Facsimile 954·523·2872

Dated: May 17, 2007

BERGER SINGERMAN

By:    /s/ Anthony J. Carriuolo
        Anthony Carriuolo (FBN 434541)
        acarriuolo@bergersingerman.com
        350 East Las Olas Boulevard, Suite 1000
        Fort Lauderdale, FL 33301
        Telephone:    954-525-9900
        Facsimile:    954-523-2872

LOCAL COUNSEL FOR PLAINTIFF SPIRIT AIRLINES, INC.

and

FAFINSKI MARK & JOHNSON, P.A.

        Connie A. Lahn, *pro hac* admission
        Connie.lahn@fmjlaw.com
        400 Flagship Corporate Center
        775 Prairie Center Drive
        Eden Prairie, Minnesota 55344
        Telephone:    952.995.9500
        Facsimile:    952.995.9577

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO. 07-CV-60399 ALTONAGA/TURNOFF

SPIRIT AIRLINES, INC.,

        Plaintiff,

vs.

24/7 REAL MEDIA, INC.,
ADVERTISING.COM, INC.,
AMERICA ONLINE, INC. DBA
AOL, BURST MEDIA
CORPORATION, CARROLLTON
BANK, CHEAPFLIGHTS (USA),
INC., ECHO TARGET, INC.,
HOTWIRE, INC., INTERCEPT
INTERACTIVE, INC.,
PRICELINE.COM, LLC,
RACKSPACE, LTD., SHERMANS
TRAVEL, INC., SIDESTEP, INC.,
SMARTER LIVING, INC.,
SPECIFICMEDIA, INC., TRAVEL
MARKETING GROUP, INC.,
TRAVELZOO, INC., TRIBAL
FUSION, INC., TRIPADVISOR LLC,
VALUECLICK, INC., and THE
WEATHER CHANNEL
INTERACTIVE, INC.,

        Defendants.

_____/

## CERTIFICATE OF SERVICE

    I HEREBY CERTIFY THAT ON May 17, 2007, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served on this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronic Notices of Electronic filing.

                                      s/Anthony J. Carriuolo
                                      Anthony J. Carriuolo

729615-1

**SERVICE LIST**
Spirit Airlines, Inc. v. 24/7 Real Media, Inc., et al.
Case No. 07-cv-60399-CMA (Altonaga/Turnoff)
United States District Court, Southern District of Florida

| | |
|---|---|
| Barbara L. Phillips<br>bphillipspa@bellsouth.net<br>Ingram Building, Suite 1139<br>25 Southeast 2nd Avenue<br>Miami, Florida 33131-1605<br>Telephone: 305-371-3633<br>Attorneys for Interpleaded Defendant, Carrollton Bank<br>Notice of Electronic Filing | Steven J. Lachterman<br>steven@lachterman.com<br>848 Brickell Avenue, Suite 750<br>Miami, Florida 33131<br>Telephone: 305-377-3071<br>Facsimile: 305-377-3097<br>Attorney for Defendants Hotwire, Inc., Smarter Living, Inc., Trip Advisor, LLC<br>Notice of Electronic Filing |
| Cherish A. Thompson<br>cthompson@astidavis.com<br>Astigarra Davis Mullins & Grossman<br>701 Brickell Avenue, 16th Floor<br>Miami, Florida 33131<br>Telephone: 305-372-8282<br>Facsimile: 305-372-8202<br>Attorney for Defendant, SideStep, Inc.<br>Notice of Electronic Filing | Francis X. Sexton, Jr.<br>Fsexton@cfclas.com<br>355 Alhambra Circle, Suite 1250<br>Coral Gables, Florida 33134<br>Telephone: 305-444-6669<br>Facsimile: 305-444-3665<br>Attorney for Defendant Value Click, Inc.<br>Notice of Electronic Filing |
| Anthony J. Carriuolo<br>acarriuolo@bergersingerman.com<br>Berger Singerman<br>350 East Las Olas Boulevard, Suite 1000<br>Fort Lauderdale, FL 33301<br>Telephone: 954-525-9900<br>Facsimile: 954-523-2872<br>Attorneys for Plaintiff<br>Notice of Electronic Filing | Connie A. Lahn, pro hac admission<br>Fafinski Mark & Johnson, P.A.<br>Connie.lahn@fmjlaw.com<br>400 Flagship Corporate Center<br>775 Prairie Center Drive<br>Eden Prairie, Minnesota 55344<br>Telephone: 952-995-9500<br>Facsimile: 952-995-9577<br>Attorneys for Plaintiff<br>Notice of Electronic Filing |
| Lewis Franklin Murphy<br>lmurphy@ssd.com<br>Squire Sanders & Dempsey LLP<br>200 S. Biscayne Boulevard, 40th FL<br>Miami, Florida 33131-2398<br>Telephone: 305-557-2957<br>Facsimile: 305-577-7001<br>Attorney for Defendant Burst Media Corporation<br>Notice of Electronic Filing | Esther Anne Zaretsky<br>eazaretsky@florida-counsel.com<br>1655 Palm Beach Lakes Boulevard<br>West Palm Beach, Florida 33401<br>Telephone: 561-683-1559<br>Facsimile: 561-689-66660<br>Attorney for Counter Claimant, Echo Target, Inc.<br>Notice of Electronic Filing |

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO. 07-CV-60399
ALTONAGA/TURNOFF

SPIRIT AIRLINES, INC.,

     Plaintiff,

vs.

24/7 REAL MEDIA, INC.,
ADVERTISING.COM, INC., AMERICA
ONLINE, INC. DBA AOL, BURST MEDIA
CORPORATION, CARROLLTON BANK,
CHEAPFLIGHTS (USA), INC., ECHO
TARGET, INC., HOTWIRE, INC., INTERCEPT
INTERACTIVE, INC., PRICELINE.COM, LLC,
RACKSPACE, LTD., SHERMANS TRAVEL,
INC., SIDESTEP, INC., SMARTER LIVING,
INC., SPECIFICMEDIA, INC., TRAVEL
MARKETING GROUP, INC., TRAVELZOO,
INC., TRIBAL FUSION, INC., TRIPADVISOR
LLC, VALUECLICK, INC., AND THE
WEATHER CHANNEL INTERACTIVE, INC.,

     Defendants.

_____/

## MEMORANDUM IN SUPPORT OF
## PLAINTIFF'S MOTION TO TRANSER OF VENUE

Pursuant to 28 U.S.C §§ 1404(a) and 1406(a), Plaintiff Spirit Airlines, Inc. ("Spirit")

moves this Court for an order transferring this action to the United States District Court, District

of Delaware based upon the interests of justice, the convenience of the parties, and based upon

the order of the court dated May 3, 2007.

BERGER SINGERMAN
attorneys at law

Boca Raton   Fort Lauderdale   Miami   Tallahassee

350 East Las Olas Boulevard  Suite 1000  Fort Lauderdale, Florida 33301  Telephone 954·525·9900  Facsimile 954·523·2872

## INTRODUCTION

Spirit finds itself in an unfortunate situation due to no fault of its own. Spirit entered into a contract with Eisner Communications, Inc. ("Eisner"). Subsequently, Eisner went out of business and failed to pay its creditors (the defendants) amounts owed to them by Eisner. Because Spirit owes Eisner a significant amount of money, the defendants are now looking to Spirit for payment. Spirit admits it owes Eisner money and is merely seeking to deposit these funds with the court to allow Eisner's creditors to resolve their disputes over the funds. As Spirit has nothing to gain out of this litigation and is incurring substantial costs, Spirit would like nothing more than to deposit the funds with the court and remove itself from this case. However, Spirit seeks to have this case transferred to the United States District Court, District of Delaware because this situation satisfies the two-part test used when determining whether transfer is appropriate: the case could have originally been brought in Delaware, and it is in the interests of justice to transfer the case.

## PARTIES AND PROCEDURAL BACKGROUND

The facts of this case are set forth in detail in Spirit's Complaint filed with this Court. Accordingly, Spirit will only briefly summarize the case. On September 15, 2005, Spirit entered into an advertising agreement ("Agreement") with Eisner. The Agreement called for Eisner to provide online advertising for Spirit. Under this Agreement, Eisner's services to Spirit included ordering and contracting for interactive space, talent, and materials from third-party vendors. Eisner purchased space, time, materials, and services from third-party vendors. Spirit was never required to pay any third-party vendor; Spirit never had any contract with any third-party vendor; and Spirit never received an invoice from any third-party vendor. Spirit only received invoices

from Eisner. Pursuant to the Agreement, Eisner was solely responsible to pay the third-party vendors.

