UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO. 07-60399-CIV-ALTONAGA/TURNOFF

SPIRIT AIRLINES, INC.,

    Plaintiff,

v.

24/7 REAL MEDIA, INC., et al.,

    Defendants.
_____/

## ANSWER OF BURST MEDIA CORPORATION

Defendant Burst Media Corporation ("Burst") answers Plaintiff Spirit Airlines, Inc. ("Spirit") Complaint for Interpleader as follows:

### PARTIES

1. Paragraph 1 is denied for lack of knowledge or information sufficient to form a belief as to the truth of the allegations contained in said Paragraph.

2. Paragraph 2 is denied for lack of knowledge or information sufficient to form a belief as to the truth of the allegations contained in said Paragraph.

3. Paragraph 3 is denied for lack of knowledge or information sufficient to form a belief as to the truth of the allegations contained in said Paragraph.

4. Paragraph 4 is denied for lack of knowledge or information sufficient to form a belief as to the truth of the allegations contained in said Paragraph.

5. Admits.

6. Paragraph 6 is denied for lack of knowledge or information sufficient to form a belief as to the truth of the allegations contained in said Paragraph.

7. Paragraph 7 is denied for lack of knowledge or information sufficient to form a belief as to the truth of the allegations contained in said Paragraph.

8. Paragraph 8 is denied for lack of knowledge or information sufficient to form a belief as to the truth of the allegations contained in said Paragraph.

9. Paragraph 9 is denied for lack of knowledge or information sufficient to form a belief as to the truth of the allegations contained in said Paragraph.

10. Paragraph 10 is denied for lack of knowledge or information sufficient to form a belief as to the truth of the allegations contained in said Paragraph.

11. Paragraph 11 is denied for lack of knowledge or information sufficient to form a belief as to the truth of the allegations contained in said Paragraph.

12. Paragraph 12 is denied for lack of knowledge or information sufficient to form a belief as to the truth of the allegations contained in said Paragraph.

13. Paragraph 13 is denied for lack of knowledge or information sufficient to form a belief as to the truth of the allegations contained in said Paragraph.

14. Paragraph 14 is denied for lack of knowledge or information sufficient to form a belief as to the truth of the allegations contained in said Paragraph.

15. Paragraph 15 is denied for lack of knowledge or information sufficient to form a belief as to the truth of the allegations contained in said Paragraph.

16. Paragraph 16 is denied for lack of knowledge or information sufficient to form a belief as to the truth of the allegations contained in said Paragraph.

17. Paragraph 17 is denied for lack of knowledge or information sufficient to form a belief as to the truth of the allegations contained in said Paragraph.

18. Paragraph 18 is denied for lack of knowledge or information sufficient to form a

SQUIRE, SANDERS & DEMPSEY L.L.P.

belief as to the truth of the allegations contained in said Paragraph.

19. Paragraph 19 is denied for lack of knowledge or information sufficient to form a belief as to the truth of the allegations contained in said Paragraph.

20. Paragraph 20 is denied for lack of knowledge or information sufficient to form a belief as to the truth of the allegations contained in said Paragraph.

21. Paragraph 21 is denied for lack of knowledge or information sufficient to form a belief as to the truth of the allegations contained in said Paragraph.

22. Paragraph 22 is denied for lack of knowledge or information sufficient to form a belief as to the truth of the allegations contained in said Paragraph.

## JURISDICTION AND VENUE

23. Admits that the Complaint alleges that it is for an action for rule interpleader under Rule 22 of the Federal Rules of Civil Procedure and for statutory interpleader under the Federal Interpleader Act, 28 U.S.C.A. § 1335. Burst otherwise denies the allegations of Paragraph 23 as a legal conclusion to which no admission or denial is required.

24. As to Paragraph 24, whether this Court has subject matter jurisdiction is a legal conclusion to which no admission or denial is required.

25. As to Paragraph 25, whether this Court has personal jurisdiction is a legal conclusion to which no admission or denial is required.

26. As to Paragraph 26, whether venue for this action properly lies in this district is a legal conclusion to which no admission or denial is required.

## FACTS

27. Admits that the document attached as Exhibit A to the Complaint speaks for itself and denies any characterization inconsistent therewith. Paragraph 27 otherwise is denied for lack

of knowledge or information sufficient to form a belief as to the truth of the allegations contained in said Paragraph.

28. Admits that the document attached as Exhibit A to the Complaint speaks for itself and denies any characterization inconsistent therewith. Paragraph 28 otherwise is denied for lack of knowledge or information sufficient to form a belief as to the truth of the allegations contained in said Paragraph.

