UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO. 07-60399-CIV-ALTONAGA/TURNOFF

SPIRIT AIRLINES, INC.

    Plaintiff,

v.

24/7 REAL MEDIA, INC. et. al.,

    Defendants.
_____/

## SIDESTEP, INC.'S ANSWER TO COMPLAINT

Defendant, SideStep, Inc. ("SideStep") answers Plaintiff, Spirit Airlines, Inc. ("Plaintiff") Complaint for Interpleader as follows:

## PARTIES

1.     SideStep admits the allegations contained in paragraph 1.

2.     SideStep is without sufficient information or belief in which to respond to the allegations contained in paragraph 2, and therefore, denies same.

3.     SideStep is without sufficient information or belief in which to respond to the allegations contained in paragraph 3, and therefore, denies same.

4.     SideStep is without sufficient information or belief in which to respond to the allegations contained in paragraph 4, and therefore, denies same.

5.     SideStep is without sufficient information or belief in which to respond to the allegations contained in paragraph 5, and therefore, denies same.

6. SideStep is without sufficient information or belief in which to respond to the allegations contained in paragraph 6, and therefore, denies same.

7. SideStep is without sufficient information or belief in which to respond to the allegations contained in paragraph 7, and therefore, denies same.

8. SideStep is without sufficient information or belief in which to respond to the allegations contained in paragraph 8, and therefore, denies same.

9. SideStep is without sufficient information or belief in which to respond to the allegations contained in paragraph 9, and therefore, denies same.

10. SideStep is without sufficient information or belief in which to respond to the allegations contained in paragraph 10, and therefore, denies same.

11. SideStep is without sufficient information or belief in which to respond to the allegations contained in paragraph 11, and therefore, denies same.

12. SideStep is without sufficient information or belief in which to respond to the allegations contained in paragraph 12, and therefore, denies same.

13. SideStep is without sufficient information or belief in which to respond to the allegations contained in paragraph 13, and therefore, denies same.

14. SideStep admits the allegations contained in paragraph 14.

15. SideStep is without sufficient information or belief in which to respond to the allegations contained in paragraph 15, and therefore, denies same.

16. SideStep is without sufficient information or belief in which to respond to the allegations contained in paragraph 16, and therefore, denies same.

17. SideStep is without sufficient information or belief in which to respond to the allegations contained in paragraph 17, and therefore, denies same.

18. SideStep is without sufficient information or belief in which to respond to the allegations contained in paragraph 18, and therefore, denies same.

19. SideStep is without sufficient information or belief in which to respond to the allegations contained in paragraph 19, and therefore, denies same.

20. SideStep is without sufficient information or belief in which to respond to the allegations contained in paragraph 20, and therefore, denies same.

21. SideStep is without sufficient information or belief in which to respond to the allegations contained in paragraph 21, and therefore, denies same.

22. SideStep is without sufficient information or belief in which to respond to the allegations contained in paragraph 22, and therefore, denies same.

**JURISDICTION AND VENUE**

23. SideStep admits that this is an action for rule interpleader under Rule 22 of the Federal Rules of Civil Procedure, and for statutory interpleader under the Federal Interpleader Act, 28. U.S.C.A. § 1335.

24. SideStep admits that this Court has subject matter jurisdiction.

25. As to Paragraph 25, whether this Court has personal jurisdiction is a legal conclusion and no admission or denial is required.

26. As to Paragraph 26, whether this Court has venue is a legal conclusion and no admission or denial is required.

**FACTS**

27. SideStep admits that the document attached as Exhibit A to the Complaint speaks for itself and denies any characterization inconsistent therewith.

28.     SideStep admits that the agreement speaks for itself; however SideStep is without sufficient information or belief in which to admit or deny the allegations contained in paragraph 28.

29.     SideStep admits that the document attached as Exhibit A to the Complaint speaks for itself and denies any characterization inconsistent therewith, however SideStep is without sufficient information or belief in which to admit or deny the allegations contained in paragraph 29.

30.     SideStep admits that the document attached as Exhibit A to the Complaint speaks for itself and denies any characterization inconsistent therewith, however SideStep is without sufficient information or belief in which to admit or deny the allegations contained in paragraph 30.

31.     SideStep admits that the document attached as Exhibit A to the Complaint speaks for itself and denies any characterization inconsistent therewith, however SideStep is without sufficient information or belief in which to admit or deny the allegations contained in paragraph 31.

32.     SideStep admits that it did not submit invoices to Plaintiff.

33.     SideStep admits that the document attached as Exhibit A to the Complaint speaks for itself and denies any characterization inconsistent therewith, however SideStep is without sufficient information or belief in which to admit or deny the allegations contained in paragraph 33.

