UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

Case No. 07-600399 – CIV – ALTONAGA/TURNOFF

| | |
|---|---|
| Spirit Airlines, Inc., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| 24/7 Real Media, et al., | ) |
| | ) |
| Defendants. | ) |

ANSWER TO COMPLAINT BY ECHO TARGET, INC. and COUNTERCLAIM

Defendant, ECHOTARGET, INC., by and through the undersigned attorney, files this, it's Answer to the Complaint of Interpleader and Counterclaim and alleges as follows:

PARTIES

1. Admits the allegations of paragraph 8.

2. Denies information sufficient to form a belief as to paragraphs 1 through 7 and 9 through 22.

JURISDICTION AND VENUE

3. Admits the allegations of paragraphs 23 through 26.

FACTS

4. Denies information sufficient to form a belief as to paragraphs 27 through 30, 32 through 63 and paragraphs 66, 67, 68, 71, 72 and 73.

5. Admits the allegations of paragraphs 64, 65, 69, 74, 75, 77, 78, 79 and 80.

6. As to the allegations of paragraph 70, defendant repeats and realleges the answers herein set forth in response to the paragraphs repeated and realleged.

7. As to the allegations of paragraph 76, denies information sufficient to form a belief and as to the future intentions of plaintiff.

AS AND FOR A COUNTERCLAIM IN THIS INTERPLEADER

Counterclaimant/Defendant, ECHO TARGET, INC. sues Plaintiff to recover advertising fees due and owing and alleges as follows:

8. Counterclaimant/Defendant provided services at the request of Eisner for the benefit of its principle, the plaintiff herein.

9. The agreed amount and reasonable value of the services for which Counterclaimant/Defendant has not been paid is $71,143.

10. That the Counterclaimant/Defendant's claim to any amount owed by plaintiff to Eisner for advertising services is superior to the claim of Eisner, the Carrollton Bank and any other claimant, save those of the other defendants herein who provided advertising service and have appeared and proven such claims.

WHEREFORE, Counterclaimant/Defendant respectfully request that this court award to it judgment in the amount of $71,143, or if there are insufficient funds, the appropriate pro rata share of the fund deposited in this interpleader action, based upon the amount claim by defendant and the amount of the other claims made and approved in this action, together with such other relief as to the court appears right and just.

I HEREBY CERTIFY a true copy of the foregoing has been furnished Anthony Carriuolo, Berger Singerman, attorney for Plaintiff at 350 East Las Olas Boulevard Suite 1000, Ft. Lauderdale, Florida 33301 this 11th day of May, 2007 by mail.

          LAW OFFICE OF ESTHER ZARETSKY

          Attorney for Defendant Echo Target Inc.
          1655 Palm Beach Lakes Blvd. Suite 900
          West Palm Beach, Florida 33401
          561-689-6660

By: _____
        Esther A. Zaretsky, Esq.
        Fla. Bar No. 209295

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

Case No. 07-600399 – CIV – ALTONAGA/TURNOFF

Spirit Airlines, Inc.,               )
                                     )
                                     )
         Plaintiff,                  )
                                     )
v.                                   )
                                     )
24/7 Real Media, et al.,             )
                                     )
         Defendants.                 )
                                     )

ANSWER TO COMPLAINT BY ECHO TARGET, INC. and COUNTERCLAIM

Defendant, ECHOTARGET, INC., by and through the undersigned attorney, files this, it's Answer to the Complaint of Interpleader and Counterclaim and alleges as follows:

PARTIES

1.   Admits the allegations of paragraph 8.

2.   Denies information sufficient to form a belief as to paragraphs 1 through 7 and 9 through 22.

JURISDICTION AND VENUE

3.   Admits the allegations of paragraphs 23 through 26.

FACTS

4.   Denies information sufficient to form a belief as to paragraphs 27 through 30, 32 through 63 and paragraphs 66, 67, 68, 71, 72 and 73.

5. Admits the allegations of paragraphs 64, 65, 69, 74, 75, 77, 78, 79 and 80.

6. As to the allegations of paragraph 70, defendant repeats and realleges the answers herein set forth in response to the paragraphs repeated and realleged.

7. As to the allegations of paragraph 76, denies information sufficient to form a belief and as to the future intentions of plaintiff.

AS AND FOR A COUNTERCLAIM IN THIS INTERPLEADER

Counterclaimant/Defendant, ECHO TARGET, INC. sues Plaintiff to recover advertising fees due and owing and alleges as follows:

8. Counterclaimant/Defendant provided services at the request of Eisner for the benefit of its principle, the plaintiff herein.

9. The agreed amount and reasonable value of the services for which Counterclaimant/Defendant has not been paid is $71,143.

10. That the Counterclaimant/Defendant's claim to any amount owed by plaintiff to Eisner for advertising services is superior to the claim of Eisner, the Carrollton Bank and any other claimant, save those of the other defendants herein who provided advertising service and have appeared and proven such claims.

WHEREFORE, Counterclaimant/Defendant respectfully request that this court award to it judgment in the amount of $71,143, or if there are insufficient funds, the appropriate pro rata share of the fund deposited in this interpleader action, based upon the amount claim by defendant and the amount of the other claims made and approved in this action, together with such other relief as to the court appears right and just.

I HEREBY CERTIFY a true copy of the foregoing has been furnished Anthony Carriuolo, Berger Singerman, attorney for Plaintiff at 350 East Las Olas Boulevard Suite 1000, Ft. Lauderdale, Florida 33301 this 11th day of May, 2007 by mail.

        LAW OFFICE OF ESTHER ZARETSKY

        Attorney for Defendant Echo Target Inc.
        1655 Palm Beach Lakes Blvd. Suite 900
        West Palm Beach, Florida 33401
        561-689-6660


By: _____
        Esther A. Zaretsky, Esq.
        Fla. Bar No. 209295