UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI-DADE DIVISION

CASE NO. 07-60399-CIV-ALTONAGA/TURNOFF

SPIRIT AIRLINES, INC.

    Plaintiff,

vs.

24/7 REAL MEDIA, INC., ADVERTISING.COM, INC.
AMERICA ONLINE, INC., d/b/a AOL, BURST MEDIA
CORPORATION, CARROLTON BANK,
CHEAPFLIGHTS (USA), INC.,
ECHO TARGET, INC., HOTWIRE, INC., INTERCEPT
INTERACTIVE, INC., PRICELINE.COM, LLC,
RACKSPACE, LTD., SHERMANS TRAVEL, INC.,
SIDESTEP, INC., SMARTER LIVING, INC., et al.

    Defendants.
_____/

**DEFENDANT PRICELINE.COM, INCORPORATED'S
ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIM**

Defendant Priceline.com, Incorporated ("Priceline" or "Defendant"), sued herein incorrectly as Priceline.com, LLC, by its undersigned counsel and for its Answer, Affirmative Defenses, and Counterclaims to the Complaint For Interpleader filed by Plaintiff Spirit Airlines, Inc. ("Spirit" or "Plaintiff") states as follows:

**ANSWER**

Defendant denies each and every allegation not specifically admitted herein and answers each numbered paragraph of the Complaint as follows:

**PARTIES**

1.    Defendant lacks knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 1 of the Complaint and, therefore, denies same.

STAM1-838322-1

2. Defendant lacks knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 2 of the Complaint and, therefore, denies same.

3. Defendant lacks knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 3 of the Complaint and, therefore, denies same.

4. Defendant lacks knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 4 of the Complaint and, therefore, denies same.

5. Defendant lacks knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 5 of the Complaint and, therefore, denies same.

6. Defendant lacks knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 6 of the Complaint and, therefore, denies same.

7. Defendant lacks knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 7 of the Complaint and, therefore, denies same.

8. Defendant lacks knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 8 of the Complaint and, therefore, denies same.

9. Defendant lacks knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 9 of the Complaint and, therefore, denies same.

10. Defendant lacks knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 10 of the Complaint and, therefore, denies same.

11. Defendant denies each and every allegation set forth in Paragraph 11 of the Complaint, except admits that Defendant is a Delaware corporation with a principal place of business at 800 Connecticut Avenue, Norwalk, Connecticut 06854.

12. Defendant lacks knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 12 of the Complaint and, therefore, denies same.

13. Defendant lacks knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 13 of the Complaint and, therefore, denies same.

14. Defendant lacks knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 14 of the Complaint and, therefore, denies same.

15. Defendant lacks knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 15 of the Complaint and, therefore, denies same.

16. Defendant lacks knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 16 of the Complaint and, therefore, denies same.

17. Defendant lacks knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 17 of the Complaint and, therefore, denies same.

18. Defendant lacks knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 18 of the Complaint and, therefore, denies same.

19. Defendant lacks knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 19 of the Complaint and, therefore, denies same.

20. Defendant lacks knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 20 of the Complaint and, therefore, denies same.

21. Defendant lacks knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 21 of the Complaint and, therefore, denies same.

22. Defendant lacks knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 22 of the Complaint and, therefore, denies same.

## JURISDICTION AND VENUE

23. Defendant admits that Plaintiff purports to have brought an action for rule interpleader under Rule 22 of the Federal Rules of Civil Procedure, and for statutory interpleader under the Federal Interpleader Act, 28 U.S.C.A. § 1335.

3

24. Paragraph 24 of the Complaint is a legal conclusion for which no response is required.

25. Paragraph 25 of the Complaint is a legal conclusion for which no response is required.

26. Paragraph 26 of the Complaint is a legal conclusion for which no response is required.

## FACTS

A. **Agreement Between Eisner And Spirit Airlines**

27. Defendant admits that Plaintiff has attached Exhibit A to the Complaint, a document which speaks for itself. Defendant lacks knowledge sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 27 of the Complaint and, therefore, denies same.

28. Defendant admits that Plaintiff has attached Exhibit A to the Complaint, a document which speaks for itself. Defendant lacks knowledge sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 28 of the Complaint and, therefore, denies same.

29. Defendant admits that Plaintiff has attached Exhibit A to the Complaint, a document which speaks for itself. Defendant lacks knowledge sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 29 of the Complaint and, therefore, denies same.

