IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| Spirit Airlines, Inc., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C. A. No. 07-341-SLR |
| | ) |
| 24/7 Real Media, Inc., et al., | ) |
| | ) |
| Defendants. | ) |

ANSWER AND COUNTERCLAIMS OF
AOL LLC AND ADVERTISING.COM, INC.

Defendants AOL LLC (f/k/a America Online, Inc.) ("AOL") and Advertising.com, Inc. ("Advertising.com"; together with AOL, "Defendants"), by and through their undersigned counsel, hereby answer the Complaint for Interpleader (the "Complaint") filed by Spirit Airlines, Inc. ("Spirit" or "Plaintiff") as follows:

1.  Deny knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

2.  Deny knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

3.  Denied, except admit that Advertising.com, Inc. is a corporation organized under the laws of the State of Maryland.

4.  Denied, except admit that AOL is a limited liability company organized under the laws of the State of Delaware with a principal place of business at 22000 AOL Way in Dulles, Virginia 20166.

5.  Deny knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

6. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

7. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

8. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

9. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

10. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

11. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

12. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

13. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

14. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

15. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

16. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

17. Deny knowledge or information sufficient to form a belief as to the truth

of the allegations of this paragraph.

18. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

19. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

20. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

21. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

22. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

23. Denied, except admit that Plaintiff purports to bring this action as one for interpleader pursuant to Fed. R. Civ. P. 22 and 28 U.S.C.A. § 1335.

24. Denied, except admit that the amount in dispute exceeds $500.00.

25. Denied, except admit that the amount in controversy exceeds $75,000.00.

26. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

27. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of the first sentence of this paragraph. The allegations of the second, third and fourth sentences of this paragraph purport to characterize the Agreement (as that term is defined in the Complaint), to which no response is required. Defendants respectfully refer to the Agreement for a true and complete statement of its contents.

28. The allegations of this paragraph purport to characterize the Agreement, to

which no response is required. Defendants respectfully refer to the Agreement for a true and complete statement of its contents.

29. The allegations of this paragraph purport to characterize the Agreement, to which no response is required. Defendants respectfully refer to the Agreement for a true and complete statement of its contents.

30. The allegations of this paragraph purport to characterize the Agreement, to which no response is required. Defendants respectfully refer to the Agreement for a true and complete statement of its contents.

31. The allegations of this paragraph purport to characterize the Agreement, to which no response is required. Defendants respectfully refer to the Agreement for a true and complete statement of its contents.

32. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

33. The allegations of this paragraph purport to characterize the Agreement, to which no response is required. Defendants respectfully refer to the Agreement for a true and complete statement of its contents.

34. The allegations of this paragraph purport to characterize the Agreement, to which no response is required. Defendants respectfully refer to the Agreement for a true and complete statement of its contents.

35. The allegations of this paragraph purport to characterize the Agreement, to which no response is required. Defendants respectfully refer to the Agreement for a true and complete statement of its contents.

36. Deny knowledge or information sufficient to form a belief as to the truth

of the allegations of this paragraph.

37. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, except admit that a letter dated November 14, 2006 is attached to the Complaint as Ex. B and refer to that letter for a true and complete statement of its contents.

38. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, except admit that a letter dated November 20, 2006 is attached to the Complaint as Ex. C and refer to that letter for a true and complete statement of its contents.

39. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

40. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, except admit that an unsigned letter dated November 29, 2006 is attached to the Complaint as Ex. D and refer to that letter for a true and complete statement of its contents.

41. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, except admit that an unsigned letter dated November 29, 2006 is attached to the Complaint as Ex. D and refer to that letter for a true and complete statement of its contents.

42. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

43. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, except admit that an undated letter is attached to the

Complaint as Ex. E and refer to that letter for a true and complete statement of its contents.

44. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

45. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, except admit that a spreadsheet entitled "AOL - Outstanding Balances Owed by Spirit Airlines" is attached to the Complaint as Ex. F and refer to that spreadsheet for a true and complete statement of its contents.

46. Denied.

47. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, except admit that a letter dated January 22, 2007 is attached to the Complaint as Ex. G and refer to that letter for a true and complete statement of its contents.

48. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, except admit that a letter dated February 9, 2007 is attached to the complaint as Ex. L and refer to that letter for a true and complete statement of its contents.

49. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, except admit that a list is attached to the Complaint as Ex. H and refer to that list for a true and complete statement of its contents.

50. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, except admit that an invoice is attached to the Complaint as Ex. I and refer to that invoice for a true and complete statement of its

contents.

51. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

52. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, except admit that a letter dated February 2, 2007 is attached to the Complaint as Ex. J and refer to that letter for a true and complete statement of its contents.

53. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

54. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, except admit that a letter dated February 2, 2007 is attached to the Complaint as Ex. J and refer to that letter for a true and complete statement of its contents.

55. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

56. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, except admit that a letter dated February 8, 2007 is attached to the Complaint as Ex. K and refer to that letter for a true and complete statement of its contents, and further admit that Ex. K includes an Advertising.com invoice and refer to that invoice for a true and complete statement of its contents.

57. Denied.

58. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, except admit that a letter dated February 9, 2007 is

attached to the complaint as Ex. L and refer to that letter for a true and complete statement of its contents.

59. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, except admit that a document entitled "February 28 Reconciliation" is attached to the Complaint as Ex. M and refer to that document for a true and complete statement of its contents.

60. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

61. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

62. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

63. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, except admit that a letter dated February 9, 2007 is attached to the complaint as Ex. L and refer to that letter for a true and complete statement of its contents.

64. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

65. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, except admit that Plaintiff alleges that it "admits that the Eisner Funds are due and owing to someone."

66. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

67. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

68. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, except deny that Plaintiff is not contractually obligated to Defendants.

69. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, except admit that Plaintiff alleges that it "offers to and is ready to deposit the Eisner Funds with the Court upon entry of an appropriate order."

70. Defendants repeat and reallege each and every allegation contained in paragraphs 1 through 70.

71. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

72. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, except admit that Plaintiff alleges that it "admits that it must pay the Eisner Funds pursuant to the terms of the Agreement between Eisner and Spirit Airlines."

73. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

74. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, except deny that Plaintiff is not contractually obligated to Defendants.

75. Deny knowledge or information sufficient to form a belief as to the truth

RLF1-3165674-3

of the allegations of this paragraph.

76. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, except admit that Plaintiff alleges that it "will deposit a check with this Court in the amount of $458,186.26, after the entry of an appropriate order" and further aver that the amount of funds that Plaintiff proposes to deposit with the Court is inadequate.

77. Denied.

78. Denied.

79. Denied.

80. Denied.

81. To the extent that any allegations of the Complaint have not been responded to in paragraphs 1-80 above, those allegations are denied.

## AFFIRMATIVE DEFENSES

82. As separate and affirmative defenses to the Complaint, Defendants assert the following affirmative defenses. By asserting these affirmative defenses, Defendants do not admit that they have the burden of proof and/or the burden of persuasion with respect to any of these defenses. By designating the following as affirmative defenses, Defendants do not in any way waive or limit any defenses which are or may be raised by their denials, allegations and averments set forth herein. These defenses are plead in the alternative, and are raised to preserve Defendants' right to assert such defenses, and are without prejudice to Defendants' ability to raise other and further defenses. Defendants reserve the right to amend, supplement and/or otherwise modify this Answer, including without limitation the right to assert additional affirmative defenses that become known

to Defendants through discovery or otherwise.

### First Affirmative Defense

83. The Complaint fails to state a claim upon which relief can be granted.

### Second Affirmative Defense

84. The Court lacks subject matter jurisdiction over the claims alleged in the Complaint.

### Third Affirmative Defense

85. Plaintiff has failed to join an indispensable party.

WHEREFORE, Defendants respectfully request that the Court enter judgment in their favor and against Plaintiff: (i) denying Plaintiff any relief as against Defendants and dismissing the Complaint with prejudice as against Defendants; (ii) awarding Defendants all costs and attorneys' fees incurred in defending this lawsuit; and (iii) granting such other and further relief as the Court deems just and proper.

## COUNTERCLAIMS

Counterclaim plaintiffs AOL and Advertising.com, by and through their undersigned counsel, allege for their counterclaims (the "Counterclaims") against counterclaim defendant Spirit as follows:

### Parties

1. Counterclaim plaintiff AOL is a Delaware limited liability company with its principal place of business in Dulles, Virginia. Among other things, AOL provides online advertising services to customers.

2. Counterclaim plaintiff Advertising.com is a Maryland corporation with its principal place of business in Baltimore, Maryland. Among other things,

Advertising.com provides online advertising services to customers.

3. On information and belief, counterclaim defendant Spirit is a Delaware corporation with its principal place of business in Miramar, Florida. Spirit operates an airline business and, in connection therewith, purchases online advertising.

## Jurisdiction and Venue

4. The Court has jurisdiction over these Counterclaims pursuant to 28 U.S.C. § 1367.

5. Venue in this Court is proper pursuant to 28 U.S.C. § 1391.

## Facts

6. On information and belief, during September 2005, Spirit entered into an Advertising Agreement with Eisner Communications, Inc. ("Eisner"). Pursuant to that agreement, Eisner, as agent, agreed to arrange advertising services for its principal, Spirit. At the request of Spirit, acting through its authorized agent Eisner, AOL and Advertising.com agreed to provide online advertising services to and/or on behalf of Spirit in exchange for payment. Advertising companies such as AOL and Advertising.com also are intended third party beneficiaries under the Advertising Agreement.

