UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE
————————————————————x

| | |
|---|---|
| SPIRIT AIRLINES, INC., | Case No. 07-341 (SLR) |
| Plaintiff, | |
| vs. | |
| 24/7 REAL MEDIA, INC., | ANSWER AND |
| ADVERTISING.COM, INC. | AFFIRMATIVE DEFENSES |
| AMERICA ONLINE, INC., d/b/a/ AOL, | OF DEFENDANT |
| BURST MEDIA CORPORATION, | 24/7 REAL MEDIA, INC. |
| CARROLTON BANK | |
| CHEAPFLIGHTS (USA), INC., | |
| ECHO TARGET, INC., HOTWIRE, INC., | |
| INTERCEPT INTERACTIVE, INC., | |
| PRICELINE.COM, LLC, RACKSPACE, LTD., | |
| SHERMANS TRAVEL INC., | |
| SIDESTEP, INC, SMARTER LIVING, INC., et. al., | |
| Defendants. | |

————————————————————x

Defendant 24/7 Real Media, Inc. ("24/7" or "Defendant"), through its undersigned counsel, hereby files its Answer and Affirmative Defenses to the Complaint for Interpleader filed by Plaintiff Spirit Airlines, Inc. ("Spirit" or "Plaintiff") and states as follows:

## AS TO PARTIES

1.      Defendant lacks knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 1 of the Complaint and therefore denies same.

2.      Admits the allegations s set forth in Paragraph 3 of the Complaint.

3. Defendant lacks knowledge sufficient to form a belief as to the truth of the allegations set form in Paragraph 3 of the Complaint and therefore denies same.

4. Defendant lacks knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 4 of the Complaint and therefore denies same.

5. Defendant lacks knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 5 of the Complaint and therefore denies same.

6. Defendant lacks knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 6 of the Complaint and therefore denies same.

7. Defendant lacks knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 7 of the Complaint and therefore denies same.

8. Defendant lacks knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 8 of the Complaint and therefore denies same.

9. Defendant lacks knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 9 of the Complaint and therefore denies same.

10. Defendant lacks knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 10 of the Complaint and therefore denies same.

11. Defendant lacks knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 11 of the Complaint and therefore denies same.

12. Defendant lacks knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 12 of the Complaint and therefore denies same.

13. Defendant lacks knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 13 of the Complaint and therefore denies same.

14. Defendant lacks knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 14 of the Complaint and therefore denies same.

15. Defendant lacks knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 15 of the Complaint and therefore denies same.

16. Defendant lacks knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 16 of the Complaint and therefore denies same.

17. Defendant lacks knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 17 of the Complaint and therefore denies same.

18. Defendant lacks knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 18 of the Complaint and therefore denies same.

19. Defendant lacks knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 19 of the Complaint and therefore denies same.

20. Defendant lacks knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 20 of the Complaint and therefore denies same.

21. Defendant lacks knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 21 of the Complaint and therefore denies same.

22. Defendant lacks knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 22 of the Complaint and therefore denies same.

**AS TO JURISDICTION AND VENUE**

23. Defendant denies the allegations set forth in paragraph 23 of the Complaint except admits that Plaintiff purports to have brought an action for interpleader pursuant to Fed. R. Civ. P. Rule 22, and for statutory interpleader under the Federal Interpleader Act, 28 U.S.C.A. § 1335.

24. Defendant lacks knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 24 of the Complaint and therefore denies same.

25. Defendant lacks knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 25 of the Complaint and therefore denies same.

26. Defendant lacks knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 26 of the Complaint and therefore denies same.

## AS TO FACTS

**A.**   **Agreement Between Eisner and Spirit Airlines**

27. Defendant lacks knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 27 of the Complaint and therefore denies same and respectfully refers the Court to the Advertising Agreement, dated September 15, 2005 and attached as Exhibit "A" to the Complaint (the "Advertising Agreement"), as the document speaks for itself.

28. Defendant lacks knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 28 of the Complaint and therefore denies same and respectfully refers the Court to the Advertising Agreement as the document speaks for itself.

29. Defendant lacks knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 29 of the Complaint and therefore denies same and respectfully refers the Court to the Advertising Agreement as the document speaks for itself.

30. Defendant lacks knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 30 of the Complaint and therefore denies same and respectfully refers the Court to the Advertising Agreement as the document speaks for itself.

31. Defendant lacks knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 31 of the Complaint and therefore denies same and respectfully refers the Court to the Advertising Agreement as the document speaks for itself.

32. Defendant lacks knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 32 of the Complaint and therefore denies same.

33. Defendant lacks knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 33 of the Complaint and therefore denies same and respectfully refers the Court to the Advertising Agreement as the document speaks for itself.

34. Defendant lacks knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 34 of the Complaint and therefore denies same and respectfully refers the Court to the Advertising Agreement as the document speaks for itself.

35. Defendant lacks knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 35 of the Complaint and therefore denies same and respectfully refers the Court to the Advertising Agreement as the document speaks for itself.