On November 12, 2006, Eisner informed Spirit that it was closing its business operations. On November 14, 2006, Spirit received a demand letter from Carrollton Bank, Eisner's secured creditor, demanding that any and all unpaid invoices for work performed by Eisner must be made to Carrollton Bank. Shortly after this demand, Spirit began receiving communications from creditors of Eisner demanding payment of outstanding Eisner invoices.

Spirit owes Eisner $458,186.26 ("Eisner Funds") for services provided to Spirit. Spirit admits that the Eisner funds are due and owing to someone. Because Spirit has received conflicting demands for the Eisner Funds from Carrollton Bank and third-party advertising vendors, Spirit brought this interpleader action in order to deposit the Eisner Funds with the Court and allow the defendants to determine who is entitled to the Eisner Funds. As described in more detail in the Complaint, Spirit is merely a disinterested stakeholder and claims no interest in the Eisner Funds.

On March 22, 2007, Spirit filed its Complaint. On May 3, 2007, the Court issued an order ("Order") requesting that Spirit respond to certain deposit and venue questions.[1] In response to the Court's questions regarding whether venue is appropriate in this Court, Spirit respectfully requests that the Court grant this Motion to Transfer Venue.

---

[1]   Spirit has filed a response in conjunction with this motion in response to the Court's Order.

## ARGUMENT

### A.    Motions to Transfer Venue under Sections 1404(A) and 1406(A)

When deciding whether to grant a motion to transfer venue under 28 U.S.C §§ 1404(a)[2] or 1406(a),[3] courts apply a two-part test. First, the court must determine whether the action "could have been brought" in the transferee district. Second, the court, in its discretion, must determine whether the action should be transferred "in the interest of justice."[4] This case satisfies both of these criteria.[5]

### B.    Because Jurisdiction and Venue are Proper in the United States District Court, District of Delaware, this Action "Could Have Been Brought" in the Transferee District

In this case, jurisdiction under the federal interpleader statue is proper in Delaware. Under 28 U.S.C. § 1335, a district court has jurisdiction over or any civil action of interpleader if: (1) the amount in controversy exceeds $500.00; and (2) two or more adverse claimants of

---

[2]    Section 1404(a) states:

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to another district of division where it may have been brought.

[3]    Section 1406(a) states:

> The district court of a district court in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.

[4]    28 U.S.C § 1404(a); 28 U.S.C § 1406(a); *Gill v. Three Dimension Systems, Inc.*, 87 F. Supp.2d 1278 (M.D. Fla. 2000)(applying 28 U.S.C § 1404(a)); *Biometics, LLC v. New Womyn, Inc.*, 112 F. Supp. 2d 869, 875 (E.D. Mo. 2000) (applying 28 U.S.C § 1404(a)); *Thorton v. Toyota Motor Sales U.S.A. Inc.*, 397 F.Supp. 476 (D.C. Ga.1975) (applying 28 U.S.C § 1406(a)).

[5]    Although proper venue in the transferor court is required to transfer venue under Section 1404(a); proper venue in the transferor court is not required under Section 1406(a). Courts use a similar analysis under both statutes when determining whether a transfer is in the interests of justice.

diverse citizenship claim or may claim to be entitled to the disputed property.[6]  In addition, Plaintiff must deposit the disputed property with the court.[7]  As stated earlier, the Eisner Funds total $458,186.26, which is over $500.00.  Accordingly, the first part of the jurisdictional test is met.  Spirit named twenty-one defendants in its interpleader complaint.  Eight defendants have answered the complaint.  Four of the answering defendants reside in Delaware.[8]  In addition, four of the answering defendants reside outside of Delaware.[9]  Accordingly, two or more adverse claimants of diverse citizenship have or may claim entitlement to the Eisner Funds; and therefore, the second part of the jurisdictional test is met.

Finally, as stated earlier, Spirit is ready and willing to deposit the Eisner Funds with this Court, or the transferee court if this motion is granted.[10]  Because Spirit could have deposited the Eisner Funds with the transferee court if this action was brought in Delaware, and because Spirit is ready to do so immediately if this Court grants this motion, the requirement that Spirit deposit the Eisner Funds with the court is also met.  Accordingly, jurisdiction in Delaware would have been proper if this case was originally brought in Delaware.

In addition, venue is proper in Delaware.  Proper venue for an interpleader action under 28 U.S.C. § 1335 is where at least one of the claimants resides.[11]  Because four of the eight

---

[6]  28 U.S.C. § 1335(a)(1).

[7]  28 U.S.C. § 1335(a)(1).

[8]  The following answering defendants reside in Delaware: Hotwire, Inc., SideStep, Inc., TripAdvisor, LLC, and Value Click Inc.

[9]  The following answering defendants reside outside of Delaware: Carrollton Bank (Maryland), Burst Media Corporation (Massachusetts), Smarter Living, Inc. (Massachusetts), and Echo Target, Inc. (New York).

[10]  Although not required, if the Court determines a deposit of the stake is required for this Court to rule on this Motion, Spirit will do so immediately.  If not, Spirit will deposit the stake with the transferee court.

[11]  28 U.S.C. § 1397.

answering defendants reside in Delaware, venue is proper in Delaware. As a result, this case could have originally been brought in Delaware, and the first part of the two-part transfer of venue test is met.

### C. The Interests of Justice and Convenience Would be Served by Transferring this Action to the United States District Court, District of Delaware

Because this action could have been brought in Delaware, this Court can exercise its jurisdiction to transfer the case "in the interest of justice."[12] On a motion to transfer a case for improper venue, a district court is vested with broad discretion in determining whether, in the interests of justice and the convenience of the parties, the motion should be granted.[13] Section 1406(a) permits transfer of an action even if the court in which it was filed has no jurisdiction over the defendants.[14]

Transfer is generally more in the interest of justice than dismissal.[15] Dismissal is a harsh remedy, and in the interests of justice, a court should transfer the case to a venue where the case may be properly asserted.[16] Doubts regarding transfer should be resolved in favor of preserving the action, particularly where it appears venue may be properly laid in the proposed transferee district.[17] Because the federal interpleader statute and the federal statute governing change of venue were adopted to provide a broad remedy for the formerly inadequate method of relief

---

[12]  28 U.S.C. § 1406(a).

[13]  *Cote v. Wadel*, 796 F.2d 981 (7th Cir. 1986).

[14]  *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 82 S. Ct. 913, 8 L.ED. 2d 39 (1962); *Roxco, Ltd. v. Harris Specialty Chemicals, Inc.*, 133 F.Supp. 2d. 911 (S.D. Miss. 2000).

[15]  *Nation v. United States Government*, 512 F. Supp. 121, 126 (S.D. Ohio. 1981).

[16]  *British-American Ins. Co. v. Lee*, 403 F.Supp. 31 (D. Del. 1975); *Scott Paper Co. v. Nice-Pak Products*, 678 F.Supp. 1086 (D. Del. 1988).

[17]  *Nation*, 512 F.Supp. at 126-127.

[17]  *Wilmington Trust Co. v. Gillespie*, 397 F. Supp. 1337 (D. Del. 1975).

available to all litigations, all are to be construed and applied liberally so as to best effect their intended purpose.[18]

In *Big Island Yacht Sales, Inc. v. Dowty*, the United States District Court, District of Hawaii, concluded that the stakeholder had brought its statutory interpleader action in the wrong district because none of the claimants resided in the district where the action was brought.[19] Despite the fact that the stakeholder's action would not be time barred if the case was dismissed, the court concluded that, in the interests of justice, the case should be transferred because the purpose of an interpleader action is to prevent multiple actions concerning the same property, because a transfer would expedite a decision on the merits of the interpleader action, and because the stakeholder did not purposefully select the inappropriate venue to harass the defendants.[20]

In this case, a transfer would prevent multiple actions concerning the same property and expedite a decision on the merits.  If the case is transferred, the action is preserved and is allowed to continue in its current state.  All twenty-one defendants will remain served, all defendants that have chosen to answer remain in the same position, and a resolution of the case is expedited. Finally, Spirit did not file this action in Florida to harass any defendant.  Spirit is in the unfortunate position of being in the middle of a dispute in which it has no interest in the outcome.  When there is no indication the suit was commenced in an improper venue for the purposes of harassment, transfer is preferable.[21]

---

[19] *Big Island Yacht Sales, Inc. v. Dowty*, 848 F.Supp. 131, 134 (D. Hawaii 1993).