29. Admits that the document attached as Exhibit A to the Complaint speaks for itself and denies any characterization inconsistent therewith. Paragraph 29 otherwise is denied for lack of knowledge or information sufficient to form a belief as to the truth of the allegations contained in said Paragraph.

30. Admits that the document attached as Exhibit A to the Complaint speaks for itself and denies any characterization inconsistent therewith. Paragraph 30 otherwise is denied for lack of knowledge or information sufficient to form a belief as to the truth of the allegations contained in said Paragraph.

31. Admits that the document attached as Exhibit A to the Complaint speaks for itself and denies any characterization inconsistent therewith. Paragraph 31 otherwise is denied for lack of knowledge or information sufficient to form a belief as to the truth of the allegations contained in said Paragraph.

32. Admits that Burst did not submit invoices to Spirit. Paragraph 32 otherwise is denied for lack of knowledge or information sufficient to form a belief as to the truth of the allegations contained in said Paragraph.

33. Admits that the document attached as Exhibit A to the Complaint speaks for itself and denies any characterization inconsistent therewith. Paragraph 33 otherwise is denied for lack

SQUIRE, SANDERS & DEMPSEY L.L.P.

of knowledge or information sufficient to form a belief as to the truth of the allegations contained in said Paragraph.

34. Admits that the document attached as Exhibit A to the Complaint speaks for itself and denies any characterization inconsistent therewith. Paragraph 34 otherwise is denied for lack of knowledge or information sufficient to form a belief as to the truth of the allegations contained in said Paragraph.

35. Admits that the document attached as Exhibit A to the Complaint speaks for itself and denies any characterization inconsistent therewith. Paragraph 35 otherwise is denied for lack of knowledge or information sufficient to form a belief as to the truth of the allegations contained in said Paragraph.

36. Paragraph 36 is denied for lack of knowledge or information sufficient to form a belief as to the truth of the allegations contained in said Paragraph.

37. Admits that the document attached as Exhibit B to the Complaint speaks for itself and denies any characterization inconsistent therewith. Paragraph 37 otherwise is denied for lack of knowledge or information sufficient to form a belief as to the truth of the allegations contained in said Paragraph.

38. Admits that the document attached as Exhibit C to the Complaint speaks for itself and denies any characterization inconsistent therewith. Paragraph 38 otherwise is denied for lack of knowledge or information sufficient to form a belief as to the truth of the allegations contained in said Paragraph.

39. Admits that Burst contacted Spirit regarding payment of outstanding Eisner invoices and that Burst had not communicated with Spirit directly in the past. Paragraph 39

otherwise is denied for lack of knowledge or information sufficient to form a belief as to the truth of the allegations contained in said Paragraph.

40. Admits that Burst received a letter from Spirit on or about December 12, 2006 (the "December 12 letter") similar to the sample letter attached as Exhibit D to the Complaint. Paragraph 40 otherwise is denied for lack of knowledge or information sufficient to form a belief as to the truth of the allegations contained in said Paragraph.

41. Admits that the December 12 letter that Burst received from Spirit speaks for itself and denies any characterization inconsistent therewith. Paragraph 41 otherwise is denied for lack of knowledge or information sufficient to form a belief as to the truth of the allegations contained in said Paragraph.

42. Admits that Burst responded to the December 12 letter by contacting Spirit to discuss payment outstanding Eisner invoices. Paragraph 42 otherwise is denied for lack of knowledge or information sufficient to form a belief as to the truth of the allegations contained in said Paragraph.

43. Admits that the document attached as Exhibit E to the Complaint speaks for itself and denies any characterization inconsistent therewith. Paragraph 43 otherwise is denied for lack of knowledge or information sufficient to form a belief as to the truth of the allegations contained in said Paragraph.

44. Paragraph 44 is denied for lack of knowledge or information sufficient to form a belief as to the truth of the allegations contained in said Paragraph.

45. Admits that the document attached as Exhibit F to the Complaint speaks for itself and denies any characterization inconsistent therewith. Paragraph 45 otherwise is denied for lack

SQUIRE, SANDERS & DEMPSEY L.L.P.

of knowledge or information sufficient to form a belief as to the truth of the allegations contained in said Paragraph.

46. Paragraph 46 is denied for lack of knowledge or information sufficient to form a belief as to the truth of the allegations contained in said Paragraph.

47. Admits that the document attached as Exhibit G to the Complaint speaks for itself and denies any characterization inconsistent therewith. Paragraph 47 otherwise is denied for lack of knowledge or information sufficient to form a belief as to the truth of the allegations contained in said Paragraph.

48. Paragraph 48 is denied for lack of knowledge or information sufficient to form a belief as to the truth of the allegations contained in said Paragraph.