Case 0:07-cv-60399-CMA Document 20 Entered on FLSD Docket 04/27/2007 Page 5 of 11
Case 60399-CMA034D-SLR Document 20 Entered Filed 05/29/2007 Page 5 of Page 5 of 11

CASE NO. 07-60399-CIV-ALTONAGA/TURNOFF

34. SideStep admits that the document attached as Exhibit A to the Complaint speaks for itself and denies any characterization inconsistent therewith, however SideStep is without sufficient information or belief in which to admit or deny the allegations contained in paragraph 34.

35. SideStep admits that the document attached as Exhibit A to the Complaint speaks for itself and denies any characterization inconsistent therewith, however SideStep is without sufficient information or belief in which to admit or deny the allegations contained in paragraph 35.

36. SideStep is without sufficient information or belief in which to admit or deny the allegations contained in paragraph 36.

37. SideStep admits that the document attached as Exhibit B to the Complaint speaks for itself and denies any characterization inconsistent therewith, however SideStep is without sufficient information or belief in which to admit or deny the allegations contained in paragraph 37.

38. SideStep admits that the document attached as Exhibit C to the Complaint speaks for itself and denies any characterization inconsistent therewith, however SideStep is without sufficient information or belief in which to admit or deny the allegations contained in paragraph 38.

39. SideStep admits the allegations in paragraph 39 to the extent the allegations apply to SideStep.

40. SideStep admits the allegations in paragraph 40 to the extent the allegations apply to SideStep.

Case 0:07-cv-60399-CMA/034 Document 20 Entered on FLSD Docket 04/27/2007 Page 6 of 11
Case 60399-CMA DSLR Document 20 Filed 05/29/2007 Page 6 of 11

CASE NO. 07-60399-CIV-ALTONAGA/TURNOFF

41. SideStep admits that the "December 12 letter" speaks for itself and denies any characterization inconsistent therewith.

42. SideStep admits the allegations contained in paragraph 42.

43. SideStep admits that the document attached as Exhibit E to the Complaint speaks for itself and denies any characterization inconsistent therewith, however SideStep is without sufficient information or belief in which to admit or deny the allegations contained in paragraph 43.

44. SideStep is without sufficient information or belief in which to admit or deny the allegations contained in paragraph 44.

45. SideStep admits that the document attached as Exhibit F to the Complaint speaks for itself and denies any characterization inconsistent therewith, however SideStep is without sufficient information or belief in which to admit or deny the allegations contained in paragraph 44.

46. SideStep is without sufficient information or belief in which to admit or deny the allegations contained in paragraph 46.

47. SideStep admits that the document attached as Exhibit G to the Complaint speaks for itself and denies any characterization inconsistent therewith, however SideStep is without sufficient information or belief in which to admit or deny the allegations contained in paragraph 47.

48. SideStep is without sufficient information or belief in which to admit or deny the allegations contained in paragraph 48.

49. SideStep admits that the document attached as Exhibit H to the Complaint speaks for itself and denies any characterization inconsistent therewith.

50. SideStep admits that the document attached as Exhibit I to the Complaint speaks for itself and denies any characterization inconsistent therewith, however SideStep is without sufficient information or belief in which to admit or deny the allegations contained in paragraph 50.

51. Side Step is without sufficient information or belief in which to admit or deny the allegations contained in paragraph 51.

52. SideStep admits that it is owed $18,524.70. SideStep admits that the document attached as Exhibit J accurately reflects the debt owed to SideStep.

53. SideStep is without sufficient information or belief in which to admit or deny the allegations contained in paragraph 53.

54. SideStep admits the allegations contained in paragraph 54.

55. SideStep admits the allegations contained in paragraph 55.

56. SideStep admits that the document attached as Exhibit K to the Complaint speaks for itself and denies any characterization inconsistent therewith, however SideStep is without sufficient information or belief in which to admit or deny the allegations contained in paragraph 56.

57. SideStep is without sufficient information or belief in which to admit or deny the allegations contained in paragraph 57.

58. SideStep admits that the document attached as Exhibit L to the Complaint speaks for itself and denies any characterization inconsistent therewith, however SideStep is without sufficient information or belief in which to admit or deny the allegations contained in paragraph 58.

59. SideStep admits that it is entitled to payments for outstanding invoices incurred by Eisner on behalf of Spirit in the amount of $18,524.70. SideStep further admits that the document attached as Exhibit M to the Complaint speaks for itself and denies any characterization inconsistent therewith, however SideStep is without sufficient information or belief in which to admit or deny the allegations contained in paragraph 59 that do not pertain to SideStep.

60. SideStep is without sufficient information or belief in which to admit or deny the allegations contained in paragraph 60.