30. Defendant admits that Plaintiff has attached Exhibit A to the Complaint, a document which speaks for itself. Defendant lacks knowledge sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 30 of the Complaint and, therefore, denies same.

4

31. Defendant admits that Plaintiff has attached Exhibit A to the Complaint, a document which speaks for itself. Defendant lacks knowledge sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 31 of the Complaint and, therefore, denies same.

32. Defendant admits that Plaintiff has attached Exhibit A to the Complaint, a document which speaks for itself. Defendant lacks knowledge sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 32 of the Complaint and, therefore, denies same.

33. Defendant admits that Plaintiff has attached Exhibit A to the Complaint, a document which speaks for itself. Defendant lacks knowledge sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 33 of the Complaint and, therefore, denies same.

34. Defendant admits that Plaintiff has attached Exhibit A to the Complaint, a document which speaks for itself. Defendant lacks knowledge sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 34 of the Complaint and, therefore, denies same.

35. Defendant admits that Plaintiff has attached Exhibit A to the Complaint, a document which speaks for itself. Defendant lacks knowledge sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 35 of the Complaint and, therefore, denies same.

36. Defendant lacks knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 36 of the Complaint and, therefore, denies same.

SHUTTS & BOWEN LLP / 1500 MIAMI CENTER / 201 SOUTH BISCAYNE BOULEVARD / MIAMI, FLORIDA 33131 / (305) 358-6300

B.  **Communications Spirit Airlines Received From Carroliton Bank and Other Defendants**

37. Defendant admits that Plaintiff has attached Exhibit B to the Complaint, a document which speaks for itself. Defendant lacks knowledge sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 37 of the Complaint and, therefore, denies same.

38. Defendant admits that Plaintiff has attached Exhibit C to the Complaint, a document which speaks for itself. Defendant lacks knowledge sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 38 of the Complaint and, therefore, denies same.

39. Defendant lacks knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 39 of the Complaint and, therefore, denies same.

40. Defendant admits that Plaintiff has attached Exhibit D to the Complaint, a document which speaks for itself. Defendant lacks knowledge sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 40 of the Complaint and, therefore, denies same.

41. Defendant admits that Plaintiff has attached Exhibit D to the Complaint, a document which speaks for itself. Defendant lacks knowledge sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 41 of the Complaint and, therefore, denies same.

42. Defendant lacks knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 42 of the Complaint and, therefore, denies same.

43. Defendant admits that Plaintiff has attached Exhibit E to the Complaint, a document which speaks for itself. Defendant lacks knowledge sufficient to form a belief as to

6

the truth of the remaining allegations set forth in Paragraph 43 of the Complaint and, therefore, denies same.

44. Defendant lacks knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 44 of the Complaint and, therefore, denies same.

45. Defendant admits that Plaintiff has attached Exhibit F to the Complaint, a document which speaks for itself. Defendant lacks knowledge sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 45 of the Complaint and, therefore, denies same.

46. Defendant lacks knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 46 of the Complaint and, therefore, denies same.

47. Defendant admits that Plaintiff has attached Exhibit G to the Complaint, a document which speaks for itself. Defendant lacks knowledge sufficient to form a belief as to the truth of the, remaining allegations set forth in Paragraph 47 of the Complaint and, therefore, denies same.

48. Defendant lacks knowledge sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 48 of the Complaint and, therefore, denies same.

49. Defendant admits that Plaintiff has attached Exhibit H to the Complaint, a document which speaks for itself. Defendant lacks knowledge sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 49 of the Complaint and, therefore, denies same.

50. Defendant admits that Plaintiff has attached Exhibit I to the Complaint, a document which speaks for itself. Defendant lacks knowledge sufficient to form a belief as to

the truth of the remaining allegations set forth in Paragraph 50 of the Complaint and, therefore, denies same.

51. Defendant lacks knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 51 of the Complaint and, therefore, denies same.

52. Defendant admits that Plaintiff has attached Exhibit J to the Complaint, a document which speaks for itself. Defendant lacks knowledge sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 52 of the Complaint and, therefore, denies same.

53. Defendant lacks knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 53 of the Complaint and, therefore, denies same.

54. Defendant admits that Plaintiff has attached Exhibit J to the Complaint, a document which speaks for itself. Defendant lacks knowledge sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 54 of the Complaint and, therefore, denies same.