7. Directly and/or through its authorized agent Eisner, Spirit also entered into Insertion Order Contracts with Advertising.com, and other insertion order agreements with AOL and Advertising.com, pursuant to which AOL and Advertising.com agreed to provide online advertising services to and/or on behalf of Spirit and Spirit agreed to pay for such services.

8. AOL and Advertising.com provided Spirit with at least $506,844.30 in

12

online advertising services for which AOL and Advertising.com have not been paid.

9. To the extent that there is any inconsistency between and among the defenses raised in the Answer above and the claims alleged in the Counterclaims below, those defenses and Counterclaims are alleged in the alternative.

### COUNT I
### (Breach of Contract)

10. AOL and Advertising.com incorporate the allegations of paragraphs 1-9 of this Counterclaim as if fully set forth herein.

11. Directly and/or through its agent Eisner, which was acting within the scope of its authority as an agent of Spirit, Spirit entered into enforceable agreements with AOL and Advertising.com, pursuant to which AOL and Advertising.com provided online advertising services to and/or on behalf of Spirit. Additionally or alternatively, Spirit entered into such agreements with Eisner, with AOL and Advertising.com as intended third party beneficiaries who would directly and primarily benefit from the agreements.

12. AOL and Advertising.com performed all of their obligations under the agreements.

13. Spirit breached the agreements by failing to pay for at least $506,844.30 in online advertising services. Despite demand, Spirit has refused to pay these amounts.

14. By reason of the foregoing, AOL and Advertising.com are entitled to judgment against Spirit in the amount of at least $506,844.30.

### COUNT II
### (Unjust Enrichment)

15. AOL and Advertising.com incorporate the allegations of paragraph 1-9 of

this Counterclaim as if fully set forth herein.

16. In the event that there is no adequate remedy at law for AOL and Advertising.com on their breach of contract claims, AOL and Advertising.com are entitled, in the alternative, to payment for Spirit's unjust enrichment in the amount of at least $506,844.30 for benefits that AOL and Advertising.com conferred upon Spirit.

17. AOL and Advertising.com conferred valuable benefits upon Spirit in the form of online advertising services. Spirit requested and/or knowingly and voluntarily accepted such benefits. It would be inequitable and unjust under the circumstances for Spirit to retain these benefits without paying the value thereof.

18. Despite demand, Spirit has refused to pay for the advertising services provided by AOL and Advertising.com.

19. By reason of the foregoing, AOL and Advertising.com are entitled to judgment against Spirit in the amount of at least $506,844.30.

## COUNT III
### (Quantum Meruit)

20. AOL and Advertising.com incorporate the allegations of paragraph 1-9 of this Counterclaim as if fully set forth herein.

21. In the event that (a) there is no adequate remedy at law for AOL and Advertising.com on their breach of contract claims and (b) AOL and Advertising.com are not entitled to relief by reason of Spirit's unjust enrichment, AOL and Advertising.com are entitled, in the alternative, to payment in quantum meruit in the amount of at least $506,844.30 for benefits that AOL and Advertising.com conferred upon Spirit.

22. AOL and Advertising.com conferred valuable benefits upon Spirit in the form of online advertising services. Spirit assented to and received such benefits in

circumstances where it knew or should have known that AOL and Advertising.com expected to be paid. It would be inequitable and unjust under the circumstances for Spirit to retain these benefits without paying the value thereof.

23. Despite demand, Spirit has refused to pay for the advertising services provided by AOL and Advertising.com.

24. By reason of the foregoing, AOL and Advertising.com are entitled to judgment against Spirit in the amount of at least $506,844.30.

WHEREFORE, AOL and Advertising.com respectfully request that the Court enter judgment in their favor and against Spirit: (i) for damages in such amount as may be proven at trial, but no less than $506,844.30; (ii) awarding AOL and Advertising.com all costs and attorneys' fees incurred in prosecuting the Counterclaims; (iii) for pre- and post-judgment interest; and (iv) for such other and further relief as the Court deems just and proper.

Dated: June 20, 2007
Wilmington, Delaware

Robert J. Stearn, Jr. (#2915)
Marcos A. Ramos (#4450)
Lee E. Kaufman (#4877)
Richards, Layton & Finger, P.A.
One Rodney Square
Wilmington, DE 19899
(302) 651-7700
    -and-
James M. Miller
Samuel Heywood
Akerman Senterfitt
One S.E. Third Avenue
Miami, FL 33131
(305) 374-5600

Attorneys for Defendants/Counterclaim Plaintiffs AOL LLC and Advertising.com, Inc.

15