36. Defendant lacks knowledge sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 36 of the Complaint and therefore denies same.

**B.    As to Communications Spirit Airlines Received from Carrollton Bank and Other Defendants**

37. Defendant lacks knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 37 of the Complaint and therefore denies same and respectfully refers the Court to the letter from Robert J. Parsons, II, counsel for Carrollton Bank, dated November 14, 2006 and attached as Exhibit "B" to the Complaint, as the document speaks for itself.

38. Defendant lacks knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 38 of the Complaint and therefore denies same and respectfully refers the Court to the letter from Robert J. Parsons, II, dated November 20, 2006 and attached as Exhibit "C" to the Complaint (the "Parsons Letter"), as the document speaks for itself.

39. Defendant lacks knowledge sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 39 of the Complaint and therefore denies same.

40. Defendant lacks knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 40 of the Complaint and therefore denies same and respectfully refers the Court to the form letter from Spirit, dated December 12, 2006 and attached as Exhibit "D" to the Complaint (the "Spirit Letter"), as the document speaks for itself.

41. Defendant lacks knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 41 of the Complaint and therefore denies same and respectfully refers the Court to the Spirit Letter as the document speaks for itself.

42. Defendant lacks knowledge sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 42 of the Complaint and therefore denies same.

43. Defendant lacks knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 43 of the Complaint and therefore denies same and respectfully refers the Court to the letter from Tribal Fusion, dated December 22, 2006 and attached as Exhibit "E" to the Complaint, as the document speaks for itself.

44. Defendant lacks knowledge sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 44 of the Complaint and therefore denies same.

45. Defendant lacks knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 45 of the Complaint and therefore denies same and respectfully

refers the Court to the e-mail from America Online, dated January 11, 2007 and attached as Exhibit "F" to the Complaint, as the document speaks for itself.

46. Defendant lacks knowledge sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 46 of the Complaint and therefore denies same.

47. Defendant lacks knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 47 of the Complaint and therefore denies same and respectfully refers the Court to the letter from counsel for Carrollton Bank, dated January 22, 2007 and attached as Exhibit "G" to the Complaint (the "January 22nd Letter"), as the document speaks for itself.

48. Defendant lacks knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 48 of the Complaint and therefore denies same and respectfully refers the Court to the letter from counsel for Carrollton Bank, dated February 9, 2007 as the document speaks for itself.

49. Defendant lacks knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 49 of the Complaint and therefore denies same and respectfully refers the Court to the list prepared by Siquis, Ltd., dated January 24, 2007 and attached as Exhibit "H" to the Complaint, as the document speaks for itself.

50. Defendant lacks knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 50 of the Complaint and therefore denies same and respectfully refers the Court to the e-mail from Hotwire, Inc., dated January 29, 2007 and attached as Exhibit "I" to the Complaint, as the document speaks for itself.

51. Defendant lacks knowledge sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 51 of the Complaint and therefore denies same.

52. Defendant lacks knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 52 of the Complaint and therefore denies same and respectfully refers the Court to the letter from counsel for Carrollton Bank, dated February 2, 2007 and attached as Exhibit "J" to the Complaint (the "February 2nd Letter"), as the document speaks for itself.

53. Defendant lacks knowledge sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 53 of the Complaint and therefore denies same.

54. Defendant lacks knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 54 of the Complaint and therefore denies same and respectfully refers the Court to the February 2nd Letter as the document speaks for itself.

55. Defendant lacks knowledge sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 55 of the Complaint and therefore denies same.

56. Defendant lacks knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 56 of the Complaint and therefore denies same and respectfully refers the Court to the letter from counsel for Carrollton Bank, dated February 8, 2007 and attached as Exhibit "K" to the Complaint, as the document speaks for itself.

57. Defendant lacks knowledge sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 57 of the Complaint and, therefore denies same.

58. Defendant lacks knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 58 of the Complaint and therefore denies same and respectfully refers the Court to the letter from counsel for Carrollton Bank, dated February 9, 2007 and attached as Exhibit "L" to the Complaint (the "February 9th Letter"), as the document speaks for itself.

59. Defendant lacks knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 59 of the Complaint and therefore denies same and respectfully refers the Court to the February 28, 2007 reconciliation prepared by Spirit and attached as Exhibit "M" to the Complaint (the "Spirit Reconciliation"), as the document speaks for itself.

60. Defendant lacks knowledge sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 60 of the Complaint and therefore denies same.

61. Defendant lacks knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 61 of the Complaint and therefore denies same and respectfully refers the Court to the Spirit Reconciliation as the document speaks for itself.

62. Defendant lacks knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 62 of the Complaint and therefore denies same and respectfully refers the Court to the Spirit Reconciliation as the document speaks for itself.

63. Defendant lacks knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 63 of the Complaint and therefore denies same and respectfully refers the Court to the February 9th Letter as the document speaks for itself.

C. **As to the Deposit of Funds**

64. Defendant lacks knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 64 of the Complaint and therefore denies same.