[20] *Id.* (the court in *Big Island Yacht Sales, Inc.*, also included the existence of another lawsuit as an interest of justice factor).

[21] *De La Fuente v. Interstate Commerce Commission*, 451 F.Supp. 867, 872 (D.C. Ill. 1978).

Courts have identified a list of non-exclusive factors which provide guidance in determining whether, in the interests of justice and convenience, a motion to transfer under Section 1406(a) should be granted. Among these non-exclusive considerations are:

(1) to avoid injustice which may result from dismissing actions for improper venue;[22]

(2) to avoid time consuming and justice defeating technicalities;[23]

(3) to permit change of venue where there are obstacles to an expeditious adjudication on the merits, including the inability to perfect service on the merits;[24]

(4) to encourage resolution of controversies upon their merits;[25] or

(5) for the convenience of the parties.[26]

Given the flexible and remedial nature of interpleader actions, it would be an injustice to dismiss this action as the stated purpose of the interpleader statute and the transfer statutes is to provide an equitable remedy for the parties. Spirit has no interest in the Eisner Funds and is receiving no benefit as a result of this case. Spirit was forced to file this interpleader action as a result of the multiple demands it received for the same funds. Spirit has incurred substantial costs to ensure a fair and just outcome for the interested parties, the defendants. It would be unjust to force Spirit to again undertake the substantial effort and cost it took to serve the numerous defendants, located nationwide, when Spirit is merely a disinterested party forced into this situation. This is especially true considering most of these defendants have decided not to

---

[22]  *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 82 S. Ct. 913, 8 L.ED. 2d 39 (1962).

[23]  *Spherion Corp. v. Cincinnati Financial Corp.*, 183 F. Supp. 2d 1052 (N.D. Ill. 2002).

[24]  *Carteret Sav. Bank, F.A. v. Shushan*, 919 F.2d 225, 18 Fed. R. Serv. 3d 841 (3rd Cir. 1990).

[25]  *Cinalli v. Kane*, 191 F.Supp. 2d 601 (E.D. Pa. 2002).

[26]  *French Transit, Ltd. v. Modern Coupon Systems, Inc.*, 585 F.Supp. 22 (S.D.N.Y. 1994).

answer the Complaint. A transfer permits the transaction of judicial business more conveniently and expeditiously.[27]

Second, dismissing this action would result, in the best case scenario, in a duplicative and wasteful exercise of valuable time and resources. In addition, because the purpose of the interpleader statute, as well as the venue transfer statutes, is to provide a flexible and equitable remedy in order to reach a just result, dismissing this case on a technicality that can be easily cured by transferring this case would not be in the best interests of justice and would be contrary to the purpose of the interpleader and transfer of venue statutes.

Third, a transfer would provide the most expeditious adjudication of this case. Nationwide service has already been commenced and answers have been filed. A transfer will preserve this case in its current state, the status of the parties that have chosen to participate in this action will be preserved, and the transferee court and the parties will be able to seamlessly proceed to a resolution in this case. There are twenty-one named defendants in this case. The most expeditious way to proceed in a case with such a large number of parties is to permit a transfer, and allow the case to proceed in one, already-filed case.

A transfer will encourage a resolution on the merits. All parties that have joined this action are ready for a resolution of this matter. A transfer of this case is the best way to further both the intent of the interpleader statute, the transfer of venue statutes, and the parties' goal of resolution.

It is in the convenience of all parties to transfer this action to Delaware. Out of the eight answering defendants, four reside in Delaware.[28] In addition, Spirit is incorporated in Delaware.

---

[27] *De La Fuente,* 451 F.Supp. at 872 (D.C. Ill. 1978).

Finally, Eisner's secured creditor, Carrollton Bank, as well as Burst Media Corporation, SideStep, Inc., and ValueClick, Inc. have all stated to Spirit they have no objection to this transfer.[29]

An interpleader action is one in equity and is governed by equitable principles.[30] The federal interpleader statutes were enacted to provide a liberal remedy for the adjudication of claims to property or money.[31] Genesis of interpleader is equity and it is entitled to remedial flexibility.[32] Statutory interpleader is remedial in nature; and, therefore, must be construed so that injustice will not result.[33] The provisions of the Interpleader Act are intended as remedial legislation to meet a situation where equitable relief is necessary, and hence should be liberally construed.[34] It would be unjust and contrary to the purpose of the interpleader and change of venue statutes to not permit a transfer of venue. The statutory interpleader is designed not only to protect stakeholders from double or multiple liability but also to protect them from the trouble and expense of double or multiple litigation.[35] If this case does not move forward, all parties are once again subject to multiple pieces of litigation, Spirit is, once again, subject to multiple liability, and all parties will incur significant time and expense only to reach the same destination the parties are currently at in this case.

---

[28] In addition, America Online, Inc. (Delaware) and Advertising.Com, Inc. (Maryland) have appeared by filing a motion for an indefinite enlargement of time to response to the Complaint.

[30] *Champlin Petroleum Co. v. Ingram*, 560 F.2d 994 (10th Cir. 1977).

[31] *Marine Bank & Trust Co. v. Hamilton Bros., Inc.*, 55 F.R.D. 505, 506 (M.D.Fla., 1972).

[32] *Humble Oil & Ref. Co. v. Copeland*, 398 F.2d 364, 368 (4th Cir. 1998).

[33] *Austin v. Texas-Ohio Gas Co.*, 218 F.2d 739 (5th Cir. 1955) See also, *Koehring Co. v. Hyde Const. Co.*, 297 F.Supp. 731 (D.C. Wis. 1969).

[34] *Fidelity & Gas Co. of New York v. Wilson*, 105 F.Supp. 454, 455-456 (E.D.S.C. 1952).

[35] *Tollett v. Phoenix Assur. Co. of New York*, 147 F.Supp. 597, 605 (D.C. Ark. 1956).

Finally, it should be emphasized that this is not a venue transfer dispute where adverse parties are disputing the weight given to a contractual choice of venue provision, or where adverse parties are disputing the availability and convenience of witnesses. Rather, Spirit seeks this transfer for the benefit of all the parties.

## CONCLUSION

Spirit is a disinterested party who simply wants to deposit the Eisner Funds with the proper Court in order for the claimants to adjudicate their claims. Justice and convenience requires that this case be transferred to the United States District Court, District of Delaware. Spirit is not attempting to transfer this case for its own convenience or to gain an advantage in this case. Spirit only wants to preserve and transfer this case in order to prevent multiple lawsuits, unnecessary time and expenses, and allow for an expedited adjudication of this matter. Transferring this case to Delaware will result in greater convenience for the parties as half of the answering defendants are located in Delaware.

For these reasons, the Court should exercise its discretion and, in the interests of justice, transfer this case to the United States District Court, District of Delaware.

Dated: May 17, 2007

BERGER SINGERMAN

By:   /s/ Anthony J. Carriuolo
      Anthony Carriuolo (FBN 434541)
      acarriuolo@bergersingerman.com
      350 East Las Olas Boulevard, Suite 1000
      Fort Lauderdale, FL 33301
      Telephone:  954-525-9900
      Facsimile:  954-523-2872

LOCAL COUNSEL FOR PLAINTIFF SPIRIT AIRLINES, INC.

and

FAFINSKI MARK & JOHNSON, P.A.

      Connie A. Lahn, *pro hac* admission
      Connie.lahn@fmjlaw.com
      400 Flagship Corporate Center
      775 Prairie Center Drive
      Eden Prairie, Minnesota 55344
      Telephone:  952.995.9500
      Facsimile:  952.995.9577

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO. 07-CV-60399 ALTONAGA/TURNOFF

SPIRIT AIRLINES, INC.,

Plaintiff,

vs.