49. Admits that Burst is entitled to payments for outstanding invoices incurred by Eisner on behalf of Spirit in the amount of $67,155.81. Admits that the document attached as Exhibit H to the Complaint speaks for itself and denies any characterization inconsistent therewith. Paragraph 49 otherwise is denied for lack of knowledge or information sufficient to form a belief as to the truth of the allegations contained in said Paragraph.

50. Admits that the document attached as Exhibit I to the Complaint speaks for itself and denies any characterization inconsistent therewith. Paragraph 50 otherwise is denied for lack of knowledge or information sufficient to form a belief as to the truth of the allegations contained in said Paragraph.

51. Paragraph 51 is denied for lack of knowledge or information sufficient to form a belief as to the truth of the allegations contained in said Paragraph.

52. Admits that the document attached as Exhibit J to the Complaint speaks for itself and denies any characterization inconsistent therewith. Paragraph 52 otherwise is denied for lack

7

of knowledge or information sufficient to form a belief as to the truth of the allegations contained in said Paragraph.

53. Paragraph 53 is denied for lack of knowledge or information sufficient to form a belief as to the truth of the allegations contained in said Paragraph.

54. Admits that the document attached as Exhibit J to the Complaint speaks for itself and denies any characterization inconsistent therewith. Paragraph 54 otherwise is denied for lack of knowledge or information sufficient to form a belief as to the truth of the allegations contained in said Paragraph.

55. Paragraph 55 is denied for lack of knowledge or information sufficient to form a belief as to the truth of the allegations contained in said Paragraph.

56. Admits that the document attached as Exhibit K to the Complaint speaks for itself and denies any characterization inconsistent therewith. Paragraph 56 otherwise is denied for lack of knowledge or information sufficient to form a belief as to the truth of the allegations contained in said Paragraph.

57. Paragraph 57 is denied for lack of knowledge or information sufficient to form a belief as to the truth of the allegations contained in said Paragraph.

58. Admits that the document attached as Exhibit L to the Complaint speaks for itself and denies any characterization inconsistent therewith. Paragraph 58 otherwise is denied for lack of knowledge or information sufficient to form a belief as to the truth of the allegations contained in said Paragraph.

59. Admits that Burst is entitled to payments for outstanding invoices incurred by Eisner on behalf of Spirit in the amount of $67,155.81. Paragraph 59 otherwise is denied for

lack of knowledge or information sufficient to form a belief as to the truth of the allegations contained in said Paragraph.

60. Paragraph 60 is denied for lack of knowledge or information sufficient to form a belief as to the truth of the allegations contained in said Paragraph.

61. Paragraph 61 is denied for lack of knowledge or information sufficient to form a belief as to the truth of the allegations contained in said Paragraph.

62. Paragraph 62 is denied for lack of knowledge or information sufficient to form a belief as to the truth of the allegations contained in said Paragraph.

63. Admits that the document attached as Exhibit L to the Complaint speaks for itself and denies any characterization inconsistent therewith. Paragraph 63 otherwise is denied for lack of knowledge or information sufficient to form a belief as to the truth of the allegations contained in said Paragraph.

64. Paragraph 64 is denied for lack of knowledge or information sufficient to form a belief as to the truth of the allegations contained in said Paragraph.

65. Admits that Burst is entitled to payments for outstanding invoices incurred by Eisner on behalf of Spirit in the amount of $67,155.81 and otherwise denies for lack of knowledge or information sufficient to form a belief as to the truth of the allegations contained in said Paragraph.

66. Admits that Burst has demanded payment from Spirit for outstanding invoices incurred by Eisner on behalf of Spirit in the amount of $67,155.81. Paragraph 66 otherwise is denied for lack of knowledge or information sufficient to form a belief as to the truth of the allegations contained in said Paragraph.

SQUIRE, SANDERS & DEMPSEY L.L.P.

67. Admits that Burst claims payments for outstanding invoices incurred by Eisner on behalf of Spirit in the amount of $67,155.81. Paragraph 67 otherwise is denied for lack of knowledge or information sufficient to form a belief as to the truth of the allegations contained in said Paragraph.

68. Paragraph 68 is denied for lack of knowledge or information sufficient to form a belief as to the truth of the allegations contained in said Paragraph.

69. Paragraph 69 is denied for lack of knowledge or information sufficient to form a belief as to the truth of the allegations contained in said Paragraph.

**COUNT I**
**Interpleader Under 28 U.S.C.A. § 1335 And**
**Rule 22 Of The Federal Rules Of Civil Procedure**

70. Burst incorporates by reference each of its admissions and denials as set forth above.

71. Admits that Burst is entitled to payments for outstanding invoices incurred by Eisner on behalf of Spirit in the amount of $67,155.81 and that Burst has demanded payment from Spirit for this amount. Paragraph 71 otherwise is denied for lack of knowledge or information sufficient to form a belief as to the truth of the allegations contained in said Paragraph.