61. SideStep is without sufficient information or belief in which to admit or deny the allegations contained in paragraph 61.

62. SideStep is without sufficient information or belief in which to admit or deny the allegations contained in paragraph 62.

63. SideStep admits that the document attached as Exhibit L to the Complaint speaks for itself and denies any characterization inconsistent therewith, however SideStep is without sufficient information or belief in which to admit or deny the allegations contained in paragraph 63.

64. SideStep is without sufficient information or belief in which to admit or deny the allegations contained in paragraph 64, and therefore, denies same.

65. To the extent the allegations contained in paragraph 65 pertain to SideStep, SideStep admits that it is entitled to payments for outstanding invoices incurred by Eisner on behalf of Spirit in the amount of $18,524.70.

66. To the extent the allegations contained in paragraph 66 pertain to SideStep, SideStep admits that it has demanded payment from Spirit for outstanding invoices incurred by Eisner on behalf of Spirit in the amount of $18,524.70.

67. SideStep is without sufficient information or belief in which to admit or deny the allegations contained in paragraph 67.

68. SideStep is without sufficient information or belief in which to admit or deny the allegations contained in paragraph 68.

69. SideStep is without sufficient information or belief in which to admit or deny the allegations contained in paragraph 69.

## COUNT I
### Interpleader Under 28 U.S.C.A. § 1335 and Rule 22 of the Federal Rules of Civil Procedure

70. SideStep incorporates by reference each of its admissions and denials as set forth above.

71. SideStep admits that it is entitled to payments for outstanding invoices incurred by Eisner on behalf of Spirit in the amount of $18,524.70 and that SideStep has demanded payment from Plaintiff for this amount.

72. SideStep admits that it is entitled to payments for outstanding invoices incurred by Eisner on behalf of Spirit in the amount of $18,524.70 and that SideStep has demanded payment from Plaintiff for this amount. Otherwise, SideStep is without sufficient information or belief in which to admit or deny the allegations contained in paragraph 72.

73. SideStep admits that it is entitled to payments for outstanding invoices incurred by Eisner on behalf of Spirit in the amount of $18,524.70, and that SideStep has demanded payment from Plaintiff for this amount. Otherwise, SideStep is without sufficient information or belief in which to admit or deny the allegations contained in paragraph 73.

74. SideStep is without sufficient information or belief in which to admit or deny the allegations contained in paragraph 74.

75. SideStep is without sufficient information or belief in which to admit or deny the allegations contained in paragraph 75.

76. SideStep is without sufficient information or belief in which to admit or deny the allegations contained in paragraph 76.

77. The allegations contained in paragraph 77 call for a legal conclusion to which to admission or denial is required.

78. The allegations contained in paragraph 78 call for a legal conclusion to which to admission or denial is required.

79. The allegations contained in paragraph 79 call for a legal conclusion to which to admission or denial is required.

80. The allegations contained in paragraph 80 call for a legal conclusion to which to admission or denial is required.

WHEREFORE, SideStep claims that it is entitled to payments for outstanding invoices incurred by Eisner on behalf of Spirit in the amount of $18,524.70 and further prays, if the Court grants interpleader, to enter judgment in SideStep's favor, and against the stake provided by Spirit, in the amount of $18,524.70, and for such other and further relief as this Court deems just and proper.

>Respectfully submitted,
>ASTIGARRAGA DAVIS
>MULLINS & GROSSMAN, PA
>701 Brickell Avenue, 16th Floor
>Miami, Florida 33131
>Telephone: (305) 372-8282
>Facsimile: (305) 372-8202
>Email: ggrossman@astidavis.com
>
>By: /s Cherish A. Thompson
>Gregory S. Grossman[1]
>Florida Bar No. 896667
>Cherish A. Thompson[2]
>FL Bar No. 0816221

### CERTIFICATE OF SERVICE

I CERTIFY that a true and correct copy of this notice was served via Electronic Mail or US Mail on this 27th day of April 2007 to:

Anthony J. Carriuolo
acarriuolo@bergersingerman.com
mnewland@bergersingerman.com

Steven Michael Ebner
sebner@shutts-law.com
dsuengas@shutts.com

Samuel Swain Heywood
samuel.heywood@akerman.com

Lewis Franklin Murphy
lmurphy@ssd.com
aleon@ssd.com

Lara O. Glaesman
Connie A. Lahn
Fafinski Mark & Johnson PA
775 Prairie Center Drive, Suite 400
Eden Prairie, MN 55344

>/s Cherish A. Thompson

---

[1] I hereby certify that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualifications to practice in this court set forth in the Local Rules.
[2] I hereby certify that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualifications to practice in this court set forth in the Local Rules.