55. Defendant lacks knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 55 of the Complaint and, therefore, denies same.

56. Defendant admits that Plaintiff has attached Exhibit K to the Complaint, a document which speaks for itself. Defendant lacks knowledge sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 56 of the Complaint and, therefore, denies same.

57. Defendant lacks knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 57 of the Complaint and, therefore, denies same,

SHUTTS & BOWEN LLP / 1500 MIAMI CENTER / 201 SOUTH BISCAYNE BOULEVARD / MIAMI, FLORIDA 33131 / (305) 358-6300

58. Defendant admits that Plaintiff has attached Exhibit L to the Complaint, a document which speaks for itself. Defendant lacks knowledge sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 58 of the Complaint and, therefore, denies same.

59. Defendant admits that Plaintiff has attached Exhibit M to the Complaint, a document which speaks for itself. Defendant lacks knowledge sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 59 of the Complaint and, therefore, denies same.

60. Defendant lacks knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 60 of the Complaint and, therefore, denies same.

61. Defendant admits that Plaintiff has attached Exhibit M to the Complaint, a document which speaks for itself. Defendant lacks knowledge sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 61 of the Complaint and, therefore, denies same.

62. Defendant admits that Plaintiff has attached Exhibit M to the Complaint, a document which speaks for itself. Defendant lacks knowledge sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 62 of the Complaint and, therefore, denies same.

63. Defendant admits that Plaintiff has attached Exhibit L to the Complaint, a document which speaks for itself. Defendant lacks knowledge sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 63 of the Complaint and, therefore, denies same.

C. **Deposit of Funds**

64. Defendant denies each and every allegation set forth in Paragraph 64 of the Complaint.

65. Defendant admits to the allegations set forth in Paragraph 65 of the Complaint.

66. Defendant lacks knowledge sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 66 of the Complaint and, therefore, denies same.

67. Defendant lacks knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 67 of the Complaint and, therefore, denies same.

68. Defendant denies each and every allegation set forth in Paragraph 68 of the Complaint, except admits that Spirit Airlines is not entitled to the funds.

69. Plaintiff's proffer calls for no response, and therefore, Defendant denies same.

## COUNT I

### Interpleader Under 28 U.S.C.A. § 1355 and Rule 22 of The Federal Rules of Civil Procedure

70. Defendant realleges and incorporates their responses to Paragraphs 1 through 69 of the Compliant as though filly set forth herein.

71. Defendant lacks knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 71 of the Complaint and, therefore, denies same.

72. Plaintiff's admission calls for no response and therefore, Defendant denies same.

73. Defendant lacks knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 73 of the Complaint and, therefore, denies same.

74. Defendant denies each and every allegation set forth in Paragraph 74 of the Complaint and, therefore, denies same.

75. Defendant lacks knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 75 of the Complaint and, therefore, denies same.

76. Plaintiff's proffer calls for no response, and therefore, Defendant denies same.

77. Paragraph 77 of the Complaint is a legal conclusion for which no response is required.

78. Paragraph 78 of the Complaint is a legal conclusion for which no response is required.

79. Defendant denies each and every allegation set forth in Paragraph 79 of the Complaint.

80. Paragraph 80 of the Complaint is a legal conclusion for which no response is required.

To the extent any response is required to the unnumbered 'Wherefore' clause following Paragraph 80 of the Complaint, Defendant denies that Plaintiff should be discharged of all liability in this action by depositing the Eisner Funds with the Court or that it is entitled to its reasonable attorneys' fees and costs associated with filing this interpleader action.

11

## AFFIRMATIVE DEFENSES

As and for its Affirmative defenses, Defendant states as follows:

### First Affirmative Defense

Plaintiff has failed to join an indispensable party, namely Eisner Interactive.

### Second Affirmative Defense

Plaintiff is not entitled to recovery of reasonable attorney's fees and costs.

### Third Affirmative Defense

The mere deposit of the Eisner Funds into the Court's registry cannot alone relieve Plaintiff of any liability to Defendant.

### Fourth Affirmative Defense

Plaintiff is liable to Defendant because Plaintiff agreed, through its authorized agent, Eisner Interactive, to pay Defendant in exchange for Defendant displaying Plaintiff's advertising on its website. Plaintiff breached this agreement by failing to pay Defendant the fees due under the agreement. Moreover, Plaintiff has been unjustly enriched by taking the benefit of advertising on Defendant's website without paying Defendant for such services. As a result, Plaintiff is not entitled to the relief it seeks in the Complaint.