65. Defendant admits the allegations set forth in paragraph 65 of eth Complaint and avers that it is entitled to not less than $97,737.34.

66. Defendant lacks knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 66 of the Complaint and therefore denies same.

67. Defendant lacks knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 67 of the Complaint and therefore denies same.

68. Defendant lacks knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 68 of the Complaint and therefore denies same.

69. The allegations set forth in paragraph 69 of the Complaint do not require a response.

## AS TO COUNT I

### Interpleader Under 28 U.S.C.A. § 1335 and Rule 22 of the Federal Rules Of Civil Procedure

70. Defendant repeats and incorporates its responses to Paragraphs 1 through 69 of the Complaint as if fully set forth herein.

71. Defendant lacks knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 71 of the Complaint and therefore denies same.

72. Defendant lacks knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 72 of the Complaint and therefore denies same.

73. Defendant lacks knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 73 of the Complaint and therefore denies same.

74. Defendant lacks knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 74 of the Complaint and therefore denies same.

75. Defendant lacks knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 75 of the Complaint and therefore denies same.

76. The allegations set forth in paragraph 76 of the Complaint do not require a response.

77.     Defendant lacks knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 77 of the Complaint and therefore denies same.

78.     Defendant lacks knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 78 of the Complaint and therefore denies same.

79.     Defendant denies the allegations set forth in paragraph 79 of the Complaint.

80.     Defendant lacks knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 80 of the Complaint and therefore denies same.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Plaintiff is not entitled to the recovery of reasonable attorney's fees and costs.

### Second Affirmative Defense

Defendant is entitled to an award of not than not less than $97,737.34 based upon its outstanding invoices.

### Third Affirmative Defense

Defendant hereby reserves the right to assert and rely upon such other and further affirmative defenses as may be supported by the facts to be determined by full and complete discovery.

**WHEREFORE**, Defendant 24/7 Real Media, Inc. respectfully requests: (i) a judgment in favor of 24/7 Real Media, Inc. in an amount not less than $97,737.34 based upon its outstanding invoices, (ii) an award of costs and disbursements, including reasonable attorneys' fees, incurred by 24/7 Real Media, Inc. in defense of this action, and (iii) all such other and further relief as the Court deems just and proper.

Dated: December 17, 2007

Respectfully submitted,

**LOIZIDES, P.A.**

By: _____
Christopher D. Loizides (De. Bar. No. 3968)
Legal Arts Building
1225 King Street, Suite 800
Wilmington, Delaware 19801
(302) 654-0248

-and-

**MORAN • KARAMOUZIS LLP**

Andrew P. Karamouzis, Esq. (AK 9332)
265 Sunrise Highway, Suite 61
Rockville Centre, New York 11570
(516) 678-6660

Attorneys for Defendant
24/7 Real Media, Inc.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SPIRIT AIRLINES, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 07-cv-00341 SLR |
| | ) | |
| 24/7 REAL MEDIA, INC., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**CERTIFICATE OF SERVICE**

I, Christopher D. Loizides, hereby certify that on the 17th day of December, 2007, I did cause to be served true and correct copies of the foregoing **Answer and Affirmative Defenses of Defendant 24/7 Real Media, Inc.** on the parties listed on the attached service list as indicated thereon.

DATED: December 17, 2007

Christopher D. Loizides (No. 3968)
LOIZIDES, P.A.
1225 King Street, Suite 800
Wilmington, DE  19801
Telephone:   (302) 654-0248
Facsimile:    (302) 654-0728
E-mail:        loizides@loizides.com

**SERVICE LIST**

**FIRST CLASS MAIL**

Kathleen P. Makowski
Saul Ewing LLP
222 Delaware Ave. # 1200
P.O. Box 1266
Wilmington, DE 19899

Robert J. Stearn, Jr.
Richards, Layton & Finger
One Rodney Square
P.O. Box 551
Wilmington, DE 19899

Edward M. McNally
Morris James LLP
500 Delaware Avenue, Suite 1500
P.O. Box 2306
Wilmington, DE 19899-2306

Katherine L. Mayer
McCarter & English, LLP
Renaissance Centre
405 N. King Street, 8th Floor
Wilmington, DE 19801

Robert Parsons
Rogers Moore & Rogers, LLP
6 South Calvert
Baltimore, MD 21202

William D. Sullivan
4 East 8th St., Suite 400
Wilmington, DE 19801

Christopher D. Loizides
Loizides & Associates
Legal Arts Building
1225 King Street, Suite 800
Wilmington, DE 19801

Erica N. Finnegan
Cross & Simon, LLC
913 North Market Street, 11th Floor
Wilmington, DE 19801

Amy Denise Brown
Brian A. Sullivan
Robert Drake Wilcox
Werb & Sullivan
300 Delaware Ave., 10th Floor
P.O. Box 25046
Wilmington, DE 19899

Adam R. Elgart
Mattleman, Weinroth & Miller, P.C.
200 Continental Drive, Suite 215
Newark, DE 19713