24/7 REAL MEDIA, INC.,
ADVERTISING.COM, INC.,
AMERICA ONLINE, INC. DBA
AOL, BURST MEDIA
CORPORATION, CARROLLTON
BANK, CHEAPFLIGHTS (USA),
INC., ECHO TARGET, INC.,
HOTWIRE, INC., INTERCEPT
INTERACTIVE, INC.,
PRICELINE.COM, LLC,
RACKSPACE, LTD., SHERMANS
TRAVEL, INC., SIDESTEP, INC.,
SMARTER LIVING, INC.,
SPECIFICMEDIA, INC., TRAVEL
MARKETING GROUP, INC.,
TRAVELZOO, INC., TRIBAL
FUSION, INC., TRIPADVISOR LLC,
VALUECLICK, INC., and THE
WEATHER CHANNEL
INTERACTIVE, INC.,

Defendants.

_____/

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY THAT ON May 17, 2007, I electronically filed the
foregoing document with the Clerk of the Court using CM/ECF. I also certify that the
foregoing document is being served on this day on all counsel of record or pro se parties
identified on the attached Service List in the manner specified, either via transmission of
Notices of Electronic Filing generated by CM/ECF or in some other authorized manner
for those counsel or parties who are not authorized to receive electronic Notices of
Electronic filing.

        s/Anthony J. Carriuolo
        Anthony J. Carriuolo

729615-1

**SERVICE LIST**
Spirit Airlines, Inc. v. 24/7 Real Media, Inc., et al.
Case No. 07-cv-60399-CMA (Altonaga/Turnoff)
United States District Court, Southern District of Florida

| | |
|---|---|
| Barbara L. Phillips<br>bphillipspa@bellsouth.net<br>Ingram Building, Suite 1139<br>25 Southeast 2nd Avenue<br>Miami, Florida 33131-1605<br>Telephone: 305-371-3633<br>Attorneys for Interpleaded Defendant, Carrollton Bank<br>Notice of Electronic Filing | Steven J. Lachterman<br>steven@lachterman.com<br>848 Brickell Avenue, Suite 750<br>Miami, Florida 33131<br>Telephone: 305-377-3071<br>Facsimile: 305-377-3097<br>Attorney for Defendants Hotwire, Inc., Smarter Living, Inc., Trip Advisor, LLC<br>Notice of Electronic Filing |
| Cherish A. Thompson<br>cthompson@astidavis.com<br>Astigarra Davis Mullins & Grossman<br>701 Brickell Avenue, 16th Floor<br>Miami, Florida 33131<br>Telephone: 305-372-8282<br>Facsimile: 305-372-8202<br>Attorney for Defendant, SideStep, Inc.<br>Notice of Electronic Filing | Francis X. Sexton, Jr.<br>Fsexton@cfclas.com<br>355 Alhambra Circle, Suite 1250<br>Coral Gables, Florida 33134<br>Telephone: 305-444-6669<br>Facsimile: 305-444-3665<br>Attorney for Defendant Value Click, Inc.<br>Notice of Electronic Filing |
| Anthony J. Carriuolo<br>acarriuolo@bergersingerman.com<br>Berger Singerman<br>350 East Las Olas Boulevard, Suite 1000<br>Fort Lauderdale, FL 33301<br>Telephone:  954-525-9900<br>Facsimile:  954-523-2872<br>Attorneys for Plaintiff<br>Notice of Electronic Filing | Connie A. Lahn, pro hac admission<br>Fafinski Mark & Johnson, P.A.<br>Connie.lahn@fmjlaw.com<br>400 Flagship Corporate Center<br>775 Prairie Center Drive<br>Eden Prairie, Minnesota 55344<br>Telephone:  952-995-9500<br>Facsimile:  952-995-9577<br>Attorneys for Plaintiff<br>Notice of Electronic Filing |
| Lewis Franklin Murphy<br>lmurphy@ssd.com<br>Squire Sanders & Dempsey LLP<br>200 S. Biscayne Boulevard, 40th FL<br>Miami, Florida 33131-2398<br>Telephone: 305-557-2957<br>Facsimile:  305-577-7001<br>Attorney for Defendant Burst Media Corporation<br>Notice of Electronic Filing | Esther Anne Zaretsky<br>eazaretsky@florida-counsel.com<br>1655 Palm Beach Lakes Boulevard<br>West Palm Beach, Florida 33401<br>Telephone:  561-683-1559<br>Facsimile:  561-689-66660<br>Attorney for Counter Claimant, Echo Target, Inc.<br>Notice of Electronic Filing |

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO.: 07-60399-CIV-ALTONAGA/TURNOFF

SPIRIT AIRLINES, INC.,

        Plaintiff,

v.

24/7 REAL MEDIA, INC., et al.,

        Defendants.

_____/

### DEFENDANT PRICELINE.COM, LLC'S UNOPPOSED MOTION FOR ENLARGEMENT OF TIME TO RESPOND TO COMPLAINT FOR INTERPLEADER AND PREPARE/FILE JOINT SCHEDULING REPORT AND CERTIFICATE OF INTERESTED PARTIES

Defendant Priceline.com, LLC ("Priceline") hereby moves this Court for an enlargement of time to Respond to Plaintiff Spirit Airlines, Inc.'s ("Spirit") Complaint for Interpleader and to prepare and file a joint scheduling report and certificate of interested parties until ten days after the Court has ruled on the issues of subject matter jurisdiction and venue as detailed in its May 3, 2007 Order [DE-40] and Plaintiff's motion for transfer of venue [DE- 48].

In support of this motion, Priceline states as follows:

1.     Spirit's Complaint for Interpleader alleges that this Court has subject matter jurisdiction under both the Federal Interpleader Act ("FIA"), 28 U.S.C. § 1335, and Federal Rule of Civil Procedure 22 in concert with the diversity statute, *id.* § 1332.

2.     On April 24, 2007, Priceline moved for a brief enlargement of time, through and including May 25, 2007, to respond to the Complaint [DE-11]. Later that same day, the Court granted the motion and issued an Order Requiring Joint Scheduling Report [DE-12 and 13].

3.     On May 1, 2007, the Court ordered Spirit to submit a "Motion for Entry of Clerk's Default" no later than May 11, 2007, with respect to Defendants TravelZoo, Inc., Travel Marketing Group, Inc., Echo Target, Inc., Real media, Inc., Cheapflights (USA), Inc., Hotwire, Inc., and Tripadvisor LLC, Inc. ("Order on Default Procedure") [DE-39]. "To date," the Court explained, those Defendants "have failed to answer or otherwise respond" to the Complaint for Interpleader.

4.     On May 3, 2007, the Court, *sua sponte*, issued an Order addressing the issues of subject matter jurisdiction and venue in this Court [DE-40]. The Court determined that complete diversity is lacking in this matter and, therefore, Spirit may not proceed in this Court pursuant to Federal Rule of Civil Procedure 22. *Id. a*t 2.

5.     Because only statutory interpleader under the FIA is potentially available to Spirit, the Court explained that "deposit of the amount in controversy with the Court is a requirement for the exercise of jurisdiction." *Id.* (citing 28 U.S.C. § 1335(a)(2)). As the Court observed, Defendant Carrollton Bank has asserted that it is entitled to $660,697.73 from Spirit. Spirit, by contract, claims that the amount in controversy - - that is, the amount Spirit alleges it owes all defendants - - is just $458,186.26. Complaint [DE-1] ¶ 59. Clearly, the amount in controversy was disputed in this case.

6.     The Court further observed that the venue statute for statutory interpleader actions, 28 U.S.C. § 1397, provides that venue is proper in judicial districts where one or more of the claimants reside. Therefore, the Court explained, "[i]t appears . . . that venue may not be proper in this Court." [DE-40] ¶ 3.

7.     Accordingly, the Court ordered Spirit to submit a written filing addressing two separate issues: (1) whether Spirit is, in fact, obligated to make a deposit in the amount of

2

$660,697.73 with the Court Registry, and whether Spirit is prepared to make such a deposit; and (2) whether venue is proper in this Court. *Id.*

8.    The Court ordered Spirit to brief the foregoing issues by May 17, 2007. *Id.*

9.    In light of the Court's concerns over subject-matter jurisdiction and venue, the Court set aside the Order on Default Procedure "pending a determination of whether this case should proceed in this Court." *Id.*

10.    On May 7, 2007, Defendants Advertising.com, Inc. ("Advertising") and America Online, Inc. d/b/a AOL ("AOL") filed a motion for an indefinite enlargement of time to respond to the Complaint until after the Court resolved the subject matter jurisdiction and venue issues [DE-41]. On May 9, 2006, the Court granted Defendants Advertising and AOL's motion and ordered them to respond to the Complaint within ten days after the Court issues its decision on the subject matter jurisdiction and venue issues [DE-42].