72. Admits that Burst is entitled to payments for outstanding invoices incurred by Eisner on behalf of Spirit in the amount of $67,155.81 and that Burst has demanded payment from Spirit for this amount. Paragraph 72 otherwise is denied for lack of knowledge or information sufficient to form a belief as to the truth of the allegations contained in said Paragraph.

SQUIRE, SANDERS & DEMPSEY L.L.P.

73. Admits that Burst has demanded from Spirit payments for outstanding invoices incurred by Eisner on behalf of Spirit in the amount of $67,155.81. Paragraph 73 otherwise is denied for lack of knowledge or information sufficient to form a belief as to the truth of the allegations contained in said Paragraph.

74. Paragraph 74 is denied for lack of knowledge or information sufficient to form a belief as to the truth of the allegations contained in said Paragraph.

75. Paragraph 75 is denied for lack of knowledge or information sufficient to form a belief as to the truth of the allegations contained in said Paragraph.

76. Paragraph 76 is denied for lack of knowledge or information sufficient to form a belief as to the truth of the allegations contained in said Paragraph.

77. As to Paragraph 77, whether Spirit is entitled to interplead pursuant to 28 U.S.C.A. § 1335 is a legal conclusion to which no admission or denial is required.

78. As to Paragraph 78, whether Spirit is entitled to interplead pursuant to Rule 22 of the Federal Rules of Civil Procedure is a legal conclusion to which no admission or denial is required.

79. As to Paragraph 79, whether Spirit is entitled to interplead pursuant to Rule 22 of the Federal Rules of Civil Procedure Spirit and entitled to reasonable costs and attorney's fees pursuant to this rule is a legal conclusion to which no admission or denial is required.

80. As to Paragraph 80, whether Spirit is entitled to interplead is a legal conclusion to which no admission or denial is required.

WHEREFORE, Burst claims that it is entitled to payments for outstanding invoices incurred by Eisner on behalf of Spirit in the amount of $67,155.81 and further prays, if the Court

SQUIRE, SANDERS & DEMPSEY L.L.P.

grants interpleader, to enter judgment in Burst's favor, and against the stake provided by Spirit, in the amount of $67,155.81 and for such other relief as the Court deems just and proper.

Dated: April 25, 2007

>Respectfully submitted,
>SQUIRE, SANDERS & DEMPSEY, L.L.P.
>
>By:  s/_____
>Lewis F. Murphy, Esq. (FBN 308455)
>lmurphy@ssd.com
>200 South Biscayne Blvd., Ste. 4000
>Miami, Florida 33131
>Tel.:   (305) 577-7000
>Fax.   (305) 577-7001
>
>*Attorneys for Defendant*
>*Burst Media Corporation*

OF COUNSEL:
Donnie L. Kidd, Jr., Esq.
dkidd@ssd.com
**SQUIRE, SANDERS & DEMPSEY, L.L.P.**
8000 Towers Crescent Drive, 14th Floor
Tysons Corner, Virginia 22182
Tel.:   (703) 720-7800
Fax.:  (703) 720-7801

*Attorneys for Defendant*
*Burst Media Corporation*

Case 0:07-cv-60399-CMA Document 4 Entered on FLSD Docket 04/25/2007 Page 13 of 13
Case 0:07-cv-60399-DSLR Document 58 Filed 05/29/2007 Page 13 of 13

CASE NO. 07-60399-CIV-ALTONAGA/TURNOFF

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 25 day of April 2007, a true and complete copy of the foregoing document was served via first class mail, postage prepaid upon the individuals on the below service list.

Anthony J Carriuolo, Esq.
acarriuolo.bergersingerman.com
BERGER SINGERMAN
350 East Los Olas Blvd., Suite 1000
Fort Lauderdale, FL 33301
Telephone: (954) 525-9900
Facsimile: (954) 523-2872

*Attorneys for Plaintiff*
*Spirit Airlines, Inc.*

Connie A Lahn, Esq.
connie.lahn@fmjlaw.com
FAFINSKI MARK & JOHNSON, P.A.
Flagship Corporate Center
775 Prairie Center Drive, Suite 400
Eden Prairie, MN 55344
Telephone: (952) 995-9500
Facsimile: (952) 995-9577

*Attorneys for Plaintiff*
*Spirit Airlines, Inc.*

By: s/_____
Lewis F. Murphy

13
SQUIRE, SANDERS & DEMPSEY L.L.P.