### Fifth Affirmative Defense

The Complaint fails to state a claim upon which relief can be granted.

## COUNTERCLAIMS

### First Cause of Action
### (Breach of Contract)

1. At the request of Spirit, through its authorized agent, Eisner Interactive, Priceline agreed to display Spirit's advertising on its website in exchange for payment.

2. Priceline displayed Spirit's advertising on its website in accordance with the agreement and otherwise fulfilled all of its obligations under the agreement.

12

3.  Spirit breached the agreement by failing to pay Priceline all of the fees due in exchange for Priceline displaying Spirit's advertising on its website.

4.  As a result of Spirit's breach, Priceline has been damaged in an amount to be determined at trial, but presently believed to be in excess of $45,000.00.

### Second Cause of Action
### (Unjust Enrichment)

5.  Priceline repeats and realleges the allegations contained in paragraphs "1" through "4" above as though fully set forth herein.

6.  Spirit unjustly enriched itself by (a) receiving the benefits of Priceline displaying Spirit's advertising on its website, and (b) improperly failing to pay Priceline its fees for such advertising displays.

7.  By reason of the foregoing, Priceline has been unjustly enriched at the expense of Priceline, and Priceline is entitled to recover from Spirit, an amount to be determined at trial, but presently believed to be in excess of $45,000.00.

### CONCLUSION

**WHEREFORE**, Defendant respectfully requests that this Court:

(a)  determine the portion of the Eisner Funds which is due to Defendant;

(b)  enter judgment against Plaintiff on its claim for attorneys' fees and costs;

(c)  enter judgment in Defendant's favor on its Counterclaims against Plaintiff; and

(d)  grant Defendant such other and further relief as the Court deems just and proper.

SHUTTS & BOWEN LLP / 1500 MIAMI CENTER / 201 SOUTH BISCAYNE BOULEVARD / MIAMI, FLORIDA 33131 / (305) 358-6300

Dated: May 25, 2007

                          Respectfully submitted,

By:   /s/ Steven M. Ebner
       Steven M. Ebner
       Florida Bar No. 634727
       *sebner@shutts-law.com*
       **SHUTTS & BOWEN LLP**
       1500 Miami Center
       201 S. Biscayne Boulevard
       Miami, Florida 33131
       (305) 358-6300 Telephone
       (305) 381-9982 Facsimile

LOCAL COUNSEL FOR PRICELINE.COM, LLC

AND

Joseph L. Clasen
New York Bar No. 1725340
*jclasen@rc.com*
**ROBINSON & COLE LLP**
885 Third Avenue, 27th Floor
New York, New York 10022
(212) 451-2900 Telephone
(212) 451-2999 Facsimile

COUNSEL FOR PRICELINE.COM, LLC

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on May 25, 2007, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record identified on the attached Service List. In addition, counsel for Priceline is also serving a copy of the foregoing via first class mail.

                                      /s/ Steven M. Ebner
                                          Of Counsel

## SERVICE LIST

*Spirit Airlines, Inc. v. 24/7 Real Media, Inc. et al.*
Case No. 07-60399-CIV-ALTONAGA/TURNOFF

Anthony J. Carriuolo, Esq.
*acarriuolo@bergersingerman.com*
Berger Singerman
350 East Las Olas Boulevard, Suite 1000
Ft. Lauderdale, FL 33301
(954) 525-9900 Telephone
(954) 523-2872 Facsimile
Local counsel for Plaintiff Spirit Airlines, Inc.

Connie A. Lahn, Esq.
*connie.lahn@fmjlaw.com*
Lara O. Glaesman, Esq.
*lara.glaesman@fmjlaw.com*
Fafinski Mark & Johnson, P.A.
Flagship Corporate Center
775 Prairie Center Drive, Suite 400
Elden Prairie, MN 55344
(952) 995-9500 Telephone
(952) 995-9577 Facsimile
Counsel for Plaintiff Spirit Airlines, Inc.

James M. Miller, Esq.
*james.miller@akerman.com*
Akerman Senterfitt
One Southeast Third Avenue, 25th Floor
Miami, FL 33131-1714
(305) 374-5600 Telephone
(305) 374-5095 Facsimile
Counsel for Defendants Advetising.com, Inc. and America Online, Inc.

MIADOCS 2136546 1