11.    On May 17, 2007, Plaintiff filed its Response to the Court's May 3, 2007 Order concerning the amount in controversy [DE-47]. In addition, Plaintiff filed a motion and supporting memorandum of law to transfer the venue of this action to the U.S. District Court for the District of Delaware [DE-48 and 49].

12.    For the same reasons the Court set aside its Order on Default Procedure and granted Advertising and AOL's motion for an indefinite enlargement, it should extend the deadline for Priceline to respond to the Complaint and to prepare/file a joint scheduling report and certificate of interested parties. The Court has raised serious concerns as to whether jurisdiction and venue are proper in this Court, and has ordered Spirit to promptly address those concerns through written submissions. Moreover, the Plaintiff is attempting to transfer the venue

3

of this action to another court. Accordingly, in the event this Court determines that jurisdiction is lacking or that venue is improper, this case will likely be dismissed or transferred.

13.     Priceline therefore seeks an enlargement of time to respond to the Complaint for Interpleader and to prepare/file a joint scheduling report and certificate of interested parties until ten days after the Court has ruled on the issues of subject matter jurisdiction and venue. Such an enlargement will serve the interests of judicial economy, in that it will potentially obviate the need for Priceline to respond to the Complaint for Interpleader, and potentially relieve the Court of the burden of addressing any related motions.

14.     This motion is brought in good faith and not for the purpose of delay, and no party will be harmed by granting the relief requested herein.

15.     Plaintiff's counsel has been contacted concerning this request, and has agreed to the granting of the enlargement of time.

16.     Pursuant to S.D. Fla. Local Rule 7.1(A)(2), attached hereto as Exhibit "1" is a proposed Order.

WHEREFORE, Defendant Priceline.com, LLC respectfully moves for an enlargement of time to respond to the Complaint and to prepare/file a joint scheduling report and certificate of interested parties until ten days after the Court has ruled on the issues of subject matter jurisdiction and venue, together with such other and further relief as the Court deems just, proper and equitable.

## LOCAL RULE 7.1(A)(3) CERTIFICATION

Pursuant to S.D. Fla. Local Rule 7.1(A)(3), counsel for Priceline certify that they have conferred with counsel for Plaintiff Spirit Airlines, Inc. with respect to the relief requested, and states that counsel for Plaintiff agrees to the granting of the enlargement of time.

4

CASE NO.: 07-60399-CIV-ALTONAGA/TURNOFF

Dated: May 21, 2007
     Miami, Florida.

Respectfully, submitted,

By: _s/ Steven M. Ebner_
    Steven M. Ebner
    Florida Bar No. 634727
    _sebner@shutts-law.com_
    **SHUTTS & BOWEN LLP**
    1500 Miami Center
    201 S. Biscayne Boulevard
    Miami, Florida 33131
    (305) 358-6300 Telephone
    (305) 381-9982 Facsimile

LOCAL COUNSEL FOR PRICELINE.COM, LLC

AND

Joseph L. Clasen
New York Bar No. 1725340
_jclasen@rc.com_
**ROBINSON & COLE, LLP**
885 Third Avenue, 28th Floor
New York, NY 10022
(212) 451-2900 Telephone
(212) 451-2999 Facsimile

COUNSEL FOR PRICELINE.COM, LLC

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on May 21, 2007, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record identified on the attached Service List.

    _s/ Steven M. Ebner_
    Of Counsel

5

CASE NO.: 07-60399-CIV-ALTONAGA/TURNOFF

## SERVICE LIST

*Spirit Airlines, Inc. v. 24/7 Real Media, Inc., et al.*
**Case No. 07-60399-CIV-ALTONAGA/TURNOFF**

Anthony J. Carriuolo, Esq.
*acarriuolo@bergersingerman.com*
Berger Singerman
350 East Las Olas Boulevard, Suite 1000
Ft. Lauderdale, FL 33301
(954) 525-9900 Phone
(954) 523-2872 Fax
Local counsel for Plaintiff Spirit Airlines, Inc.

Connie A. Lahn, Esq.
*connie.lahn@fmjlaw.com*
Lara O. Glaesman, Esq.
*lara.glaesman@fmjlaw.com*
Fafinski Mark & Johnson, P.A.
Flagship Corporate Center
775 Prairie Center Drive, Suite 400
Eden Prairie, MN 55344
(952) 995-9500 Phone
(952) 995-9577 Fax
Counsel for Plaintiff Spirit Airlines, Inc.

James M. Miller, Esq.
*james.miller@akerman.com*
Samuel Heywood, Esq.
*samuel.heywood@akerman.com*
Akerman Senterfitt
One Southeast Third Avenue, 25th Floor
Miami, FL 33131-1714
(305) 374-5600 Phone
(305) 374-5095 Fax
Counsel for Defendants Advertising.com, Inc. and America Online, Inc.

MIADOCS 2114794 1

6

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 07-60399-CIV-ALTONAGA/Turnoff

SPIRIT AIRLINES, INC.,

      Plaintiff,

vs.

24/7 REAL MEDIA, INC., et al.,

      Defendants.

_____/

**ORDER TRANSFERRING CASE**

**THIS CAUSE** came before the Court upon Plaintiff, Spirit Airlines, Inc.'s ("Spirit['s]")

Motion to Transfer Venue [D.E. 48], filed on May 17, 2007. In the Order of May 3, 2007 [D.E. 40],

the Court noted that this case is a statutory interpleader action brought pursuant to 28 U.S.C. § 1335

and that venue is improper in this Court under the venue statute for statutory interpleader actions,

28 U.S.C. § 1397. Spirit has therefore moved, under 28 U.S.C. §§ 1404(a) and 1406(a), for an order

transferring the case to the United States District Court for the District of Delaware.

Section 1406(a) provides that where venue for a case is improper in a district court, the

district court "shall dismiss, or if it be in the interest of justice, transfer such case to any district . . .

in which it could have been brought." Venue in this case is proper in the District of Delaware

because several of the claimants are incorporated in, and thus "reside in," Delaware. *See* 28 U.S.C.

§ 1397 (providing that venue is proper in a statutory interpleader action in any judicial district in

which one or more of the claimants resides).[1] The undersigned finds that it is in the interest of justice

_____

[1] In order to transfer an action pursuant to 28 U.S.C. § 1404(a), venue must be proper in the transferor court.
*See Van Dusen v. Barrack*, 376 U.S. 612, 634 (1964). Because venue is not proper in this Court, the undersigned may
not rely upon 28 U.S.C. § 1404(a) in transferring this action.

Case No. 07-60399-CIV-ALTONAGA/Turnoff

to transfer, rather than dismiss, this action given that Spirit's choice of improper venue appears to have been inadvertent and because a transfer will avoid the parties' having to re-file the relatively numerous pleadings they have already filed in this case. Accordingly, it is

**ORDERED AND ADJUDGED** that Spirit's Motion to Transfer Venue **[D.E. 48]** is **GRANTED**. This case shall be **TRANSFERRED** to the United States District Court for the District of Delaware.[2]

**DONE AND ORDERED** in Chambers at Miami, Florida, this 18th day of May, 2007.

*Cecilia M. Altonaga*

**CECILIA M. ALTONAGA**
**UNITED STATES DISTRICT JUDGE**

Copies provided to:
(1)    Magistrate Judge William C. Turnoff
(2)    Counsel of record

---

[2] In the May 3, 2007 Order, the Court noted that the deposit of the stake with the court is a jurisdictional requirement in a statutory interpleader action. *See* 28 U.S.C. § 1335(a)(2). There is some dispute in this case whether Spirit need deposit the amount it claims is in controversy or the higher amount that Defendant, Carrollton Bank, claims it is entitled to. Spirit and Carrollton Bank have filed a Stipulation [D.E. 47-2] providing that Spirit need only deposit the smaller amount. It is unclear whether the parties may waive the requirement that the stakeholder deposit the highest amount in controversy in the case. *See* 4 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE - CIVIL § 22.04[6][b] (noting that stakeholder is required to deposit highest amount in controversy). Given that venue is improper in this Court, the undersigned declines to resolve this issue and instead notes that the issue will need to be resolved, and Spirit's deposit made, once the transfer of this case is complete.

2

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## MIAMI DIVISION

### CASE NO. 07-60399-CIV-ALTONAGA/Turnoff

**SPIRIT AIRLINES, INC.,**

      Plaintiff,

vs.

**24/7 REAL MEDIA, INC.**, et al.,

      Defendants.

_____/

### <u>ORDER</u>

**THIS CAUSE** came before the Court upon Defendant, Priceline.com, LLC's ("Priceline['s]") Unopposed Motion for Enlargement of Time to Respond to Complaint for Interpleader and Prepare/File Joint Scheduling Report and Certificate of Interested Parties [D.E. 50], filed on May 21, 2007. In an Order signed on May 18, 2007, but not yet docketed, the Court transferred this action to the United States District Court for the District of Delaware. Accordingly, it is

      **ORDERED AND ADJUDGED** that Priceline's Motion **[D.E. 50]** is **DENIED WITHOUT PREJUDICE**.

      **DONE AND ORDERED** in Chambers at Miami, Florida, this 21st day of May, 2007.

_____
**CECILIA M. ALTONAGA**
**UNITED STATES DISTRICT JUDGE**

Copies provided to:
(1)    Magistrate Judge William C. Turnoff
(2)    Counsel of record

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO. 07-60399-CV-CMA

Spirit Airlines, Inc.

        Plaintiff(s),

    v.

24/7 Real Media, Inc., et al.

        Defendant(s),

### CLERK'S NOTICE OF TRANSFER TO OTHER DISTRICT

Pursuant to the Order of Transfer entered on 05/21/07, the above-styled case is hereby transferred to the District of Delaware. Enclosed are certified copies of the Order of Transfer and the Court's docket sheet. The case record is ☐ **a combined paper and electronic file or** ☑ **an electronic file** and the imaged documents can be obtained at **PACER.USCOURTS.GOV** by using your Pacer **(not CM/ECF)** login and password. If you do not have a pacer login, please contact the Pacer Center at 1-800-676-6856.

DONE at the Federal Courthouse, Miami, Florida, this 21st day of May 2007.

CLARENCE MADDOX,
Court Administrator • Clerk of Court

By: s/ N. Toloza

Deputy Clerk

---

**Please acknowledge receipt of this transfer by returning a time-stamped copy of this Notice to:**

United States District Court
Southern District of Florida

**Received By:** _____

**New Case No.** _____

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
### MIAMI DIVISION

## CASE NO. 07-60399-CIV-ALTONAGA/Turnoff

**SPIRIT AIRLINES, INC.,**

       Plaintiff,

vs.

**24/7 REAL MEDIA, INC.**, et al.,

       Defendants.

_____/

## <u>ORDER TRANSFERRING CASE</u>

**THIS CAUSE** came before the Court upon Plaintiff, Spirit Airlines, Inc.'s ("Spirit['s]")

Motion to Transfer Venue [D.E. 48], filed on May 17, 2007.  In the Order of May 3, 2007 [D.E. 40],

the Court noted that this case is a statutory interpleader action brought pursuant to 28 U.S.C. § 1335

and that venue is improper in this Court under the venue statute for statutory interpleader actions,

28 U.S.C. § 1397.  Spirit has therefore moved, under 28 U.S.C. §§ 1404(a) and 1406(a), for an order

transferring the case to the United States District Court for the District of Delaware.

Section 1406(a) provides that where venue for a case is improper in a district court, the

district court "shall dismiss, or if it be in the interest of justice, transfer such case to any district . . .

in which it could have been brought."  Venue in this case is proper in the District of Delaware

because several of the claimants are incorporated in, and thus "reside in," Delaware.  *See* 28 U.S.C.

§ 1397 (providing that venue is proper in a statutory interpleader action in any judicial district in

which one or more of the claimants resides).[1]  The undersigned finds that it is in the interest of justice

---

[1] In order to transfer an action pursuant to 28 U.S.C. § 1404(a), venue must be proper in the transferor court.
*See Van Dusen v. Barrack*, 376 U.S. 612, 634 (1964).  Because venue is not proper in this Court, the undersigned may
not rely upon 28 U.S.C. § 1404(a) in transferring this action.

to transfer, rather than dismiss, this action given that Spirit's choice of improper venue appears to have been inadvertent and because a transfer will avoid the parties' having to re-file the relatively numerous pleadings they have already filed in this case. Accordingly, it is

ORDERED AND ADJUDGED that Spirit's Motion to Transfer Venue **[D.E. 48]** is **GRANTED**. This case shall be **TRANSFERRED** to the United States District Court for the District of Delaware.[2]

DONE AND ORDERED in Chambers at Miami, Florida, this 18th day of May, 2007.

*Cecilia M. Altonaga*

**CECILIA M. ALTONAGA**
**UNITED STATES DISTRICT JUDGE**

Copies provided to:
(1)     Magistrate Judge William C. Turnoff
(2)     Counsel of record

---

[2] In the May 3, 2007 Order, the Court noted that the deposit of the stake with the court is a jurisdictional requirement in a statutory interpleader action. *See* 28 U.S.C. § 1335(a)(2). There is some dispute in this case whether Spirit need deposit the amount it claims is in controversy or the higher amount that Defendant, Carrollton Bank, claims it is entitled to. Spirit and Carrollton Bank have filed a Stipulation [D.E. 47-2] providing that Spirit need only deposit the smaller amount. It is unclear whether the parties may waive the requirement that the stakeholder deposit the highest amount in controversy in the case. *See* 4 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE - CIVIL § 22.04[6][b] (noting that stakeholder is required to deposit highest amount in controversy). Given that venue is improper in this Court, the undersigned declines to resolve this issue and instead notes that the issue will need to be resolved, and Spirit's deposit made, once the transfer of this case is complete.

2

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO. 07-cv-60399-Altonaga

**Spirit Airlines, Inc.,**

      Plaintiff(s),

v.

**24/7 Real Media, Inc.,**

      Defendant(s),

---

FILED by _____ D.C.

**May 24, 2007**

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA.

---

## CLERK'S NOTICE OF TRANSFER TO OTHER DISTRICT

Pursuant to the Order of Transfer entered on **5/22/07**, the above-styled case is hereby transferred to the **District of Delaware**. Enclosed are certified copies of the Order of Transfer and the Court's docket sheet. The case record is [ ] **a combined paper and electronic file or** [ ] **an electronic file** and the imaged documents can be obtained at **PACER.USCOURTS.GOV** by using your Pacer **(not CM/ECF)** login and password. If you do not have a pacer login, please contact the Pacer Center at 1-800-676-6856.

DONE at the Federal Courthouse, Miami, Florida, this 24 day of May 2007.

                **CLARENCE MADDOX,**
                Court Administrator • Clerk of Court

                By: _L. Sandelin_
                L. Sandelin
                Deputy Clerk

---

**Please acknowledge receipt of this transfer by returning a time-stamped copy of this Notice to:**

United States District Court
Southern District of Florida
301 N. Miami Avenue, Room 150
Miami, FL 33128

**Received By:** _____

**New Case No.** _____

# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA
## MIAMI-DADE DIVISION

## CASE NO. 07-60399-CIV-ALTONAGA/TURNOFF

SPIRIT AIRLINES, INC.

      Plaintiff,

vs.

24/7 REAL MEDIA, INC., ADVERTISING.COM, INC.
AMERICA ONLINE, INC., d/b/a AOL, BURST MEDIA
CORPORATION, CARROLTON BANK,
CHEAPFLIGHTS (USA), INC.,
ECHO TARGET, INC., HOTWIRE, INC., INTERCEPT
INTERACTIVE, INC., PRICELINE.COM, LLC,
RACKSPACE, LTD., SHERMANS TRAVEL, INC.,
SIDESTEP, INC., SMARTER LIVING, INC., et al.

      Defendants.

_____/

## DEFENDANT PRICELINE.COM, INCORPORATED'S
## ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIM

    Defendant Priceline.com, Incorporated ("Priceline" or "Defendant"), sued herein incorrectly as Priceline.com, LLC, by its undersigned counsel and for its Answer, Affirmative Defenses, and Counterclaims to the Complaint For Interpleader filed by Plaintiff Spirit Airlines, Inc. ("Spirit" or "Plaintiff") states as follows:

## ANSWER

    Defendant denies each and every allegation not specifically admitted herein and answers each numbered paragraph of the Complaint as follows:

## PARTIES

    1.    Defendant lacks knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 1 of the Complaint and, therefore, denies same.

STAM1-838322-1

2.     Defendant lacks knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 2 of the Complaint and, therefore, denies same.

3.     Defendant lacks knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 3 of the Complaint and, therefore, denies same.

4.     Defendant lacks knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 4 of the Complaint and, therefore, denies same.

5.     Defendant lacks knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 5 of the Complaint and, therefore, denies same.

6.     Defendant lacks knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 6 of the Complaint and, therefore, denies same.

7.     Defendant lacks knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 7 of the Complaint and, therefore, denies same.

8.     Defendant lacks knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 8 of the Complaint and, therefore, denies same.

9.     Defendant lacks knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 9 of the Complaint and, therefore, denies same.

10.     Defendant lacks knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 10 of the Complaint and, therefore, denies same.

11.     Defendant denies each and every allegation set forth in Paragraph 11 of the Complaint, except admits that Defendant is a Delaware corporation with a principal place of business at 800 Connecticut Avenue, Norwalk, Connecticut 06854.

12.     Defendant lacks knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 12 of the Complaint and, therefore, denies same.

2

13.     Defendant lacks knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 13 of the Complaint and, therefore, denies same.

14.     Defendant lacks knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 14 of the Complaint and, therefore, denies same.

15.     Defendant lacks knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 15 of the Complaint and, therefore, denies same.

16.     Defendant lacks knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 16 of the Complaint and, therefore, denies same.

17.     Defendant lacks knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 17 of the Complaint and, therefore, denies same.

18.     Defendant lacks knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 18 of the Complaint and, therefore, denies same.

19.     Defendant lacks knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 19 of the Complaint and, therefore, denies same.

20.     Defendant lacks knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 20 of the Complaint and, therefore, denies same.

21.     Defendant lacks knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 21 of the Complaint and, therefore, denies same.

22.     Defendant lacks knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 22 of the Complaint and, therefore, denies same.

## JURISDICTION AND VENUE

23.     Defendant admits that Plaintiff purports to have brought an action for rule interpleader under Rule 22 of the Federal Rules of Civil Procedure, and for statutory interpleader under the Federal Interpleader Act, 28 U.S.C.A. § 1335.

3

24.     Paragraph 24 of the Complaint is a legal conclusion for which no response is required.

25.     Paragraph 25 of the Complaint is a legal conclusion for which no response is required.

26.     Paragraph 26 of the Complaint is a legal conclusion for which no response is required.

## FACTS

**A.     Agreement Between Eisner And Spirit Airlines**

27.     Defendant admits that Plaintiff has attached Exhibit A to the Complaint, a document which speaks for itself. Defendant lacks knowledge sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 27 of the Complaint and, therefore, denies same.

28.     Defendant admits that Plaintiff has attached Exhibit A to the Complaint, a document which speaks for itself. Defendant lacks knowledge sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 28 of the Complaint and, therefore, denies same.

29.     Defendant admits that Plaintiff has attached Exhibit A to the Complaint, a document which speaks for itself. Defendant lacks knowledge sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 29 of the Complaint and, therefore, denies same.

30.     Defendant admits that Plaintiff has attached Exhibit A to the Complaint, a document which speaks for itself. Defendant lacks knowledge sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 30 of the Complaint and, therefore, denies same.

4

31.     Defendant admits that Plaintiff has attached Exhibit A to the Complaint, a document which speaks for itself.  Defendant lacks knowledge sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 31 of the Complaint and, therefore, denies same.

32.     Defendant admits that Plaintiff has attached Exhibit A to the Complaint, a document which speaks for itself.  Defendant lacks knowledge sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 32 of the Complaint and, therefore, denies same.

33.     Defendant admits that Plaintiff has attached Exhibit A to the Complaint, a document which speaks for itself.  Defendant lacks knowledge sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 33 of the Complaint and, therefore, denies same.

34.     Defendant admits that Plaintiff has attached Exhibit A to the Complaint, a document which speaks for itself.  Defendant lacks knowledge sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 34 of the Complaint and, therefore, denies same.

35.     Defendant admits that Plaintiff has attached Exhibit A to the Complaint, a document which speaks for itself.  Defendant lacks knowledge sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 35 of the Complaint and, therefore, denies same.

36.     Defendant lacks knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 36 of the Complaint and, therefore, denies same.

5

**B.    Communications Spirit Airlines Received From Carroliton Bank and Other Defendants**

37.    Defendant admits that Plaintiff has attached Exhibit B to the Complaint, a document which speaks for itself.  Defendant lacks knowledge sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 37 of the Complaint and, therefore, denies same.

38.    Defendant admits that Plaintiff has attached Exhibit C to the Complaint, a document which speaks for itself.  Defendant lacks knowledge sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 38 of the Complaint and, therefore, denies same.

39.    Defendant lacks knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 39 of the Complaint and, therefore, denies same.

40.    Defendant admits that Plaintiff has attached Exhibit D to the Complaint, a document which speaks for itself.  Defendant lacks knowledge sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 40 of the Complaint and, therefore, denies same.

41.    Defendant admits that Plaintiff has attached Exhibit D to the Complaint, a document which speaks for itself.  Defendant lacks knowledge sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 41 of the Complaint and, therefore, denies same.

42.    Defendant lacks knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 42 of the Complaint and, therefore, denies same.

43.    Defendant admits that Plaintiff has attached Exhibit E to the Complaint, a document which speaks for itself.  Defendant lacks knowledge sufficient to form a belief as to

SHUTTS & BOWEN LLP / 1500 MIAMI CENTER / 201 SOUTH BISCAYNE BOULEVARD / MIAMI, FLORIDA 33131 / (305) 358-6300

the truth of the remaining allegations set forth in Paragraph 43 of the Complaint and, therefore, denies same.

44.     Defendant lacks knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 44 of the Complaint and, therefore, denies same.

45.     Defendant admits that Plaintiff has attached Exhibit F to the Complaint, a document which speaks for itself. Defendant lacks knowledge sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 45 of the Complaint and, therefore, denies same.

46.     Defendant lacks knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 46 of the Complaint and, therefore, denies same.

47.     Defendant admits that Plaintiff has attached Exhibit G to the Complaint, a document which speaks for itself. Defendant lacks knowledge sufficient to form a belief as to the truth of the, remaining allegations set forth in Paragraph 47 of the Complaint and, therefore, denies same.

48.     Defendant lacks knowledge sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 48 of the Complaint and, therefore, denies same.

49.     Defendant admits that Plaintiff has attached Exhibit H to the Complaint, a document which speaks for itself. Defendant lacks knowledge sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 49 of the Complaint and, therefore, denies same.

50.     Defendant admits that Plaintiff has attached Exhibit I to the Complaint, a document which speaks for itself. Defendant lacks knowledge sufficient to form a belief as to

the truth of the remaining allegations set forth in Paragraph 50 of the Complaint and, therefore, denies same.

51.     Defendant lacks knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 51 of the Complaint and, therefore, denies same.

52.     Defendant admits that Plaintiff has attached Exhibit J to the Complaint, a document which speaks for itself. Defendant lacks knowledge sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 52 of the Complaint and, therefore, denies same.

53.     Defendant lacks knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 53 of the Complaint and, therefore, denies same.

54.     Defendant admits that Plaintiff has attached Exhibit J to the Complaint, a document which speaks for itself. Defendant lacks knowledge sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 54 of the Complaint and, therefore, denies same.

55.     Defendant lacks knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 55 of the Complaint and, therefore, denies same.

56.     Defendant admits that Plaintiff has attached Exhibit K to the Complaint, a document which speaks for itself. Defendant lacks knowledge sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 56 of the Complaint and, therefore, denies same.

57.     Defendant lacks knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 57 of the Complaint and, therefore, denies same,

8

58.     Defendant admits that Plaintiff has attached Exhibit L to the Complaint, a document which speaks for itself.  Defendant lacks knowledge sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 58 of the Complaint and, therefore, denies same.

59.     Defendant admits that Plaintiff has attached Exhibit M to the Complaint, a document which speaks for itself.  Defendant lacks knowledge sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 59 of the Complaint and, therefore, denies same.

60.     Defendant lacks knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 60 of the Complaint and, therefore, denies same.

61.     Defendant admits that Plaintiff has attached Exhibit M to the Complaint, a document which speaks for itself.  Defendant lacks knowledge sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 61 of the Complaint and, therefore, denies same.

62.     Defendant admits that Plaintiff has attached Exhibit M to the Complaint, a document which speaks for itself.  Defendant lacks knowledge sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 62 of the Complaint and, therefore, denies same.

63.     Defendant admits that Plaintiff has attached Exhibit L to the Complaint, a document which speaks for itself.  Defendant lacks knowledge sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 63 of the Complaint and, therefore, denies same.

SHUTTS & BOWEN LLP / 1500 MIAMI CENTER / 201 SOUTH BISCAYNE BOULEVARD / MIAMI, FLORIDA 33131 / (305) 358-6300

C.      **Deposit of Funds**

64.      Defendant denies each and every allegation set forth in Paragraph 64 of the Complaint.

65.      Defendant admits to the allegations set forth in Paragraph 65 of the Complaint.

66.      Defendant lacks knowledge sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 66 of the Complaint and, therefore, denies same.

67.      Defendant lacks knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 67 of the Complaint and, therefore, denies same.

68.      Defendant denies each and every allegation set forth in Paragraph 68 of the Complaint, except admits that Spirit Airlines is not entitled to the funds.

69.      Plaintiff's proffer calls for no response, and therefore, Defendant denies same.

## COUNT I

### Interpleader Under 28 U.S.C.A. § 1355 and Rule 22 of The Federal Rules of Civil Procedure

70.      Defendant realleges and incorporates their responses to Paragraphs 1 through 69 of the Compliant as though filly set forth herein.

71.      Defendant lacks knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 71 of the Complaint and, therefore, denies same.

72.      Plaintiff's admission calls for no response and therefore, Defendant denies same.

73.      Defendant lacks knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 73 of the Complaint and, therefore, denies same.

74.      Defendant denies each and every allegation set forth in Paragraph 74 of the Complaint and, therefore, denies same.

10

75. Defendant lacks knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 75 of the Complaint and, therefore, denies same.

76. Plaintiff's proffer calls for no response, and therefore, Defendant denies same.

77. Paragraph 77 of the Complaint is a legal conclusion for which no response is required.

78. Paragraph 78 of the Complaint is a legal conclusion for which no response is required.

79. Defendant denies each and every allegation set forth in Paragraph 79 of the Complaint.

80. Paragraph 80 of the Complaint is a legal conclusion for which no response is required.

To the extent any response is required to the unnumbered 'Wherefore' clause following Paragraph 80 of the Complaint, Defendant denies that Plaintiff should be discharged of all liability in this action by depositing the Eisner Funds with the Court or that it is entitled to its reasonable attorneys' fees and costs associated with filing this interpleader action.

SHUTTS & BOWEN LLP / 1500 MIAMI CENTER / 201 SOUTH BISCAYNE BOULEVARD / MIAMI, FLORIDA 33131 / (305) 358-6300

## AFFIRMATIVE DEFENSES

As and for its Affirmative defenses, Defendant states as follows:

### First Affirmative Defense

Plaintiff has failed to join an indispensable party, namely Eisner Interactive.

### Second Affirmative Defense

Plaintiff is not entitled to recovery of reasonable attorney's fees and costs.

### Third Affirmative Defense

The mere deposit of the Eisner Funds into the Court's registry cannot alone relieve Plaintiff of any liability to Defendant.

### Fourth Affirmative Defense

Plaintiff is liable to Defendant because Plaintiff agreed, through its authorized agent, Eisner Interactive, to pay Defendant in exchange for Defendant displaying Plaintiff's advertising on its website. Plaintiff breached this agreement by failing to pay Defendant the fees due under the agreement. Moreover, Plaintiff has been unjustly enriched by taking the benefit of advertising on Defendant's website without paying Defendant for such services. As a result, Plaintiff is not entitled to the relief it seeks in the Complaint.

### Fifth Affirmative Defense

The Complaint fails to state a claim upon which relief can be granted.

## COUNTERCLAIMS

### First Cause of Action
### (Breach of Contract)

1.      At the request of Spirit, through its authorized agent, Eisner Interactive, Priceline agreed to display Spirit's advertising on its website in exchange for payment.

2.      Priceline displayed Spirit's advertising on its website in accordance with the agreement and otherwise fulfilled all of its obligations under the agreement.

3.      Spirit breached the agreement by failing to pay Priceline all of the fees due in exchange for Priceline displaying Spirit's advertising on its website.

4.      As a result of Spirit's breach, Priceline has been damaged in an amount to be determined at trial, but presently believed to be in excess of $45,000.00.

### Second Cause of Action
### (Unjust Enrichment)

5.      Priceline repeats and realleges the allegations contained in paragraphs "1" through "4" above as though fully set forth herein.

6.      Spirit unjustly enriched itself by (a) receiving the benefits of Priceline displaying Spirit's advertising on its website, and (b) improperly failing to pay Priceline its fees for such advertising displays.

7.      By reason of the foregoing, Priceline has been unjustly enriched at the expense of Priceline, and Priceline is entitled to recover from Spirit, an amount to be determined at trial, but presently believed to be in excess of $45,000.00.

### CONCLUSION

**WHEREFORE,** Defendant respectfully requests that this Court:

(a)      determine the portion of the Eisner Funds which is due to Defendant;

(b)      enter judgment against Plaintiff on its claim for attorneys' fees and costs;

(c)      enter judgment in Defendant's favor on its Counterclaims against Plaintiff; and

(d)      grant Defendant such other and further relief as the Court deems just and proper.

13

Dated: May 25, 2007

Respectfully submitted,

By:      /s/ Steven M. Ebner

Steven M. Ebner
Florida Bar No. 634727
*sebner@shutts-law.com*
**SHUTTS & BOWEN LLP**
1500 Miami Center
201 S. Biscayne Boulevard
Miami, Florida 33131
(305) 358-6300 Telephone
(305) 381-9982 Facsimile

LOCAL COUNSEL FOR PRICELINE.COM, LLC

AND

Joseph L. Clasen
New York Bar No. 1725340
*jclasen@rc.com*
**ROBINSON & COLE LLP**
885 Third Avenue, 27th Floor
New York, New York 10022
(212) 451-2900 Telephone
(212) 451-2999 Facsimile

COUNSEL FOR PRICELINE.COM, LLC

## <u>CERTIFICATE OF SERVICE</u>

**I HEREBY CERTIFY** that on May 25, 2007, I electronically filed the foregoing with

the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing

to all counsel of record identified on the attached Service List. In addition, counsel for Priceline

is also serving a copy of the foregoing via first class mail.

      /s/ Steven M. Ebner
      Of Counsel

14

# SERVICE LIST

*Spirit Airlines, Inc. v. 24/7 Real Media, Inc. et al.*
**Case No. 07-60399-CIV-ALTONAGA/TURNOFF**

Anthony J. Carriuolo, Esq.
*acarriuolo@bergersingerman.com*
Berger Singerman
350 East Las Olas Boulevard, Suite 1000
Ft. Lauderdale, FL 33301
(954) 525-9900 Telephone
(954) 523-2872 Facsimile
Local counsel for Plaintiff Spirit Airlines, Inc.

Connie A. Lahn, Esq.
*connie.lahn@fmjlaw.com*
Lara O. Glaesman, Esq.
*lara.glaesman@fmjlaw.com*
Fafinski Mark & Johnson, P.A.
Flagship Corporate Center
775 Prairie Center Drive, Suite 400
Elden Prairie, MN 55344
(952) 995-9500 Telephone
(952) 995-9577 Facsimile
Counsel for Plaintiff Spirit Airlines, Inc.

James M. Miller, Esq.
*james.miller@akerman.com*
Akerman Senterfitt
One Southeast Third Avenue, 25th Floor
Miami, FL 33131-1714
(305) 374-5600 Telephone
(305) 374-5095 Facsimile
Counsel for Defendants Advetising.com, Inc. and America Online, Inc.

MIADOCS 2136546 1

15